**HOLLAND & KNIGHT LLP**
Abraham J. Colman (SBN 146933)
abe.colman@hklaw.com
Stacey H. Wang (SBN 245195)
stacey.wang@hklaw.com
Zachary C. Frampton (SBN 303225)
zac.frampton@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450

Attorneys for Defendant
HYUNDAI CAPITAL AMERICA
DBA KIA FINANCE FKA
KIA MOTORS FINANCE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHASE and HILARY CHASE,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 THROUGH 30, inclusive,<br><br>                    Defendants. | Case No.:<br><br>[Removal from the Superior Court of the State of California for the County of Alameda, Case No. RG19010993]<br><br>**DEFENDANT HYUNDAI CAPITAL AMERICA DBA KIA FINANCE FKA KIA MOTORS FINANCE'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Compl. Filed:    March 14, 2019<br>Trial Date:        None Set |

///

///

///

///

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

      **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Hyundai Capital America d/b/a Kia Finance f/k/a Kia Motors Finance ("HCA") hereby removes the state court civil action known as *John Chase, et al., v. Kia Motors America, Inc., et al.,* Case No. RG19010993, from the Superior Court of the State of California, in and for County of Alameda, to the United States District Court for the Northern District of California. Removal is based on 28 U.S.C. §§ 1331, 1441, and 1446. Removal is warranted based on the following:

**A.**    **HCA Has Satisfied the Procedural Requirements for Removal**

      1.    On or about March 14, 2019, Plaintiffs John Chase and Hilary Chase ("Plaintiffs") filed a Complaint in the Superior Court of the State of California, in and for the County of Alameda, (the "State Court"). In compliance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon HCA are attached hereto as **Exhibit A**.[1]

      2.    Plaintiff's original Complaint only asserted 4 state law claims related to a purportedly defective vehicle they purchased. *See* Ex. A at 00004. There was no basis for removal under the original Complaint.

      3.    On August 20, 2019, the State Court granted the parties' stipulation to transfer the matter to binding arbitration and stay the State Court action pending completion of arbitration. *See* Exhibit A.

      4.    On August 21, 2020, Plaintiffs filed their Arbitration Demand in JAMS (Mediation, Arbitration and ADR Services). On or about September 14, 2020, Plaintiffs filed an Addendum to their Arbitration Demand in which they added an additional cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA"). *See* Arbitration Demand and Addendum to attached hereto as **Exhibit B**. Plaintiffs' Tenth Cause of Action seeks damages from HCA for purported

---

[1] Due to length of Exhibits A and B, HCA has added a five digit bates number to the bottom of the exhibits for ease of reference.

violations of the FCRA. *Id.* at 00058-00060. The Arbitration Demand and Addendum are the operative pleadings in this action. *See also* Ex. A at 00496 (Plaintiffs' November 18, 2022 CMC Statement describing their credit reporting claims asserted in the Addendum).

5. Plaintiffs added a federal cause of action while in Arbitration when the State Court action was stayed. The case was not removable at that time, because the removal statute only authorizes the removal of actions "brought in a State court." 28 U.S.C. § 1441(a); *see Children's Dress, Infant's Wear, Housedress & Bathrobe Makers' Union, Loc. 91, ILGWU v. Frankow Mfg. Co.*, 183 F. Supp. 671, 672 (S.D.N.Y. 1960) (concluding that petition filed in arbitration had "not been 'brought' in a state court within the meaning of the Federal Removal Statute"); *see also People of Territory of Guam v. Landgraf*, 594 F.2d 201, 202 (9th Cir. 1979) ("We cannot read congressional references to an action in 'State' court as including an action in the courts of the Territory of Guam."); *see also DeCoteau v. Sentry Ins. Co.*, 915 F. Supp. 155, 156 (D.N.D. 1996) (holding tribal court is not a "state court" for purposes of removal jurisdiction).

6. Defendants filed a general denial answer and counterclaim in Arbitration. *See* Answer and Counterclaim attached hereto as **Exhibit C**.

7. On September 12, 2022, Plaintiffs filed a Motion to Vacate Order Staying Matter Pending Completion of Arbitration Under California Code of Civil Procedure Section 1281.98 and To Lift Stay ("Motion"). *See* Ex. A at 00330.

8. On December 6, 2022, the State Court vacated the August 20, 2019 Order staying the case ("Order"). *Id.* at 00616.

9. When the State Court ordered the matter from arbitration back to State Court on December 6, 2022 and lifted the stay, this was the first time that the operative complaint in State Court included a federal cause of action, which is the basis for removal. Thus, December 6, 2022 was the first time this matter became removable. Therefore, this Notice of Removal is timely in that it was filed within

thirty (30) days of the State Court's order lifting the stay and transferring the matter from arbitration back to State Court.  See 28 U.S.C. § 1446(b) (3) ("..if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…").

10. This Notice is filed in the proper division because the Court embraces the Superior Court of the State of California, in and for the County of Alameda, where Plaintiff's action is pending.  See 28 U.S.C. §§ 1441 and 1446(a).

11. All co-defendants consent to this removal.

12. No previous request has been made for this relief.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the State Court Clerk.

**B.  Removal Is Proper Because the Court Has Subject Matter Jurisdiction.**

14. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.

15. Removal of such cases is governed by 28 U.S.C. § 1441(b).  Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (emphasis added).

16. Here, Plaintiffs assert a claim against HCA for alleged violations of the FCRA.  See Ex B. at 00058.  The  FCRA claim "arises under" the laws of the United States.  See 28 U.S.C. § 1331; 15 U.S.C. § 1681, *et seq*.  Therefore, the Court may properly exercise jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1441(b).

17. Plaintiff's remaining causes of action under state law are integrally related to Plaintiffs' federal claims, and thus, form a part of the same case or

controversy. Therefore, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

18. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

**WHEREFORE**, HCA, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Alameda, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED:  December 22, 2022

                HOLLAND & KNIGHT LLP

                By: /s/ *Zachary Frampton*
                      Zachary Frampton

*Attorneys for Defendant*
*Hyundai Capital America d/b/a Kia Finance*
*f/k/a Kia Motors Finance*

5
NOTICE OF REMOVAL