# Exhibit A

21197572

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Bryan Kemnitzer  Bar No. 066401
Elliot Conn  Bar No. 279920
KEMNITZER, BARRON & KRIEG, LLP
354 Pine St., 5th Floor
San Francisco, CA  94104
TELEPHONE NO:  (415) 632-1900   FAX NO.:  (415) 632-1901
ATTORNEY FOR *(Name)*:  John and Hillary Chase

**FOR COURT USE ONLY**

FILED
ALAMEDA COUNTY

MAR 14 2019

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St., Room 209
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: NORTHERN DIVISION

CASE NAME:  CHASE v. KIA MOTORS AMERICA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG19010995  JUDGE: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*  4
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: March 13, 2019
Elliot Conn
_____          ► _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use  Judicial Council of California  CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;  Cal. Standards of Judicial Administration, std. 3.10 |

00001

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

00002

| Short Title: CHASE v. KIA MOTORS AMERICA | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case ?** [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [X] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)** [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg frm cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

AL20219

| 1 | KEMNITZER, BARRON, & KRIEG, LLP |
| | BRYAN KEMNITZER      Bar No. 066401 |
| 2 | ELLIOT CONN      Bar No. 279920 |
| | 354 Pine St., 5th Floor |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 632-1900 |
| 4 | Facsimile: (415) 632-1901 |

FILED
ALAMEDA COUNTY

MAR 1 4 2019

CLERK OF THE SUPERIOR COURT
_____
DEPUTY

5   Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

6

7

8

9                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         IN AND FOR THE COUNTY OF ALAMEDA

11   JOHN CHASE and HILARY CHASE,          Case No. RG 1 9 0 1 0 9 9 3

12                   Plaintiffs.                      COMPLAINT FOR VIOLATIONS OF:

13         vs.                                   (1)   EXPRESS WARRANTY, CIVIL
                                                       CODE §1790, *ET SEQ.*;
14   KIA MOTORS AMERICA, INC.; MICHAEL        (2)   IMPLIED WARRANTY OF
     C. STEAD, INC. dba MICHAEL STEAD'S             MERCHANTABILITY, CIVIL
15   HILLTOP FORD KIA; HYUNDAI                      CODE §1790, *ET SEQ.*;
     CAPITAL AMERICA dba KIA MOTORS          (3)   IMPLIED WARRANTY OF
16   FINANCE; and DOES 1 through 30,                FITNESS FOR A PARTICULAR
     inclusive,                                     PURPOSE, CIVIL CODE §1790,
17                                                  *ET SEQ.*; AND
                   Defendants.                (4)   THE CONSUMERS LEGAL
18                                                  REMEDIES ACT, CIVIL CODE
                                                    §1770, *ET SEQ.*
19
                                             JURY TRIAL DEMANDED
20
     _____/        Unlimited Civil Case
21

22         Plaintiffs JOHN CHASE and HILARY CHASE, by their attorneys, allege on personal

23   information and upon information and belief based upon, *inter alia*, the investigation made by

24   and through their attorneys, as follows.

25                               **INTRODUCTION**

26   1.      This is an action against KIA MOTORS AMERICA, INC. ("KIA"), MICHAEL C.

27   STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA ("HILLTOP KIA") and

28   HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE ("KIA FINANCE") (together,

                                              1
                                     Complaint for Damages

1  "Defendants") arising out of Plaintiffs' purchase of a new 2017 Kia Sportage, VIN:

2  KNDPRCA62H7148873 ("the Vehicle"), which they purchased from HILLTOP KIA on

3  November 21, 2016.

4  2.      In purchasing the Vehicle, Plaintiffs specifically relied on KIA advertisements and

5  representations by HILLTOP KIA and other KIA agents that the Vehicle was equipped with a

6  functioning "Autonomous Emergency Braking System" ("AEB") and other supplemental safety

7  features, including but not limited to a Forward Collision Warning System ("FCWS").

8  3.      The purpose of AEB is "to detect and monitor vehicles traveling ahead of you. It then

9  works to automatically apply the brakes if it determines a crash might be imminent, helping to

10  avoid a collision or mitigate the effects if it cannot be avoided."[1]

11  4.      Plaintiff HILARY CHASE is a disabled adult that suffered a traumatic brain injury when

12  she was twenty (20) years old that left her permanently disabled and has impacted her short-term

13  memory, depth perception, and attention span.  HILARY CHASE is a "Disabled Person" as that

14  term is used in California Civil Code § 1761(g).

15  5.      In purchasing the Vehicle for Hilary's use, Plaintiffs relied on representations and

16  advertisements by KIA, HILLTOP KIA, and other KIA agents that the Vehicle's "Autonomous

17  Emergency Braking System" would continuously function and could be used for the ordinary

18  purpose of driving.  However, they failed to disclose that the AEB "does not operate in certain

19  situations"

20  6.      Had Plaintiffs known that the AEB did not always function, they never would have

21  purchased the Vehicle.

22  7.      In addition, the failure of the AEB and other safety features to work consistently on

23  Plaintiffs' specific vehicle creates a safety hazard.  Though the Vehicle came equipped with

24  warranties, including a factory 5-year/60,000 mile warranty, KIA and HILLTOP KIA have

25  refused to honor, and will continue to refuse to honor, their warranties with regards to the AEB.

26  8.      As a result of Defendants' failure to disclose the defects with the AEB system and/or the

27  fact that they will not repair the system under warranty, Plaintiffs have had to expend, and will

28
_____
[1] https://www.kia.com/us/k3/content/media/all/vehicles/sportage/brochures/brochure_sportage_2017.pdf

Complaint for Damages

1  continue to have to expend, a substantial sum through no fault of their own to continue to make

2  payments on the Vehicle.  This has prevented Plaintiffs from receiving the benefit of the bargain

3  they made with Defendants for a safe, operable vehicle.

4  9.      By failing to inform Plaintiffs and other consumers about the real (and limited) nature of

5  the AEB, Defendants have caused Plaintiffs and the general public to bear expenses and costs

6  they otherwise should have had to bear in violation of the Song-Beverly Consumer Warranty

7  Act, Civil Code §1790 *et seq.*; the Consumers Legal Remedies Act, Civil Code §1750 *et seq.*,

8  and other California consumer protection statutes.

9  10.     By virtue of this action, Plaintiffs seek redress for their individual damages and seek to

10  enjoin Defendants' unlawful and unfair practices.  Plaintiffs also seek attorneys' fees and costs.

11                                     **PARTIES**

12  11.     Plaintiff JOHN CHASE is an individual who purchased the 2017 Kia Sportage.  Plaintiff

13  JOHN CHASE at all material times was a resident of Alameda County, California.

14  12.     Plaintiff HILARY CHASE is an individual who purchased the 2017 Kia Sportage.

15  Plaintiff HILARY CHASE at all material times was a resident of Alameda County, California.

16  13.     Defendant KIA is a California corporation with its principal place of business in Irvine,

17  California.

18  14.     Defendant HILLTOP KIA is a California corporation with its principal place of business

19  in Richmond, California, which is authorized to and did conduct business in California, including

20  the county of Alameda. HILLTOP KIA is in the business of selling new and used cars. At all

21  times relevant herein, HILLTOP KIA held itself out as an authorized KIA dealership and

22  ostensible agent of KIA.

23  15.     Defendant KIA FINANCE, at all times relevant, was a California corporation and

24  financial institution with its principal place of business in Irvine, California, which is authorized

25  to and did conduct business in California, including the county of Alameda.

26                                 **DOE DEFENDANTS**

27  16.     Plaintiffs do not know the true names and capacities, whether corporate, partnership,

28  associate, individual or otherwise, of Defendants sued herein as DOES 1 through 30, inclusive,

3
Complaint for Damages

00006

1   pursuant to §474 of the California Code of Civil Procedure. Plaintiffs are informed and believe

2   and thereupon allege that Defendants DOES 1 through 30, inclusive, are in some manner

3   responsible for the acts, occurrences and transactions set forth herein and are legally liable to

4   Plaintiffs.  Plaintiffs will seek leave to amend this complaint to set forth the true names and

5   capacities of said fictitiously-named Defendants, together with appropriate charging allegations,

6   when ascertained.

**AGENCY AND ALTER EGO**

7

8   17.      Plaintiffs are informed and believe and thereupon allege that at all times mentioned

9   herein each Defendant, whether actually or fictitiously named herein, was the principal, agent

10  (actual or ostensible), or employee of each other Defendant and in acting as such principal or

11  within the course and scope of such employment or agency, took some part in the acts and

12  omissions hereinafter set forth, by reason of which each defendant is liable to Plaintiffs for the

13  relief prayed for herein.

14  18.      HILLTOP KIA was acting as an agent of KIA for purposes of repairing vehicles under

15  the KIA basic five-year/60,000-mile warranty. Plaintiffs further allege that KIA is the

16  administrator and warrantor of the warranties that accompanied the Vehicle.

17  19.      HILLTOP KIA is the alter ego of its owners and there is insufficient separation of

18  identity between the owners and the entity such that injustice would result to Plaintiffs in this

19  matter if the corporate veil were to remain intact.  Plaintiffs are unaware of the identities of the

20  owners of HILLTOP at this time and will amend this complaint to allege their true identities

21  when ascertained, up to and including the time of trial.

**JURISDICTION AND VENUE**

22

23  20.      Venue is proper in the Alameda County Court because Plaintiffs resided in Alameda

24  County at the time of purchase and because Defendants KIA and HILLTOP KIA conduct

25  substantial business in Alameda County.

26  21.      This Court has jurisdiction over Plaintiffs' claim because Plaintiffs are residents of

27  California and Defendants are located and regularly conduct business in California. Furthermore,

28  all of the acts and omissions complained of occurred in California.

4

Complaint for Damages

## FACTUAL ALLEGATIONS

### Purchase of the Vehicle

22.     When Plaintiff HILARY CHASE was 20 years old, she suffered a traumatic brain injury that has left her permanently disabled and has impacted her short-term memory, depth perception, and attention span.   Plaintiff HILARY CHASE is a "Disabled Person" under California Civil Code § 1761(g).  Plaintiff JOHN CHASE, M.D. is HILARY CHASE's father

23.     In deciding to purchase a vehicle for HILARY CHASE, JOHN CHASE sought a vehicle that came equipped with supplemental safety systems, such as pre-collision warning and pre-collision automated braking.

24.     Before deciding to purchase the 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), JOHN CHASE viewed KIA television advertisements, read online materials, and read KIA promotional materials, all of which touted KIA's Forward Collision Warning System ("FCWS") and Autonomous Emergency Braking System ("AEB").

25.     JOHN CHASE decided to purchase the Vehicle specifically because it was equipped with the AEB and FCWS systems.  In addition to the materials listed above, JOHN CHASE relied on the window sticker for the Vehicle and other representations made by KIA and HILLTOP KIA. Had JOHN CHASE known that the AEB system did not function, Plaintiffs never would have purchased the Vehicle.

26.     In addition, when Plaintiffs went to purchase the Vehicle from Hilltop Kia on November 21, 2016, Plaintiff JOHN CHASE explicitly informed HILLTOP KIA's representatives that Plaintiffs were only purchasing the Vehicle because of AEB and FCWS Systems and that he believed that these supplemental safety systems were necessary to accommodate HILARY CHASE's disability.

27.     At no point prior to the purchase of the Vehicle, did any representative of HILLTOP KIA inform Plaintiffs that the AEB "did not work in certain situations."

28.     Based on KIA's advertisements and the representations made to Plaintiffs by KIA, HLLTOP KIA, and other KIA agents, Plaintiffs decided to purchase the Vehicle from HILLTOP KIA.  Financing of the Vehicle was arranged by the dealership through KIA FINANCE. A copy

5

Complaint for Damages

1 | of the purchase agreement is attached as **Exhibit A** and incorporated herein by reference.

2 | **The "Autonomous Emergency Braking" System's Failure**

3 | 29.     Following their purchase of the Vehicle, Plaintiffs began to notice that the AEB system

4 | never worked.  Unlike JOHN CHASE's other vehicle, also equipped with an autonomous

5 | braking system, the Vehicle's AEB would never engage.

6 | 30.     Each time that the Vehicle was taken to HILLTOP KIA for repair, Plaintiffs informed

7 | HILLTOP KIA that they believed that the AEB and FCWS systems were not functioning.

8 | 31.     During their ownership of the Vehicle, Plaintiffs also experienced major engine issues

9 | and the Vehicle was out of service for repair for no fewer than 24 days.

10 | 32.     On October 9, 2018, JOHN CHASE took the Vehicle to HILLTOP KIA for warranty

11 | repair and complained that the "VEHICLE WILL NOT BRAKE/STOP WITH AUTONOMOUS

12 | BRAKING SYSTEM ON." **(Exhibit B)**.

13 | 33.     HILLTOP KIA was unable to confirm that the AEB system worked and noted

14 | "UNABLE TO DUPLICATE OPERATION." (*Id.*)  The repair order reads:

15 |     ATTEMPT TO VERIFY THE CUSTOMER CONCERN OF THE
   |     AUTONOMOUS BRAKE SYSTEM NOT FUNCTIONING. PERFORM A
16 |     TEST WITH THE CUSTOMER VEHICLE AND USE SOME CARDBOARD
   |     BOXES AS OBJECTS TO RUN INTO. FOUND WHEN THIS WAS DONE
17 |     THE SYSTEM DID NOT ACTIVATE. PERFORM SAME TEST WITH A NEW
   |     VEHICLE WITH THE SAME RESULT. CONTACTED KIA TECHLINE WITH
18 |     CONCERN. . . . BASED ON INITIAL COMMUNICATION WITH TECHLINE
   |     ENGINEERING HAS STATED THAT THERE IS NO VALID TEST TO
19 |     PROVE THE AUTONOMOUS BRAKE SYSTEM WORKS.

20 |     **(Exhibit B)**

21 | 34.     Upon learning that the AEB system did not function, that there was no way of

22 | determining whether it functioned, and that KIA would not repair it, Plaintiffs began to contact

23 | KIA and HILLTOP KIA to request that they repurchase the Vehicle and refund the monies paid.

24 | KIA refused.

25 | 35.     On December 21, 2018, Plaintiffs sent a letter pursuant to California's Consumers Legal

26 | Remedies Act, to KIA, HILLTOP KIA, and KIA FINANCE, requesting rescission of the

27 | transaction, payment of restitution and damages, and payment of attorneys' fees and costs.

28 | HILLTOP KIA and KIA FINANCE did not respond.

36.     KIA denied all liability and instead attempted to justify the failure of the AEB system by pointing to excerpts in the Kia Sportage Owner's Manual.  The Owner's Manual was not provided to Plaintiffs prior their purchase of the Vehicle.  According to KIA, prolix in the Owner's Manual states:

> On page 6-51: *"This system is only a supplemental system and it is not intended to, nor does it replace the need for extreme care and attention of the driver. The sensing range and objects detectable by the sensors are limited...AEB does not stop the vehicle completely and does not avoid collisions."*

> On page 6-55: *"The AEB operates in accordance with the risk levels, such as the distance from the vehicle/passer-by in front, the speed of the vehicle/passer-by in front, and the driver's vehicle operation. Do not drive dangerously to activate the AEB system on purpose."*

> On page 6-57: *"When the AEB is not working properly, the AEB warning light will illuminate and the warning message will appear for a few seconds. After the message disappears, the master warning light will illuminate."*

> On page 6-58: *"Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all."*

> On page 6-62: *"The AEB does not operate in certain situations. Thus, never test-operate the AEB against a person or an object. It may cause a severe injury or even death."*

**(Exhibit C)**

37.     Had Plaintiffs been aware that "[t]he AEB does not operate in certain situations" and that "Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all" they never would have purchased the Vehicle.  Rather, they would have purchased a vehicle from any one of the other many manufacturers that manufactures vehicles with functional supplemental safety features.

**FIRST CAUSE OF ACTION**
**(Breach of Express Warranty in Violation of the Song-Beverly Consumer Warranty Act**
**Civil Code §1790 *et seq.*)**
**(Against KIA and DOES 1-30)**

38.     Plaintiffs re-allege and incorporate by reference herein each of the allegations set forth above.

39.     The Vehicle is a consumer good that Plaintiffs used and purchase for use primarily for personal, family or household purposes.  As such, the Vehicle is a "consumer product" as that

7

00010

1    term is defined in California Civil Code §1791(a).

2    40.     At all relevant times, KIA has been a company engaged in the business of designing,

3    manufacturing and advertising the Vehicle to Plaintiffs as well as the general public. As such,

4    KIA is a "manufacturer" as that term is defined in California Civil Code §1791(j).

5    41.     As part of the purchase of the Vehicle, Defendant KIA included a written 5-year/60,000

6    mile factory warranty with the express purpose of preserving or maintaining the utility or

7    performance of the Vehicle or providing compensation if there is a failure in utility or

8    performance. More specifically, the express warranty covers any repairs or replacements needed

9    during the warranty period due to defects in factory materials or workmanship. Any required

10    adjustments or repairs would also be made during the basic coverage period. All warranty

11    repairs and adjustments, including parts and labor, were to be made at no charge. Additional

12    warranties were set forth in the warranty booklet, and are incorporated herein by reference as

13    though fully set forth. KIA's warranty is an "express warranty" as that term is defined in

14    California Civil Code §1791.2(a)(1).

15    42.     The defects experienced by Plaintiffs with the AEB System on the Vehicle substantially

16    impaired and continue to substantially impair the use, value, and safety of the Vehicle to

17    Plaintiffs. Despite Plaintiffs' repeated efforts to provide KIA the opportunity to repair the

18    Vehicle, KIA refused to replace or repair the defective AEB System.

19    43.     As a direct and proximate result of KIA"s willful violation of its obligations under the

20    Song-Beverly Consumer Warranty Act, Plaintiffs have suffered damages, including but not

21    limited payments on the Vehicle, finance charges, other incidental and consequential damages,

22    including but not limited to the cost of alternative transportation, and attorneys' fees and costs

23    which Plaintiffs have incurred and will continue to incur in order to protect their rights in this

24    matter.

25    44.     Plaintiffs are entitled to a civil penalty of two times their actual damages because of

26    KIA's willful failure to comply with its obligations pursuant to the Song-Beverly Consumer

27    Warranty Act, Civil Code §1794(c).

28    45.     Under California Civil Code §1794(d), Plaintiffs are entitled to recover a sum equal to

1    the aggregate amount of costs and expenses, including attorneys' fees. As a proximate result of

2    Defendant's misconduct as alleged herein, and in an effort to protect their rights, Plaintiffs have

3    incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

4      .      WHEREFORE, Plaintiffs pray for relief as set forth below.

5                             **SECOND CAUSE OF ACTION**

         **(Breach of Implied Warranty of Merchantability in Violation of Civil Code §1792 *et seq.*)**

6              **(Against KIA, HILLTOP KIA, KIA FINANCE and DOES 1-30)**

7    46.      Plaintiffs re-allege and incorporate by reference herein each and every allegation set

8    above.

9    47.      Due to the existence of the express warranties, Defendants cannot disclaim implied

10    warranties. Cal Civ. Code §§1792, 1792.1, 1793. These warranties were part of the basis of the

11    bargain embodied in the contracts for the purchase of the Vehicle entered into by Plaintiffs.

12    Plaintiffs' Vehicle contained an implied warranty of merchantability running from Defendants to

13    Plaintiffs pursuant to California Civil Code § 1792.

14    48.      The duration of the implied warranty of merchantability is coextensive in duration with the

15    express warranties which accompanied the purchase of the Vehicle pursuant to California Civil

16    Code § 1791.1(c).

17    49.      Plaintiffs purchase the Vehicle with the reasonable expectation that the Vehicle was fit to

18    be used for the ordinary and intended purpose of providing Plaintiffs reliable and safe

19    transportation. KIA knew when it manufactured and sold the Vehicle that the intended and

20    ordinary purpose of the Vehicle was to provide its driver with reliable and safe transportation.

21    50.      At all times that Plaintiffs had possession of the Vehicle, Plaintiffs used it for the

22    intended and ordinary purpose of transportation. However, the Vehicle was not fit for the

23    ordinary purposes for which it was sold. It was in fact defective, as set forth above, and not fit to

24    provide Plaintiffs with dependable, safe transportation.

25    51.      Because Defendants have given an express warranty as part of the sale of the Vehicle,

26    Defendants cannot disclaim implied warranties, including the implied warranty of merchantability

27    and the warranty of fitness for a particular purpose.

28    52.      As a direct and legal result of Defendants' violation of their obligations under the Song-

Complaint for Damages

1  Beverly Consumer Warranty Act, Plaintiffs have suffered actual, consequential, and incidental

2  damages, including but not limited to money expended on the purchase of the Vehicle, the loss of

3  the use of the Vehicle during the time it has been inoperable or otherwise out of service while in for

4  repairs, and attorneys' fees which Plaintiffs have incurred and will continue to incur in order to

5  protect their rights in this matter. The precise amount of these damages is unknown at the present

6  time. Attorneys' fees, loss of use, and other damages continue to accrue. Pursuant to Civil Code

7  §1791.1(d), Plaintiffs are entitled to the remedies set forth in Civil Code §1794.

8  53.    Pursuant to Civil Code §1794(d), Plaintiffs are entitled to recover a sum equal to the

9  aggregate amount of costs and expenses, including attorneys' fees. As a legal result of Defendants'

10  misconduct as alleged herein, and in an effort to protect his rights, Plaintiffs have incurred and will

11  continue to incur legal fees, costs, and expenses in connection therewith.

12      WHEREFORE, Plaintiffs pray for relief as set forth below.

13                          **THIRD CAUSE OF ACTION**
     **(Breach of Implied Warranty of Fitness for a Particular Purpose in Violation of Civil Code**
14                                  **§1792.1 *et seq.*)**
             **(Against KIA, HILLTOP KIA, KIA FINANCE, and DOES 1-30)**
15

16  54.    Plaintiffs re-allege and incorporate by reference herein each and every allegation set above.

17  55.    Because Defendants have given an express warranty as part of the purchase of the Vehicle,

18  Defendants cannot disclaim implied warranties, including the implied warranty of fitness for a

19  particular purpose. Cal Civ. Code §§1792, 1792.1, 1793.

20  56.    The duration of the implied warranty of fitness is coextensive in duration with the express

21  warranties which accompanied the purchase of the Vehicle pursuant to California Civil Code

22  §1791.1(c).

23  57.    In leasing the Vehicle, Plaintiffs required that the Vehicle have functioning supplemental

24  safety systems, including a functioning Autonomous Emergency Braking System to allow Plaintiff

25  HILARY CHASE to safely drive the Vehicle. KIA and HILLTOP KIA knew or had reason to

26  know that Plaintiffs were relying on KIA and HILLTOP KIA's skill and/or judgment that the AEB

27  System functioned. As a result, the sale of the Vehicle was accompanied by an implied warranty of

28  fitness for a particular purpose extending from KIA and HILLTOP KIA to Plaintiffs. California

1 | Civil Code §1792.1.

2 | 58.     However, the Vehicle was not fit for the particular purpose that it was warranted in that

3 | "[t]he AEB does not operate in certain situations" and that "Due to the sensing limitation, the

4 | AEB may not produce warning messages or warning alarm at all."

5 | 59.     As a direct and legal result of Defendants' violation of its obligations under the Song-

6 | Beverly Consumer Warranty Act, Plaintiffs have suffered actual, consequential, and incidental

7 | damages, including but not limited to money expended on the purchase of the vehicle,  and

8 | attorneys' fees which Plaintiffs have incurred and will continue to incur in order to protect their

9 | rights in this matter. The precise amount of these damages is unknown at the present time.

10 | Attorneys' fees, loss of use, and other damages continue to accrue. Pursuant to Civil Code

11 | §1791.1(d), Plaintiffs are entitled to the remedies set forth in Civil Code §1794.

12 |       WHEREFORE, Plaintiffs pray for relief as set forth below.

13 |

**FOURTH CAUSE OF ACTION**
**(Violations of Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*)**
**(Against KIA, HLLTOP KIA, KIA FINANCE and DOES 1-30)**

15 | 60.     Plaintiffs re-allege and incorporate by reference herein each of the allegations set forth

16 | above.

17 | 61.     At all relevant times:

18 |      (a)    The Vehicle and the 2017 KIA Sportage model have been and will continue to be

19 |             tangible chattels that Defendant KIA has designed, manufactured, and marketed

20 |             for personal, family, or household purpose that are intended to be sold and/or

21 |             leased and, as such, are "goods" as defined by California Civil Code §1761(a);

22 |      (b)    Plaintiffs purchased the Vehicle for personal, family or household purposes and,

23 |             as such, are "consumers" as defined in California Civil Code §1761(d);

24 |      (c)    The purchase of the Vehicle from KIA and HILLTOP KIA and the extension of

25 |             the warranties constituted agreements between KIA and HLLTOP KIA on the one

26 |             hand and Plaintiffs on the other hand, as such, constitutes a "transaction" as that

27 |             term is defined in California Civil Code §1761(e); and

28 |      (d)    KIA and HILLTOP KIA are each corporations and, as such, they are "persons" as

1    that term is defined in California Civil Code §1761(c).

2    62.    In offering the Vehicle and the 2017 KIA Sportage model for sale and lease to the public,

3    KIA and HILLTOP KIA have represented, and will continue to represent, directly or by

4    implication, that the 2017 KIA Sportage does not have any defects that would substantially affect

5    a consumer's ability to use it for the intended purpose.  Notwithstanding the representation that

6    the Vehicle came equipped with a functioning Autonomous Emergency Braking System, the

7    AEB System is essentially worthless to Plaintiffs because they are unable to determine if and

8    when it functions. Defendants have refused to either fix the defective system or refund Plaintiffs

9    their money.

10   63.    At all relevant times, KIA and HILLTOP KIA knew that Plaintiffs did not know or could

11   not have reasonably discovered the problem prior to purchasing the Vehicle.  Defendants had a

12   duty to disclose the material facts clearly and conspicuously at the time of purchase because of:

13        (a)    the materiality of the information;

14        (b)    the safety risk posed by the defect;

15        (c)    Defendants' affirmative representations about the express 5 year/60,000 miles

16            warranty;

17        (d)    Defendants' exclusive knowledge of material facts not known to Plaintiffs; and

18        (e)     Defendants' active concealment of material facts from Plaintiffs.

19   64.    By virtue of this ongoing practice and course of conduct, Defendants have violated and

20   will continue to violate §1770(a)(5) of the CLRA by representing that the AEB System has

21   characteristics, uses and benefits which it does not have, *i.e.* that it functions when it truth it does

22   not.

23   65.    By virtue of this ongoing practice and course of conduct, Defendants have violated and

24   will continue to violate §1770(a)(7) of the CLRA by representing that the AEB System and the

25   2017 Kia Sportage are of a particular standard or quality when they are not of that standard or

26   quality.

27   66.    By virtue of this ongoing practice and course of conduct, Defendants have violated and

28   will continue to violate §1770(a)(14) of the CLRA by representing that the purchase of the 2017

1  Kia Sportage conferred or involved rights, remedies, or obligations which the purchase does not

2  have.  Specifically, Defendant KIA expressly warranted the 2017 Kia Sportage against defects

3  and then failed to honor that warranty.

4  67.    Defendants' violations of the CLRA present a continuing threat to Plaintiffs in that

5  Defendants continue to engage in the above-referenced acts and practices, and unless enjoined

6  from doing so by this Court, will continue to do so.  Had Plaintiffs been informed that "[t]he

7  AEB does not operate in certain situations" and that "Due to the sensing limitation, the AEB may

8  not produce warning messages or warning alarm at all" they never would have purchased the

9  Vehicle.

10  68.    On December 21, 2018, Plaintiffs provided notice to KIA, HILLTOP KIA, and KIA

11  FINANCE of the violations alleged above and provided KIA, HILLTOP KIA, and KIA

12  FINANCE an opportunity to cure those violations.  KIA, HILLTOP KIA, and KIA FINANCE

13  did not avail themselves of this opportunity.  Accordingly, Plaintiffs seek an order from the

14  Court awarding actual damages, equitable relief, including injunctive relief to enjoying

15  Defendants' practices, as well as an award of attorneys' fees and costs pursuant to Civil Code

16  §1780, subdivisions (a) and (e).

17      WHEREFORE, Plaintiffs pray for relief as set forth below.

18                    **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiffs seek judgment in favor of themselves for the following:

20  (1)    An award of damages and restitution in favor of Plaintiffs;

21  (2)    Restitution in the form of reimbursement pursuant to California Civil Code §1794(b) and

22  §1793.2(d);

23  (3)    For a civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of

24  the actual damages;

25  (4)    For prejudgment interest of the maximum legal rate;

26  (5)    Injunctive and declaratory relief as pled or as the Court may deem proper;

27  (6)    An award of reasonable attorneys' fees as provided by applicable law;

28  (7)    All costs of suit; and

1    (8)      Such other and further relief as this Court deems just and proper.

2    Dated:  March 13, 2019                    KEMNITZER, BARRON & KRIEG, LLP

3

4                                    By: _____

5                                        BRYAN KEMNITZER
                                         ELLIOT CONN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages

00017

1

**<u>JURY TRIAL DEMANDED</u>**

2

Plaintiffs demand a trial by jury on all issues so triable.

3

Dated:  March 13, 2019                              KEMNITZER, BARRON & KRIEG, LLP

4

5                                                                    By:

6                                                                           BRYAN KEMNITZER
                                                                            ELLIOT CONN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00018

# EXHIBIT A

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Dealer Number 00369 | Contract Number | R.O.S. Number 33600429 | Stock Number LA354 |
|---|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| OAKLAND CA 94602 ALAMEDA | OAKLAND CA 94602 ALAMEDA | COUNTY STAR'S HILLTOP FORD KIA RICHMOND CA 94806 CONTRA COSTA |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | KIA SORENTO | | | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $1997.00 is $45362.09 (e) |
|---|---|---|---|---|
| 7.52 % | $ 8112.09 (e) | $ 41450.35 (b) | $ 49357.80 (b) | |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 59 | 739.50 | Monthly beginning 12/21/2016 |
| N/A | N/A | N/A |
| One final payment | 739.30 | due on 11/21/2021 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information. See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ..... $ 38010.00 (A)
      1. Cash Price Vehicle ..... $
      2. Cash Price Accessories CROSSBARS ..... $ 227.00
      3. Other (Nontaxable)
         Describe N/A ..... $ 0.00
         Describe N/A ..... $ N/A
   B. Document Processing Charge (not a governmental fee) ..... $ 80.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ..... $ N/A (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) GUIDE POINT ..... $ 595.00 (D1)
      2. (paid to) N/A ..... $ N/A (D2)
      3. (paid to) N/A ..... $ N/A (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) N/A ..... $ N/A (E1)

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp. Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical $ N/A | N/A Mos. | $ N/A |
| | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in Item 1H of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term ___ 60 ___ Mos. _____
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S).** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 11.

| I1 Company | ZURICH | | | |
|---|---|---|---|---|
| Term | 120 | Mos. or | 100000 | Miles. |
| I2 Company | N/A | | | |
| Term | N/A | Mos. or | N/A | Miles |
| I3 Company | N/A | | | |
| Term | N/A | Mos. or | N/A | Miles |
| I4 Company | N/A | | | |

| | | | |
|---|---|---|---|
| (paid to) N/A | $ | N/A (E2) | |
| EV Charging Station (paid to) N/A | $ | N/A | |
| Sales Tax (on Gtotal Items in A through F) | $ | 3322.10 (G) | |
| Electronic Vehicle Registration or Transfer Charge | | | |
| (not a governmental fee) (paid to) CVR | $ | 29.00 (*) | |

Term N/A   Mos. or 0   N/A Miles
IS Company N/A
Term N/A   Mos. or   N/A Miles
Buyer 1

Optional Equipment
1. (paid to) N/A                                                   $
2. (paid to) N/A                                                   $
3. (paid to) N/A                                                   $
4. (paid to) N/A                                                   $ N/A (14)
5. (paid to) N/A                                                   $ N/A (15)

a. Agreed Value of Property $
b. Buyer/Co-Buyer Retained Trade Equity $

Prior Credit or Lease Balance (a) paid by Seller to
Vehicle 1 N/A   Vehicle 2 N/A                      $ N/A (J)

c. Agreed Value of Property
Being Traded-In (a-b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c-d) (must be ≥ 0)
for buyer/co-buyer to retain equity) $ N/A

(see downpayment and trade-in calculation)
K. (Optional) Debt Cancellation Agreement ZURICH GAP $ 895.00 (K)
L. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (L)
M. Other (paid to) N/A $ N/A (M)
   For N/A
N. Other (paid to) N/A $ N/A (N)
   For N/A

2. Vehicle 2 N/A
Year N/A   Make N/A
Model N/A   Odometer N/A
VIN N/A

Total Cash Price (A through N) $ 41910.69 (1)

a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A

Amounts Paid to Public Officials
A. Vehicle License Fees ESTIMATED $ 220.00 (A)
B. Registration/Transfer/Titling Fees ESTIMATED $ 111.00 (B)
C. California Tire Fees $ 8.75 (C)
D. Other N/A $ N/A (D)

c. Agreed Value of Property
Being Traded-In (a-b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c-d) (must be ≥ 0
for buyer/co-buyer to retain equity) $ N/A

Total Official Fees (A through D) $ 339.75 (2)

Amount Paid to Insurance Companies
(Total premiums from Statement of Insurance) $ N/A (3)
3. State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ N/A (4)
4. Subtotal (1 through 4) $ 42250.35 (5)

Total Agreed Value of Property,
Being Traded-In (1c+2c) $ N/A*
Total Prior Credit or Lease
Balance (1d+2d) $ N/A*
Total Net Trade-In (1e+2e) $ N/A*
(*See item 6A-6C in the Itemization of Amount Financed)

5. Total Downpayment
A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s))  $ N/A (A)
   Vehicle 1 $ N/A   Vehicle 2 $ N/A
B. Total Less Prior Credit or Lease Balance (a)  $ N/A (B)
   Vehicle 1 $ N/A   Vehicle 2 $ N/A
C. Total Net Trade-In (A-B) (indicate if negative number)  $ N/A (C)
   Vehicle 1 $ N/A   Vehicle 2 $ N/A
D. Deferred Downpayment Payable to Seller  $ N/A (D)
E. Manufacturer's Rebate  $ 1000.00 (E)
F. Other N/A  $ N/A (F)
G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card  $ N/A (G)

OPTION: ☐ You pay no finance charge if the
Amount Financed, item 7, is paid in full on or
before _____, Year N/A.
SELLER'S INITIALS N/A

Agreement to Arbitration: By signing below, you agree that, pursuant
to the Arbitration Provision on the reverse side of this contract, you
or we may elect to resolve any dispute by neutral, binding arbitration
and not by a court action. See the Arbitration Provision for additional
information concerning the agreement to arbitrate.
Buyer Signs X
Co-Buyer Signs X

Total Downpayment (C through G) $ 1000.00 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6) $ 41250.35 (7)

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.
Buyer Signature X N/A _____   Co-Buyer Signature X N/A _____

---

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

---

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in

**7. Amount Financed**

Trade-In Payoff Agreement: Seller relied on information from you and the *[illegible]* Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder. *[illegible text]* the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller received from your prior lienholder or lessor. *[illegible]* shall be the "PAYOFF" on the back of this contract, any overage of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____     Co-Buyer Signature X _____

---

**AUTO BROKER FEE DISCLOSURE**

*[illegible]*

☐ Name of auto broker receiving fee, if applicable: _____

**HOW THIS CONTRACT CAN BE CHANGED.** *[illegible]* writing and both you and we must agree to it. No oral changes are binding.

Buyer Signs X _____     Co-Buyer X _____

**SELLER'S RIGHT TO CANCEL** *[illegible]*

Buyer X _____     *[illegible]*

*[illegible block of text]*

YOUR *[illegible]* POLICY *[illegible]*

*[illegible]*

CO X _____     CO X _____

---

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

*[illegible fine print]*

Buyer Signature X _____     Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.** California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date 11/12/10     Co-Buyer Signature X _____ Date ___

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____     Address _____

GUARANTY. *[illegible fine print]*

Guarantor X _____ Date ___     Guarantor X _____ Date ___
Address _____     Address _____

Seller Signs _____ Date 11/12/10 By X _____     Title ___

LAW FORM NO. 553-CA-ARB
©2016 The Reynolds and Reynolds Company *[illegible]*
THIS PRINTED MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

FILE COPY

00022

# EXHIBIT B



# HILLTOP
## Ford KIA

3280 Auto Plaza • Richmond, CA 94806
**(510) 222-4444**

BAR# ARD185180    EPA# CAD981416290

| Upon request, you are entitled to receive a copy of the Towing Fees and Access Notice. |
| --- |

| CUSTOMER NO. 88629 | ADVISOR TIM ARLEN | 45 | TAG NO. TA3 | INVOICE DATE 10/31/18 | INVOICE NO. K1CS303871 |
| --- | --- | --- | --- | --- | --- |
| JOHN CHASE | LABOR RATE | LICENSE NO. | MILEAGE 16,321 | COLOR BLK CHERRY/ | STOCK NO. K4354 |
| OAKLAND, CA 94602 | YEAR / MAKE / MODEL 17/KIA/SPORTAGE/4DR AWD SX TURBO | | | DELIVERY DATE 11/21/16 | DELIVERY MILES 131 |
| | VEHICLE I.D. NO. K N D P R C A 6 2 H 7 1 4 8 8 7 3 | | | SELLING DEALER NO. | PRODUCTION DATE |
| | F.T.E. NO. | | P.O. NO. | R.O. DATE 10/09/18 | |
| | COMMENTS | | | | MO: 16321 |

JOB# 1 CHARGES-------------------------------------------------

LABOR----------------------------------------------------------
J#1 14DK12            Q BASIC BRAKES Q        TECH(S): 887          INTERNAL
         CUSTOMER REPORTS VEHICLE WILL NOT BRAKE/STOP WITH
         AUTONOMOUS BRAKING SYSTEM ON. UNABLE TO DUPLICATE
         OPERATION
         ATTEMPT TO VERIFY THE CUSTOMER CONCERN OF THE AUTONOMOUS
         BRAKE SYSTEM NOT FUNCTIONING. PERFORM A TEST WITH THE
         CUSTOMER VEHICLE AND USED SOME CARDBOARD BOXES AS OBJECTS TO
         RUN INTO. FOUND WHEN THIS WAS DONE THE SYSTEM DID NOT
         ACTIVATE. PERFORM SAME TEST WITH A NEW VEHICLE WITH THE SAME
         RESULT. CONTACTED KIA TECHLINE WITH CONCERN. THE KIA CONTACT
         ID# 12898261. BASED ON INITAL COMMUNICATION WITH TECHLINE
         ENGINEERING HAS STATED THAT THERE IS NO VALID TEST TO
         PROVE THE AUTONOMOUS BRAKE SYSTEM WORKS. IF THERE ARE NO
         WARNING INDICATOR AND / OR DTC ( DIAGNOSTIC TROUBLE CODE )
         IT IS ASSUMED TO BE FULLY FUNCTIONAL. AND SYSTEM WILL ONLY
         ENGAGE IN A EMERGENCY SITUATION WHERE IMPACT IS EMINENT.

JOB# 1 TOTALS-------------------------------------------------

         JOB# 1 JOURNAL PREFIX K1CS  JOB# 1 TOTAL        0.00

COMMENTS-------------------------------------------------------
VEHICLE GONE - FOLLOWING UP AUTONOMOUS BRAKING

TECHNICIAN CERTIFICATION---------------------------------------
         887              NORM LIM              887

TOTALS---------------------------------------------------------
BY SIGNING THIS DOCUMENT, YOU ARE ACKNOWLEDGING THE MICHAEL      TOTAL LABOR....    0.00
STEAD'S HILLTOP FORD KIA RECOMMENDED MAINTENANCE SCHEDULES       TOTAL PARTS....    0.00
EXCEED THE FACTORY RECOMMENDATIONS AND ARE DESIGNED TO MEET      TOTAL SUBLET...    0.00
THE DEMAND OF AREA ROAD AND WEATHER CONDITIONS                  TOTAL G.O.G....    0.00
                                                                TOTAL MISC CHG.    0.00
                                                                TOTAL MISC DISC    0.00
                                                                TOTAL TAX......    0.00
                                                                ---------
                                          **TOTAL INVOICE $     0.00**

         CUSTOMER SIGNATURE
*************************     D U P L I C A T E   I N V O I C E     **************************

The Reynolds and Reynolds Company ERMATIVE CC6C6145 Q (12/14)

00024

# EXHIBIT C



Hi Elliot,

Thank you for your patience while we took the time to evaluate your client's claim. After reviewing the provided documents and following up with your client's servicing dealer directly, we were able to identify one dealer visit for a warrantable defect with your client's vehicle – the CEL resulting in engine replacement at 14,627 miles. Per the repair order, the vehicle was delivered to the dealership on 7/14/18 and per the service advisor's notes the vehicle was completed and your client was contacted for pick-up on 8/6/18 – total of 24 days out of service for this repair.

When evaluating the other service records we show:

- 12/9/18 – customer requested detail but not completed due to rain
- 2/27/18 – Touch of Glass detail completed, along with oil change, installation of tail lens ordered by your client, and the normal operation of the smart lift gate that the dealer de-activated per customer's preference
- 6/8/18 – replacement of 2 tires due to puncture/sidewall damage
- 8/17/18 – installation of an after-market alarm, installation of cargo cover, treatment of scratches and dents, and replacement of broken rear door glass that appears to have been an insurance claim
- 12/1/18 – tire replaced

None of these visits pertain to any warrantable defect with the vehicle and all items replaced/installed were customer pay items.

In reference to your client's concerns with the forward collision warning and/or autonomous braking, KMA has concluded that Mr. Chase's vehicle is operating as designed. As stated on the RO's dated 7/14/18 and 10/8/18, Michael Stead's Hilltop and KMA's Technical Hotline noted no concerns with the system's operation. For an explanation of the Autonomous Emergency Braking (AEB) system, please review the attached documentation pulled directly from Mr. Chase's owner's manual:

On page 6-51: *"This system is only a supplemental system and it is not intended to, nor does it replace the need for extreme care and attention of the driver. The sensing range and objects detectable by the sensors are limited...AEB does not stop the vehicle completely and does not avoid collisions."*

On page 6-55: *"The AEB operates in accordance with the risk levels, such as the distance from the vehicle/passer-by in front, the speed of the vehicle/passer-by in front, and the driver's vehicle operation. Do not drive dangerously to activate the AEB system on purpose."*

On page 6-57: *"When the AEB is not working properly, the AEB warning light will illuminate and the warning message will appear for a few seconds. After the message disappears, the master warning light will illuminate."*

On page 6-58: *"Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all."*

On page 6-62: *"The AEB does not operate in certain situations. Thus, never test-operate the AEB against a person or an object. It may cause a severe injury or even death."*

As mentioned in the included excerpts from the owner's manual above, the AEB system is in place to reduce or avoid accident risk and is designed to act as a "last-resort", similar to the way an airbag would deploy, and is only intended to engage when vehicle detects an impending accident with no attempts made by the driver to stop up until the very last moment prior to collision. As outlined in the owner's manual, the AEB system is a supplemental system and is not a substitute for safe driving practices. If the vehicle is driven safely, the AEB system should theoretically never have to engage – the same way airbags shouldn't deploy unless involved in an accident where certain criteria are met. During the dealer's inspection of Mr. Chase's vehicle, there were no fault codes in the system and the vehicle performed identically to another comparable vehicle on the lot.

With all these details in mind and in consideration of the engine replacement where the vehicle was down 24 days by means of warrantable repair, KMA would be agreeable to settle this matter for $5,000.00 inclusive of your fees. Please advise at your convenience.

Best,



Taylor Bergerot   Sr. Escalated Case Administrator, Western Region
**Kia Motors America, Inc.**
111 Peters Canyon Rd, Irvine, CA 92606
**T** (949) 430-3291   **F** (949) 299-3239   **E** TBergerot@kiausa.com



2

KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER          Bar No. 066401
ELLIOT CONN              Bar No. 279920
354 Pine St., 5th Floor
San Francisco, CA  94104
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

FILED
ALAMEDA COUNTY

MAR 14 2019

CLERK OF THE SUPERIOR COURT
By _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

RG19010993

| | |
|---|---|
| JOHN CHASE and HILARY CHASE, | Case No. |
| Plaintiffs. | **DECLARATION REGARDING VENUE** |
| vs. | Unlimited Civil Case |
| KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 through 30, inclusive, | |
| Defendants. | |

I, ELLIOT CONN, declare:

1.      I am an attorney duly licensed to practice law in all of the courts of the State of California, including the court in which this action is pending.  I am an attorney in the law firm KEMNITZER, BARRON & KRIEG, LLP, attorneys for Plaintiffs in this lawsuit.

2.      I have personal knowledge of the facts stated herein and am competent to testify thereto.

3.      We have selected venue in Alameda County because Plaintiffs resided in Alameda County at the time of purchase and because Defendants KIA and HILLTOP KIA conduct substantial business in Alameda County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration is executed on March 13, 2019, at San

1

Declaration Regarding Venue

1 | Francisco, California.

2

ELLIOT CONN

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
Declaration Regarding Venue

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG19010993
Case Title:     Chase VS Kia Motors America, Inc.
Date of Filing: 03/14/2019

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Robert McGuiness** |
| **Department:** | **22** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6938** |
| **Fax Number:** | **(510) 267-1574** |
| **Email Address:** | **Dept.22@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

00030

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Robert McGuiness<br>
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1)  Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar (www.acbanet.org, "About the ACBA," " Forms Library.") (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) A courtesy copy of any paper filed, lodged or otherwise submitted in connection with any motion or application must be delivered to Department 22 at the above address by mail, overnight delivery, or to the courtesy copy box outside the courtroom promptly after filing or submission(see Local Rule 3.30(c)). (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Hayward Hall of Justice, 24405 Amador Street, 1st Floor, Dept.501. (5) Email communication to the department is preferred, but email is NOT a substitute for filing of pleadings/documents.

## Schedule for Department 22

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held:  Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 8:30 a.m. or 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held:  Mondays through Thursdays at 3:00 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard:  Court resources are limited.  Counsel encouraged to consider alternative dispute resolution options.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Applications are considered only on moving papers and any written response.  Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.22@alameda.courts.ca.gov


- Ex Parte Matters
    Email:        Dept.22@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22
- Phone:  1-866-223-2244

Dated:  03/19/2019

*Cy – S. Cervik*
Facsimile
_____
Presiding Judge,
Superior Court of California, County of Alameda

_____

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing

and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/20/2019

By _____

Deputy Clerk



21197571
**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** KIA MOTORS AMERICA, INC.; MICHAEL C.
*(AVISO AL DEMANDADO):* STEAD, INC. dba MICHAEL STEAD'S
HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS
FINANCE; and DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN CHASE and HILARY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CHASE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**ALAMEDA COUNTY**

MAR 1 4 2019

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>ALAMEDA COUNTY SUPERIOR COURT<br>1225 Fallon St., Rom 209<br><br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**RG19010993** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Conn  Bar No. 279920                    (415) 632-1900    (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
354 Pine St., 5th Floor
San Francisco, CA 94104

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | MAR 1 4 2019 | Chad Finke   Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

00034

Kemnitzer, Barron & Krieg, LLP
Attn: Conn, Elliot
354 Pine St., 5th Floor
San Francisco, CA   94104____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Chase | No. <u>RG19010993</u> |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| **VS.** | **CONFERENCE AND ORDER** |
| Kia Motors America, Inc. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **07/29/2019** | Department: **22** | Judge: **Robert McGuiness** |
|---|---|---|
| Time: **03:00 PM** | Location: **Administration Building** | Clerk: **Maya Walker** |
| | **Fourth Floor** | Clerk telephone: **(510) 267-6938** |
| | **1221 Oak Street, Oakland  CA  94612** | E-mail: |
| | | **Dept.22@alameda.courts.ca.gov** |
| | Internet: **www.alameda.courts.ca.gov** | Fax: **(510) 267-1574** |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER          Page 1 of 2

00035

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/20/2019.

By _____

Deputy Clerk

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER        Page 2 of 2

00036

22190377

1  Amir Nassihi (SBN 235936)
   anassihi@shb.com
2  Samantha Burnett (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
4  San Francisco, California 94104
   Telephone:   415.544.1900
5  Facsimile:   415.391.0281

6  Attorneys for Defendant
   HYUNDAI CAPITAL AMERICA
7  dba KIA MOTORS FINANCE

**FILED**
**ALAMEDA COUNTY**

MAY 2 3 2019

CLERK OF THE SUPERIOR COURT
By _Alicia Espinoza_
                        Deputy

Filed By Fax

8

9                    SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11  JOHN CHASE and HILARY CHASE,          Case No. RG19010993

12         Plaintiffs,

                                          **HYUNDAI CAPITAL AMERICA'S**
13      v.                                **ANSWER TO COMPLAINT; JURY**
                                          **DEMAND**
14  KIA MOTORS AMERICA, INC.; MICHAEL
    C. STEAD, INC. dba MICHAEL STEAD'S
15  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
16  DOES 1 THROUGH 30, inclusive,

17         Defendants.

18

19                          **GENERAL DENIAL**

20         Defendant Hyundai Capital America dba Kia Motors Finance ("HCA"), in answering the

21  Complaint filed by the Plaintiffs John Chase and Hilary Chase ("Plaintiffs"), admits, denies, and

22  alleges as follows:

23         Pursuant to Code of Civil Procedure section 431.30, subdivision (d), HCA denies each and

24  every allegation of Plaintiffs' Complaint, the whole thereof, and each and every cause of action

25  therein, and further denies Plaintiffs sustained or are entitled to recover damages in any sum

26  whatsoever. Without waiving its right to supplement and/or amend this answer and defenses with

27  additional defenses that become available or apparent during the course of investigation,

28  preparation, or discovery, HCA further denies Plaintiffs sustained any injuries, damages, or losses

---

HYUNDAI CAPITAL AMERICA'S ANSWER TO COMPLAINT

1    by reason of any act or omission, fault or negligence on the part of HCA, its agents, servants and

2    employees, or any of them.

3                                    **DEFENSES**

4         HCA pleads the following affirmative defenses.  By such pleading, HCA intends no

5    alteration of the burden of proof or burden of going forward with evidence which otherwise exists

6    with respect to any particular issue at law or in equity.  Furthermore, that the defenses are pleaded

7    in the alternative does not constitute an admission of liability as to any claim or cause or action or

8    that Plaintiffs are entitled to any relief whatsoever.

9                      **FIRST AFFIRMATIVE DEFENSE**

10        1.     The Complaint, and each and every cause of action alleged therein, fails to state facts

11    sufficient to constitute a cause of action against HCA, and HCA denies that Plaintiffs were damaged

12    in any sum or sums, or at all.

13                   **SECOND AFFIRMATIVE DEFENSE**

14        2.     Plaintiffs' claims are barred by the applicable statutes of limitations, including but not

15    limited to limitations contained within Commercial Code section 2725, Civil Code sections 338 and

16    340, and Civil Code section 1783.

17                    **THIRD AFFIRMATIVE DEFENSE**

18        3.     Plaintiffs' claims are barred or diminished by unforeseen, intervening, and/or

19    superseding causes.

20                    **FOURTH AFFIRMATIVE DEFENSE**

21        4.     The negligence, fault, or carelessness of other persons or entities caused or contributed

22    to the alleged damages of Plaintiffs and, therefore, any recovery by Plaintiffs is barred or diminished

23    in proportion to the amount of negligence, fault, or carelessness attributable to such persons or

24    entities.

25                     **FIFTH AFFIRMATIVE DEFENSE**

26        5.     Plaintiffs' claims for equitable relief, if any, are barred due to the existence of an

27    adequate remedy at law.

28    //

HYUNDAI CAPITAL AMERICA'S ANSWER TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are barred under the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

7.     HCA is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. American Suzuki Motor Corporation v. Superior Court (1995) 37 Cal.App.4th 1291.

## EIGHTH AFFIRMATIVE DEFENSE

8.     HCA denies that Plaintiffs are entitled to damages because Plaintiffs and/or others may have improperly cared for, serviced, and/or maintained the subject vehicle, such that Plaintiffs' concerns may have been proximately caused by such lack of service or maintenance of the subject vehicle.

## NINTH AFFIRMATIVE DEFENSE

9.     HCA denies that Plaintiffs are entitled to damages, because some of Plaintiffs' concerns may be barred by Plaintiffs' unreasonable or unauthorized use of the subject vehicle. California Civil Code section 1794.3.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint, and each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of California Civil Code section 1793.22(b).

## TWELFTH AFFIRMATIVE DEFENSE

12.     Prior to the commencement of this action, HCA fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all

3

00039

1 │ agreements, representations or contracts made by it or on its behalf, and this action is therefore

2 │ barred by the provisions of California Civil Code section 1473.

3 │ **THIRTEENTH AFFIRMATIVE DEFENSE**

4 │      13.    Plaintiffs are barred from recovery, in whole or in part, on the ground that they are

5 │ subject to the defense of accord and satisfaction.

6 │ **FOURTEENTH AFFIRMATIVE DEFENSE**

7 │      14.    At all times, HCA's evaluation of Plaintiffs' repurchase request has been in good faith.

8 │ Consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation under the

9 │ Song-Beverly Consumer Warranty Act.

10 │ **FIFTEENTH AFFIRMATIVE DEFENSE**

11 │      15.    HCA is informed and believes, and on that basis alleges, that Plaintiffs failed to

12 │ comply with the notice requirements to assert a cause of action for violation of the Consumer Legal

13 │ Remedies Act. California Civil Code section 1782(a); Outboard Marine Corporation v. Superior

14 │ Court (1975) 52 Cal.App.3d 30.

15 │ **SIXTEENTH AFFIRMATIVE DEFENSE**

16 │      16.    HCA states that Plaintiffs have generally failed to provide timely notice, within a

17 │ reasonable period of time after discovery of their claims and alleged defects. As a result, HCA has

18 │ been damaged and prejudiced. Therefore the Complaint, and each cause of action therein, is barred

19 │ as a matter of law.

20 │ **SEVENTEENTH AFFIRMATIVE DEFENSE**

21 │      17.    Plaintiffs' claims for injunctive relief are barred by the doctrine of equitable

22 │ abstention.

23 │ **EIGHTEENTH AFFIRMATIVE DEFENSE**

24 │      18.    HCA alleges that Plaintiffs' damages, if any, may have been caused by the failure of

25 │ third parties, unrelated to HCA, to properly inspect the subject vehicle, thereby eliminating or

26 │ reducing the alleged liability of HCA.

27 │ //

28 │ //

4

00040

1

## NINETEENTH AFFIRMATIVE DEFENSE

2    19.    If Plaintiffs have suffered any loss, damage or injury, it was directly or proximately

3 caused by and is the result of Plaintiffs' conduct and/or their potential failure to mitigate any such

4 loss, damage or injury.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6    20.    HCA is informed and believes, and on that basis alleges, that, by the terms of the

7 limited warranty for the subject vehicle at issue, HCA is not liable for incidental or consequential

8 damages.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

10    21.    Plaintiffs are barred from the recovery of a civil penalty by reason of Plaintiffs' failure

11 to serve proper written notice pursuant to Civil Code section 1794(e)(3).

12

## TWENTY-SECOND AFFIRMATIVE DEFENSE

13    22.    HCA alleges that, if it is established that HCA is in any manner legally responsible

14 for any of the damages claimed by Plaintiffs, which is denied, HCA is entitled to a set off of these

15 damages, if any, that resulted from the wrongful acts of Plaintiffs and/or others.

16

## TWENTY-THIRD AFFIRMATIVE DEFENSE

17    23.    To the extent the subject vehicle or products identified in the Complaint, that were

18 allegedly designed, manufactured and distributed by Defendant Kia Motors America, are missing,

19 have been modified or altered and/or are no longer available, and to the extent this impacts HCA's

20 defense in this case, HCA is entitled to relief from this spoliation, including appropriate jury

21 instructions, admonitions and any other relief afforded by the Court.

22

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

23    24.    Plaintiffs have failed to comply with the breach-of-warranty notice requirements as

24 required by law.

25

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26    25.    Plaintiffs' claims for breach of implied warranty are barred for lack of privity.

27 //

28 //

5

HYUNDAI CAPITAL AMERICA'S ANSWER TO COMPLAINT

1    ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

2        26.    Some or all of the claims of Plaintiffs' claims are subject to a binding arbitration

3    clause contained in contracts to which Plaintiffs are bound.

4    ### TWENTY SEVENTH AFFIRMATIVE DEFENSE

5        27.    Plaintiffs' claims are barred by reason of Plaintiffs' failure to mitigate or minimize

6    their alleged damages or losses.

7    ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8        28.    HCA intends to rely upon, reserves its right to assert, and hereby pleads such other

9    and related defenses as may become available in the event of a determination that this action, or

10   some part thereof, is governed by the substantive law of a state other than California.

11   ### TWENTY-NINTH AFFIRMATIVE DEFENSE

12       29.    Any affirmative defenses pleaded by the other Defendants and not pleaded by HCA

13   are incorporated herein to the extent they do not conflict with HCA's affirmative defenses.

14   ### PRAYER FOR RELIEF

15   WHEREFORE, HCA hereby asks that:

16       (a)    The Complaint be dismissed in its entirety, with prejudice;

17       (b)    judgment against Plaintiffs be entered in favor of HCA;

18       (c)    any and all claims for damages of any sort or nature be denied;

19       (d)    HCA be awarded costs, disbursements, and reasonable attorneys' fees; and

20       (e)    this Court award such other and different relief as this Court may deem just and

21   proper.

22   ### DEMAND FOR JURY TRIAL

23   Defendant Hyundai Capital America demands a jury trial in this matter.

24   //

25   //

26   //

27   //

28   //

00042

1    Dated:  May 23, 2019                    Respectfully submitted,

2                                            SHOOK, HARDY & BACON L.L.P.

3
                                             By: _____
4                                               AMIR NASSIHI
                                                SAMANTHA K.N. BURNETT
5

6                                            Attorneys for Defendant
                                             HYUNDAI CAPITAL AMERICA
7                                            dba KIA MOTORS FINANCE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7

00043

1

**PROOF OF SERVICE**

2      The undersigned declare: I am over the age of 18 years and not a party to the within action. I

3  am employed in the county where this service occurs.  My business address is One Montgomery,

4  Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281.  On the date

5  shown below I served the following document(s):

6

7   • **HYUNDAI CAPITAL AMERICA'S ANSWER TO COMPLAINT; JURY DEMAND**

8  on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Plaintiffs John Chase and Hilary Chase | Bryan Kemnitzer, SBN 066401<br>Elliot Conn, SBN 279920<br>KEMNITZER, BARRON, & KRIEG, LLP<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: 415.632.1900<br>Fax: 415.632.1901<br>elliot@kbklegal.com |

  X   **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package
addressed to the persons listed above by placing the envelope(s) for collection and mailing
following our ordinary business practices. I am readily familiar with this business' practice
for collecting and processing correspondence for mailing.  On the same day that
correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

      Executed on May 23, 2019, at San Francisco, California.

_____
                           VICTORIA LOUBSER

8

1  Amir Nassihi (SBN 235936)
   anassihi@shb.com
2  Samantha Burnett (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
4  San Francisco, California 94104
   Telephone:   415.544.1900
5  Facsimile:    415.391.0281

6  Attorneys for Defendant
   KIA MOTORS AMERICA, INC.

7

**FILED**
**ALAMEDA COUNTY**

MAY 23 2019

CLERK OF THE SUPERIOR COURT
By *Alicia Espinoza*
                          Deputy

8                SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF ALAMEDA

10 JOHN CHASE and HILARY CHASE,          Case No. RG19010993

11          Plaintiffs,

12     v.                                **KIA MOTORS AMERICA, INC.'S**
                                         **ANSWER TO COMPLAINT; JURY**
13 KIA MOTORS AMERICA, INC.; MICHAEL     **DEMAND**
   C. STEAD, INC. dba MICHAEL STEAD'S
14 HILLTOP FORD KIA; HYUNDAI CAPITAL
   AMERICA dba KIA MOTORS FINANCE, and
15 DOES 1 THROUGH 30, inclusive ,

16          Defendants.

17

18                    **GENERAL DENIAL**

19        Defendant Kia Motors America, Inc. ("Kia"), in answering the Complaint filed by the

20 Plaintiffs John Chase and Hilary Chase ("Plaintiffs"), admits, denies, and alleges as follows:

21        Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Kia denies each and

22 every allegation of Plaintiffs' Complaint, the whole thereof, and each and every cause of action

23 therein, and further denies Plaintiffs sustained or are entitled to recover damages in any sum

24 whatsoever.  Without waiving its right to supplement and/or amend this answer and defenses with

25 additional defenses that become available or apparent during the course of investigation,

26 preparation, or discovery, Kia further denies Plaintiffs sustained any injuries, damages, or losses

27 by reason of any act or omission, fault or negligence on the part of Kia, its agents, servants and

28 employees, or any of them.

_____
                KIA MOTORS AMERICA, INC'S ANSWER TO COMPLAINT

## DEFENSES

Kia pleads the following affirmative defenses.  By such pleading, Kia intends no alteration of the burden of proof or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity.  Furthermore, that the defenses are pleaded in the alternative does not constitute an admission of liability as to any claim or cause or action or that Plaintiffs are entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Kia, and Kia denies that Plaintiffs were damaged in any sum or sums, or at all.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred by the applicable statutes of limitations, including but not limited to limitations contained within Commercial Code section 2725, Civil Code sections 338 and 340, and Civil Code section 1783.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred or diminished by unforeseen, intervening, and/or superseding causes.

### FOURTH AFFIRMATIVE DEFENSE

4.      The negligence, fault, or carelessness of other persons or entities caused or contributed to the alleged damages of Plaintiffs and, therefore, any recovery by Plaintiffs is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims for equitable relief, if any, are barred due to the existence of an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred under the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

2

00046

### SEVENTH AFFIRMATIVE DEFENSE

7.     Kia is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. American Suzuki Motor Corporation v. Superior Court (1995) 37 Cal.App.4th 1291.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Kia denies that Plaintiffs are entitled to damages because Plaintiffs and/or others may have improperly cared for, serviced, and/or maintained the subject vehicle, such that Plaintiffs' concerns may have been proximately caused by such lack of service or maintenance of the subject vehicle.

### NINTH AFFIRMATIVE DEFENSE

9.     Kia denies that Plaintiffs are entitled to damages, because some of Plaintiffs' concerns may be barred by Plaintiffs' unreasonable or unauthorized use of the subject vehicle. California Civil Code section 1794.3.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint, and each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of California Civil Code section 1793.22(b).

### TWELFTH AFFIRMATIVE DEFENSE

12.     Prior to the commencement of this action, Kia fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all agreements, representations or contracts made by it or on its behalf, and this action is therefore barred by the provisions of California Civil Code section 1473.

//

//

3

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2     13.    Kia makes available a qualified third-party dispute resolution process, and therefore,

3    it is entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

4

### FOURTEENTH AFFIRMATIVE DEFENSE

5     14.    Plaintiffs are barred from recovery, in whole or in part, on the ground that they are

6    subject to the defense of accord and satisfaction.

7

### FIFTEENTH AFFIRMATIVE DEFENSE

8     15.    At all times, Kia's evaluation of Plaintiffs' repurchase request has been in good

9    faith. Consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation

10   under the Song-Beverly Consumer Warranty Act.

11

### SIXTEENTH AFFIRMATIVE DEFENSE

12     16.    Kia is informed and believes, and on that basis alleges, that Plaintiffs failed to

13   comply with the notice requirements to assert a cause of action for violation of the Consumer

14   Legal Remedies Act. California Civil Code section 1782(a); Outboard Marine Corporation v.

15   Superior Court (1975) 52 Cal.App.3d 30.

16

### SEVENTEENTH AFFIRMATIVE DEFENSE

17     17.    Kia states that Plaintiffs have generally failed to provide timely notice, within a

18   reasonable period of time after discovery of their claims and alleged defects. As a result, Kia has

19   been damaged and prejudiced. Therefore the Complaint, and each cause of action therein, is

20   barred as a matter of law.

21

### EIGHTEENTH AFFIRMATIVE DEFENSE

22     18.    Plaintiffs' claims for injunctive relief are barred by the doctrine of equitable

23   abstention.

24

### NINETEENTH AFFIRMATIVE DEFENSE

25     19.    Kia alleges that Plaintiffs' damages, if any, may have been caused by the failure of

26   third parties, unrelated to Kia, to properly inspect the subject vehicle, thereby eliminating or

27   reducing the alleged liability of Kia.

28   //

1

### TWENTIETH AFFIRMATIVE DEFENSE

2
20.    If Plaintiffs have suffered any loss, damage or injury, it was directly or proximately

3
caused by and is the result of Plaintiffs' conduct and/or their potential failure to mitigate any such

4
loss, damage or injury.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6
21.    Kia is informed and believes, and on that basis alleges, that, by the terms of the

7
limited warranty for the subject vehicle at issue, Kia is not liable for incidental or consequential

8
damages.

9

### TWENTY-SECOND AFFIRMATIVE DEFENSE

10
22.    Plaintiffs are barred from the recovery of a civil penalty by reason of Plaintiffs'

11
failure to serve proper written notice pursuant to Civil Code section 1794(e)(3).

12

### TWENTY-THIRD AFFIRMATIVE DEFENSE

13
23.    Kia alleges that, if it is established that Kia is in any manner legally responsible for

14
any of the damages claimed by Plaintiffs, which is denied, Kia is entitled to a set off of these

15
damages, if any, that resulted from the wrongful acts of Plaintiffs and/or others.

16

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

17
24.    To the extent the subject vehicle or products identified in the Complaint, that were

18
allegedly designed, manufactured and distributed by Kia, are missing, have been modified or

19
altered and/or are no longer available for Kia's possession, and to the extent this impacts Kia's

20
defense in this case, Kia is entitled to relief from this spoliation, including appropriate jury

21
instructions, admonitions and any other relief afforded by the Court.

22

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

23
25.    Plaintiffs have failed to comply with the breach-of-warranty notice requirements as

24
required by law.

25

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26
27.    Plaintiffs' claims for breach of implied warranty are barred for lack of privity.

27
//

28
//

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Some or all of the claims of Plaintiffs' claims are subject to a binding arbitration clause contained in contracts to which Plaintiffs are bound.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims are barred by reason of Plaintiffs' failure to mitigate or minimize their alleged damages or losses.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Kia intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Any affirmative defenses pleaded by the other Defendants and not pleaded by Kia are incorporated herein to the extent they do not conflict with Kia's affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Kia hereby asks that:

(a)     The Complaint be dismissed in its entirety, with prejudice;

(b)     judgment against Plaintiffs be entered in favor of Kia;

(c)     any and all claims for damages of any sort or nature be denied;

(d)     Kia be awarded costs, disbursements, and reasonable attorneys' fees; and

(e)     this Court award such other and different relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Kia Motors America, Inc. demands a jury trial in this matter.

//
//
//
//
//

6

00050

1

Dated: May 23, 2019

Respectfully submitted,

2

SHOOK, HARDY & BACON L.L.P.

3

4

By: _____

AMIR NASSIHI

5

SAMANTHA K.N. BURNETT

Attorneys for Defendant

6

KIA MOTORS AMERICA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

00051

**PROOF OF SERVICE**

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is One Montgomery, Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

- **KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT; JURY DEMAND**

on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Plaintiffs John Chase and Hilary Chase | Bryan Kemnitzer, SBN 066401<br>Elliot Conn, SBN 279920<br>KEMNITZER, BARRON, & KRIEG, LLP<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: 415.632.1900<br>Fax: 415.632.1901<br>elliot@kbklegal.com |

 X  **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 23, 2019, at San Francisco, California.



VICTORIA LOUBSER

KIA MOTORS AMERICA, INC.'S ANSWER TO COMPLAINT

00052

22272358

FILED
ALAMEDA COUNTY

MAY 24 2019

CLERK OF THE SUPERIOR COURT
By _____
            Jayuana Juinu    Deputy

1  **SCALI RASMUSSEN, PC**
   Robert Mizar (SBN 207221)
2  rcmizar@scalilaw.com
   Michael DeSantis (SBN 318679)
3  mdesantis@scalilaw.com
   800 Wilshire Boulevard, Suite 400
4  Los Angeles, CA 90017
   Telephone: 213.239.5622
5  Facsimile: 213.239.5623

6  Attorneys for Defendant
   Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia
7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **COUNTY OF ALAMEDA**

10

11  JOHN CHASE and HILARY CHASE,,          Case No. RG19010993

12          Plaintiffs,                     **DEFENDANT'S ANSWER TO**
                                            **PLAINTIFFS' UNVERIFIED COMPLAINT**
13      vs.

14  KIA MOTORS AMERICA, INC.; MICHAEL      *Judge:   Hon. Robert McGuiness*
    C. STEAD, INC. dba MICHAEL STEAD'S     *Dept.:   22*
15  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE; and
16  DOES 1 through 30, inclusive,,
                                            Complaint Filed:   March 20, 2019
17          Defendants.                     Trial:             TBD

18          Defendant, MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA,

19  for itself alone and for no other parties, hereby answers Plaintiffs' Complaint as follows:

20          Defendant, MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA

21  ("Defendant"), denies each and every allegation in the Complaint of Plaintiffs JOHN CHASE and

22  HILARY CHASE ("Plaintiffs") pursuant to *Code of Civil Procedure* § 431.30.  Defendant further

23  denies that Plaintiffs have sustained or will sustain injuries or damages in the nature or sums alleged

24  or to be alleged or otherwise or at all, by reason of any act, omission, or fault on the part of Defendant,

25  its agents, servants or employees. Defendant also denies engaging in any wrongful, willful,

26  intentional, or malicious conduct whatsoever. Defendant additionally asserts the following

27  affirmative defenses to the Complaint:

28  ///

                                    - 1 -
            DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

00053

1   **First Affirmative Defense**

2   *(Failure to State a Claim)*

3       1.      The Complaint and each and every cause of action therein, fail to state facts sufficient

4   to constitute a cause of action against this answering Defendant.

5   **Second Affirmative Defense**

6   *(Not Responsible for Acts of DOES)*

7       2.      On information and belief, this answering Defendant is not legally responsible for the

8   acts and/or omissions of defendants named herein as DOES 1 to 30.

9   **Third Affirmative Defense**

10   *(Comparative Fault)*

11       3.      The Plaintiffs' injuries, if any, were caused in whole or in part by tortious or other

12   wrongful acts of the Plaintiffs, and Plaintiffs' recovery, if any, must be reduced in proportion to the

13   Plaintiffs' share of fault.

14   **Fourth Affirmative Defense**

15   *(Unauthorized or Unreasonable Use)*

16       4.      On information and belief, this answering Defendant contends the defects or

17   nonconformities alleged in Plaintiffs' Complaint were caused by the unauthorized or unreasonable

18   use of the goods following the sale.

19   **Fifth Affirmative Defense**

20   *(Statutes of Limitation)*

21       5.      That as against this answering Defendant, Plaintiffs' action is barred by the applicable

22   statutes of limitation.

23   **Sixth Affirmative Defense**

24   *(Failure to Comply with Maintenance Requirements)*

25       6.      The Plaintiffs may not recover, or Plaintiffs' recovery must be reduced, because the

26   Plaintiffs failed to comply with the express terms of the warranty with respect to maintenance and

27   therefore by his own acts voided the terms of the warranty.

28   ///

- 2 -
DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

1
**Seventh Affirmative Defense**

2
*(Failure to Mitigate)*

3
7.    The Plaintiffs have failed to exercise reasonable care and diligence to avoid loss and

4
to minimize damages and, therefore, Plaintiff may not recover for losses which could have been

5
prevented by reasonable efforts on Plaintiffs' own part, or by expenditures that might reasonably

6
have been made.  Therefore, Plaintiffs' recovery, if any, should be reduced by the failure of the

7
Plaintiff to mitigate damages.

8
**Eighth Affirmative Defense**

9
*(Vehicle Fit for Intended Purpose)*

10
8.    This answering Defendant is informed and believes, and on that basis alleges that

11
the subject vehicle was fit for providing transportation at all relevant times hereto.  Accordingly,

12
Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability.  (American

13
Suzuki Motor Corporation v. Superior Court (1995) 37 Cal.App.4th 1291.)

14
**Ninth Affirmative Defense**

15
*(No Impairment of Use, Value or Safety)*

16
9.    Defendant is informed and believes, and on that basis alleges, that the subject vehicle

17
has not been subject to repair for any non-conformity or condition that substantially impaired the

18
use, value or safety of the vehicle.

19
**Tenth Affirmative Defense**

20
*(Consent of Plaintiff)*

21
10.   All of the acts of this answering Defendant as alleged in Plaintiffs' Complaint, and

22
each purported cause of action alleged therein, were done, if at all, with the full consent, knowledge,

23
participation, and concurrence of Plaintiffs herein.

24
**Eleventh Affirmative Defense**

25
*(Superseding Cause)*

26
11.   The Plaintiffs may not recover, or Plaintiffs' recovery must be reduced, because

27
Plaintiffs' injuries and damages, if any, were the result of an independent, intervening, and

28
superseding cause.

- 3 -
DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

00055

1

**Twelfth Affirmative Defense**

2

*(Apportionment)*

3    12.    This answering Defendant is entitled to, and demands, an apportionment of fault

4 among all persons and entities, whether or not they are parties to this action; any recovery against

5 this answering Defendant must be in proportion to its share of fault, if any.  *Civil Code § 1431.1, et*

6 *seq.*

7

**Thirteenth Affirmative Defense**

8

*(Failure to Preserve Evidence)*

9    13.    This answering Defendant is informed and believes and thereon alleges that Plaintiffs

10 intentionally or negligently, and with conscious disregard of the probable serious harm to this

11 answering Defendant, lost, destroyed, failed to preserve, allowed spoliation or otherwise disposed

12 of essential evidence to this action.

13

**Fourteenth Affirmative Defense**

14

*(Punitive Damages Not Warranted)*

15    14.    The conduct of this answering Defendant does not rise to the level by which punitive

16 damages are warranted and based thereon, thus any claim for punitive damages should be denied.

17

**Fifteenth Affirmative Defense**

18

*(No basis for Attorney's Fees)*

19    15.    The Plaintiffs are not entitled to recover attorney's fees against this answering

20 Defendant.

21

**Sixteenth Affirmative Defense**

22

*(No Injury in Fact Suffered by Plaintiff)*

23    16.    This answering Defendant is informed and believes and thereon denies that Plaintiffs

24 have suffered an injury in fact caused by this answering Defendant.  Based on the absence of an

25 injury in fact, all causes of action raised in Plaintiffs' Complaint must fail as a matter of law.

26

**Seventeenth Affirmative Defense**

27

*(Reservation of Rights)*

28    17.    This answering Defendant presently has insufficient knowledge or information upon

- 4 -

DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

00056

1  which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses

2  available.   This answering Defendant reserves herein the right to assert additional affirmative

3  defenses in the event discovery indicates that they would be appropriate.

4  **Eighteenth Affirmative Defense**

5  (*No Reliance*)

6       18.    That at no time mentioned herein did Plaintiffs, Plaintiffs' agents, servants,

7  representatives, or predecessors in interests, rely on any promises, warranties, express or implied, or

8  representations which may have been made by this answering Defendant in connection with the sale

9  or services which it is alleged to have performed under the terms of the contract.

10 **Nineteenth Affirmative Defense**

11 (*Parol Evidence Rule*)

12      19.    This answering Defendant is informed and believes and thereon alleges that the

13 Plaintiffs are barred by the Parol Evidence Rule from introducing evidence outside of the contract.

14 **Twentieth Affirmative Defense**

15 (*Failure to Allow Cure*)

16      20.    This answering Defendant is informed and believes and thereon alleges that Plaintiffs

17 are barred from obtaining the relief sought in the Complaint on the grounds that Plaintiffs have failed

18 and refused to allow this answering Defendant a reasonable opportunity to cure any alleged breach

19 by this answering Defendant.

20 **Twenty-First Affirmative Defense**

21 (*No Unlawful Competition*)

22      21.    This answering Defendant is informed and believes and thereon alleges that it did not

23 engage in any unlawful method of competition, unlawful act and/or deceptive practice.

24 **Twenty-Second Affirmative Defense**

25 (*No Unfair Competition*)

26      22.    This answering Defendant is informed and believes and thereon alleges that it did not

27 engage in any unfair method of competition, unlawful act and/or deceptive practice.

28 ///

- 5 -
DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

**Twenty-Third Affirmative Defense**

(*No False Advertising*)

23.     This answering Defendant is informed and believes and thereon denies that is has engaged in any false or deceptive advertising and/or description of the "Subject Vehicle" that deceived members of the public in violation of *Business and Professions Code* § 17531, *et seq.*

**Twenty-Fourth Affirmative Defense**

(*No Misrepresentation*)

24.     This answering Defendant is informed and believes and thereon denies that it has engaged in any unfair misrepresentation, whether intentional or negligent, of any material facts or facts.

**Twenty-Fifth Affirmative Defense**

(*No Fraudulent Conduct*)

25.     The conduct of this answering Defendant does not rise to allegations of fraud as alleged in the Complaint.

**Twenty-Sixth Affirmative Defense**

(*No Express Warranties*)

26.     No express warranties were given to Plaintiff by this answering Defendant with regard to the "Subject Vehicle" identified in the Complaint.

**Twenty-Seventh Affirmative Defense**

(*No Negligent Repair*)

27.     This answering Defendant is informed and believes and thereon alleges that all repairs were performed within the standard of care in the industry and in compliance with repair procedures established by the manufacturer.

**Twenty-Eighth Affirmative Defense**

(*Failure of a Condition Precedent*)

28.     By reason of the fact that Plaintiffs failed to perform their duties, there has been non-performance of a condition precedent to any alleged contractual duty, if any, on the part of this answering Defendant.

- 6 -

DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

1

**Twenty-Ninth Affirmative Defense**

2

(*Failure to Provide Preliminary Notice*)

3      29.      The Plaintiffs failed to notify Defendant as proscribed by *Civil Code* §1782 of the

4  methods, acts, or practices allegedly declared unlawful by *Civil Code* § 1770, before filing their

5  Complaint.

6

7

**PRAYER**

WHEREFORE, this answering Defendant prays:

8

9      1.      That Plaintiffs take nothing by way of the Complaint;

10     2.      That judgment be entered in favor of this answering Defendant and against Plaintiffs;

11     3.      That Defendant be awarded its reasonable attorney's fees and costs;

12     4.      That Defendant be awarded pre-judgment and post-judgment interest; and

13     5.      That the Court award such other and further relief as it deems just and proper.

14

DATED: May 23, 2019                              **SCALI RASMUSSEN, PC**

15

16                                               By: _____

17                                                    Robert Mizar, Esq.
                                                     Michael DeSantis, Esq.
18                                                   Attorneys for Defendant
                                                     Michael C. Stead, Inc. dba Michael
19                                                   Stead's Hilltop Ford Kia

20

21

22

23

24

25

26

27

28

- 7 -
DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

00171717.1

**PROOF OF SERVICE**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los Angeles, CA 90017.

    On May 23, 2019, I served the within document(s) described as:

**DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

on the interested parties in this action as stated below:

| **ATTORNEY FOR PLAINTIFFS,** *John Chase and Hilary Chase* | **ATTORNEY FOR DEFENDANT,** *Hyundai Capital America* |
|---|---|
| KEMNITZER, BARRON, & KRIEG, LLP | SHOOK HARDY & BACON, LLP |
| Bryan Kemnitzer, Esq. | Amir Nassihi, Esq. |
| Elliot Conn, Esq. | Samantha Burnett, Esq. |
| 354 Pine Street, 5th Floor | 1 Montgomery Street, Suite 2600 |
| San Francisco, CA 94104 | San Francisco, CA 94104 |
| TEL: (415) 632-1900 | TEL: (415) 544-1900 |
| FAX: (415) 632-1901 | FAX: (415) 391-0281 |

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on May 23, 2019, at Los Angeles, California.

| Crystal Salazar | |
|---|---|
| (Type or print name) | (Signature) |

- 1 -
PROOF OF SERVICE

00171717.1

00060

22196834
POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Bryan Kemnitzer, 066401 / Elliot Conn, 279920<br>Kemnitzer, Barron & Krieg, LLP<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-632-1900   FAX NO. (Optional): 415-632-1901<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs | FILED<br>FOR COURT USE ONLY<br>ALAMEDA COUNTY<br><br>JUN 1 7 2019<br><br>CLERK OF THE COURT<br>BY:<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS:   1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Oakland, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER: John Chase, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al | RG19010993 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of CMC & Order, Notice of Assignment of Judge for All Purposes

3. a. Party served *(specify name of party as shown on documents served):*
   Hyundai Capital America dba Kia Motors Finance

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Gabriela Sanchez - agent for registered agent for service CT Corp, authorized to accept service

4. Address where the party was served:
   (Business) 818 W. 7th Street, Los Angeles, CA 90017

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 4-8-19     (2) at *(time):*  2:45 pm
   b. ☐ **by substituted service.** On *(date):*              at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*          from *(city):*             or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

00061

| PLAINTIFF/PETITIONER: John Chase, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al | RG19010993 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):* Hyundai Capital America dba Kia Motors Finance
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                  ☐ other:

7.  **Person who served papers**
  a.  Name: B. Anderson
  b.  Address: Anderson Process Service, Marin Co. #97, 1537 Fourth Street, PMB 152, San Rafael, CA 94901
  c.  Telephone number: 415-706-0797
  d.  **The fee for service was:** $ 75
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner  ☐ employee  ☑ independent contractor.
      (ii) Registration No.: 2016038557
      (iii) County: Los Angeles

8.  ☑  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 15, 2019

B. Anderson
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

22196832

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Bryan Kemnitzer, 066401 / Elliot Conn, 279920
Kemnitzer, Barron & Krieg, LLP
354 Pine Street, 5th Floor
San Francisco, CA 94104
TELEPHONE NO.: 415-632-1900      FAX NO. *(Optional):* 415-632-1901
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs

FILED
ALAMEDA COUNTY
JUN 17 2019
CLERK OF THE COURT
BY:_____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: John Chase, et al

DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al

CASE NUMBER:
RG19010993

Ref. No. or File No.:

**PROOF OF SERVICE OF SUMMONS**

By Fax

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✔ summons
   b. ✔ complaint
   c. ✔ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✔ other *(specify documents):* Notice of CMC & Order, Notice of Assignment of Judge for All Purposes
3. a. Party served *(specify name of party as shown on documents served):*
      Kia Motors America, Inc.

   b. ✔ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Gabriela Sanchez - agent for registered agent for service CT Corp, authorized to accept service
4. Address where the party was served:
   (Business) 818 W. 7th Street, Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ✔ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4-8-19      (2) at *(time):* 2:45 pm
   b. ☐ by substituted service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

00063

| PLAINTIFF/PETITIONER: John Chase, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al | RG19010993 |

5.   c. [ ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                    (2) from *(city):*

   (3) [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ]   to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d. [ ]   **by other means** *(specify means of service and authorizing code section):*

   [ ]   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ]   as an individual defendant.
   b. [ ]   as the person sued under the fictitious name of *(specify):*
   c. [ ]   as occupant.
   d. [✔]   On behalf of *(specify):*  Kia Motors America, Inc.
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | | [ ] other: |

7.   **Person who served papers**
   a. Name:  B. Anderson
   b. Address:  Anderson Process Service, Marin Co. #97, 1537 Fourth Street, PMB 152, San Rafael, CA 94901
   c. Telephone number:  415-706-0797
   d. **The fee for service was:** $75
   e. I am:
      (1) [ ]   not a registered California process server.
      (2) [ ]   exempt from registration under Business and Professions Code section 22350(b).
      (3) [✔]   a registered California process server:
         (i) [ ] owner  [ ] employee  [✔] independent contractor.
         (ii) Registration No.: 2016038557
         (iii) County: Los Angeles

8.   [✔]   **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

      or

9.   [ ]   **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:  April 15, 2019

B. Anderson
_____
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
                        (SIGNATURE )

00064

22196833

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Bryan Kemnitzer, 066401 / Elliot Conn, 279920
Kemnitzer, Barron & Krieg, LLP
354 Pine Street, 5th Floor
San Francisco, CA 94104
TELEPHONE NO.: 415-632-1900      FAX NO. *(Optional):* 415-632-1901
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs

**F I L E D**
ALAMEDA COUNTY

JUN 1 7 2019

CLERK OF THE COURT

BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS:   1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Oakland, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER: John Chase, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al | RG19010993 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of:
   a.   [✔]   summons
   b.   [✔]   complaint
   c.   [✔]   Alternative Dispute Resolution (ADR) package
   d.   [ ]   Civil Case Cover Sheet *(served in complex cases only)*
   e.   [ ]   cross-complaint
   f.   [✔]   other *(specify documents):* Notice of CMC & Order, Notice of Assignment of Judge for All Purposes

3.   a. Party served *(specify name of party as shown on documents served):*
     Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
     Sid Sauarani - registered agent for service, authorized to accept service

4.   Address where the party was served:
   (Business) 3280 Auto Plaza, Richmond, CA  94806

5.   I served the party *(check proper box)*
   a. [ ]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. [✔]   **by substituted service.** On *(date):* 4-8-19    at *(time):* 1:25 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
     Lisa Rotha - Para Administrator

     (1) [✔]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4) [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [✔] a declaration of mailing is attached.

     (5) [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: John Chase, et al | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al | RG19010993 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)

                                       ☐ other:

7. **Person who served papers**

  a. Name: Goodwin Alvin Uso

  b. Address: Anderson Process Service, Marin Co. #97, 1537 Fourth Street, PMB 152, San Rafael, CA 94901

  c. Telephone number: 415-706-0797

  d. The fee for service was: $ 75

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server:

      (i) ☐ owner ☐ employee ☑ independent contractor.

      (ii) Registration No.: 1486

      (iii) County: Alameda

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 15, 2019

Godwin Alvin Uso                                  ▶ *G. Alvin Uso*
_____                                        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

1

2 **DECLARATION OF MAILING, Case No. RG19010993**

3      I, Matthew Anderson, certify that I am not a party to the proceeding herein, that I am and

4
was at the time of service over the age of 18 years old, and a resident of the State of

5
California.

6

7      My business address is 1537 Fourth St, PMB 152, San Rafael, CA 94901.

8      On April 9, 2019 I mailed from San Rafael, CA the following documents by

9
enclosing them in an envelope and depositing the sealed envelope with the United States Postal

10
Service by first class mail with the postage prepaid:

11

12      SUMMONS, COMPLAINT, ADR INFORMATION PACKAGE, NOTICE OF CMC
AND ORDER, NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES

13

14      The envelope was addressed and mailed as follows:

15

16           MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA
           3280 AUTO PLAZA

17           RICHMOND, CA 94806
           ATTN: SID SAVARANI

18

19      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

20
Dated: April 9, 2019

21

22                                             Matthew Anderson

23

24

25

26

27

28

22196859

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262
Shook, Hardy & Bacon L.L.P.
One Montgomery, Suite 2600
San Francisco, CA 94104
TELEPHONE NO.: 415.544.1900     FAX NO. *(Optional):* 415.391.0281
E-MAIL ADDRESS *(Optional):* anassihi@shb.com, sburnett@shb.com
ATTORNEY FOR *(Name):* Defendant Michael C. Stead, Inc., dba Michael Stead's Hilltop Ford Kia

**FILED**
ALAMEDA COUNTY

JUN 1 7 2019

CLERK OF THE COURT

BY: _____ Deputy Clerk

**Filed By Fax**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: John Chase and Hilary Chase v. Kia Motors America, Inc., et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>RG19010993 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Michael Stead's Hilltop Ford Kia   makes the following substitution:

1. **Former legal representative**   ☐ Party represented self   ☒ Attorney *(name):* Robert Mizar
2. **New legal representative**   ☐ Party is representing self*   ☒ Attorney
   a. Name: Amir Nassihi / Samantha K.N. Burnett   b. State Bar No. *(if applicable):* 235936 / 320262
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* Shook, Hardy & Bacon L.L.P.,
   One Montgomery, Suite 2600, San Francisco, CA 94104

   d. Telephone No. *(include area code):* 415.544.1900
3. The party making this substitution is a   ☐ plaintiff   ☒ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify):*

> **\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**
>
> • Guardian          • Personal Representative          • Guardian ad litem
> • Conservator          • Probate fiduciary          • Unincorporated
> • Trustee          • Corporation          association
>
> **If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

> **NOTICE TO PARTIES WITHOUT ATTORNEYS**
> A party representing himself or herself may wish to seek legal assistance. Failure to take
> timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: June 14, 2019
   Michael C. Stead dba Michael Stead's Hilltop Ford Kia
   (TYPE OR PRINT NAME)          ► _____ (SIGNATURE OF PARTY)

5. ☒   I consent to this substitution.
   Date: June 14, 2019
   Robert Mizar
   (TYPE OR PRINT NAME)          ► _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☒   I consent to this substitution.
   Date:
   Samantha K.N. Burnett
   (TYPE OR PRINT NAME)          ► _____ (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285.<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

00068

Chase v. Kia Motors America, Inc. et al.
Alameda County Superior Court Case No. RG19010993

## PROOF OF SERVICE

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is One Montgomery, Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

## SUBSTITUTION OF ATTORNEY – CIVIL

on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Plaintiffs John Chase and Hilary Chase | Bryan Kemnitzer, SBN 066401<br>Elliot Conn, SBN 279920<br>KEMNITZER, BARRON, & KRIEG, LLP<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: 415.632.1900<br>Fax: 415.632.1901<br>elliot@kbklegal.com |

  X  **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2019, at San Francisco, California.

Mayra Montalvo

---

KIA MOTORS AMERICA, INC'S ANSWER TO COMPLAINT

00069



22523313
CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amir Nassihi (SBN 235936) Samantha K. N. Burnett (SBN 320262)<br>Shook, Hardy & Bacon, L.L.P.<br>One Montgomery, Suite 2600<br>San Francisco, CA 94014<br>TELEPHONE NO.: (415) 544-1900   FAX NO. *(Optional)*: (415) 391-0281<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Kia Motors America, Inc.; Michael C. Stead, Inc. dba<br>Michael Stead's Hilltop Ford Kia; Hyundai Capital America dba Kia Motors<br>Finance | F I L E D<br>ALAMEDA COUNTY<br>JUL 1 8 2019<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME:

PLAINTIFF/PETITIONER: John Chase, et al.

DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al

| | CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* ☒ | UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 29, 2019    Time: 3:00 p.m.    Dept.: 22    Div.:    Room:

Address of court *(if different from the address above)*: 1221 Oak Street, Oakland, CA 94612

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Samantha K. N. Burnett

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name):*
   b. ☒   This statement is submitted **jointly** by parties *(names):* Kia Motors America, Inc.; Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia; Hyundai Capital America dba Kia Motors Finance

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒  complaint  ☐ cross-complaint   *(Describe, including causes of action):*
      Complaint alleges violations of express warranty, implied warranty of merchantability, implied warranty of fitness for a particular purpose pursuant to the Song-Beverly Act and violation of the Consumer Legal Remedies Act.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Page 1 of 5

00070

Filed By Fax

**CM-110**

| PLAINTIFF/PETITIONER: John Chase, et al. | CASE NUMBER: RG19010993 |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs purchased a new 2017 Kia Sportage on November 21, 2016. Plaintiffs are alleging that Defendants failed to disclose that the vehicle's Autonomous Emergency Braking system and other safety features did not function as allegedly advertised. Plaintiffs further allege that Defendants failed to repair the Autonomous Emergency Braking system in violation of express and implied warranties.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☒  a jury trial   ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See attachment 6c.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒   days *(specify number):* 5
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒   by the attorney or party listed in the caption   ☐   by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                                    f.   Fax number:
e.  E-mail address:                                                        g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☒  has   ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐  has   ☐  has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds $50,000.

American LegalNet, Inc.
www.USCourtForms.com

00071

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase, et al.<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

American LegalNet, Inc.
www.Form-WorkFlow.com
00072

CM-110

| PLAINTIFF/PETITIONER: John Chase, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motion for Summary Judgment, Motion for Summary Adjudication, Motions in Limine

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Kia Motors America, Inc. | Written Discovery | Per Code |
| Kia Motors America, Inc. | Fact Witness Depositions | Per Code |
| Kia Motors America, Inc. | Expert Witness Deposition | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

American LegalNet, Inc.
www.LegalWorkFlow.com

00073

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: John Chase, et al. | RG19010993 |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 12, 2019

Samantha K. N. Burnett
_____
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

_____
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

MC-025

| SHORT TITLE:<br>John Chase, et al. v. Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

**ATTACHMENT** *(Number):*  6c

*(This Attachment may be used with any Judicial Council form.)*

Unavailability

9/23/19 -10/4/19 - Trial in Ford Motor Transmission Cases (Individual case to be decided), Sacramento County Superior Court Case No. JCCP 4924

11/05/2019 - 11/18/2019 - Trial in In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation (Pedante, Brown, Quintero, or Cannon), Central District Court of California 2:18-ML-02814-AB-FFM;

11/19/2019 - 12/5/2019 - Trial in In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation (Pedante, Brown, Quintero, or Cannon), Central District Court of California 2:18-ML-02814-AB-FFM;

12/10/ 2019 - 12/23/2019 - Trial in In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation (Pedante, Brown, Quintero, or Cannon), Central District Court of California 2:18-ML-0214-AB-FFM;

1/7/2020 - 1/20/2020 Trial in In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation  (Pedante, Brown, Quintero, or Cannon), Central District of California 2:18-ML-02814-AB-FFM

2/17/2020 - 3/13/2020 - Trial in Flippo vs. Gardner, et al., Yolo County Superior Court Case No. PO 14-1787

4/6/2020 - 4/24/2020 - Trial in Cerezo vs. Ford Motor Company, Alameda County Superior Court Case No. RG18893618

6/2/2020 - 6/13/2020 - Trial in Ford Motor Warranty Cases, Los Angeles County Superior Court Case No. JCCP 4856

**Page**

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

00075

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

The undersigned declare: I am over the age of 18 years and not a party to the within action.  I am employed in the county where this service occurs.  My business address is One Montgomery, Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281.  On the date shown below I served the following document(s):

- **CASE MANAGEMENT STATEMENT**

on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Plaintiffs John Chase and Hilary Chase | Bryan Kemnitzer, SBN 066401<br>Elliot Conn, SBN 279920<br>KEMNITZER, BARRON, & KRIEG, LLP<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: 415.632.1900<br>Fax: 415.632.1901<br>elliot@kbklegal.com |

  **X    FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2019, at San Francisco, California.

_____
MAYRA MONTALVO



22523535

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Bryan Kemnitzer  Bar No. 066401
Elliot Conn  Bar No. 279920
KEMNITZER, BARRON & KRIEG, LLP
354 Pine St., 5th Floor
San Francisco, CA  94104
   TELEPHONE NO.: (415) 632-1900   FAX NO. *(Optional):* (415) 632-1901
E-MAIL ADDRESS *(Optional):*
   ATTORNEY FOR *(Name):* John & Hilary Chase

**F I L E D**
**ALAMEDA COUNTY**

**JUL 1 5 2019**

CLERK OF THE SUPERIOR COURT
By _____
           Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
  STREET ADDRESS: 1225 Fallon St., Room 209
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA  94612
  BRANCH NAME: NORTHERN

  PLAINTIFF/PETITIONER: JOHN CHASE

  DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC.

Filed By Fax

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: July 29, 2019   Time: 3:00 p.m.   Dept.: 22   Div.:   Room:
Address of court *(if different from the address above):*
1221 Oak St., Oakland, CA  94612

[X] **Notice of Intent to Appear by Telephone, by** *(name):* Elliot Conn

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
  a. [X]  This statement is submitted by party *(name):* John & Hilary Chase
  b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a.  The complaint was filed on *(date):* March 14, 2019
  b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. [X]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. [ ]  The following parties named in the complaint or cross-complaint
     (1) [ ]  have not been served *(specify names and explain why not):*
     (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
     (3) [ ]  have had a default entered against them *(specify names):*
  c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
  a.  Type of case in [X] complaint  [ ] cross-complaint  *(Describe, including causes of action):*
    BREACH OF WARRANTY, CONSUMERS LEGAL REMEDIES ACT

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730

00077

**CM-110**

| PLAINTIFF/PETITIONER: JOHN CHASE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC. | RG19010993 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    SEE ATTACHMENT 4b

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
    The party or parties request   ☒ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):* John & Hilary Chase

6. **Trial date**
    a. ☐   The trial has been set for *(date):*
    b. ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* Weeks of 12/2/19, 12/9/19, 1/13/20, 2/10/20, 6/15/19 and 7/6/20:  Jury Trials

7. **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☒ days *(specify number):* 5-10
    b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption ☐ by the following:
    a.   Attorney:
    b.   Firm:
    c.   Address:
    d.   Telephone number:                                   f.   Fax number:
    e.   E-mail address:                                      g.   Party represented:
    ☐   Additional representation is described in Attachment 8.

9. **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2)   For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.
    b.   **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
          Amount in controversy exceeds $50,000; Declaratory relief sought

**CM-110**

| PLAINTIFF/PETITIONER: JOHN CHASE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC. | RG19010993 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

00079

**CM-110**

| PLAINTIFF/PETITIONER: JOHN CHASE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC. | RG19010993 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
    ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | Responses due 7/30/19 |
| Plaintiff | Depositions | Noticed for 8/7-8/19 |
| Plaintiff | Expert discovery | per code |

    c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Completion dates above assume timely and complete written discovery responses, timely appearance of deposition witnesses as noticed and/or timely cooperation by defendant and defense counsel regarding scheduling.

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JOHN CHASE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC. | RG19010993 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 12, 2019

| Elliot Conn | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

00081

ATTACHMENT 4b

This is an action against KIA MOTORS AMERICA, INC. ("KIA"), MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA ("HILLTOP KIA") and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE ("KIA FINANCE") (together, "Defendants") arising out of Plaintiffs' purchase of a new 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), which they purchased from HILLTOP KIA on November 21, 2016.

In purchasing the Vehicle, Plaintiffs specifically relied on KIA advertisements and representations by HILLTOP KIA and other KIA agents that the Vehicle was equipped with a functioning "Autonomous Emergency Braking System" ("AEB") and other supplemental safety features, including but not limited to a Forward Collision Warning System ("FCWS").

The purpose of AEB is "to detect and monitor vehicles traveling ahead of you.  It then works to automatically apply the brakes if it determines a crash might be imminent, helping to avoid a collision or mitigate the effects if it cannot be avoided."

Plaintiff HILARY CHASE is a disabled adult that suffered a traumatic brain injury when she was twenty (20) years old that left her permanently disabled and has impacted her short-term memory, depth perception, and attention span.  HILARY CHASE is a "Disabled Person" as that term is used in California Civil Code § 1761(g).

In purchasing the Vehicle for Hilary's use, Plaintiffs relied on representations and advertisements by KIA, HILLTOP KIA, and other KIA agents that the Vehicle's "Autonomous Emergency Braking System" would continuously function and could be used for the ordinary purpose of driving.  However, they failed to disclose that the AEB "does not operate in certain situations"

Had Plaintiffs known that the AEB did not always function, they never would have purchased the Vehicle.

In addition, the failure of the AEB and other safety features to work consistently on Plaintiffs' specific vehicle creates a safety hazard.  Though the Vehicle came equipped with warranties, including a factory 5-year/60,000 mile warranty, KIA and HILLTOP KIA have refused to honor, and will continue to refuse to honor, their warranties with regards to the AEB.

As a result of Defendants' failure to disclose the defects with the AEB system and/or the fact that they will not repair the system under warranty, Plaintiffs have had to expend, and will continue to have to expend, a substantial sum through no fault of their own to continue to make payments on the Vehicle.  This has prevented Plaintiffs from receiving the benefit of the bargain they made with Defendants for a safe, operable vehicle.

By failing to inform Plaintiffs and other consumers about the real (and limited) nature of the AEB, Defendants have caused Plaintiffs and the general public to bear expenses and costs they otherwise should have had to bear in violation of the Song-Beverly Consumer Warranty Act, Civil Code §1790 et seq.; the Consumers Legal Remedies Act, Civil Code §1750 et seq., and other California consumer protection statutes.

By virtue of this action, Plaintiffs seek redress for their individual damages and seek to enjoin Defendants' unlawful and unfair practices.  Plaintiffs also seek attorneys' fees and costs.

1

## PROOF OF SERVICE

2    **Re:**   ***Chase v. Kia, et al.***
           **Alameda County Superior Court Case No. RG19010993**

3

4        I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was

5    at the time of service over the age of 18 years old, and a resident of the State of California. My

6    business address is 354 Pine St., 5th Floor, San Francisco, CA  94104.

7        On July 12, 2019, I served the following:

8    **CASE MANAGEMENT STATEMENT**

9    **PLAINTIFFS' NOTICE OF DEPOSIT OF JURY FEES**

10   by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was

11   addressed respectively to the person(s) and address(es) shown below, for collection and

12   processing for mailing following this business' ordinary practice with which I am readily

13   familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in

14   the ordinary course of business with the United States Postal Service with the postage thereon

15   fully prepaid, in the United States mail at San Francisco, California.

16   **Amir Nassihi**
     **Samantha Burnett**
17   **SHOOK, HARDY & BACON**
     **One Montgomery St., Ste. 2600**
18   **San Francisco, CA  94104**
     **Attorneys for Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD, INC.**
19   **dba MICHAEL STEAD'S HILLTOP FORD KIA and HYUNDAI CAPITAL AMERICA**
     **dba KIA MOTORS FINANCE**
20

21       I declare under penalty of perjury that the foregoing is true and correct.

22

23   Dated:  July 12, 2019
                                          _____
24                                        Sean R. Barry

25

26

27

28

00083



22523536

1 | KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER     Bar No. 066401
2 | ELLIOT CONN     Bar No. 279920
354 Pine St., 5th Floor
3 | San Francisco, CA  94104
Telephone:  (415) 632-1900
4 | Facsimile:  (415) 632-1901

F I L E D
ALAMEDA COUNTY

JUL 1 5 2019

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

5 | Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA – NORTHERN DIVISION

| | |
|---|---|
| JOHN CHASE and HILARY CHASE, | **Case No. RG19010993** |
| Plaintiffs. | **PLAINTIFFS' NOTICE OF DEPOSIT OF JURY FEES** |
| vs. | Unlimited Civil Case |
| KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 through 30, inclusive, | **Initial CMC:  July 29, 2019** <br> **Time:  3:00 p.m.** <br> **Dept.:  22** <br> **Hon. Robert McGuiness** |
| Defendants. _____/ | Assigned for all purposes to Hon. Robert McGuiness – Dept. 22 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that Plaintiffs JOHN CHASE and HILARY CHASE have

deposited jury fees with the above-named Court in the amount of $150.00 pursuant to C.C.P.

§631(b).

Dated:  July 12, 2019                            KEMNITZER, BARRON & KRIEG, LLP


                                        By:  _____
                                             ELLIOT CONN

00084

PROOF OF SERVICE

Re:   ***Chase v. Kia, et al.***
      **Alameda County Superior Court Case No. RG19010993**

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine St., 5th Floor, San Francisco, CA  94104.

On July 12, 2019, I served the following:

**CASE MANAGEMENT STATEMENT**

**PLAINTIFFS' NOTICE OF DEPOSIT OF JURY FEES**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and processing for mailing following this business' ordinary practice with which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

**Amir Nassihi**
**Samantha Burnett**
**SHOOK, HARDY & BACON**
**One Montgomery St., Ste. 2600**
**San Francisco, CA  94104**
**Attorneys for Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 12, 2019

_____
Sean R. Barry

**22522486**

1  AMIR NASSIHI (SBN 235936)
   anassihi@shb.com
2  SAMANTHA K. BURNETT (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
4  San Francisco, California 94104-4505
   Telephone:    415.544.1900
5  Facsimile:     415.391.0281

6  *Attorneys for Defendant*
   KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
7  HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE

8

**FILED**
ALAMEDA COUNTY

JUL 19 2019

CLERK OF THE SUPERIOR COURT
By *Alicia Espinoza*
                              Deputy

9                   SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF ALAMEDA

11  JOHN CHASE and HILARY CHASE,          | Case No. RG19010993

12          Plaintiffs,                    | **DEFENDANTS' NOTICE OF POSTING JURY FEES**

13       vs.                               | Action Filed:  March 14, 2019

14  KIA MOTORS AMERICA, INC.; MICHAEL C.
    STEAD, INC. dba MICHAEL STEAD'S
15  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
16  DOES 1 THROUGH 30, inclusive,

17          Defendants.

18
19
20
21
22
23
24
25
26
27
28

4836-4310-1085 v1                1
DEFENDANTS' NOTICE OF POSTING JURY FEES

00086

*John Chase et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court Case No. RG19010993

1

## PROOF OF SERVICE

2      The undersigned declare: I am over the age of 18 years and not a party to the within action.  I

3  am employed in the county where this service occurs.  My business address is One Montgomery,

4  Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281.  On the date

5  shown below I served the following document(s):

6

## DEFENDANTS' NOTICE OF POSTING JURY FEES

7  on the interested parties named herein and in the manner indicated below:

8

| Party | Counsel of Record |
|---|---|
| Plaintiffs **JOHN CHASE AND HILARY CHASE** | Bryan Kemnitzer, SBN 066401 Elliot Conn, SBN 279920 **KEMNITZER, BARRON, & KRIEG, LLP** 354 Pine Street, 5th Floor San Francisco, CA 94104 Tel: 415.632.1900 Fax: 415.632.1901 elliot@kbklegal.com |

9

10

11

12

13

14      X      FIRST CLASS U.S. MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing

15  following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that

16  correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully

17  prepaid.

18      I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct.

20      Executed on July 19, 2019, at San Francisco, California.

21

22                                                          Mayra Montalvo

23

24

25

26

27

28

4851-2067-5997 v1

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Chase** | No. **RG19010993** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Kia Motors America, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   22                              Honorable   Robert McGuiness              , Judge

Cause called for Case Management Conference on July 29, 2019.

Plaintiff Hilary Chase represented by Conn, Elliot via conference call.
Plaintiff John Chase represented by Conn, Elliot via conference call.
Defendant Hyundai Capital America represented by Burnett, Samantha via conference call.
Defendant Kia Motors America, Inc. represented by Burnett, Samantha via conference call.
Defendant Michael C. Stead, Inc. represented by Burnett, Samantha via conference call.

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management
Conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 09/30/2019 at 03:00 PM in Dept. 22.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form
CM-110, must be filed no later than 09/15/2019. If the foregoing date is a court holiday or a weekend, the
time is extended to the next business day.

NOTICES

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-
represented parties of record by mail.

Minutes of     07/29/2019
Entered on     07/29/2019

Chad Finke  Executive Officer / Clerk of the Superior Court

By   Yuana Iker
                                                        Deputy Clerk

**Minutes**

Kemnitzer, Barron & Krieg, LLP
Attn:  Conn, Elliot
354 Pine St., 5th Floor
San Francisco, CA   94104_____

Shook, Hardy & Bacon, L.L.P.
Attn:  Nassihi, Amir
One Montgomery
Suite 2600
San Francisco, CA   94104_____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chase<br><br>                              Plaintiff/Petitioner(s)<br><br>                    VS.<br><br><br>Kia Motors America, Inc.<br>                         Defendant/Respondent(s)<br>                    (Abbreviated Title) | No. RG19010993<br><br>Case Management Order<br><br>Complaint Breach of Contract/Warranty |

**ORDER re: CASE MANAGEMENT**

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

**FURTHER CONFERENCE**

A further Case Management Conference is scheduled for 09/30/2019 at 03:00 PM in Dept. 22.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 09/15/2019. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

**NOTICES**

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  07/29/2019

_____ facsimile
Judge Robert McGuiness

---

Order

00089

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG19010993
Case Management Conference Order of 07/29/2019

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 07/30/2019.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

22541570

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| —Elliot Conn 279920<br>Conn Law, PC<br>354 Pine St., 5th Floor<br>San Francisco CA 94104<br>TELEPHONE NO. 415-417-2780   FAX NO *(Optional)* 415-358-4941<br>E-MAIL ADDRESS *(Optional)* elliot@connlawpc.com<br>ATTORNEY FOR *(Name)*: Hilary Chase | **FILED**<br>**ALAMEDA COUNTY**<br><br>AUG 1 5 2019<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JAMIE THOMAS, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: Room 209
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda Courthouse

| CASE NAME:<br>John Chase and Hilary Chase v. Kia Motors America, Inc. et al | |
|---|---|
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | CASE NUMBER:<br>RG19010993 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Hilary Chase    makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney *(name)*: Bryan Kemnitzer
2. **New legal representative** ☐ Party is representing self* ☑ Attorney Elliot Conn
   a. Name: Elliot Conn   b. State Bar No. *(if applicable)*: 279920
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      Conn Law, PC
      354 Pine St., 5th Floor
      San Francisco, CA 94104
   d. Telephone No. *(include area code)*: 415-417-2780
3. The party making this substitution is a ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other *(specify)*:

> ***NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**
>
> • Guardian          • Personal Representative          • Guardian ad litem
> • Conservator     • Probate fiduciary                     • Unincorporated
> • Trustee             • Corporation                              association
>
> If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

> **NOTICE TO PARTIES WITHOUT ATTORNEYS**
> A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: 08/06/2019
   Hilary Chase
   _(TYPE OR PRINT NAME)_      ▶ _(SIGNATURE OF PARTY)_

5. ☐ I consent to this substitution.
   Date: 8-14-2019
   _(TYPE OR PRINT NAME)_      ▶ _(SIGNATURE OF FORMER ATTORNEY)_

6. ☑ I consent to this substitution.
   Date: 08/02/2019
   Elliot Conn
   _(TYPE OR PRINT NAME)_      ▶ _(SIGNATURE OF NEW ATTORNEY)_

(See reverse for proof of service by mail)                    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

Filed By Fax

00091

MC–050

| CASE NAME:<br>John Chase and Hilary Chase v. Kia Motors America, Inc. et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:
   **354 Pine Street, 5th Floor, San Francisco, CA 94104**

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: 8/14/2019                (2) Place of mailing *(city and state):* San Francisco, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/14/2019

<u>Elliot Conn</u>
_____                    _____
(TYPE OR PRINT NAME)                                   (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served: **Amir Nassihi / Samantha Burnett, Shook, Hardy & Bacon LLP**
    b. Address *(number, street, city, and ZIP)*:
       **One Montgomery, Suite 2600**
       **San Francisco, CA 94104**
    c. Name of person served:
    d. Address *(number, street, city, and ZIP)*:


    e. Name of person served:
    f. Address *(number, street, city, and ZIP)*:


    g. Name of person served:
    h. Address *(number, street, city, and ZIP)*:


    i. Name of person served:
    j. Address *(number, street, city, and ZIP)*:


    ☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]                **SUBSTITUTION OF ATTORNEY—CIVIL**                Page 2 of 2
                                             **(Without Court Order)**



22541569

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Elliot Conn 279920 Conn Law, PC 354 Pine St., 5th Floor San Francisco CA 94104 TELEPHONE NO: 415-417-2780    FAX NO *(Optional)*: 415-358-4941 E-MAIL ADDRESS *(Optional)*: elliot@connlawpc.com ATTORNEY FOR *(Name)*: John Chase | **FILED ALAMEDA COUNTY** **AUG 1 5 2019** CLERK OF THE SUPERIOR COURT By _____ JANIE THOMAS, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: Room 209
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda Courthouse

CASE NAME:
John Chase and Hilary Chase v. Kia Motors America, Inc. et al

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: RG19010993 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: John Chase                    makes the following substitution:

1. Former legal representative    ☐ Party represented self    ☑ Attorney *(name)*: Bryan Kemnitzer
2. New legal representative    ☐ Party is representing self*    ☑ Attorney Elliot Conn
   a. Name: Elliot Conn                    b. State Bar No. *(if applicable)*: 279920
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
   Conn Law, PC
   354 Pine St., 5th Floor
   San Francisco, CA 94104
   d. Telephone No. *(include area code)*: 415-417-2780
3. The party making this substitution is a    ☑ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian          • Personal Representative          • Guardian ad litem
- Conservator     • Probate fiduciary                    • Unincorporated
- Trustee            • Corporation                             association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: 8/06/19
   John Chase _____
   (TYPE OR PRINT NAME)          ▶ _____ (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 8/14/19
   Nancy Barron
   (TYPE OR PRINT NAME)          ▶ _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 08/02/2019
   Elliot Conn
   (TYPE OR PRINT NAME)          ▶ _____ (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*          Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284, 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

Filed By Fax

MC–050

| CASE NAME:<br>John Chase and Hilary Chase v. Kia Motors America, Inc. et al. | CASE NUMBER:<br>RG19010993 |
| --- | --- |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:
   **354 Pine Street, 5th Floor, San Francisco, CA 94104**

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing: **8/14/2019**          (2) Place of mailing *(city and state)*: **San Francisco, CA**

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **8/14/2019**

| **Elliot Conn** | |
| --- | --- |
| (TYPE OR PRINT NAME) | (SIGNATURE) |

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served: **Amir Nassihi / Samantha Burnett, Shook, Hardy & Bacon LLP**
    b. Address *(number, street, city, and ZIP)*:
       **One Montgomery, Suite 2600**
       **San Francisco, CA 94104**
    c. Name of person served:
    d. Address *(number, street, city, and ZIP)*:

    e. Name of person served:
    f. Address *(number, street, city, and ZIP)*:

    g. Name of person served:
    h. Address *(number, street, city, and ZIP)*:

    i. Name of person served:
    j. Address *(number, street, city, and ZIP)*:

&#9633;  List of names and addresses continued in attachment.

| MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Page 2 of 2 |
| --- | --- | --- |

00094

22542144

Filed By Fax

1   AMIR NASSIHI (SBN 235936)
    anassihi@shb.com
2   SAMANTHA K. BURNETT (SBN 320262)
    sburnett@shb.com
3   SHOOK, HARDY & BACON L.L.P.
    One Montgomery, Suite 2600
4   San Francisco, California 94104
    Telephone:   415.544.1900
5   Facsimile:   415.391.0281

6   *Attorneys for Defendants*
    KIA MOTORS AMERICA, INC.;
7   MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
    HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA
8   dba KIA MOTORS FINANCE

FILED
ALAMEDA COUNTY

AUG 1 6 2019

CLERK OF THE SUPERIOR COURT
By_____
                              Deputy

9

10                    SUPERIOR COURT OF CALIFORNIA

11                        COUNTY OF ALAMEDA

12  JOHN CHASE and HILARY CHASE,          Case No. RG19010993

13          Plaintiffs,                   **STIPULATION AND [PROPOSED] ORDER
                                          TO STAY CASE PENDING ARBITRATION**
14      v.

15  KIA MOTORS AMERICA, INC.; MICHAEL C.
    STEAD, INC. dba MICHAEL STEAD'S
16  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
17  DOES 1 THROUGH 30, inclusive,
                                          Action Filed:  March 14, 2019
18          Defendants.                   Trial Date: None

19

20

21

22

23

24

25

26

27

28

                                      1
                    STIPULATION AND [PROPOSED] ORDER

00095

WHEREAS Plaintiffs JOHN CHASE and HILARY CHASE ("Plaintiffs") filed their Complaint (the "Complaint") in this matter on March 14, 2019; and

WHEREAS the contract between Plaintiffs and Defendants MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE contains an arbitration provision, under the terms of which the claims in the Complaint must be submitted to binding arbitration upon the election of any of the parties to the contract; and

WHEREAS Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE (collectively "Defendants") have demanded that Plaintiffs submit their claims to arbitration pursuant to said arbitration provision; and

WHEREAS Plaintiffs and Defendants (collectively the "Parties") have agreed to arbitrate this matter;

The Parties hereby stipulate and agree as follows:

1. The dispute between the Parties as described in the complaint shall be submitted to arbitration at JAMS so that each of Plaintiffs' causes of action against Defendants may be fully resolved via binding arbitration.

2. All proceedings in this matter, including current discovery deadlines, shall be stayed pending the completion of arbitration, save for Case Management Conferences or other status conferences set by the Court in its discretion to monitor the status of arbitration. The Parties respectfully suggest that such a status conference be set approximately one year from now to permit time to conduct the arbitration and a receive a final, binding award. The Case Management Conference currently set for September 30, 2019 should accordingly be taken off calendar.

3. This stipulation may be executed in counterparts, each considered an original, and all of which together shall be considered one instrument. Facsimile, PDF, and electronic

signatures shall be effective and any such copies shall be treated as though they were originals bearing original signatures.

Dated:  August 16, 2019             SHOOK, HARDY & BACON L.L.P.

By: _____
      AMIR NASSIHI
      SAMANTHA K.N. BURNETT

Attorneys for Defendants
KIA MOTORS AMERICA, INC.;
HYUNDAI CAPITAL AMERICA
dba KIA MOTORS FINANCE; KIA MOTORS
AMERICA, INC.

Dated:  August 15, 2019             CONN LAW, PC

By: _____
      ELLIOT CONN

Attorneys for Plaintiffs
JOHN CHASE and HILARY CHASE

3

STIPULATION AND [PROPOSED] ORDER

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that:

1. The Court accepts the above stipulation of the parties to submit this matter to binding arbitration.

2. The matter is STAYED pending the completion of arbitration.

3. The Case Management Conference scheduled for September 30, 2019 is VACATED.

4. A status hearing is SET for _____, 2020 to monitor the status of arbitration.

IT IS SO ORDERED.


**IT IS SO ORDERED.**


Dated: _____, 2019

_____
HONORABLE ROBERT MCGUINESS

4

STIPULATION AND [PROPOSED] ORDER

*John Chase et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court Case No. RG19010993

## PROOF OF SERVICE

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is One Montgomery, Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

**STIPULATION AND [PROPOSED] ORDER TO STAY CASE PENDING ARBITRATION**

on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Bryan Kemnitzer, SBN 066401<br>Elliot Conn, SBN 279920<br>**KEMNITZER, BARRON, & KRIEG, LLP**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: 415.632.1900<br>Fax: 415.632.1901<br>elliot@kbklegal.com |

   X    **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2019, at San Francisco, California.

Mayra Montalvo

4851-2067-5997 v1

```
┌                              ┐   ┌                                    ┐
  Conn Law, PC                        Shook, Hardy & Bacon, L.L.P.
   Attn:  Conn, Elliot                 Attn:  Nassihi, Amir
   354 Pine Street                     One Montgomery
   5th Floor                           Suite 2700
└  San Francisco, CA   94104   ┘   └  San Francisco, CA   94104-4505   ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chase | No. <u>RG19010993</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Kia Motors America, Inc. | NOTICE OF HEARING (AMENDED) |
| | Case Management Conf Continuance on 09/30/2019 has been vacated and rescheduled. |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Case Management Conf Continuance

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conf Continuance:
DATE: 11/18/2019   TIME:  03:00 PM   DEPARTMENT:  22
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

NOTE:  This matter is reset pursuant to the Order filed this date.

Dated:  08/20/2019                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                   By   _____
                                                  digital
                                                        Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/21/2019.

                                   By   _____
                                                  digital
                                                        Deputy Clerk

00100

FILED
ALAMEDA COUNTY
AUG 2 0 2019
CLERK OF THE SUPERIOR COURT
By_____ Deputy

FILED
ALAMEDA COUNTY
AUG 1 8 2019
CLERK OF THE SUPERIOR COURT
By_____ Deputy

Filed By Fax

1  AMIR NASSIHI (SBN 235936)
   anassihi@shb.com
2  SAMANTHA K. BURNETT (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
4  San Francisco, California 94104
   Telephone:   415.544.1900
5  Facsimile:    415.391.0281

6  *Attorneys for Defendants*
   KIA MOTORS AMERICA, INC.;
7  MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
   HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA
8  dba KIA MOTORS FINANCE

9

10            SUPERIOR COURT OF CALIFORNIA

11                COUNTY OF ALAMEDA

12 JOHN CHASE and HILARY CHASE,        Case No. RG19010993

13        Plaintiffs,                   **STIPULATION AND [PROPOSED] ORDER
                                        TO STAY CASE PENDING ARBITRATION**
14    v.

15 KIA MOTORS AMERICA, INC.; MICHAEL C.
   STEAD, INC. dba MICHAEL STEAD'S
16 HILLTOP FORD KIA; HYUNDAI CAPITAL
   AMERICA dba KIA MOTORS FINANCE, and
17 DOES 1 THROUGH 30, inclusive,
                                        Action Filed:  March 14, 2019
18        Defendants.                   Trial Date: None

19
20
21
22
23
24
25
26
27
28

                          1
           STIPULATION AND [PROPOSED] ORDER

00101

WHEREAS Plaintiffs JOHN CHASE and HILARY CHASE ("Plaintiffs") filed their Complaint (the "Complaint") in this matter on March 14, 2019; and

WHEREAS the contract between Plaintiffs and Defendants MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE contains an arbitration provision, under the terms of which the claims in the Complaint must be submitted to binding arbitration upon the election of any of the parties to the contract; and

WHEREAS Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE (collectively "Defendants") have demanded that Plaintiffs submit their claims to arbitration pursuant to said arbitration provision; and

WHEREAS Plaintiffs and Defendants (collectively the "Parties") have agreed to arbitrate this matter;

The Parties hereby stipulate and agree as follows:

1. The dispute between the Parties as described in the complaint shall be submitted to arbitration at JAMS so that each of Plaintiffs' causes of action against Defendants may be fully resolved via binding arbitration.

2. All proceedings in this matter, including current discovery deadlines, shall be stayed pending the completion of arbitration, save for Case Management Conferences or other status conferences set by the Court in its discretion to monitor the status of arbitration. The Parties respectfully suggest that such a status conference be set approximately one year from now to permit time to conduct the arbitration and a receive a final, binding award. The Case Management Conference currently set for September 30, 2019 should accordingly be taken off calendar.

3. This stipulation may be executed in counterparts, each considered an original, and all of which together shall be considered one instrument. Facsimile, PDF, and electronic

1  signatures shall be effective and any such copies shall be treated as though they were

2  originals bearing original signatures.

3

4  Dated: August 16, 2019                          SHOOK, HARDY & BACON L.L.P.

5

6                                                  By:_____
                                                      AMIR NASSIHI
7                                                     SAMANTHA K.N. BURNETT

8                                                  Attorneys for Defendants
                                                   KIA MOTORS AMERICA, INC.;
9                                                  HYUNDAI CAPITAL AMERICA
                                                   dba KIA MOTORS FINANCE; KIA MOTORS
10                                                 AMERICA, INC.

11 Dated: August 15, 2019                          CONN LAW, PC

12

13                                                 By:_____
                                                      ELLIOT CONN
14
                                                   Attorneys for Plaintiffs
15                                                 JOHN CHASE and HILARY CHASE

16

17

18

19

20

21

22

23

24

25

26

27

28

3

STIPULATION AND [PROPOSED] ORDER
7-L

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that:

1. The Court accepts the above stipulation of the parties to submit this matter to binding arbitration.

2. The matter is STAYED pending the completion of arbitration.

3. The Case Management Conference scheduled for September 30, 2019 is VACATED.

4. A status hearing is SET for ___11/18___, 2020 to monitor the status of arbitration.

IT IS SO ORDERED.


**IT IS SO ORDERED.**

Dated: ___8/20___, 2019                    _____
                                            HONORABLE ROBERT MCGUINESS

4
STIPULATION AND [PROPOSED] ORDER

00104

### *Superior Court of California, County of Alameda*



### *Notice of Reassignment of Judge for All Purposes*
### *Effective November 18, 2019*

Case Number: RG19010993
Case Title:    Chase VS Kia Motors America, Inc.
Date of Filing: 03/14/2019

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby reassigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Jeffrey Brand** |
| **Department:** | **22** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6938** |
| **Fax Number:** | **(510) 267-1574** |
| **Email Address:** | **Dept.22@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jeffrey Brand
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1)  Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar (www.acbanet.org, "About the ACBA," "Forms Library.") (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) A courtesy copy of any paper filed, lodged or otherwise submitted in connection with any motion or application must be delivered to Department 22 at the above address by mail, overnight delivery, or to the courtesy copy box outside the courtroom promptly after filing or submission(see Local Rule 3.30(c)). (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Hayward Hall of Justice, 24405 Amador Street, 1st Floor, Dept.501. (5) Email communication to the department is preferred, but email is NOT a substitute for filing of pleadings/documents.

**Schedule for Department 22**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held:  Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 8:30 a.m. or 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held:  Mondays through Thursdays at 3:00 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are

available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard:  Court resources are limited.  Counsel encouraged to consider alternative dispute resolution options.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Applications are considered only on moving papers and any written response.  Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:         Dept.22@alameda.courts.ca.gov


- Ex Parte Matters
  Email:         Dept.22@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22

- Phone:  1-866-223-2244

Dated:  11/04/2019

_Cy – S. Court_
Facsimile
_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/05/2019

By _____

Deputy Clerk

| SHORT TITLE:<br>Chase VS Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |
|---|---|

ADDITIONAL ADDRESSEES

Conn Law, PC
Attn:  Conn, Elliot
354 Pine Street
5th Floor
San Francisco, CA   94104

Shook, Hardy & Bacon, L.L.P.
Attn:  Nassihi, Amir
One Montgomery
Suite 2700
San Francisco, CA   94104-4505

00109

22585301

MC—050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Amir Nassihi, SBN 235936<br>Shook, Hardy & Bacon L.L.P.<br>One Montgomery, Suite 2600<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415.544.1900  FAX NO. *(Optional)*: 415.391.0281<br>E-MAIL ADDRESS *(Optional)*: anassihi@shb.com<br>ATTORNEY FOR *(Name)*: Defendants Kia Motors America, Inc.; Hyundai Capital America dba Kia Motors Finance | **FILED**<br>ALAMEDA COUNTY<br><br>AUG 13 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br> Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME: John Case, et al. v. Kia Motors America, Inc., et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>RG19010993 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Defendant Michael C. Stead, Inc.
dba Michael Stead's Hilltop Ford Kia makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☒ Attorney *(name)*: Amir Nassihi / Shook, Hardy & Bacon L.L.P.

2. **New legal representative** ☐ Party is representing self* ☒ Attorney
   a. Name: John P. Swenson                          b. State Bar No. *(if applicable)*: 224110
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*: Scali Rasmussen, 800 Wilshire Blvd., Suite 400, Los Angeles, CA 90017-2618; jswenson@scalilaw.com
   d. Telephone No. *(include area code)*: 213.239.5622

3. The party making this substitution is a   ☐ plaintiff   ☒ defendant   ☐ petitioner   ☐ respondent   ☐ other *(specify)*:

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: August    , 2020
   Michael C. Stead dba Michael Stead's Hilltop Ford Kia          ▶ _____
   (TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY)

5. ☒  I consent to this substitution.
   Date: August 10, 2020
   Ami Nassihi                                                    ▶ _____
   (TYPE OR PRINT NAME)                                              (SIGNATURE OF FORMER ATTORNEY)

6. ☒  I consent to this substitution.
   Date: August 11, 2020
   John P. Swenson                                                ▶ _____
   (TYPE OR PRINT NAME)                                              (SIGNATURE OF NEW ATTORNEY)

---

(See reverse for proof of service by mail)                                          Page 1 of 2

Form Adopted For Mandatory Use          **SUBSTITUTION OF ATTORNEY—CIVIL**          Code of Civil Procedure, §§ 284(1), 285;
Judicial Council of California                   **(Without Court Order)**                   Cal. Rules of Court, rule 3.1362
MC-050 [Rev. January 1, 2009]                                                                        www.courtinfo.ca.gov
                                                                                          American LegalNet, Inc.
                                                                                          www.FormsWorkflow.com

Filed By Fax

00110

MC–050

| CASE NAME:<br>John Case, et al. v. Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause. I** am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing: August 13, 2020    (2) Place of mailing *(city and state):* Irvine, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  August 13, 2020

Deborah Hohmann

    *D. Hohmann*

    **(TYPE OR PRINT NAME)**                  **(SIGNATURE)**

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Elliot Conn, SBN 279920
   b. Address *(number, street, city, and ZIP):* Conn Law, PC, 354 Pine Street, 5th Floor, San Francisco, CA 94104

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

| MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Page 2 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

00111

23490211

1  | AMIR NASSIHI (SBN 235936)
   | anassihi@shb.com
2  | SAMANTHA K. BURNETT (SBN 320262)
   | sburnett@shb.com
3  | SHOOK, HARDY & BACON L.L.P.
   | One Montgomery, Suite 2600
4  | San Francisco, California 94104
   | Telephone:    415.544.1900
5  | Facsimile:    415.391.0281

6  | DARLENE M. CHO (SBN 251167)
   | dcho@shb.com
7  | SHOOK, HARDY & BACON L.L.P.
   | 2049 Century Park East, Suite 3000
8  | Los Angeles, CA 90067
   | Telephone:    424.285.8330
9  | Facsimile:    424.204.2093

10 | *Attorneys for Defendants*
   | KIA MOTORS AMERICA, INC. and
11 | HYUNDAI CAPITAL AMERICA
   | dba KIA MOTORS FINANCE

12

**F I L E D**
ALAMEDA COUNTY
NOV 12 2020
CLERK OF THE SUPERIOR COURT
By _____ Deputy

13

14                    SUPERIOR COURT OF CALIFORNIA

15                         COUNTY OF ALAMEDA

16 | JOHN CHASE and HILARY CHASE,          | Case No. RG19010993

17 |         Plaintiffs,                    | ASSIGNED FOR ALL PURPOSES TO
   |                                        | JUDGE JEFFREY BRAND
18 |     v.                                 | Dept. 22

19 | KIA MOTORS AMERICA, INC.; MICHAEL C.   | **STIPULATION AND [PROPOSED] ORDER**
   | STEAD, INC. dba MICHAEL STEAD'S        | **TO CONTINUE CASE MANAGEMENT**
20 | HILLTOP FORD KIA; HYUNDAI CAPITAL      | **CONFERENCE**
   | AMERICA dba KIA MOTORS FINANCE, and
21 | DOES 1 THROUGH 30, inclusive,
   |                                        | Action Filed:  March 14, 2019
22 |         Defendants.                    | Trial Date: None

23

24 TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

25       Plaintiffs and Defendants in the above-captioned action, by and through their counsel of

26 record, jointly stipulate and agree that the case management conference currently scheduled for

27 November 18, 2020 shall be continued to a later date in the spring of 2021. The Parties are currently

28 engaged in discovery and are meeting and confering to set a date for arbitration.

                                          1
                        STIPULATION AND [PROPOSED] ORDER

00112

THEREFORE, subject to this Court's approval, it is hereby stipulated that the case management conference set for November 18, 2020 be continued to a later date in the spring of 2021.

Dated: November 12, 2020                SHOOK, HARDY & BACON L.L.P.

By:_____
      AMIR NASSIHI
      DARLENE M. CHO
      SAMANTHA K.N. BURNETT

      Attorneys for Defendants
      KIA MOTORS AMERICA, INC. and
      HYUNDAI CAPITAL AMERICA
      dba KIA MOTORS FINANCE

Dated: November 11, 2020                CONN LAW, PC

By:_____
      ELLIOT CONN

      Attorneys for Plaintiffs
      JOHN CHASE and HILARY CHASE

Dated: November __, 2020                SCALI RASMUSSEN, PC

By:_____
      JOHN P. SWENSON

      Attorneys for Defendant
      MICHAEL C. STEAD, INC. dba MICHAEL
      STEAD'S HILLTOP FORD KIA

2
STIPULATION AND [PROPOSED] ORDER

THEREFORE, subject to this Court's approval, it is hereby stipulated that the case management conference set for November 18, 2020 be continued to a later date in the spring of 2021.

Dated: November 9, 2020                 SHOOK, HARDY & BACON L.L.P.

By:_____
    AMIR NASSIHI
    DARLENE M. CHO
    SAMANTHA K.N. BURNETT

    Attorneys for Defendants
    KIA MOTORS AMERICA, INC. and
    HYUNDAI CAPITAL AMERICA
    dba KIA MOTORS FINANCE

Dated: November 9, 2020                 CONN LAW, PC

By:_____
    ELLIOT CONN

    Attorneys for Plaintiffs
    JOHN CHASE and HILARY CHASE

Dated: November 12, 2020                SCALI RASMUSSEN, PC

By:_____
    JOHN P. SWENSON

    Attorneys for Defendant
    MICHAEL C. STEAD, INC. dba MICHAEL
    STEAD'S HILLTOP FORD KIA

2
STIPULATION AND [PROPOSED] ORDER

00114

1

**[PROPOSED] ORDER**

2        The Court, having reviewed the parties' Stipulation and [Proposed] Order, and good cause

3   appearing therefor, hereby orders that the Case Management Conference set for November 18, 2020

4   is off-calendar. The parties will appear before this Court for a Case Management Conference on

5   _____, 2021 at 3:00 p.m.

6

7        **IT IS SO ORDERED.**

8

Dated: _____ __, 2020        _____

9                                   HONORABLE JEFFREY BRAND

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

STIPULATION AND [PROPOSED] ORDER

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## PROOF OF SERVICE

2      The undersigned declare: I am over the age of 18 years and not a party to the within action.  I

3  am employed in the State of California.  My business address is One Montgomery, Suite 2600, San

4  Francisco, California 94104, my facsimile number is (415) 391-0281.  On the date shown below I

5  served the following document(s):

6      • **STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE
       MANAGEMENT CONFERENCE**

7

8  on the interested parties named herein and in the manner indicated below:

9

| Party | Counsel of Record |
|-------|-------------------|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, SBN 279920<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780<br>Fax: (415) 358-4941<br>elliot@connlawpc.com |

10

11

12

13

14  __X__  FIRST CLASS U.S. MAIL: I caused the document(s) to be served to the persons listed above by
       following our ordinary business practices regarding mail service.  I am readily familiar with

15     this business' practice for collecting and processing correspondence for mailing.  On the
       same day that correspondence is placed for collection and mailing, it is deposited in the

16     ordinary course of business with the United States Postal Service in a sealed envelope with
       postage fully prepaid.

17  __X__  ELECTRONIC MAIL:  Based on an agreement of the parties to accept service by e-mail, I
       caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.  I

18     did not receive, within a reasonable time after the transmission, any electronic message or
       other indication that the transmission was unsuccessful.

19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing

21  is true and correct.

22      Executed on November 12, 2020, at Oakland, California.

23

24                                         Mayra Montalvo

25

26

27

28

PROOF OF SERVICE

4832-6935-2658 V1

AMIR NASSIHI (SBN 235936)
anassihi@shb.com
SAMANTHA K. BURNETT (SBN 320262)
sburnett@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104-4505
Telephone:    415.544.1900
Facsimile:    415.391.0281

*Attorneys for Defendant*
KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE

**FILED BY FAX**
ALAMEDA COUNTY

November 18, 2020

CLERK OF
THE SUPERIOR COURT
By Shabra Iyamu, Deputy

CASE NUMBER:
**RG19010993**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN CHASE and HILARY CHASE, | Case No. RG19010993 |
| Plaintiffs, | **AMENDED PROOF OF SERVICE** |
| vs. | Action Filed:    March 14, 2019 |
| KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE, and DOES 1 THROUGH 30, inclusive, | Trial Date:    None Set |
| Defendants. | |

4812-3295-3554 v1

PROOF OF SERVICE

00117

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

### AMENDED PROOF OF SERVICE

2

The undersigned declare: I am over the age of 18 years and not a party to the within action. I

3

am employed in the State of California. My business address is One Montgomery, Suite 2600, San

4

Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I

5

served the following document(s):

6

- **STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE**
  **MANAGEMENT CONFERENCE**

7

on the interested parties named herein and in the manner indicated below:

8

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780<br>Fax: (415) 358-4941<br>elliot@connlawpc.com |
| Respondent<br>**MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>jswenson@scalilaw.com |

9

10

11

12

13

14

15

16

  X    FIRST CLASS U.S. MAIL: I caused the document(s) to be served to the persons listed above by following our ordinary business practices regarding mail service. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

17

18

19

20

  X    ELECTRONIC MAIL: Based on an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing

23

is true and correct.

24

Executed on November 12, 2020, at Oakland, California.

25

26

Mayra Montalvo

27

28

4812-3295-3554 v1

AMENDED PROOF OF SERVICE

F.S. 21093709

1 | AMIR NASSIHI (SBN 235936)
anassihi@shb.com
2 | SAMANTHA K. BURNETT (SBN 320262)
sburnett@shb.com
3 | SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
4 | San Francisco, California 94104
Telephone:    415.544.1900
5 | Facsimile:    415.391.0281

6 | DARLENE M. CHO (SBN 251167)
dcho@shb.com
7 | SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
8 | Los Angeles, CA 90067
Telephone:    424.285.8330
9 | Facsimile:    424.204.2093

10 | *Attorneys for Defendants*
KIA MOTORS AMERICA, INC. and
11 | HYUNDAI CAPITAL AMERICA
dba KIA MOTORS FINANCE

12 |

13 |

SUPERIOR COURT OF CALIFORNIA

14 |

COUNTY OF ALAMEDA

15 |

| | |
|---|---|
| JOHN CHASE and HILARY CHASE, | Case No. RG19010993 |
| Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO JUDGE JEFFREY BRAND |
| v. | Dept. 22 |
| KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE, and DOES 1 THROUGH 30, inclusive, | **STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE** |
| Defendants. | Action Filed:  March 14, 2019 Trial Date: None |

24 | TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

25 | Plaintiffs and Defendants in the above-captioned action, by and through their counsel of

26 | record, jointly stipulate and agree that the case management conference currently scheduled for

27 | November 18, 2020 shall be continued to a later date in the spring of 2021. The Parties are currently

28 | engaged in discovery and are meeting and conferring to set a date for arbitration.

1

STIPULATION AND [PROPOSED] ORDER

1

2        THEREFORE, subject to this Court's approval, it is hereby stipulated that the case
management conference set for November 18, 2020 be continued to a later date in the spring of 2021.

3

4

Dated:  November 12, 2020                      SHOOK, HARDY & BACON L.L.P.

5

6                                              By:

7                                              AMIR NASSIHI
                                               DARLENE M. CHO
                                               SAMANTHA K.N. BURNETT

8
                                               Attorneys for Defendants
9                                              KIA MOTORS AMERICA, INC. and
                                               HYUNDAI CAPITAL AMERICA
10                                             dba KIA MOTORS FINANCE

11

Dated:  November 11, 2020                      CONN LAW, PC

12

13                                             By:

14                                             ELLIOT CONN

                                               Attorneys for Plaintiffs
15                                             JOHN CHASE and HILARY CHASE

16

Dated:  November __, 2020                      SCALI RASMUSSEN, PC

17

18                                             By:

19                                             JOHN P. SWENSON

                                               Attorneys for Defendant
20                                             MICHAEL C. STEAD, INC. dba MICHAEL
                                               STEAD'S HILLTOP FORD KIA

21

22

23

24

25

26

27

28

                                       2
                        STIPULATION AND [PROPOSED] ORDER

00120

1       THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2  management conference set for November 18, 2020 be continued to a later date in the spring of

3  2021.

4

5  Dated:  November 9, 2020             SHOOK, HARDY & BACON L.L.P.

6

7                              By:_____

8                                 AMIR NASSIHI
                                 DARLENE M. CHO

9                                 SAMANTHA K.N. BURNETT

10                               Attorneys for Defendants
                               KIA MOTORS AMERICA, INC. and

11                               HYUNDAI CAPITAL AMERICA
                               dba KIA MOTORS FINANCE

12

13  Dated:  November 9, 2020             CONN LAW, PC

14                                By:_____

15                                 ELLIOT CONN

                               Attorneys for Plaintiffs

16                               JOHN CHASE and HILARY CHASE

17  Dated:  November 12, 2020            SCALI RASMUSSEN, PC

18

19                              By:_____

20                                 JOHN P. SWENSON

21                               Attorneys for Defendant
                               MICHAEL C. STEAD, INC. dba MICHAEL
                               STEAD'S HILLTOP FORD KIA

22

23

24

25

26

27

28

2

STIPULATION AND [PROPOSED] ORDER

1

**[PROPOSED] ORDER**

2     The Court, having reviewed the parties' Stipulation and [Proposed] Order, and good cause

3 appearing therefor, hereby orders that the Case Management Conference set for November 18, 2020

4 is off-calendar. The parties will appear before this Court for a Case Management Conference on

5 _4/20_, 2021 at 3:00 p.m.

6

7     **IT IS SO ORDERED.**

8

9 Dated: _11/18_, 2020                     _____

                                          HONORABLE JEFFREY BRAND

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

00122

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

Case Number: RG19010993

Case name: CHASE v. KIA MOTORS AMERICA, INC.

DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of **Stipulation and Order to Continue Case Management Conference** filed on November 18, 2020 was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1221 Oak Street, Oakland, California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 11, 2021.

Chad Finke, Executive Officer/Clerk of the Superior Court

By: _____
Aquetta Scoggins
Deputy Clerk

Amir Nassihi (SBN 235936) Sa
Shook, Hardy & Bacon, L.L.P.
One Montgomery, Suite 2600
San Francisco, CA 94014

Bryan Kemnitzer, SBN 066401
Elliot Conn, SBN 279920
KEMNITZER, BARRON, & KRIEG, LLP
354 Pine Street, 5th Floor
San Francisco, CA 94104

00123

Conn Law, PC
Attn:  Conn, Elliot
354 Pine Street
5th Floor
San Francisco, CA   94104

Shook, Hardy & Bacon, L.L.P.
Attn:  Nassihi, Amir
One Montgomery
Suite 2700
San Francisco, CA   94104-4505

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chase <br> Plaintiff/Petitioner(s) <br><br> VS. <br><br> Kia Motors America, Inc. <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG19010993</u> <br><br> Stipulation and Order Re: Continuance <br> of Case Management Conference <br> Granted |

IT IS ORDERED THAT Defendant's Stipulation and Order Re: Continuance of Case Management
Conference is granted.
Hearing on 11/18/2020 is ordered set on 04/20/2021 D-22 at 3 PM.

Dated:  12/19/2020

_Jeffrey S Brand_
Digital

_____
Judge Jeffrey Brand

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chase VS Kia Motors America, Inc. | RG19010993 |

ADDITIONAL ADDRESSEES

SCALI RASMUSSEN, PC
Attn:  Swenson, John P.
800 Wilshire Boulevard
Suite 400
Los Angeles, CA    90017



22688964

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Amir Nassihi, SBN 235936 | Samantha K.N. Burnett, SBN 320262
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
TELEPHONE NO.: 415-544-1900        FAX NO. (Optional): 415-391-0281
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants KIA Motors America, Inc. and Hyundai Capital America dba KIA Motors Finance

**FILED**
**ALAMEDA COUNTY**
MAR 12 2021
CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: KIA Motors America, Inc., et al.

| | |
|---|---|
| CASE NUMBER: RG19010993 | |
| JUDICIAL OFFICER: | |

**NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION**

DEPT.:

1. **Please take notice** that, as of *(date)*: March 15, 2021

   ☐ the following self-represented party or

   ☒ the attorney for:

   a. ☐ plaintiff *(name)*:

   b. ☒ defendant *(name)*: KIA Motors America, Inc. and Hyundai Capital America dba KIA Motors Finance

   c. ☐ petitioner *(name)*:

   d. ☐ respondent *(name)*:

   e. ☐ other *(describe)*:

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name)*: Amir Nassihi and Samantha K.N. Burnett
   is as follows: SHOOK, HARDY & BACON L.L.P.

   a. Street: 555 Mission Street, Suite 2300

   b. City: San Francisco

   c. Mailing address *(if different from above)*:

   d. State and zip code: CA, 94105

   e. Telephone number: 415-544-1900

   f. Fax number (if available): 415-391-0281

   g. E-mail address (if available): anassihi@shb.com, sburnett@shb.com

3. **All notices and documents** regarding the action should be sent to the above address.

   Date: March 12, 2021

   Samantha K. N. Burnett
   _____
   (TYPE OR PRINT NAME)                  ▶                  _____
                                                            (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [Rev. January 1, 2013] | **NOTICE OF CHANGE OF ADDRESS OR OTHER**<br>**CONTACT INFORMATION** | Cal. Rules of Court, rules 2.200 and 8.816<br>www.courts.ca.gov |




American LegalNet, Inc.
www.FormsWorkFlow.com

*(sidebar left)* MAR 12 REC'D

*(sidebar right)* FILED BY FAX

00127

MC-040

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER:<br>RG19010993 |
|---|---|
| DEFENDANT/RESPONDENT: KIA Motors America, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  At the time of service, I was at least 18 years old and **not a party to this action.**

2.  I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*
    Shook, Hardy & Bacon L.L.P., 555 Mission Street, Suite 2300, San Francisco, CA 94105

3.  I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.
    b. ☒ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4.  The *Notice of Change of Address or Other Contact Information* was placed in the mail:
    a.  on *(date):* March 12, 2021
    b.  at *(city and state):* Irvine, CA

5.  The envelope was addressed and mailed as follows:

    a.  Name of person served:
        Elliot Conn, Esq., Conn Law PC
        Street address: 354 Pine Street, 5th Floor
        City: San Francisco
        State and zip code: CA 94104

    c.  Name of person served:
        Street address:
        City:
        State and zip code:

    b.  Name of person served:
        John P. Swenson, Esq., Scali Rasmussen PC
        Street address: 800 Wilshire Blvd., Suite 400
        City: Los Angeles
        State and zip code: CA 90017

    d.  Name of person served:
        Street address:
        City:
        State and zip code:

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 12, 2021

Mayra Montalvo
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

---

MC-040 [Rev. January 1, 2013]

### NOTICE OF CHANGE OF ADDRESS
### OR OTHER CONTACT INFORMATION

Page 2 of 2



American LegalNet, Inc.
www.FormsWorkFlow.com

00128



24059003

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JOHN P. SWENSON, ESQ. (SBN 224110); BARBARA ADAMS, ESQ. (SBN 99231)<br>SCALI RASMUSSEN, PC<br>800 WILSHIRE BOULEVARD, SUITE 400<br>LOS ANGELES, CA 90017 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 213.239.5622      FAX NO. *(Optional):*  213.239.5623<br>E-MAIL ADDRESS *(Optional):*  JSWENSON@SCALILAW.COM;<br>ATTORNEY FOR *(Name):*  Michael C. Stead, Inc. et al. | **FILED**<br>**ALAMEDA COUNTY**<br>APR 1 4 2021<br>CLERK OF THE SUPERIOR COURT<br>By: _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
   STREET ADDRESS: 1225 Fallon Street Oakland
   MAILING ADDRESS: 1225 Fallon Street Oakland
   CITY AND ZIP CODE: Alameda 94612
   BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

| PLAINTIFF/PETITIONER:   John Chase and  Hillary Chase |  |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. |  |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):**    [ x ] **UNLIMITED CASE**  (Amount demanded exceeds $25,000)    [ ] **LIMITED CASE**  (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 4/20/2021             Time: 3:00 PM        Dept.: 22          Div.:              Room:

Address of court *(if different from the address above):*

[ x ]  **Notice of Intent to Appear by Telephone, by** *(name):* JOHN P. SWENSON, ESQ. or BARBARA ADAMS, ESQ.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a.  [ x ]  This statement is submitted by party *(name):* Michael C. Stead, Inc
   b.  [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):* 03/14/2019
   b.  [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a.  [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b.  [ ]  The following parties named in the complaint or cross-complaint
      (1)  [ ]  have not been served *(specify names and explain why not):*
      (2)  [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3)  [ ]  have had a default entered against them *(specify names):*
   c.  [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in   [ ]  complaint    [ ]  cross-complaint      *(Describe, including causes of action):*
      (4) Causes of Action: 1) Express Warranty, Civil Code Section 1790; 2) Implied Warranty of Merchant Ability; 3) Implied Warranty of Fitness for A particular Purpose; 4) The Consumer Legal Remedies Act.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

00129

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | RG19010993 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
This matter arises out of the purchase of a 2017 Kia Sportage on 11/16/16 by Plaintiffs. The purchase was made at Michael C. Stead dba Michael Stead's Hilltop Ford Kia. Plaintiff alleges that the vehicle is unfit for the intended use because the Emergency Braking system cannot be tested to prove its functioning. They further allege elder abuse due to the sale.

[ ]   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

a.   The party or parties request [x] a jury trial   [ ] a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.   [ ]   The trial has been set for  *(date):*

b.   [x]   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trial counsel has trials scheduled to commence on: 5/12/2021; 6/4/2021; 6/14/2021; 6/28/2021; 7/12/2021; 7/19/2021; 8/5/2021; 9/7/2021; 10/18/2021; 10/25/2021; 11/3/2021; 1/7/2022; 1/24/2022; 2/22/2022

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   [x]  days *(specify number):* 5-7 days

b.   [ ]  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   [ ] by the attorney or party listed in the caption   [ ] by the following:

a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                  f.   Fax number:
e.   E-mail address:                                     g.   Party represented:

[ ]   Additional representation is described in Attachment 8.

9.  **Preference**

[ ]   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel  [x] has   [ ] has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party  [ ] has   [ ] has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

00130

CM-110

| PLAINTIFF/PETITIONER:   John Chase and Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | RG19010993 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:   John Chase and Hillary Chase<br>DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |
|---|---|

**11. Insurance**

a. [x] Insurance carrier, if any, for party filing this statement *(name):* Nationwide

b. Reservation of rights: [ ] Yes  [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case  *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy.  [ ] Other  *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to  [ ] consolidate  [ ] coordinate  will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[ ] The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [x] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| DEFENDANT, Michael C. Stead, Inc. | Written Discovery/Depositions | Per C.C.P Code |
| DEFENDANT, Michael C. Stead Inc. | Expert Discovery | Per C.C.P Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

CM-110 [Rev. July 1, 2011]   **CASE MANAGEMENT STATEMENT**   Page 4 of 5

● ●

CM-110

| PLAINTIFF/PETITIONER:   John Chase and Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☒ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
Plaintiffs have demanded JAMS arbitration.

**20. Total number of pages attached** *(if any):*  _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 04/01/2021

Barbara Adams, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los Angeles, CA 90017.

On April 14, 2021, I served the within document(s) described as:

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action as stated below:

| | |
|---|---|
| Elliot Conn | Darlene M. Cho |
| CONN LAW, PC | Shook, Hardy & Bacon L.L.P |
| 354 Pine Street, 5th Floor | One Montgomery, Suite 2600 |
| San Francisco, CA 94104 | San Francisco, California 94104 |
| | Tel: 415.544.1900 |

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 14, 2021, at Los Angeles, California.

| | |
|---|---|
| Carlos Estrada | *Carlos Estrada* |
| (Type or print name) | (Signature) |

- 1 -

@WDWORDD;1

00134

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse
Civil Division
1225 Fallon Street
Oakland, CA   94612

To:   Shook, Hardy & Bacon, L.L.P.                    Date:  04/16/2021
      Attn:  Nassihi, Amir
      555 Mission Street
      Suite 2300
      San Francisco, CA    94105____

Re:  No. RG19010993 - Chase   VS.  Kia Motors America, Inc.

Your request to file Continuance of Case Management Conference has been rejected
for the following reason:

      Filing Fee of $20.00 not enclosed.

Chad Finke  Executive Officer / Clerk of the Superior Court

By       _Jessica Flores_
                       digital
_____
                                    Deputy Clerk

24050870

1  AMIR NASSIHI (SBN 235936)
   anassihi@shb.com
2  SAMANTHA K. BURNETT (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   555 Mission Street, Suite 2300
4  San Francisco, California 94105
   Tel: 415.544.1900 | Fax: 415.391.0281
5
   DARLENE M. CHO (SBN 251167)
6  dcho@shb.com
   SHOOK, HARDY & BACON L.L.P.
7  2049 Century Park East, Suite 3000
   Los Angeles, CA 90067
8  Tel: 424.285.8330 | Fax: 424.204.2093
9  *Attorneys for Defendants*
   KIA MOTORS AMERICA, INC. and
10 HYUNDAI CAPITAL AMERICA
   dba KIA MOTORS FINANCE
11

**FILED**
ALAMEDA COUNTY

APR 1 9 2021

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

12              SUPERIOR COURT OF CALIFORNIA

13                   COUNTY OF ALAMEDA

14

15 JOHN CHASE and HILARY CHASE,          Case No. RG19010993

16            Plaintiffs,                 ASSIGNED FOR ALL PURPOSES TO
                                          JUDGE JEFFREY BRAND
17       v.                               Dept. 22

18 KIA MOTORS AMERICA, INC.; MICHAEL C.   **STIPULATION AND [PROPOSED] ORDER**
   STEAD, INC. dba MICHAEL STEAD'S        **TO CONTINUE CASE MANAGEMENT**
19 HILLTOP FORD KIA; HYUNDAI CAPITAL      **CONFERENCE**
   AMERICA dba KIA MOTORS FINANCE, and
20 DOES 1 THROUGH 30, inclusive,
                                          Action Filed: March 14, 2019
21            Defendants.                 Trial Date: None

22

23 TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

24       Plaintiffs and Defendants in the above-captioned action, by and through their counsel of

25 record, jointly stipulate and agree that the case management conference currently scheduled for

26 April 20, 2021 shall be continued to a later date in fall of 2021. The Parties continue to engage in

27 discovery, motion practice and expect an arbitration date to be set within the coming months.

28

1" = "1" "4821-1432-0613 v1" "" 4821-1432-0613 v1          1

STIPULATION AND [PROPOSED] ORDER

FILED BY FAX

1      THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2  management conference set for April 20, 2021 be continued to a later date in the fall of 2021.

3  Dated:  April 15, 2021               SHOOK, HARDY & BACON L.L.P.

4

5                         By:_____
                            AMIR NASSIHI

6                            DARLENE M. CHO
                            SAMANTHA K.N. BURNETT

7

8                            Attorneys for Defendants
                            KIA MOTORS AMERICA, INC. and
                            HYUNDAI CAPITAL AMERICA

9                            dba KIA MOTORS FINANCE

10  Dated:  April 14, 2021               HOLLAND & KNIGHT LLP

11

12                         By:_____
                            ZACHARY C. FRAMPTON

13                           Attorneys for Defendants
                            HYUNDAI CAPITAL AMERICA

14                            dba KIA MOTORS FINANCE

15

16  Dated:  April 14, 2021               CONN LAW, PC

17                         By:_____
                            ELLIOT CONN

18

19                         Attorneys for Plaintiffs
                            JOHN CHASE and HILARY CHASE

20

21  Dated:  April 14, 2021               SCALI RASMUSSEN, PC

22                         By:_____
                            JOHN P. SWENSON

23

24                         Attorneys for Defendant
                            MICHAEL C. STEAD, INC. dba MICHAEL
                            STEAD'S HILLTOP FORD KIA

25

26

27

28

1" = "1" "4821-1432-0613 v1" "" 4821-1432-0613 v1      2

STIPULATION AND [PROPOSED] ORDER

1       THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2 management conference set for April 20, 2021 be continued to a later date in the fall of 2021.

3 Dated: April __, 2021              SHOOK, HARDY & BACON L.L.P.

4

5                             By:_____
                               AMIR NASSIHI
                               DARLENE M. CHO

6                                SAMANTHA K.N. BURNETT

7                                Attorneys for Defendants
                               KIA MOTORS AMERICA, INC. and

8                                HYUNDAI CAPITAL AMERICA
                               dba KIA MOTORS FINANCE

9

10 Dated: April __, 2021              HOLLAND & KNIGHT LLP

11

12                             By:_____
                               ZACHARY C. FRAMPTON

13                                Attorneys for Defendants
                               HYUNDAI CAPITAL AMERICA

14                                dba KIA MOTORS FINANCE

15

16 Dated: April 14, 2021             CONN LAW, PC

17                             By:_____
                               ELLIOT CONN

18

19                                Attorneys for Plaintiffs
                               JOHN CHASE and HILARY CHASE

20

21 Dated: April __, 2021              SCALI RASMUSSEN, PC

22                             By:_____
                               JOHN P. SWENSON

23

24                                Attorneys for Defendant
                               MICHAEL C. STEAD, INC. dba MICHAEL

25                                STEAD'S HILLTOP FORD KIA

26

27

28

1" = "1" "4821-1432-0613 v1" "" 4821-1432-0613 v1         2

STIPULATION AND [PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

The Court, having reviewed the parties' Stipulation and [Proposed] Order, and good cause appearing therefor, hereby orders that the Case Management Conference set for April 20, 2021 is off-calendar. The parties will appear before this Court for a Case Management Conference on _____, 2021 at 3:00 p.m.


**IT IS SO ORDERED.**


Dated: _____ __, 2021          _____

                                      HONORABLE JEFFREY BRAND

1" = "1" "4821-1432-0613 v1" "" 4821-1432-0613 v1          3

STIPULATION AND [PROPOSED] ORDER

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to the within action.  I am employed in the county where this service occurs.  My business address is 555 Mission Street, Suite 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281.  On the date shown below I served the following document:

- **STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE**

on the interested parties in the attached service list in the manner indicated below:

  X    FIRST CLASS U.S. MAIL: I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid to the persons listed above.

  X    ELECTRONIC MAIL: Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the person at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 16, 2021, at Oakland, California.

*Mayra Montalvo*
Mayra Montalvo

4831-6311-1654 v1

1

PROOF OF SERVICE

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

## SERVICE LIST

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

4831-6311-1654 v1

2

PROOF OF SERVICE

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Chase | No. <u>RG19010993</u> |
| Plaintiff/Petitioner(s) | |
| VS. | Case Management Order |
| Kia Motors America, Inc. | |
| Defendant/Respondent(s) | Judge:  Jeffrey Brand |
| (Abbreviated Title) | |

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 09/15/2021 at 03:00 PM in Dept. 22.  Matter continued per stipulation of parties as settlement talks continue.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 08/31/2021. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  04/20/2021

_____
Judge Jeffrey Brand

Conn Law, PC
Attn:  Conn, Elliot
354 Pine Street
5th Floor
San Francisco, CA    94104

Shook, Hardy & Bacon, L.L.P.
Attn:  Nassihi, Amir
555 Mission Street
Suite 2300
San Francisco, CA    94105____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Chase<br><br>                          Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>Kia Motors America, Inc.<br>                          Defendant/Respondent(s)<br>                          (Abbreviated Title) | No. <u>RG19010993</u><br><br>Stipulation and Order Re: Continuance<br>of Case Management Conference<br>Granted |

IT IS ORDERED THAT Defendant's Stipulation and Order Re: Continuance of Case Management
Conference is granted.
Hearing on 4/20/2021 in D-22 is ordered set on 09/15/2021 at 3 PM in D-22 for further CMC.

Dated:  04/20/2021

_____
Judge Jeffrey Brand

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chase VS Kia Motors America, Inc. | RG19010993 |

ADDITIONAL ADDRESSEES

SCALI RASMUSSEN, PC
Attn:  Swenson, John P.
800 Wilshire Boulevard
Suite 400
Los Angeles, CA   90017



23031822

1 | AMIR NASSIHI (SBN 235936)
anassihi@shb.com
2 | SAMANTHA K. BURNETT (SBN 320262)
sburnett@shb.com
3 | SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
4 | San Francisco, California 94105
Tel: 415.544.1900 | Fax: 415.391.0281
5
DARLENE M. CHO (SBN 251167)
6 | dcho@shb.com
SHOOK, HARDY & BACON L.L.P.
7 | 2049 Century Park East, Suite 3000
Los Angeles, CA 90067
8 | Tel: 424.285.8330 | Fax: 424.204.2093

9 | *Attorneys for Defendants*
KIA AMERICA, INC. (formerly known as
10 | KIA MOTORS AMERICA, INC.)

**FILED**
**ALAMEDA COUNTY**

MAY 21 2021

CLERK OF THE SUPERIOR COURT
By _____ *Joshua W. Rose* _____
Deputy

11

12 |              SUPERIOR COURT OF CALIFORNIA

13 |                  COUNTY OF ALAMEDA

14

15 | JOHN CHASE and HILARY CHASE,           | Case No. RG19010993

16 |              Plaintiffs,                | ASSIGNED FOR ALL PURPOSES TO
                                             | JUDGE JEFFREY BRAND
17 |      v.                                 | Dept. 22

18 | KIA MOTORS AMERICA, INC.; MICHAEL C.   | **NOTICE OF NAME CHANGE FOR KIA**
STEAD, INC. dba MICHAEL STEAD'S           | **MOTORS AMERICA, INC.**
19 | HILLTOP FORD KIA; HYUNDAI CAPITAL
AMERICA dba KIA MOTORS FINANCE, and
20 | DOES 1 THROUGH 30, inclusive,          | Action Filed: March 14, 2019
                                             | Trial Date: None
21 |              Defendants.

22

23

24

25

26

27

28

1
NOTICE OF NAME CHANGE FOR KIA MOTORS AMERICA, INC.

00145

1     TO THE HONORABLE COURT AND COURT STAFF, AND ALL PARTIES AND

2   THEIR RESPECTIVE ATTORNEYS OF RECORD:

3     PLEASE TAKE NOTICE that effective April 9, 2021, Kia Motors America, Inc. has

4   changed its name to Kia America, Inc.

5

6   Dated:  May 21, 2021             SHOOK, HARDY & BACON L.L.P.

7

8                        By:

9                          AMIR NASSIHI
                              DARLENE M. CHO
                              SAMANTHA K.N. BURNETT

10

11                       Attorneys for Defendants
                        KIA AMERICA, INC. (formerly known as KIA
                        MOTORS AMERICA, INC.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF NAME CHANGE FOR KIA MOTORS AMERICA, INC.

00146

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action.  I am employed in the County of San Francisco, State of California.  My business address is 555 Mission Street, Suite 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281.  On the date shown below I served the following document:

- **NOTICE OF NAME CHANGE FOR KIA MOTORS AMERICA, INC.**

on the interested parties in the attached service list in the manner indicated below:

__X__ **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid to the persons listed in the attached service list.

__X__ **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the persons at the e-mail addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2021, at Oakland, California.

_Mayra Montalvo_
Mayra Montalvo

4831-6311-1654 v1

1

PROOF OF SERVICE

00147

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

**SERVICE LIST**

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

4831-6311-1654 v1

2

PROOF OF SERVICE

00148



23011168

1 | AMIR NASSIHI (SBN 235936)
anassihi@shb.com
2 | SAMANTHA K. BURNETT (SBN 320262)
sburnett@shb.com
3 | SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
4 | San Francisco, California 94105
Tel: 415.544.1900 | Fax: 415.391.0281
5 |
DARLENE M. CHO (SBN 251167)
6 | dcho@shb.com
SHOOK, HARDY & BACON L.L.P.
7 | 2049 Century Park East, Suite 3000
Los Angeles, CA 90067
8 | Tel: 424.285.8330 | Fax: 424.204.2093
9 | *Attorneys for Defendants*
KIA MOTORS AMERICA, INC. and
10 | HYUNDAI CAPITAL AMERICA
dba KIA MOTORS FINANCE
11 |

**F I L E D**
ALAMEDA COUNTY

AUG 3 1 2021

CLERK OF THE SUPERIOR COURT
By _____ Deputy

By Fax

12 | SUPERIOR COURT OF CALIFORNIA

13 | COUNTY OF ALAMEDA

14 |

15 | JOHN CHASE and HILARY CHASE,

16 | Plaintiffs,

17 | v.

18 | KIA MOTORS AMERICA, INC.; MICHAEL C.
STEAD, INC. dba MICHAEL STEAD'S
19 | HILLTOP FORD KIA; HYUNDAI CAPITAL
AMERICA dba KIA MOTORS FINANCE, and
20 | DOES 1 THROUGH 30, inclusive,

21 | Defendants.

Case No. RG19010993

ASSIGNED FOR ALL PURPOSES TO
JUDGE JEFFREY BRAND
Dept. 22

**STIPULATION AND [PROPOSED] ORDER
TO CONTINUE CASE MANAGEMENT
CONFERENCE**

Action Filed: March 14, 2019
Trial Date: None

22 |

23 | TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

24 | Plaintiffs and Defendants in the above-captioned action, by and through their counsel of

25 | record, jointly stipulate and agree that the case management conference currently scheduled for

26 | September 15, 2021 be continued to a later date in spring of 2022. The Parties continue to engage in

27 | discovery, motion practice and expect an arbitration date to be set within the coming months.

28 |

1" = "1" "4844-8392-1912 v1" "" 4844-8392-1912 v1      1
STIPULATION AND [PROPOSED] ORDER

00149

1    THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2    management conference set for September 15, 2021 be continued to a later date in the spring of

3    2022.

4    Dated: August 31, 2021                              SHOOK, HARDY & BACON L.L.P.

5

6                                                        By: _____
                                                         AMIR NASSIHI
7                                                        DARLENE M. CHO
                                                         SAMANTHA K.N. BURNETT
8
                                                         Attorneys for Defendants
9                                                        KIA MOTORS AMERICA, INC. and
                                                         HYUNDAI CAPITAL AMERICA
                                                         dba KIA MOTORS FINANCE
10

11   Dated: August __, 2021                              HOLLAND & KNIGHT LLP

12

13                                                       By:_____
                                                         JOHN JOSEPH
14
                                                         Attorneys for Defendants
15                                                       HYUNDAI CAPITAL AMERICA
                                                         dba KIA MOTORS FINANCE
16
     Dated: August __, 2021                              CONN LAW, PC
17

18                                                       By:_____
                                                         ELLIOT CONN
19
                                                         Attorneys for Plaintiffs
20                                                       JOHN CHASE and HILARY CHASE

21

22   Dated: August 30, 2021                              SCALI RASMUSSEN, PC

23                                                       By:_____
                                                         JOHN P. SWENSON
24
                                                         Attorneys for Defendant
25                                                       MICHAEL C. STEAD, INC. dba MICHAEL
                                                         STEAD'S HILLTOP FORD KIA
26

27

28

     1" = "1" "4844-8392-1912 v1" "" 4844-8392-1912 v1          2
     STIPULATION AND [PROPOSED] ORDER

1    THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2    management conference set for September 15, 2021 be continued to a later date in the spring of 2022.

3    Dated: August __, 2021                    SHOOK, HARDY & BACON L.L.P.

4

5                                              By:_____
                                                   AMIR NASSIHI
6                                                  DARLENE M. CHO
                                                   SAMANTHA K.N. BURNETT
7
                                                   Attorneys for Defendants
8                                                  KIA MOTORS AMERICA, INC. and
                                                   HYUNDAI CAPITAL AMERICA
9                                                  dba KIA MOTORS FINANCE

10   Dated: August 30, 2021                    HOLLAND & KNIGHT LLP

11
                                               By:_____
12                                                 ZACHARY C. FRAMPTON

13                                                 Attorneys for Defendants
                                                   HYUNDAI CAPITAL AMERICA
14                                                 dba KIA MOTORS FINANCE

15
     Dated: August __, 2021                    CONN LAW, PC
16

17                                             By:_____
                                                   ELLIOT CONN
18
                                                   Attorneys for Plaintiffs
19                                                 JOHN CHASE and HILARY CHASE

20
     Dated: August __, 2021                    SCALI RASMUSSEN, PC
21

22                                             By:_____
                                                   JOHN P. SWENSON
23
                                                   Attorneys for Defendant
24                                                 MICHAEL C. STEAD, INC. dba MICHAEL
                                                   STEAD'S HILLTOP FORD KIA
25

26

27

28

1" = "1" "4844-8392-1912 v1" "" 4844-8392-1912 v1              2
                                        STIPULATION AND [PROPOSED] ORDER

1      THEREFORE, subject to this Court's approval, it is hereby stipulated that the case

2  management conference set for September 15, 2021 be continued to a later date in the spring of 2022.

3  Dated: August __, 2021              SHOOK, HARDY & BACON L.L.P.

4

5                                  By:_____
                                  AMIR NASSIHI
                                  DARLENE M. CHO

6                                  SAMANTHA K.N. BURNETT

7                                  Attorneys for Defendants
                                  KIA MOTORS AMERICA, INC. and

8                                  HYUNDAI CAPITAL AMERICA
                                  dba KIA MOTORS FINANCE

9

10  Dated: August __, 2021              HOLLAND & KNIGHT LLP

11

12                                    By:_____
                                  JOHN JOSEPH

13                                  Attorneys for Defendants
                                  HYUNDAI CAPITAL AMERICA

14                                  dba KIA MOTORS FINANCE

15  Dated: August 30, 2021             CONN LAW, PC

16

17                                    By:_____
                                  ELLIOT CONN

18

19                                  Attorneys for Plaintiffs
                                  JOHN CHASE and HILARY CHASE

20

21  Dated: August __, 2021             SCALI RASMUSSEN, PC

22                                    By:_____
                                  JOHN P. SWENSON

23

24                                  Attorneys for Defendant
                                  MICHAEL C. STEAD, INC. dba MICHAEL

25                                  STEAD'S HILLTOP FORD KIA

26

27

28

1" = "1" "4844-8392-1912 v1" "" 4844-8392-1912 v1        2

STIPULATION AND [PROPOSED] ORDER

1

## [PROPOSED] ORDER

2     The Court, having reviewed the parties' Stipulation and [Proposed] Order, and good cause

3 appearing therefor, hereby orders that the Case Management Conference set for September 15, 2021

4 is off-calendar. The parties will appear before this Court for a Case Management Conference on

5 _____, 2022 at 3:00 p.m.

6

7 **IT IS SO ORDERED.**

8

9 Dated: _____ __, 2021      _____

10                          HONORABLE JEFFREY BRAND

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1" = "1" "4844-8392-1912 v1" "" 4844-8392-1912 v1      3

STIPULATION AND [PROPOSED] ORDER

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. I am employed in the County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281.  On the date shown below I served the following document:

- **STIPULATION AND [PROPOSED] ORDER TO CONTINUE SEPTEMBER 15, 2021 CASE MANAGEMENT CONFERENCE**

on the interested parties in the attached service list in the manner indicated below:

___X___ **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid to the persons listed above.

___X___ **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the person at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 31, 2021, at Oakland, California.

Mayra Montalvo

00154

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

## SERVICE LIST

| Party | Counsel of Record |
|-------|-------------------|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4849-3478-0409 v1

2

PROOF OF SERVICE

00155

Conn Law, PC
Attn:  Conn, Elliot
354 Pine Street
5th Floor
San Francisco, CA   94104

Shook, Hardy & Bacon, L.L.P.
Attn:  Nassihi, Amir
555 Mission Street
Suite 2300
San Francisco, CA   94105____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Chase | |
| | Plaintiff/Petitioner(s) |
| VS. | |
| Kia Motors America, Inc. | |
| | Defendant/Respondent(s) |
| | (Abbreviated Title) |

No. <u>RG19010993</u>

Stipulation and Order Re: Other Ex Parte Denied

IT IS ORDERED that the Defendant's Stipulation and Order Re: Other Ex Parte is DENIED WITHOUT PREJUDICE.  PARTIES TO APPEAR AT THE CURRENTLY SCHEDULED CMC SET FOR 09/15/2021 TO DISCUSS THE CASE AND DATES WITH THE COURT.

Dated:  09/02/2021

_____
Judge Jeffrey Brand

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chase VS Kia Motors America, Inc. | RG19010993 |

ADDITIONAL ADDRESSEES

SCALI RASMUSSEN, PC
Attn: Swenson, John P.
800 Wilshire Boulevard
Suite 400
Los Angeles, CA   90017

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Zachary C. Frampton (SBN 303225)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
   TELEPHONE NO.: 213.896.2400    FAX NO.*(Optional):*
   E-MAIL ADDRESS: zac.frampton@hklaw.com
  ATTORNEY FOR *(Name):* Hyundai Capital America dba Kia Motors Finance

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
01/24/2022 at 01:50:54 PM
By: Andrei Gospel, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alamedea
 STREET ADDRESS:  1225 Fallon Street
 MAILING ADDRESS:
 CITY AND ZIP CODE:  Oakland, CA 94612
 BRANCH NAME:  Rene C. Davidson Courthouse

   PLAINTIFF/PETITIONER:  John Chase and Hilary Chase

  DEFENDANT/RESPONDENT:  Kia America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**    [ ] **LIMITED CASE** | RG19010993 |

*(Check one):*  [X] **UNLIMITED CASE**      [ ] **LIMITED CASE**
          (Amount demanded       (Amount demanded is $25,000
          exceeds $25,000)        or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:  February 7, 2022    Time:  2:30 p.m.    Dept.:  22    Div.:        Room:
Address of court *(if different from the address above):*

[X]  **Notice of Intent to Appear by Telephone, by** *(name):* Zachary C. Frampton

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
  a. [X] This statement is submitted by party *(name):*   Hyundai Capital America dba Kia Motors Finance
  b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a. [ ] The complaint was filed on *(date):*
  b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. [ ] The following parties named in the complaint or cross-complaint
     (1) [ ] have not been served *(specify names and explain why not):*

     (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

     (3) [ ] have had a default entered against them *(specify names):*

  c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
  a. Type of case in  [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
    Warranty, Consumers Legal Remedies Act, and Fair Credit Reporting Act

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

00158

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc., et al. | RG19010993 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

> Plaintiffs allege claims for breach of warranty, violations of the CLRA related to alleged misrepresentations regarding the sale of a vehicl, and FCRA claims. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*  This case is currently in arbitration with the Evidentiary hearing anticipated to occur in 2022.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:              f. Fax number:

e. E-mail address:               g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*  Amount in controversy exceeds $50,000

CEB | Essential
ceb.com Forms

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br><br>DEFENDANT/RESPONDENT:   Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

10.  c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
         have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br><br>DEFENDANT/RESPONDENT:   Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
    - (1) Name of case:
    - (2) Name of court:
    - (3) Case number:
    - (4) Status:
    - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CEB | Essential Forms
ceb.com

00161

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc., et al. | RG19010993 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  January 24, 2022

Zachary C. Frampton
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CEB | Essential
ceb.com | Forms

00162

1

2

**PROOF OF SERVICE**
*John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

3

4

STATE OF CALIFORNIA    )
                     ) ss.
COUNTY OF LOS ANGELES  )

5

6

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

7

8

      On **January 24, 2022**, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on all interested parties in this action

9

☒ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.

10

☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

11

12

**(SEE ATTACHED SERVICE LIST)**

13

14

☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16

17

18

☒ **BY MAIL:  (BY E-MAIL VIA PDF FILE)**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list.  The transmission was reported as complete and without error.

19

20

21

☒     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

      Executed on **January 24, 2022**, at Los Angeles, California.

24

25

  Bobbette Mack
Print or Type Name                           Signature

26

27

28

CASE MANAGEMENT STATEMENT      00163

1

<u>**SERVICE LIST**</u>

2

Amir Nassihi, Esq.                         Attorneys for Respondent
Samantha K. Burnett, Esq.                  Kia Motors America, Inc.

3

Darlene Cho, Esq.
SHOOK, HARDY & BACON L.L.P.

4

One Montgomery, Ste 2600
San Francisco. CA  94104

5

Tel:  (415) 544-1900
Fax:  (415) 391-0281

6

E-mail:  anassihi@shb.com
E-mail:  sburnett@shb.com

7

E-mail:  dcho@shb.com
E-mail:  rdarmstadt@shb.com

8

E-mail:  mmontalvo@shb.com

9

10

Elliot Conn, Esq.                          Attorneys for Plaintiffs
CONN LAW, PC                               John Chase and Hilary Chase

11

354 Pine St., 5th Fl.
San Francisco, CA  94104

12

Tel:  (415) 417-2780
Fax:  (415) 358-4941

13

E-mail:  elliot@connlawpc.com

14

Ronald Wilcox, Esq.
WILCOX LAW FIRM, P.C.

15

2021 The Alameda, Ste 200
San Jose, CA  95126

16

Tel:  (408) 296-0400
E-mail:  ronaldwilcox@gmail.com

17

18

John P. Swenson, Esq.                      Attorneys for Defendant
SCALI RASMUSSEN, PC                        Michael C. Stead, Inc. dba Michael

19

800 Wilshire Blvd., Ste 400               Stead's Hilltop Ford Kia
Los Angeles, CA  90017

20

Tel:  (213) 239-5622
E-mail:  jswenson@scalilaw.com

21

22

23

24

25

26

27

28



240741467

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot Conn Bar No. 279920<br>Conn Law, PC<br>354 Pine St., 5th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-417-2780    FAX NO. *(Optional):* 415-358-4941<br>E-MAIL ADDRESS: elliot@connlawpc.com<br>ATTORNEY FOR *(Name):* John Chase and Hilary Chase | **FILED**<br>**ALAMEDA COUNTY**<br><br>SEP 1 4 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _Molly Bank_<br>Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland 94612<br>BRANCH NAME: Rene C. Davidson Alameda Courthouse | |
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc. | |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** <br>(Amount demanded<br>exceeds $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 9/15/2021          Time: 3:00 P.M.     Dept.: Dept. 22     Div.:          Room:

Address of court *(if different from the address above):*

☑  **Notice of Intent to Appear by Telephone,** by *(name):* Elliot Conn

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party *(name):* John Chase and Hilary Chase
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* March 14, 2019
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint       ☐ cross-complaint       *(Describe, including causes of action):*
      Breach of Warranty, Consumers Legal Remedies Act

Page 1 of 5

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]          **CASE MANAGEMENT STATEMENT**          Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs have also brought credit reporting claims against Kia Motors Finance and seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):* John Chase and Hilary Chase

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):* The case is currently in arbitration with the Evidentiary Hearing anticipated to occur in Spring 2022.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.

f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds $50,000

00166

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | RG19010993 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

00167

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

00168

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | RG19010993 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
The case is currently in arbitration which was initiated on August 21, 2019. The parties have continued to actively and diligently litigate in arbitration and the Arbitrator has heard: (1) a Motion to Change Claim; (2) Dispositive Motions filed by both Kia Motors America and Kia Motors Finance; and (3) multiple Discovery Motions. The Evidentiary Hearing has been delayed both due to COVID and a health issue with the Arbitrator but is anticipated to be heard by Spring 2022.

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 9/13/2021

Elliot Conn
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Page 5 of 5 |
|---|---|---|

00169

<u>PROOF OF SERVICE</u>

Re:     *John Chase, et al. v. Kia Motors America, Inc., et al.*
        **Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On September 13, 2021, I served the following:

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

*ONLY BY ELECTRONIC TRANSMISSION. E-mailing the document(s) to the persons at the e-mail address(es) listed based on notice previously provided that, during the Coronavirus (Covid-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
**anassihi@shb.com**
**sburnett@shb.com**
**dcho@shb.com**
**rdarmstadt@shb.com**
**mmontalvo@shb.com**
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
**jswenson@scalilaw.com**
**badams@scalilaw.com**
**cestrada@scalilaw.com**
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
**HILLTOP FORD KIA**

//

//

//

1    John Joseph
    Zachary Frampton
2    HOLLAND & KNIGHT
    2929 Arch Street, Suite 800
3    Philadelphia, PA 19104
    John.Joseph@hklaw.com
4    Zac.Frampton@hklaw.com
    Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS
5    FINANCE

6

       I declare under penalty of perjury that the foregoing is true and correct.

7

8

Dated: September 13, 2021

9                               Spencer Janssen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



24012033

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262
Shook, Hardy & Bacon L.L.P., 555 Mission St., Ste. 2300, San Francisco, CA 94105
Darlene M. Cho, SBN 251167
Shook, Hardy & Bacon L.L.P., 2049 Century Park East, Ste. 3000, Los Angeles, CA 90067

TELEPHONE NO.: 415-544-1900 / 424-285-8330    FAX NO. *(Optional):*
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Defendant Kia America, Inc.

**F I L E D**
ALAMEDA COUNTY

SEP 1 4 2021

CLERK OF THE SUPERIOR COURT
By_____Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 15, 2021    Time: 3:00 p.m.    Dept.: 22    Div.:    Room:

Address of court *(if different from the address above):*

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Samantha K.N. Burnett and Darlene M. Cho

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant Kia America, Inc.
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

Filed By Fax

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|



American LegalNet, Inc.
www.FormsWorkFlow.com



**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Plaintiffs allege claims for breach of warranty, elder abuse, and violations of CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs also allege credit reporting claims against Kia Motors Finance. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.
   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☒ a jury trial       ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐  The trial has been set for *(date):*
   b. ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
      This case is currently in arbitration with the Evidentiary hearing anticipated to occur in Spring 2022.

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*
   a. ☐  days *(specify number):*
   b. ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                    f.  Fax number:
   e. E-mail address:                                       g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9. **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel  ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2) For self-represented parties: Party  ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
       Amount in controversy exceeds $50,000

| | | |
|---|---|---|
| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Page 2 of 5 |

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

00174

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**



**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
The case is currently in arbitration and the evidentiary hearing has been delayed both due to Covid and a health issue with the arbitrator but is anticipated to be heard in Spring 2022.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.
Date: September 14, 2021

| Samantha K.N. Burnett | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]    **CASE MANAGEMENT STATEMENT**    Page 5 of 5


American LegalNet, Inc.
www.FormsWorkFlow.com

00176

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## PROOF OF SERVICE

2    I am over the age of 18 years and not a party to the within action.  I am employed in the

3 County of San Francisco, State of California.  My business address is 555 Mission Street, Suite

4 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281.  On the date shown

5 below I served the following document:

6    •  **CASE MANAGEMENT STATEMENT RE SEPTEMBER 15, 2021, CASE**
      **MANAGEMENT CONFERENCE**

7

on the interested parties in the attached service list in the manner indicated below:

8

9   X  **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and
      processing correspondence for mailing. Under that practice, the document is deposited with
      the United States Postal Service on that same day in the ordinary course of business in a

10     sealed envelope with postage fully prepaid to the persons listed in the attached service list.

11   X  **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I
      caused the document to be sent to the persons at the e-mail addresses on the attached service

12     list.  I did not receive, within a reasonable time after the transmission, any electronic message
      or other indication that the transmission was unsuccessful.

13

    I declare under penalty of perjury under the laws of the State of California that the foregoing

14

is true and correct.

15

    Executed on September 14, 2021, at Oakland, California.

16

17

18                  Mayra Montalvo

19

20

21

22

23

24

25

26

27

28

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

## SERVICE LIST

| Party | Counsel of Record |
|-------|-------------------|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4850-5475-3787 v1

2

PROOF OF SERVICE



240759025

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> JOHN P. SWENSON, ESQ. (SBN 224110); BARBARA ADAMS, ESQ. (SBN 99231) <br> SCALI RASMUSSEN, PC <br> 800 WILSHIRE BOULEVARD, SUITE 400 <br> LOS ANGELES, CA 90017 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 213.239.5622          FAX NO. *(Optional)*:  213.239.5623
E-MAIL ADDRESS *(Optional)*:  JSWENSON@SCALILAW.COM;
ATTORNEY FOR *(Name)*: Michael Stead Hilltop Kia

**FILED**
**ALAMEDA COUNTY**

**SEP 14 2021**

CLERK OF THE SUPERIOR COURT
By
                                        Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street Oakland
MAILING ADDRESS: 1225 Fallon Street Oakland
CITY AND ZIP CODE: Alameda 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

PLAINTIFF/PETITIONER:   John Chase and  Hillary Chase
DEFENDANT/RESPONDENT:  Kia Motors America, Inc.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)     ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 09/15/2021          Time: 3:00 PM          Dept.: 22          Div.:          Room:

Address of court *(if different from the address above)*:

☒  **Notice of Intent to Appear by Telephone, by** *(name)*: BARBARA ADAMS, ESQ.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
    a.  ☒  This statement is submitted by party *(name)*: Michael Stead's Hilltop Kia
    b.  ☐  This statement is submitted jointly by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:
    b.  ☐  The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not)*:

        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

        (3)  ☐  have had a default entered against them *(specify names)*:

    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4.  **Description of case**
    a.  Type of case in  ☐  complaint  ☐  cross-complaint          *(Describe, including causes of action)*:
        (4)  Causes of Action: 1) Express Warranty, Civil Code Section 1790; 2) Implied Warranty of Merchant Ability; 3) Implied Warranty of Fitness for A particular Purpose; 4) The Consumer Legal Remedies Act.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

00179

ORIGINAL

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and  Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | RG19010993 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and Violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Defendant denies the merits of their claims.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

a.   The party or parties request ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*  .

6. **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trial counsel has trials scheduled to commence on: Too early to tell.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 7 days
b.  ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:          f.   Fax number:
e.  E-mail address:            g.   Party represented:
☐  Additional representation is described in Attachment 8.

9. **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hillary Chase<br>DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |
|---|---|

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| **(1) Mediation** | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| **(2) Settlement conference** | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| **(6) Other** *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

00181

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and  Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | RG19010993 |

## 11. Insurance

a. [x] Insurance carrier, if any, for party filing this statement *(name):* Nationwide

b. Reservation of rights: [x] Yes  [  ] No

c. [  ] Coverage issues will significantly affect resolution of this case  *(explain):*  Unlikely based on current discovery status.

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[  ] Bankruptcy  [  ] Other  *(specify):*

Status:      None currently known.

## 13. Related cases, consolidation, and coordination

a. [  ] There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    [  ] Additional cases are described in Attachment 13a.

b. [  ] A motion to  [  ] consolidate  [  ] coordinate  will be filed by *(name party):*

## 14. Bifurcation

[  ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

Discovery, and thus position on potential bifurcation, is continuing.

## 15. Other motions

[  ] The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

Discovery is continuing. No other motions are currently anticipated.

## 16. Discovery

a. [  ] The party or parties have completed all discovery.

b. [x] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff John Chase | Deposition | 11/15/2021 |
| Plaintiff Hillary Chase | Deposition | 12/1/2021 |
| Defendant Stead Kia | Expert Witness Depositions | 02/1/2022 |

c. [  ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

00182

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hillary Chase<br>DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |
|---|---|

**17. Economic litigation**

   a.  [ ]  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b.  [ ]  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   [ ]  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* This case is currently in arbitration which was initiated on August 12, 2019. The parties have continued to actively and diligently litigate in arbitration.

**19. Meet and confer**

   a.  [x]  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b.  [x]  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
      Plaintiffs have demanded JAMS arbitration.

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 09/14/2021

| Barbara Adams, Esq. | ▶ | *[signature]* |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

   [ ]  Additional signatures are attached.

---

00183

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los Angeles, CA 90017.

On 09/14/2021, I served the within document(s) described as:

## CASE MANAGEMENT STATEMENT

on the interested parties in this action as stated below:

| | |
|---|---|
| Elliot Conn | Darlene M. Cho |
| CONN LAW, PC | Shook, Hardy & Bacon L.L.P |
| 354 Pine Street, 5th Floor | One Montgomery, Suite 2600 |
| San Francisco, CA 94104 | San Francisco, California 94104 |
| | Tel: 415.544.1900 |

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 09/14/ 2021, at Los Angeles, California.

| | |
|---|---|
| Carlos Estrada | *Carlos Estrada* |
| (Type or print name) | (Signature) |

- 1 -

@WDWORDD;1

00184

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Chase** | **No. RG19010993** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Kia Motors America, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    22                     Honorable    Jeffrey Brand                     , Judge

Cause called for Case Management Conference on September 15, 2021.

Case continued to 02:30 PM on 02/07/2022 in Department 22, Case Management Conf Continuance, Administration Building, 1221 Oak Street, Oakland.

Minutes of    09/15/2021
Entered on    09/29/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By    Uana Iker
                                        Deputy Clerk

**Minutes**

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Elliot Conn Bar No. 279920<br>Conn Law, PC<br>354 Pine St., 5th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: **415-417-2780**     FAX NO. *(Optional):* **415-358-4941**<br>E-MAIL ADDRESS: **elliot@connlawpc.com**<br>ATTORNEY FOR *(Name):* **John Chase and Hilary Chase** | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>01/21/2022 at 05:02:32 PM<br>By: Angela Linhares, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1225 Fallon St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland 94612**
BRANCH NAME: **Rene C. Davidson Alameda Courthouse**

PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**
DEFENDANT/RESPONDENT: **Kia Motors America, Inc.**

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)     ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | **RG19010993** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: **2/7/2022**     Time: **2:30 P.M.**     Dept.: **Dept. 22**     Div.:     Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):* **Elliot Conn**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* **John Chase and Hilary Chase**
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* **March 14, 2019**
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      **Breach of Warranty, Consumers Legal Remedies Act**

Page 1 of 5

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

00186

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs have also brought credit reporting claims against Kia Motors Finance and seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* **The case is currently in arbitration with the Evidentiary Hearing anticipated to occur in Spring 2022.**

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*

   a. ☐ days *(specify number):*

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:

   a. Attorney:

   b. Firm:

   c. Address:

   d. Telephone number:                                            f. Fax number:

   e. E-mail address:                                               g. Party represented:

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
    **Amount in controversy exceeds $50,000**

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for  *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for  *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for  *(date)*:<br>☐ Agreed to complete judicial arbitration by  *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for  *(date)*:<br>☐ Agreed to complete private arbitration by  *(date)*:<br>☐ Private arbitration completed on  *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for  *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on  *(date)*: |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| **Plaintiff** | **Written Discovery** | **Spring 2022** |
| **Plaintiff** | **Depositions** | **Spring 2022** |
| **Plaintiff** | **Expert Discovery** | **Spring 2022** |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
**The case is currently in arbitration which was initiated on August 21, 2019. The parties have continued to actively and diligently litigate in arbitration and the Arbitrator has heard: (1) a Motion to Change Claim; (2) Dispositive Motions filed by both Kia Motors America and Kia Motors Finance; and (3) multiple Discovery Motions. The Evidentiary Hearing has been delayed both due to COVID and a health issue with the Arbitrator but is anticipated to be heard by Spring 2022.**

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* **1**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  1/21/2022

**Elliot Conn**
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

00190

<u>PROOF OF SERVICE</u>

**Re:** ***John Chase, et al. v. Kia Motors America, Inc., et al.***
**Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On January 21, 2022, I served the following:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
jswenson@scalilaw.com
badams@scalilaw.com
cestrada@scalilaw.com
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
**HILLTOP FORD KIA**

*//*

*//*

*//*

1  John Joseph
   Zachary Frampton
2  HOLLAND & KNIGHT
   2929 Arch Street, Suite 800
3  Philadelphia, PA 19104
   John.Joseph@hklaw.com
4  Zac.Frampton@hklaw.com
   Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS
5  FINANCE

6
       I declare under penalty of perjury that the foregoing is true and correct.
7

8
   Dated:  January 21, 2022
9                                        Spencer Janssen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262<br>Shook, Hardy & Bacon L.L.P., 555 Mission St., Ste. 2300, San Francisco, CA 94105<br>Darlene M. Cho, SBN 251167<br>Shook, Hardy & Bacon L.L.P., 2049 Century Park East, Ste. 3000, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 415-544-1900 / 424-285-8330   FAX NO. *(Optional):*<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Defendant Kia America, Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>01/21/2022 at 02:18:32 PM<br>By: Andrei Gospel, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER:<br>RG19010993 |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 7, 2022     Time: 2:30 p.m.     Dept.: 22     Div.:     Room:

Address of court *(if different from the address above):*

☒   **Notice of Intent to Appear by Telephone, by *(name):*** Samantha K.N. Burnett and Darlene M. Cho

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Defendant Kia America, Inc.
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.   Type of case in   ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |


American LegalNet, Inc.
www.FormsWorkFlow.com

00193

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐   The trial has been set for *(date):*

b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

This case is currently in arbitration with the Evidentiary hearing anticipated to occur in 2022.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

N/A (see above re arbitration)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐   days *(specify number):*

b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                 f.  Fax number:

e.  E-mail address:                 g.  Party represented:

☐   Additional representation is described in Attachment 8.

9.  **Preference**

☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Amount in controversy exceeds $50,000

| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

00194

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00195

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
N/A (this case is currenlty in arbitration)

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):* N/A

    <u>Party</u>          <u>Description</u>          <u>Date</u>

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021]      **CASE MANAGEMENT STATEMENT**      **Page 4 of 5**

American LegalNet, Inc.
www.FormsWorkFlow.com

00196

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 21, 2022

Samantha K.N. Burnett
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00197

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## PROOF OF SERVICE

2      I am over the age of 18 years and not a party to the within action. I am employed in the

3  County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300,

4  San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below,

5  I served the following document:

6      • **CASE MANAGEMENT STATEMENT RE FEBRUARY 7, 2022, CASE MANAGEMENT CONFERENCE**

7
on the interested parties in the attached service list in the manner indicated below:

8
9   X   **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid.

10
11   X   **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the persons at the e-mail addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12
13
14      I declare under penalty of perjury under the laws of the State of California that the foregoing

15  is true and correct.

16      Executed on January 21, 2022, at Oakland, California.

17
18                                          _____
                                              Mayra Montalvo
19
20
21
22
23
24
25
26
27
28

4866-7341-2106 v1

1

PROOF OF SERVICE

00198

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

### SERVICE LIST

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>Barbara Adams, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com<br>badams@scalilaw.com |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                                          00199

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JOHN P. SWENSON, ESQ. (SBN 224110); BARBARA ADAMS, ESQ. (SBN 99231)
SCALI RASMUSSEN, PC
800 WILSHIRE BOULEVARD, SUITE 400
LOS ANGELES, CA 90017

TELEPHONE NO.: 213.239.5622          FAX NO. (Optional): 213.239.5623
E-MAIL ADDRESS (Optional): JSWENSON@SCALILAW.COM;
ATTORNEY FOR (Name): Michael C. Stead, Inc. et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street Oakland
MAILING ADDRESS: 1225 Fallon Street Oakland
CITY AND ZIP CODE: Alameda 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
01/24/2022 at 01:31:11 PM
By: Andrel Gospel, Deputy Clerk

PLAINTIFF/PETITIONER: John Chase and Hillary Chase
DEFENDANT/RESPONDENT: Kia Motors America, Inc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000)    [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 2/07/2022          Time: 2:30 PM          Dept.: 22          Div.:          Room:

Address of court *(if different from the address above):*

[x] Notice of Intent to Appear by Telephone, by *(name):* BARBARA ADAMS, ESQ.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Michael C. Stead, Inc
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 03/14/2019
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [ ] complaint [ ] cross-complaint *(Describe, including causes of action):*
   (4) Causes of Action: 1) Express Warranty, Civil Code Section 1790; 2) Implied Warranty of Merchant Ability; 3) Implied Warranty of Fitness for A particular Purpose; 4) The Consumer Legal Remedies Act.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

00200

**CM-110**

| PLAINTIFF/PETITIONER:   John Chase and  Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | RG19010993 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
This matter arises out of the purchase of a 2017 Kia Sportage on 11/16/16 by Plaintiffs  The purchase was made at Michael C. Stead dba Michael Stead's Hilltop Ford Kia. Plaintiff alleges that the vehicle is unfit for the intended use because the Emergency Braking system cannot be tested to prove its functioning. They further allege elder abuse due to the sale.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

  a.  The party or parties request  ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

  a.  ☐  The trial has been set for  *(date):*

  b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

  c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trial counsel has trials scheduled to commence on: 5/12/2021; 6/4/2021; 6/14/2021; 6/28/2021; 7/12/2021; 7/19/2021; 8/5/2021; 9/7/2021; 10/18/2021; 10/25/2021; 11/3/2021; 1/7/2022; 1/24/2022; 2/22/2022

7.  **Estimated length of trial**

  The party or parties estimate that the trial will take *(check one):*

  a.  ☒ days *(specify number):* 5-7 days

  b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

  The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:

  a.  Attorney:

  b.  Firm:

  c.  Address:

  d.  Telephone number:     f.  Fax number:

  e.  E-mail address:     g.  Party represented:

  ☐  Additional representation is described in Attachment 8.

9.  **Preference**

  ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

  a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

  (1) For parties represented by counsel: Counsel  ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

  (2) For self-represented parties: Party  ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

  b.  **Referral to judicial arbitration or civil action mediation** (if available).

  (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

  (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

00201

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  John Chase and  Hillary Chase<br>DEFENDANT/RESPONDENT:  Kia Motors America, Inc. | CASE NUMBER:<br>RG19010993 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

00202

**CM-110**

| PLAINTIFF/PETITIONER:   John Chase and  Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | RG19010993 |

11. **Insurance**

   a. ☒ Insurance carrier, if any, for party filing this statement  *(name):* Nationwide

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case   *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other  *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

16. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| DEFENDANT, Michael C. Stead, Inc | Written Discovery/Depositions | Per C.C.P Code |
| .DEFENDANT, Michael C. Stead Inc | Expert Discovery | Per C.C.P Code |
| DEFENDANT, Michael C. Stead Inc. | Plaintiff's Deposition: Date not Set | TBD |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CASE MANAGEMENT STATEMENT**

00203

CM-110

| PLAINTIFF/PETITIONER:   John Chase and  Hillary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Kia Motors America, Inc. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* parties are in the process of negotiating regarding possible mediation.

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☒ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

parties are in the process of negotiating regarding possible mediation.

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 01/21/2022

Barbara Adams, Esq.
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

00204

1

## **PROOF OF SERVICE**

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los
4  Angeles, CA 90017.

5      On January 21, 2022, I served the within document(s) described as:

6      MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA'S CASE
MANAGEMENT STATEMENT

7

8      on the interested parties in this action as stated below:

9  CONN LAW, PC                                    HOLLAND & KNIGHT
   Elliot Conn, Esq.                                  Zachary Frampton, Esq.
10  elliot@connlawpc.com                         Zac.Frampton@hklaw.com
                                                            John Joseph, Esq.
11  WILCOX LAW FIRM, P.C.                   John.Joseph@hklaw.com
   Ronald Wilcox, Esq.
12  ronaldwilcox@gmail.com                   *Attorneys for Respondent, Hyundai Capital
                                                            America, dba Kia Motors Finance*
13  *Attorneys for Claimants, John Chase and*
   *Hilary Chase*

14

   [X]   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail
15         addresses set forth above.

16      I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.

17

18      Executed on January 21, 2022, at Los Angeles, California.

19  _____          *Carlos Estrada*
              Carlos Estrada
20         (Type or print name)                        (Signature)

21

22

23

24

25

26

27

28

00205

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| John Chase  et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Kia America, Inc. et al<br>Defendant/Respondent(s) | No.       RG19010993<br><br>Date:     02/07/2022<br>Time:    2:30 PM<br>Dept:     22<br>Judge:   Jeffrey Brand<br><br>ORDER re: Case Management<br><br>Conference |

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 06/20/2022 at 02:30 PM in Department 22.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 06/05/2022. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 02/07/2022

Jeffrey Brand / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 22

## JUDICIAL OFFICER: HONORABLE JEFFREY BRAND

Courtroom Clerk: Maya Walker                                        CSR: None

---

**RG19010993**                                              February 7, 2022
                                                                    2:30 PM

**Chase VS Kia Motors America, Inc.**

---

### MINUTES

**APPEARANCES:**

Plaintiff John Chase represented by Elliot Conn via virtual conference.
Plaintiff Hilary Chase represented by Elliot Conn via virtual conference.
Defendant Kia America, Inc. not appearing.
Defendant Michael C. Stead, Inc. represented by John Swenson via virtual conference.
Defendant Hyundai Capital America not appearing.

**NATURE OF PROCEEDINGS: Case Management Conference**

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 06/20/2022 at 02:30 PM in Department 22.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial
Council Form CM-110, must be filed no later than 06/05/2022. If the foregoing date is a court
holiday or a weekend, the time is extended to the next business day.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Chad Finke, Executive Officer/Clerk of the Court

By:        M. Walker, Deputy Clerk
           Minutes of: 02/07/2022
           Entered on: 02/08/2022

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**Elliot Conn Bar No. 279920**<br>**Conn Law, PC**<br>**354 Pine St., 5th Floor**<br>**San Francisco, CA 94104**<br>TELEPHONE NO.: **415-417-2780**   FAX NO. *(Optional):* **415-358-4941**<br>E-MAIL ADDRESS: **elliot@connlawpc.com**<br>ATTORNEY FOR *(Name):* **John Chase and Hilary Chase** | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/03/2022 at 07:17:06 PM<br>By: Andrel Gospel, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1225 Fallon St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland 94612**
BRANCH NAME: **Rene C. Davidson Alameda Courthouse**

PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**
DEFENDANT/RESPONDENT: **Kia Motors America, Inc.**

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | **RG19010993** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: **6/20/2022**   Time: **2:30 P.M.**   Dept.: **Dept. 22**   Div.:   Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):* **Elliot Conn**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* **John Chase and Hilary Chase**
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* **March 14, 2019**
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which
      they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*
      **Breach of Warranty, Consumers Legal Remedies Act**

**Page 1 of 5**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs have also brought credit reporting claims against Kia Motors Finance and seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* **The case is currently in arbitration with the Evidentiary Hearing anticipated to occur in Fall/Winter 2022.**

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☐  days *(specify number):*
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                                              f.  Fax number:
   e.  E-mail address:                                                g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
      (1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b.  **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☑  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
         **Amount in controversy exceeds $50,000**

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☑ Mediation completed on *(date)*: **4/14/2022** |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

11. **Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| **Plaintiff** | **Written Discovery** | **Fall 2022** |
| **Plaintiff** | **Depositions** | **Fall 2022** |
| **Plaintiff** | **Expert Discovery** | **Fall 2022** |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | CASE NUMBER:<br>**RG19010993** |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
    **The case is currently in arbitration which was initiated on August 21, 2019. The parties have continued to actively and diligently litigate in arbitration, and the Arbitrator has heard: (1) a Motion to Change Claim; (2) Dispositive Motions filed by both Kia Motors America and Kia Motors Finance; and (3) multiple Discovery Motions. The Evidentiary Hearing has been delayed due to COVID, a health issue with the Arbitrator, and ongoing discovery issues but Claimants are aiming to have the Evidentiary Hearing completed by years end.**

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* **1**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 6/3/2022

**Elliot Conn**
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

00213

<u>PROOF OF SERVICE</u>

**Re:**   ***John Chase, et al. v. Kia Motors America, Inc., et al.***
***Alameda County Superior Court Case No. RG19010993***

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On June 3, 2022, I served the following:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
jswenson@scalilaw.com
badams@scalilaw.com
cestrada@scalilaw.com
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
**HILLTOP FORD KIA**

//

//

//

1  **John Joseph**
   **Zachary Frampton**
2  **HOLLAND & KNIGHT**
   **2929 Arch Street, Suite 800**
3  **Philadelphia, PA 19104**
   **John.Joseph@hklaw.com**
4  **Zac.Frampton@hklaw.com**
   **Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
5  **FINANCE**

6
       I declare under penalty of perjury that the foregoing is true and correct.
7

8
   Dated:  June 3, 2022
9                                          Spencer Janssen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262<br>Shook, Hardy & Bacon L.L.P.<br>555 Mission St., Ste. 2300, San Francisco, CA 94105<br>Darlene M. Cho, SBN 251167<br>Shook, Hardy & Bacon L.L.P.<br>2049 Century Park East, Ste. 3000, Los Angeles, CA 90067<br>TELEPHONE NO.: 415-544-1900 / 424-285-8330   FAX NO. *(Optional):*<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Defendant Kia America, Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/03/2022 at 12:25:14 PM<br>By: Andrel Gospel, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 20, 2022          Time: 2:30 p.m.     Dept.: 22          Div.:          Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Darlene M. Cho

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendant Kia America, Inc.
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒  complaint ☐  cross-complaint     *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*



American LegalNet, Inc.
www.FormsWorkFlow.com

00216

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request ☒ a jury trial        ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This case is currently in arbitration with the Evidentiary hearing anticipated to occur in 2022.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
N/A (see above re arbitration)

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                              f.   Fax number:
e.   E-mail address:                                g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds $50,000

CM-110 [Rev. September 1, 2021]        **CASE MANAGEMENT STATEMENT**        Page 2 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

00217

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☒ Mediation completed on *(date):* April 14, 2022 |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00218

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*


**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
N/A (this case is currenlty in arbitration)


**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):* N/A

| Party | Description | Date |
|---|---|---|
| | | |


c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

00219

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

**17. Economic litigation**

a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 3, 2022

Samantha K.N. Burnett
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00220

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

**PROOF OF SERVICE**

2

   I am over the age of 18 years and not a party to the within action. I am employed in the

3

County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300,

4

San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below,

5

I served the following document:

6

  &bull; **CASE MANAGEMENT STATEMENT RE JUNE 20, 2022, CASE
    MANAGEMENT CONFERENCE**

7

on the interested parties in the attached service list in the manner indicated below:

8

9

 X **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and
    processing correspondence for mailing. Under that practice, the document is deposited with
    the United States Postal Service on that same day in the ordinary course of business in a
    sealed envelope with postage fully prepaid.

10

11

 X **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I
    caused the document to be sent to the persons at the e-mail addresses on the attached service
    list.  I did not receive, within a reasonable time after the transmission, any electronic message
    or other indication that the transmission was unsuccessful.

12

13

14

   I declare under penalty of perjury under the laws of the State of California that the foregoing

15

is true and correct.

16

   Executed on June 3, 2022, at San Francisco, California.

17

18

_____
      Mayra Montalvo

19

20

21

22

23

24

25

26

27

28

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## SERVICE LIST

2

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>Barbara Adams, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com<br>badams@scalilaw.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Zachary C. Frampton (SBN 303225)<br>HOLLAND & KNIGHT LLP<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: 213.896.2400   FAX NO.*(Optional)*:<br>E-MAIL ADDRESS: zac.frampton@hklaw.com<br>ATTORNEY FOR *(Name)*: Hyundai Capital America dba Kia Motors Finan | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/07/2022 at 03:57:21 PM<br>By: Andrel Gospel, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alamedea
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER:  John Chase and Hilary Chase

DEFENDANT/RESPONDENT:  Kia America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** [ ] **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: June 20, 2022     Time: 2:30 p.m.  Dept.: 22     Div.:     Room:
Address of court *(if different from the address above):*

[X] **Notice of Intent to Appear by Telephone, by** *(name):* Zachary C. Frampton

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):*  Hyundai Capital America dba Kia Motors Finance
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint     *(Describe, including causes of action):*
      Warranty, Consumers Legal Remedies Act, and Fair Credit Reporting Act

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

00223

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  John Chase and Hilary Chase<br><br>DEFENDANT/RESPONDENT:  Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    Plaintiffs allege claims for breach of warranty, violations of the CLRA related to alleged misrepresentations regarding the sale of a vehicl, and FCRA claims. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys   fees and costs.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

    The party or parties request  ☐ a jury trial  ☐ a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

    a.  ☐  The trial has been set for *(date):*

    b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case is currently in arbitration with the Evidentiary hearing anticipated to occur in 2022.

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

    The party or parties estimate that the trial will take *(check one):*

    a.  ☐  days *(specify number):*

    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

    The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                               f.   Fax number:
    e.  E-mail address:                                 g.   Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**

    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

        (1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2)  For self-represented parties: Party  ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

        (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Amount in controversy exceeds $50,000

| | | |
|---|---|---|
| CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br><br>DEFENDANT/RESPONDENT:   Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

10.   c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CEB ceb.com | Essential Forms™

**CASE MANAGEMENT STATEMENT**

00225

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br><br>DEFENDANT/RESPONDENT:  Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |
|---|---|

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*


12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1)  Name of case:
      (2)  Name of court:
      (3)  Case number:
      (4)  Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*


16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | | | |




   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CEB | Essential
ceb.com | Forms

00226

**CM-110**

| PLAINTIFF/PETITIONER:  John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Kia Motors America, Inc., et al. | RG19010993 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  June 7, 2022

Zachary C. Frampton
_____        ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____        ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CEB | Essential
ceb.com | Forms™

00227

**PROOF OF SERVICE**
*John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

STATE OF CALIFORNIA      )
                                ) ss.
COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

      On **June 7, 2022**, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on all interested parties in this action

☒ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.
☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY MAIL:  (BY E-MAIL VIA PDF FILE)**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list.  The transmission was reported as complete and without error.

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on **June 7, 2022**, at Los Angeles, California.

    __Yvonne Bromley_____          /s/ Yvonne Bromley_____
    Print or Type Name                      Signature

1

<u>**SERVICE LIST**</u>

2

Amir Nassihi, Esq.                          Attorneys for Respondent
3    Samantha K. Burnett, Esq.                   Kia Motors America, Inc.
Darlene Cho, Esq.
4    SHOOK, HARDY & BACON L.L.P.
One Montgomery, Ste 2600
5    San Francisco. CA  94104
Tel:  (415) 544-1900
6    Fax:  (415) 391-0281
E-mail:  anassihi@shb.com
7    E-mail:  sburnett@shb.com
E-mail:  dcho@shb.com
8    E-mail:  rdarmstadt@shb.com
E-mail:  mmontalvo@shb.com

9

Elliot Conn, Esq.                           Attorneys for Plaintiffs
10   CONN LAW, PC                                John Chase and Hilary Chase
354 Pine St., 5th Fl.
11   San Francisco, CA  94104
Tel:  (415) 417-2780
12   Fax:  (415) 358-4941
E-mail:  elliot@connlawpc.com
13

Ronald Wilcox, Esq.
14   WILCOX LAW FIRM, P.C.
2021 The Alameda, Ste 200
15   San Jose, CA  95126
Tel:  (408) 296-0400
16   E-mail:  ronaldwilcox@gmail.com

17

John P. Swenson, Esq.                       Attorneys for Defendant
18   SCALI RASMUSSEN, PC                         Michael C. Stead, Inc. dba Michael
800 Wilshire Blvd., Ste 400                 Stead's Hilltop Ford Kia
19   Los Angeles, CA  90017
Tel:  (213) 239-5622
20   E-mail:  jswenson@scalilaw.com

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT                                    00229

**RA-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: JOHN P. SWENSON, ESQ.     STATE BAR NUMBER: 224110<br>FIRM NAME: SCALI RASMUSSEN, PC<br>STREET ADDRESS: 800 Wilshire Blvd., Suite 400<br>CITY: Los Angeles     STATE: CA    ZIP CODE: 90017<br>TELEPHONE NO.: 213.239.5622    FAX NO.: 213.239.5623<br>EMAIL ADDRESS: jswenson@scalilaw.com<br>ATTORNEY FOR (name): Defendant Michael C. Stead dba Michael Stead's Hilltop Ford Kia | **ELECTRONICALLY FILED**<br>*Superior Court of California,*<br>*County of Alameda*<br>**06/17/2022 at 04:29:12 PM**<br>*By: Andrei Gospel,*<br>*Deputy Clerk* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS: 1225 Fallon St.<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Alameda County Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: JOHN CHASE and HILARY CHASE<br>DEFENDANT/RESPONDENT: KIA MOTORS AMERICA, INC., et al.<br>OTHER CASE NAME: |

| | |
|---|---|
| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER:<br>RG19010993 |

> You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)
>
> Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.
>
> See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.
>
> **A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply):*
   - [ ] Plaintiff/Petitioner *(name):*
   - [ ] Attorney for Plaintiff/Petitioner *(name):*
   - [ ] Defendant/Respondent *(name):*
   - [X] Attorney for Defendant/Respondent *(name):* Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia
   - [ ] Other *(name and role in case):*

2. The person or persons in 1 intends to appear remotely *(check one):*
   a. [X] Throughout the case.
   b. [ ] At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*
      Type of proceeding: Case Management Conference
      Set on *(date):* June 20, 2022    at *(time):* 2:30 p.m.    in *(department):* 22
      Before *(name of judicial officer, if known):*

3. The person intends to appear by *(check court's website for method that may be used):*
   - [X] Videoconference    [X] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75;<br>Cal. Rules of Court, rule 3.672<br>*www.courts.ca.gov* |

Westlaw Doc & Form Builder™

**RA-010**

| | |
|---|---|
| PLAINTIFF: JOHN CHASE and HILARY CHASE<br>DEFENDANT: KIA MOTORS AMERICA, INC., et al. | CASE NUMBER: RG19010993 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: June 17, 2022

JOHN P. SWENSON, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☒ Plaintiff/Petitioner
   a. Name: ELLIOT CONN, ESQ.
   b. Date of notice: June 17, 2022
   c. Method of notice: email
   d. Address (mailing, in-person, or email) or phone number: elliot@connlawpc.com

2. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. ☒ Defendant/Respondent
   a. Name: AMIR NASSIHI, ESQ.
   b. Date of notice: June 17, 2022
   c. Method of notice: email
   d. Address (mailing, in-person, or email) or phone number: anassihi@shb.com

4. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. ☒ Other *(specify)*: CO-COUNSEL
   a. Name: RONALD WILCOX, ESQ.
   b. Date of notice: June 17, 2022
   c. Method of notice: email
   d. Address (mailing, in-person, or email) or phone number: ronaldwilcox@gmail.com

6. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. ☒ Other *(specify)*: Defendant Kia Motors Finance
   a. Name: ZACHARY C. FRAMPTON, ESQ.
   b. Date of notice: June 17, 2022
   c. Method of notice: email
   d. Address (mailing, in-person, or email) or phone number: zac.frampton@hklaw.com

7. ☐ Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 17, 2022

JOHN P.. SWENSON, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

**NOTICE OF REMOTE APPEARANCE**

00231

## Instructions for Giving Notice of Remote Appearance
(This page does not need to be filed.)

**1. Court online procedures**. Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: _https://www.courts.ca.gov/find-my-court.htm_.

**2. How to use this form**. This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others**. You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**

California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

> _**For motions and proceedings in which people cannot testify**_
>
> If a party gives or receives _at least 3 court days' notice_ of the proceeding (including all regularly noticed motions):
> - At least 2 court days before the proceeding.
>
> If a party gives or receives _less than 3 court days' notice_ of the proceeding (including ex parte applications):
> - With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
> - By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.
>
> _Note:_ If a party misses these deadlines, they may still ask the court for permission to appear remotely.
>
> _**For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)**_
>
> If a party gives or receives _at least 15 court days' notice_ of a trial or hearing date, and for all small claims trials:
> - At least 10 court days before the trial or hearing date.
>
> If a party gives or receives _less than 15 court days' notice_ of the trial or hearing (including hearings on protective orders):
> - With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
> - By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.
>
> _Note:_ If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**. If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing _Opposition to Remote Proceeding at Evidentiary Hearing or Trial_ (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability.** If a party needs an accommodation for a disability, use form MC-410, _Disability Accommodations Request,_ to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, _Request for an Interpreter,_ or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

**NOTICE OF REMOTE APPEARANCE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 22

### JUDICIAL OFFICER: HONORABLE JEFFREY BRAND

Courtroom Clerk: Maya Walker                                          CSR: None

---

**RG19010993**                                                    June 20, 2022
                                                                      2:30 PM

**Chase VS Kia Motors America, Inc.**

---

**MINUTES**

**APPEARANCES:**

Plaintiff John Chase represented by Elliot Conn via virtual conference.
Plaintiff Hilary Chase represented by Elliot Conn via virtual conference.
Defendant Kia America, Inc. not appearing.
Defendant Michael C. Stead, Inc. represented by John Swenson via virtual conference.
Defendant Hyundai Capital America not appearing.

Other Appearance Notes: Zach Brandt- Kia Finance- Virtual

**NATURE OF PROCEEDINGS: Case Management Conference**

The Case Management Conference scheduled for 06/20/2022 is continued to 10/24/2022 at 02:30
PM in Department 22 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:        M. Walker, Deputy Clerk
                              Minutes of: 06/20/2022
                              Entered on: 06/22/2022

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/12/2022 at 02:36:33 PM
By: Darmekia Oliver,
Deputy Clerk

1  CONN LAW, PC
   ELLIOT CONN        Bar No. 279920
2  354 Pine Street, 5th Floor
   San Francisco, CA, 94104
3  Telephone: (415) 417-2780
   Facsimile: (415) 358-4941
4  elliot@connlawpc.com

5  WILCOX LAW FIRM, PC
   RONALD WILCOX       Bar No. 176601
6  ALLISON KRUMHORN    Bar No. 311011
   2021 The Alameda, Suite 200
7  San Jose, CA 95126
   Telephone:  (408) 296-0400
8  Facsimile:  (408) 296-0486
   ronaldwilcox@gmail.com
9  allisonkrumhorn@gmail.com

10 Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

11

12

13                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    IN AND FOR THE COUNTY OF ALAMEDA

15

16 JOHN CHASE and HILARY CHASE,            **Case No. RG19010993**

17              Plaintiffs.               **DECLARATION OF ELLIOT CONN IN
                                          SUPPORT OF PLAINTIFFS JOHN
18      vs.                               CHASE AND HILARY CHASE'S
                                          MOTION TO VACATE ORDER
19 KIA MOTORS AMERICA, INC.; MICHAEL      STAYING MATTER PENDING
   C. STEAD, INC. dba MICHAEL STEAD'S     COMPLETION OF ARBITRATION
20 HILLTOP FORD KIA; HYUNDAI              UNDER CALIFORNIA *CODE OF CIVIL
   CAPITAL AMERICA dba KIA MOTORS         PROCEDURE* SECTION 1281.98 AND TO
21 FINANCE; and DOES 1 through 30,        LIFT STAY**
   inclusive,
22                                        **Judge:**        Hon. Jeffrey S. Brand
              DEFENDANTS.                 **Dept.:**         22
23                                        **Date:**          December 1, 2022
                                          **Time:**          2:30 p.m.
24                                        **Reservation No.:** 835780524338
                                          **Complaint Filed:** March 14, 2019
25                            /           **Trial Date:**    None Set

26

27

28
                                        1
       Declaration of Elliot Conn in Support of Plaintiffs' Motion to Vacate Order Staying Case Pending
                                     Arbitration

I, ELLIOT CONN, declare as follows:

1.      I am an attorney licensed to practice in California. I was retained by Plaintiffs John Chase and Hilary Chase to represent them in their action arising out of Defendants' misrepresentations in connection with the sale of a 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), the subsequent "lemon law" issues with the Vehicle, and Defendants' refusal to repurchase the defective Vehicle. I have personal knowledge of all information stated below and would be competent to testify thereto.

2.      I submit this Declaration in support of Plaintiff's Motion to Vacate Order Staying the Case Pending the Completion of Arbitration and to Lift Stay.

3.      On July 22, 2019, I received an email from counsel for the Defendants, a true and correct copy of which is attached hereto as **Exhibit A**, in which the Defendants indicated that they intended to compel arbitration of Plaintiffs' claims based on the form arbitration provision in the Retail Installment Sales Contract signed by Plaintiffs at the time of purchase of the Vehicle.

4.      Based on this demand, we agreed to stay the case and submit the matter to arbitration, as set forth in the August 2019 Stipulation and Proposed Order to Stay Case Pending Arbitration, a true and correct copy of which is attached hereto as **Exhibit B**.

5.      Once the Court signed the Stipulation and Proposed Order, we initiated arbitration through JAMS. On August 21, 2019, we submitted a Demand for Arbitration, a true and correct copy of which is attached hereto as **Exhibit C**. And we paid a $250.00 filing fee, for which a true and correct of the paid invoice is attached hereto as **Exhibit D**.

6.      Per JAMS rules, Defendants were to make all additional arbitration payments. However, until recently, we never received any of the invoices that JAMS issues to Defendants. As a result, we do not know whether payment was made timely in the past.

7.      On July 21, 2022, I was cced on a "Deposit Request" email directed to Defendants' counsel, a true and correct copy of which, along with the attached invoice, are attached hereto as **Exhibit E**. Other than the initial $250.00 fee request, this was the first invoice from JAMS that I had received.

8.    On August 30, 2022, my co-counsel emailed JAMS to inquire about the status of payment of the deposit. A true and correct copy of the email correspondence is attached hereto as **Exhibit F**. JAMS stated that payment had not been made.

9.    As a result, on August 30, 2022, I emailed Defendants' counsel to ask "Can you pay this? A true and correct copy of the email correspondence is attached hereto as **Exhibit G**.

10.    Despite the invoice and my request that payment be made, Defendants still have not paid the arbitration fees. A true and correct copy of the deposit request, printed on September 12, 2022 is attached hereto as **Exhibit H**.

11.    Several discovery motions are currently pending before the Arbitrator and Defendants' dilatory actions have caused unnecessary delay resulting in prejudice to Plaintiffs as a result of the non-payment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my present recollection and this declaration is executed on September 12, 2022 in San Francisco, California

_____
ELLIOT CONN

Declaration of Elliot Conn in Support of Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

# Exhibit A

SHOOK
HARDY & BACON

July 22, 2019

Samantha K. Burnett

**VIA EMAIL & U.S. MAIL**

One Montgomery, Suite 2700
San Francisco, California 94104
**t** 415.544.1900
**f** 415.391.0281
anassihi@shb.com

Bryan Kemnitzer, Esq.
Elliot Conn, Esq.
KEMNITZER, BARRON, & KRIEG, LLP
354 Pine Street, 5th Floor
San Francisco, CA 94104

Re:  *John Chase and Hilary Chase*
     Alameda County Superior Court Case No. RG19010993

Counsel:

I write to address several topics, which are addressed below.

First, pursuant to the agreement of the parties, Defendants elect to arbitrate
Plaintiffs' claims in this matter.

For reference, attached is a copy of the Retail Instalment Sale Contract
("RISC") between Plaintiffs, Michael Stead Hilltop Ford Kia ("Hilltop Kia"),
and Hyundai Capital America dba Kia Motors Finance ("Kia Finance"), which
Plaintiffs executed on November 21, 2016. The RISC includes an arbitration
provision requiring arbitration of the claims asserted in this action. Further,
Kia Motors America, Inc. ("Kia Motors") joins in the election to arbitrate
Plaintiffs claims against it as well.

Please let us know by Thursday, July 25, 2019 whether Plaintiffs will agree to
the arbitration of this dispute (including any and all causes of action against
all defendants) and thereby avoid unnecessary motion practice.  If Plaintiffs
will not agree, Defendants intend to move to compel arbitration.

In addition, as you know, CCP §1281.4 provides for a mandatory stay of all
proceedings in actions in which a pending application to arbitrate a
controversy is undetermined.  Given the above, assuming Plaintiffs intend to
oppose arbitration, Defendants believe discovery should be stayed until
Defendants' motion is heard and decided.  To avoid further unnecessary
motion practice relating to such a stay, in the event Plaintiffs oppose
arbitration, please let us know by July 25, 2019 whether Plaintiffs will agree
to stay discovery until resolution of Defendants' motion to compel arbitration.

With regard to Plaintiffs' PMK Notices to Kia Motors and Hilltop Kia for
August 7 and August 8, respectively, we request Plaintiffs withdraw both
Notices until Defendants' motion to compel arbitration is resolved. Further,

00238

SHOOK
HARDY & BACON

Plaintiffs unilaterally sought to set these depositions without conferring with
counsel regarding a convenient time and location.  As the notices currently
stand, neither Kia Motors, Hilltop Kia nor their counsel are available on those
dates. Kia Motors and Hilltop Kia also object to the scope of the topics and
requests in the PMK Notices, but such objections need not be addressed at
this time given Defendants' election arbitrate Plaintiffs' claims in this matter.

July 22 ,2019
Page 2

Please let me know if you would like to discuss any of the foregoing. I am
available tomorrow, July 24, after 1:30 p.m., Wednesday, July 24, between
11:30 a.m. and 2:30 p.m., and Thursday, July 25, after 11:30 a.m.

Finally, we expect to have a response to Plaintiffs' settlement demand shortly.

I look forward to hearing from you.

Sincerely,

Samantha K. Burnett

Enclosure

cc:     Amir N. Nassihi

00239

**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)**

| Dealer Number 00669 | Contract Number | R.O.S. Number 36800429 | Stock Number K4354 |
|---|---|---|---|

| BUYER CASEY CANTILAY CASE<br>4007 LYNN RD<br>OAKLAND CA 94602<br>ALAMEDA | Co-Buyer CASEY CANTILAY CASE<br>4007 LYNN RD<br>OAKLAND CA 94602<br>ALAMEDA | Seller (Creditor)<br>MICHAEL STEAD'S HILLTOP FORD KIA<br>32080 AUTO PLAZA<br>RICHMOND CA 94806<br>CONTRA COSTA |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2017 | KIA SPORTAGE | 131 | KNDPRCA62H714B073 | Personal, family or household unless otherwise indicated below<br>☐ business or commercial |

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1000.00 |
|---|---|---|---|---|
| 2.90 % | $ 3112.45 | $ 41250.35 | $ 44362.80 | $ 45362.80 |
| | | | (e) means an estimate | |

**STATEMENT OF INSURANCE**

NOTICE: No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of<br>N/A | N/A | N/A |
| One Payment of<br>N/A | N/A | N/A |
| One Payment of<br>N/A | N/A | N/A |
| 59 | 739.30 | Monthly beginning 12/21/2016 |
| One final payment | 739.30 | DUE ON 11/21/2021 |

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ........ $ 33894.50 (A)
      a. Cash Price Vehicle ........ $ 33667.00
      b. Cash Price Accessories CROSSBARS ........ $ 227.50
   B. Document Processing Charge (not a governmental fee) ........ $ 80.00 (B)
   ...
   Total Cash Price (A through N) ........ $ 41510.61 (1)

2. Amounts Paid to Public Officials
   A. Vehicle License Fees ESTIMATED ........ $ 220.00 (2a)
   B. Registration/Transfer/Titling Fees ESTIMATED ........ $ 111.00 (2b)
   C. California Tire Fees ........ $ 8.75 (2c)
   D. Other N/A ........ $ N/A
   Total Official Fees (A through D) ........ $ 339.75 (2)

3. Amount Paid to Insurance Companies ........ $ N/A (3)

4. Subtotal (1 through 4) ........ $ 41250.35 (5)

5. Total Downpayment
   G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card ........ $ 1000.00 (6)
   Total Downpayment (C through G) ........ $ 1000.00 (6)

6. Amount Financed (Subtract Line 6 from Line 5) ........ $ 41250.35 (7)

OPTIONAL DEBT CANCELLATION AGREEMENT. A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term 60 Mos. ZURICH GAP

Buyer Signs X _____

**AUTO BROKER FEE DISCLOSURE**

This contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

Seller Signs MICHAEL STEAD'S HILLTOP FORD KIA 11/21/16  By X _____

ORIGINAL LIENHOLDER

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis ...

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU WILL BE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you;
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from those contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, stolen, damaged or destroyed; or
- You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for those items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract by paying any late payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you where and how much to pay and/or what action you must take to redeem the vehicle.

---

**3.** We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the front of this contract, not to exceed the highest rate the law permits.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation: Guía para compradores de vehículos usados.** La información que se ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla en efecto toda disposición en contrario contenida en el contrato de venta.

**6. SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree that you will within a reasonable time notify us of any change in your name, address, or employment.

**7. APPLICABLE LAW**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8. WARRANTIES OF BUYER**
You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**
If you become disabled, you must tell us right away (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing, or as the place where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.
If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.
If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral.

**Seller's Right to Cancel**
a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

**1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
**2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, and even then as the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller assigns its interest in this contract to | Elia Motors Finance | (Assignee) under the terms of Seller's agreement(s) with Assignee |
| --- | --- | --- |
| ☐ Assigned with recourse | | ☐ Assigned with limited recourse |

MICHAEL STEAD'S HILLTOP
3280 AUTO PLAZA
RICHMOND, CA 94806

Form No. 553-CA-ARB 7/16

# Exhibit B

22779538

FILED
ALAMEDA COUNTY

AUG 2 0 2019

CLERK OF THE SUPERIOR COURT
By_____ Deputy



FILED
ALAMEDA COUNTY

AUG 1 8 2019

CLERK OF THE SUPERIOR COURT
By_____
Deputy

1  AMIR NASSIHI (SBN 235936)
   anassihi@shb.com
2  SAMANTHA K. BURNETT (SBN 320262)
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
4  San Francisco, California 94104
   Telephone:    415.544.1900
5  Facsimile:    415.391.0281

6  *Attorneys for Defendants*
   KIA MOTORS AMERICA, INC.;
7  MICHAEL C. STEAD'S, INC. dba MICHAEL STEAD'S
   HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA
8  dba KIA MOTORS FINANCE

9

10               SUPERIOR COURT OF CALIFORNIA

11                  COUNTY OF ALAMEDA

12  JOHN CHASE and HILARY CHASE,         Case No. RG19010993

13            Plaintiffs,                **STIPULATION AND [PROPOSED] ORDER
                                          TO STAY CASE PENDING ARBITRATION**
14       v.

15  KIA MOTORS AMERICA, INC.; MICHAEL C.
    STEAD, INC. dba MICHAEL STEAD'S
16  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
17  DOES 1 THROUGH 30, inclusive,         Action Filed:  March 14, 2019

18            Defendants.                 Trial Date: None

19

20

21

22

23

24

25

26

27

28
                                    1
                    STIPULATION AND [PROPOSED] ORDER

00243

WHEREAS Plaintiffs JOHN CHASE and HILARY CHASE ("Plaintiffs") filed their Complaint (the "Complaint") in this matter on March 14, 2019; and

WHEREAS the contract between Plaintiffs and Defendants MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE contains an arbitration provision, under the terms of which the claims in the Complaint must be submitted to binding arbitration upon the election of any of the parties to the contract; and

WHEREAS Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD dba MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE (collectively "Defendants") have demanded that Plaintiffs submit their claims to arbitration pursuant to said arbitration provision; and

WHEREAS Plaintiffs and Defendants (collectively the "Parties") have agreed to arbitrate this matter;

The Parties hereby stipulate and agree as follows:

1. The dispute between the Parties as described in the complaint shall be submitted to arbitration at JAMS so that each of Plaintiffs' causes of action against Defendants may be fully resolved via binding arbitration.

2. All proceedings in this matter, including current discovery deadlines, shall be stayed pending the completion of arbitration, save for Case Management Conferences or other status conferences set by the Court in its discretion to monitor the status of arbitration. The Parties respectfully suggest that such a status conference be set approximately one year from now to permit time to conduct the arbitration and a receive a final, binding award. The Case Management Conference currently set for September 30, 2019 should accordingly be taken off calendar.

3. This stipulation may be executed in counterparts, each considered an original, and all of which together shall be considered one instrument. Facsimile, PDF, and electronic

00244

1   signatures shall be effective and any such copies shall be treated as though they were

2   originals bearing original signatures.

3

4   Dated: August 16, 2019                    SHOOK, HARDY & BACON L.L.P.

5

6                                             By:_____
                                              AMIR NASSIHI
7                                             SAMANTHA K.N. BURNETT

8                                             Attorneys for Defendants
                                              KIA MOTORS AMERICA, INC.;
9                                             HYUNDAI CAPITAL AMERICA
                                              dba KIA MOTORS FINANCE; KIA MOTORS
10                                            AMERICA, INC.

11
     Dated: August 15, 2019                   CONN LAW, PC
12

13                                            By:_____
                                              ELLIOT CONN
14

15                                            Attorneys for Plaintiffs
                                              JOHN CHASE and HILARY CHASE
16

17

18

19

20

21

22

23

24

25

26

27

28

00245

1

**[PROPOSED] ORDER**

2   IT IS HEREBY ORDERED that:

3   1.  The Court accepts the above stipulation of the parties to submit this matter to binding

4   arbitration.

5   2.  The matter is STAYED pending the completion of arbitration.

6   3.  The Case Management Conference scheduled for September 30, 2019 is VACATED.

7   4.  A status hearing is SET for _____11 / 18_____, 2020 to monitor the status of arbitration.

8   IT IS SO ORDERED.

9

10   **IT IS SO ORDERED.**

11

12   Dated: ___8/20___, 2019

HONORABLE ROBERT MCGUINESS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STIPULATION AND [~~PROPOSED~~] ORDER

00246

# Exhibit C

# Demand for Arbitration Form

## Instructions for Submittal of Arbitration to JAMS

---

## INSTRUCTIONS

Please submit this form to your local JAMS Resolution Center. Once the below items are received, a JAMS professional will contact all parties to commence and coordinate the arbitration process, including the appointment of an arbitrator and scheduling a hearing date.

📞 **1-800-352-JAMS**
🖥 **www.jamsadr.com**

---

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS with the requested number of copies:

**A. Demand for Arbitration** *(2 copies)*

**B. Proof of service of the Demand on the appropriate party** *(2 copies)*

**C. Entire contract containing the arbitration clause** *(2 copies)*
- *To the extent there are any court orders or stipulations relevant to this arbitration demand, e.g. an order compelling arbitration, please also include two copies.*

**D. Administrative Fees**
- *For two-party matters, the Filing Fee is $1,500. For matters involving three or more parties, the filing fee is $2,000. The entire Filing Fee must be paid in full to expedite the commencement of the proceedings. Thereafter, a Case Management Fee of 12% will be assessed against all Professional Fees, including time spent for hearings, pre- and post-hearing reading and research and award preparation. JAMS also charges a $1,500 filing fee for counterclaims. For matters involving consumers, the consumer is only required to pay $250. See JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses. For matters based on a clause or agreement that is required as a condition of employment, the employee is only required to pay $400. See JAMS Policy on Employment Arbitrations, Minimum Standards of Fairness.*

- *A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the filing fee is non-refundable.*

**Once completed, please submit to your local JAMS Resolution Center.**
*Resolution Center locations can be found on the JAMS website at: http://www.jamsadr.com/locations/.*



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## TO RESPONDENT (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

Add more respondents on **page 6**.

| | |
|---|---|
| RESPONDENT NAME | KIA MOTORS AMERICA, INC. |
| ADDRESS | 111 PETERS CANYON RD |

| CITY | STATE | ZIP |
|---|---|---|
| IRVINE | CA | 92606 |

| PHONE | FAX | EMAIL |
|---|---|---|
| | | |

### RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| | |
|---|---|
| REPRESENTATIVE/ATTORNEY | AMIR NASSIHI / SAMANTHA K. BURNETT |
| FIRM/COMPANY | SHOOK, HARDY & BACON L.L.P. |
| ADDRESS | ONE MONTGOMERY STREET, SUITE 2600 |

| CITY | STATE | ZIP |
|---|---|---|
| SAN FRANCISCO | CA | 94104 |

| PHONE | FAX | EMAIL |
|---|---|---|
| 415.544.1900 | 415.391.0281 | anassihi@shb.com / sburnett@shb.com |

## FROM CLAIMANT

Add more claimants on **page 7**.

| | |
|---|---|
| CLAIMANT NAME | JOHN CHASE |
| ADDRESS | 1163 LAUREL STREET |

| CITY | STATE | ZIP |
|---|---|---|
| BERKELEY | CA | 94708 |

| PHONE | FAX | EMAIL |
|---|---|---|
| | | |

### CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| | |
|---|---|
| REPRESENTATIVE/ATTORNEY | ELLIOT CONN |
| FIRM/COMPANY | CONN LAW, PC |
| ADDRESS | 354 PINE STREET, 5TH FLOOR |

| CITY | STATE | ZIP |
|---|---|---|
| SAN FRANCISCO | CA | 94104 |

| PHONE | FAX | EMAIL |
|---|---|---|
| 415-417-2780 | 415-358-4941 | elliot@connlawpc.com |

# Demand for Arbitration Form (continued)
## Instructions for Submittal of Arbitration to JAMS

## MEDIATION IN ADVANCE OF THE ARBITRATION

☐   If mediation in advance of the arbitration is desired, please check here and a JAMS Case Manager will assist the parties in coordinating a mediation session.

## NATURE OF DISPUTE / CLAIMS & RELIEF SOUGHT BY CLAIMANT

CLAIMANT HEREBY DEMANDS THAT YOU SUBMIT THE FOLLOWING DISPUTE TO FINAL AND BINDING ARBITRATION.
A MORE DETAILED STATEMENT OF CLAIMS MAY BE ATTACHED IF NEEDED.

See attached Demand for Arbitration

AMOUNT IN CONTROVERSY (US DOLLARS) _____

00250

# Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows. *Please cite location of arbitration provision and attach <u>two copies</u> of entire agreement.*

**ARBITRATION PROVISION LOCATION**

## RESPONSE

The respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. *Send the original response and counter-claim to the claimant at the address stated above with <u>two copies</u> to JAMS.*

## REQUEST FOR HEARING

**REQUESTED LOCATION**   San Francisco, CA

## ELECTION FOR EXPEDITED PROCEDURES (IF COMPREHENSIVE RULES APPLY)

*See: Comprehensive Rule 16.1*

☐ By checking the box to the left, Claimant requests that the Expedited Procedures described in JAMS Comprehensive Rules 16.1 and 16.2 be applied in this matter. Respondent shall indicate not later than seven (7) days from the date this Demand is served whether it agrees to the Expedited Procedures.

## SUBMISSION INFORMATION

**SIGNATURE**   *[signature]*   **DATE**   8/21/2019

**NAME (PRINT/TYPED)**   Elliot Conn

# Demand for Arbitration Form (continued)
## Instructions for Submittal of Arbitration to JAMS

Completion of this section is <u>required for all consumer or employment claims</u>.

## CONSUMER AND EMPLOYMENT ARBITRATION

Please indicate if this is a CONSUMER ARBITRATION.  For purposes of this designation, and whether this case will be administered in California or elsewhere, JAMS is guided by *California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e)*, as defined below, and the JAMS Consumer and Employment Minimum Standards of Procedural Fairness:

☑ <u>YES</u>, this **is** a CONSUMER ARBITRATION.

☐ <u>NO</u>, this **is not** a CONSUMER ARBITRATION.

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

1.  The contract is with a consumer party, as defined in these standards;
2.  The contract was drafted by or on behalf of the non-consumer party; and
3.  The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

1.  An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;
2.  An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;
3.  An individual with a medical malpractice claim that is subject to the arbitration agreement; or
4.  An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

In addition, JAMS is guided by its Consumer Minimum Standards and Employment Minimum Standards when determining whether a matter is a consumer matter.

If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.

## EMPLOYMENT MATTERS

If this is an EMPLOYMENT matter, Claimant must complete the following information:

Private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

☐ Less than $100,000     ☐ $100,000 to $250,000     ☐ More than $250,000     ☐ Decline to State

## WAIVER OF ARBITRATION FEES

In certain states (e.g. California), the law provides that consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the respondent must pay 100% of the fees. Consumers must submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information. Note: this requirement is not applicable in all states.



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## RESPONDENT #2 (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

| RESPONDENT NAME | MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA |
|---|---|

| ADDRESS | 3280 AUTO PLAZA |
|---|---|

| CITY | RICHMOND | STATE | CA | ZIP | 94806 |
|---|---|---|---|---|---|

| PHONE | | FAX | | EMAIL | |
|---|---|---|---|---|---|

RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | AMIR NASSIHI / SAMANTHA K. BURNETT |
|---|---|

| FIRM/COMPANY | SHOOK, HARDY & BACON L.L.P. |
|---|---|

| ADDRESS | ONE MONTGOMERY STREET, SUITE 2600 |
|---|---|

| CITY | SAN FRANCISCO | STATE | CA | ZIP | 94104 |
|---|---|---|---|---|---|

| PHONE | 415.544.1900 | FAX | 415.391.0281 | EMAIL | anassihi@shb.com / sburnett@shb.com |
|---|---|---|---|---|---|

## RESPONDENT #3 (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

| RESPONDENT NAME | HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE |
|---|---|

| ADDRESS | 3161 MICHELSON DRIVE, SUITE 1900 |
|---|---|

| CITY | IRVINE | STATE | CA | ZIP | 92612 |
|---|---|---|---|---|---|

| PHONE | | FAX | | EMAIL | |
|---|---|---|---|---|---|

RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | AMIR NASSIHI / SAMANTHA K. BURNETT |
|---|---|

| FIRM/COMPANY | SHOOK, HARDY & BACON L.L.P. |
|---|---|

| ADDRESS | ONE MONTGOMERY STREET, SUITE 2600 |
|---|---|

| CITY | SAN FRANCISCO | STATE | CA | ZIP | 94104 |
|---|---|---|---|---|---|

| PHONE | 415.544.1900 | FAX | 415.391.0281 | EMAIL | anassihi@shb.com / sburnett@shb.com |
|---|---|---|---|---|---|



# Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## CLAIMANT #2

| CLAIMANT NAME | HILARY CHASE | | |
|---|---|---|---|

| ADDRESS | 1163 LAUREL STREET | | |
|---|---|---|---|

| CITY | BERKELEY | STATE | CA | ZIP | 94708 |
|---|---|---|---|---|---|

| PHONE | | FAX | | EMAIL | |
|---|---|---|---|---|---|

CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | ELLIOT CONN |
|---|---|

| FIRM/ COMPANY | CONN LAW, PC |
|---|---|

| ADDRESS | 354 PINE STREET, 5TH FLOOR |
|---|---|

| CITY | SAN FRANCISCO | STATE | CA | ZIP | 94104 |
|---|---|---|---|---|---|

| PHONE | 415-417-2780 | FAX | 415-358-4941 | EMAIL | elliot@connlawpc.com |
|---|---|---|---|---|---|

## CLAIMANT #3

| CLAIMANT NAME | | | |
|---|---|---|---|

| ADDRESS | | | |
|---|---|---|---|

| CITY | | STATE | | ZIP | |
|---|---|---|---|---|---|

| PHONE | | FAX | | EMAIL | |
|---|---|---|---|---|---|

CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | |
|---|---|

| FIRM/ COMPANY | |
|---|---|

| ADDRESS | |
|---|---|

| CITY | | STATE | | ZIP | |
|---|---|---|---|---|---|

| PHONE | | FAX | | EMAIL | |
|---|---|---|---|---|---|

1   CONN LAW, PC
    ELLIOT CONN            Bar No. 279920
2   354 Pine St., 5th Floor
    San Francisco, CA  94104
3   Telephone:    (415) 417-2780
    Facsimile:    (415) 358-4941
4   elliot@connlawpc.com

5   Attorneys for Claimants JOHN CHASE and HILARY CHASE

6

7

8                         DEMAND FOR JAMS ARBITRATION

9

10  JOHN CHASE and HILARY CHASE,          **JAMS Reference No.**

11              Claimants.               **ARBITRATION DEMAND FOR PUBLIC
                                         INJUNCTIVE RELIEF, DAMAGES, AND
12      vs.                              DECLARATORY RELIEF FOR
                                         VIOLATIONS OF:**
13  KIA MOTORS AMERICA, INC.; MICHAEL
    C. STEAD, INC. dba MICHAEL STEAD'S   **(1)   EXPRESS WARRANTY, CIVIL**
14  HILLTOP FORD KIA; and HYUNDAI              **CODE §1790, *ET SEQ.*;**
    CAPITAL AMERICA dba KIA MOTORS       **(2)   IMPLIED WARRANTY OF**
15  FINANCE.                                  **MERCHANTABILITY, CIVIL
                                              CODE §1790, *ET SEQ.*;**
16              Respondents.             **(3)   IMPLIED WARRANTY OF
                                              FITNESS FOR A PARTICULAR
17                                            PURPOSE, CIVIL CODE §1790,
                                              *ET SEQ.*;**
18                                       **(4)   THE ELDER ABUSE AND
                                              DEPENDANT ADULTS CIVIL
19                                            PROTECTION ACT (WELFARE
                                              & INSTITUTIONS CODE
20                                            §15610.07 *ET SEQ.*);**
                                         **(5)   THE CALIFORNIA CONSUMER
21                                            CREDIT REPORTING
                                              AGENCIES ACT, CIVIL CODE,
22                                            §1785.1 *ET SEQ.*;**
                                         **(6)   THE CONSUMERS LEGAL
23                                            REMEDIES ACT, CIVIL CODE
                                              §1770, *ET SEQ.*;**
24                                       **(7)   THE UNFAIR COMPETITION
                                              LAW, (BUSINESS AND
25                                            PROFESSIONS CODE §17200,
                                              *ET SEQ.*); and**
26  _____/    **(8)   DECLARATORY RELIEF**

27

28

                                    1
ARBITRATION DEMAND FOR PUBLIC INJUNCTIVE RELIEF, DAMAGES, AND DECLARATORY RELIEF

**INTRODUCTION**

1.      Claimants JOHN CHASE and HILARY CHASE ("Claimants"), on behalf of themselves and the general public, and in the public interest, bring this action against Respondents KIA MOTORS AMERICA, INC. ("KIA"), MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA ("HILLTOP KIA"), and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE ("KIA FINANCE") (together, "Respondents") arising out of Claimants' purchase of a new 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), which they purchased from HILLTOP KIA on November 21, 2016.

2.      In purchasing the Vehicle, Claimants specifically relied on KIA advertisements and representations by HILLTOP KIA and other KIA agents that the Vehicle was equipped with a functioning "Autonomous Emergency Braking System" ("AEB") and other supplemental safety features, including but not limited to a "Forward Collision Warning System" ("FCWS").

3.      The purpose of AEB is "to detect and monitor vehicles traveling ahead of you.  It then works to automatically apply the brakes if it determines a crash might be imminent, helping to avoid a collision or mitigate the effects if it cannot be avoided."[1]

4.      Purchasing a vehicle equipped with functioning supplemental safety systems was especially important to Claimants because Claimant HILARY CHASE is a disabled adult that suffered a traumatic brain injury when she was 20 years old that left her permanently disabled and has impacted her short-term memory, depth perception, and attention span.  Claimants believed that it was important that any vehicle that HILARY CHASE drives has extensive supplemental safety features.

5.      In purchasing the Vehicle for HILARY CHASE's use, Claimants relied on representations and advertisements by KIA, HILLTOP KIA, and other KIA agents that the Vehicle's "Autonomous Emergency Braking System" and Forward Collision Warning System would continuously function and could be used for the ordinary purpose of driving.  However, Respondents failed to disclose the material facts that the AEB and FCWS "does not operate in certain situations" or that "there is no valid test to prove the autonomous brake system works."

---

[1] https://www.kia.com/us/k3/content/media/all/vehicles/sportage/brochures/brochure_sportage_2017.pdf

6.     Had Claimants known that the AEB and FCWS did not reliably function and that there was no way to test whether they were currently functioning, they never would have purchased the Vehicle.  Instead, they would have purchased another vehicle that had functioning supplemental safety features.

7.     In addition, the failure of the AEB and other safety features to work consistently on Claimants' specific Vehicle creates a safety hazard.  Though the Vehicle came equipped with warranties, including a factory 5-year/60,000 mile warranty, KIA and HILLTOP KIA have refused to honor, and continue to refuse to honor, their warranties with regards to the AEB and FCWS and have refused to repair the Vehicle under the express warranty.

8.     As a result of Respondents' failure to disclose the defects with the AEB/FCWS Systems and/or the fact that they will not repair the Systems under warranty, Claimants have had to expend, and will continue to have to expend, a substantial sum through no fault of their own. This has prevented Claimants from receiving the benefit of the bargain they made with Respondents for a safe, operable vehicle.

9.     At all relevant times, Respondents knew or should have known that the AEB/FCWS Systems on KIA vehicles were prone to error.  According to federal regulatory databases, the AEB/FCWS failure that Claimants and the general public have experienced is not an isolated or localized event and KIA has now begun to issue vehicle recalls for this same issue.

10.    By failing to inform Claimants and the general public about the real (and limited) nature of the AEB/FCWS, Respondents have caused Claimants and the general public to bear expenses and costs they otherwise should have had to bear in violation of Consumers Legal Remedies Act, Civil Code §1750 *et seq.*, the Unfair Competition Law, Business & Professions Code §17200 *et seq.*, and other California consumer protection statutes.  By virtue of this action, Claimants seek a public injunction to enjoin Respondents' unlawful and unfair practices and to enjoin Respondents' deceptive and false advertising regarding the functionality of KIA vehicles' AEB and FCWS Systems.

11.    Claimants also seek redress for their individual damages for Respondents' violations of Song-Beverly Consumer Warranty Act, Civil Code §1790 *et seq.*, the Elder Abuse and

1  Dependent Adults Civil Protection Act, Welfare & Institutions Code §15610.07, *et seq.*, the

2  Consumers Legal Remedies Act, Civil Code §1750, *et seq.*, the California Consumer Credit

3  Reporting Agencies Act, Civil Code §1785.1 *et seq.*, and other California consumer protection

4  statutes.  Claimants seek attorneys' fees and costs.

5  **PARTIES**

6  12.    Claimant JOHN CHASE is an individual who purchased the 2017 Kia Sportage.

7  Claimant JOHN CHASE at all material times was a resident of Alameda County, California.  At

8  all material times herein, Claimant JOHN CHASE was and is a "Senior Citizen" as that term is

9  defined by Civil Code §1761(f) and an "Elder" as that term is defined by Welfare & Institutions

10  Code §15610.27.

11  13.    Claimant HILARY CHASE is an individual who purchased the 2017 Kia Sportage.

12  Claimant HILARY CHASE at all material times was a resident of Alameda County, California.

13  At all material time herein, Claimant HILARY CHASE was and is a "Disabled Person" as that

14  term is defined by Civil Code §1761(g) and a "Dependent Adult" as that term is defined by

15  Welfare & Institutions Code §15610.23.

16  14.    Claimant KIA is a California corporation with its principal place of business in Irvine,

17  California.

18  15.    Claimant HILLTOP KIA is a California corporation with its principal place of business

19  in Richmond, California, which is authorized to and did conduct business in California, including

20  the county of Alameda. HILLTOP KIA is in the business of selling new and used cars. At all

21  times relevant herein, HILLTOP KIA held itself out as an authorized KIA dealership and

22  ostensible agent of KIA.

23  16.    Claimant KIA FINANCE, at all times relevant, was a California corporation and financial

24  institution with its principal place of business in Irvine, California, which is authorized to and did

25  conduct business in California, including the county of Alameda.  The financing of the Vehicle

26  was arranged through KIA FINANCE at and by HILLTOP KIA.  All claims and defenses that

27  Claimants have against HILLTOP KIA arising out of the automotive transaction are also valid

28  against KIA FINANCE, pursuant to the terms of the contract and to the extent allowed by Civil

4

1    Code §2983.5. Given the violations of law alleged below, and the Federal Trade Commission

2    Holder in Due Course rule, 16 C.F.R. §433 *et seq.* which subjects the holder of a consumer credit

3    contract to all claims and defenses of the buyer against the seller, KIA FINANCE is subject to all

4    claims and defenses of Claimants against HILLTOP KIA.

5                                    **AGENCY AND ALTER EGO**

6    17.      HILLTOP KIA was acting as an agent of KIA for purposes of repairing vehicles under

7    the KIA basic five-year/60,000-mile warranty. Claimants further allege that KIA is the

8    administrator and warrantor of the warranties that accompanied the Vehicle.

9                                    **FACTUAL ALLEGATIONS**

10                             **Claimants' Purchase of the Vehicle**

11   18.      When Claimant HILARY CHASE was 20 years old, she suffered a traumatic brain injury

12   that has left her permanently disabled and has impacted her short-term memory, depth

13   perception, and attention span.  Claimant HILARY CHASE is a "Disabled Person" under

14   California Civil Code §1761(g) and a "Dependent Adult" under Welfare & Institutions Code

15   §15610.23.  Claimant JOHN CHASE is HILARY CHASE's father.

16   19.      In deciding to purchase a vehicle for HILARY CHASE, Claimants sought a vehicle that

17   came equipped with supplemental safety systems, such as pre-collision warning and pre-collision

18   automated braking.

19   20.      Before deciding to purchase the 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the

20   Vehicle"), JOHN CHASE viewed KIA television advertisements, read online materials, and read

21   KIA promotional materials, all of which touted KIA's Forward Collision Warning System

22   ("FCWS") and Autonomous Emergency Braking System ("AEB").

23   21.      JOHN CHASE decided to purchase the Vehicle specifically because it was equipped with

24   the AEB and FCWS Systems.  In addition to the materials listed above, JOHN CHASE relied on

25   the window sticker for the Vehicle and other representations made by KIA and HILLTOP KIA.

26   Had JOHN CHASE known that the AEB and FCWS Systems did not function at times,

27   Claimants never would have purchased the Vehicle.

28   22.      In addition, when Claimants went to purchase the Vehicle from HILLTOP KIA on

1    November 21, 2016, Claimant JOHN CHASE explicitly informed HILLTOP KIA's

2    representatives that Claimants were only purchasing the Vehicle because of AEB and FCWS

3    Systems and that he believed that these supplemental safety systems were necessary to

4    accommodate HILARY CHASE's disability.

5    23.    At no point prior to the purchase of the Vehicle, did any representative of HILLTOP KIA

6    inform Claimants that the AEB and FCWS "did not work in certain situations" or that "there is

7    no valid test to prove the autonomous brake system works."

8    24.    Based on KIA's advertisements and the representations made to Claimants by KIA,

9    HLLTOP KIA, and other KIA agents, Claimants decided to purchase the Vehicle from

10   HILLTOP KIA.  Financing of the Vehicle was arranged by the dealership through KIA

11   FINANCE. A copy of the purchase agreement is attached as **Exhibit A** and incorporated herein

12   by reference.

13           **The "Autonomous Emergency Braking" System's Failure on Claimant's Vehicle**

14   25.    Following their purchase of the Vehicle, Claimants noticed that the AEB and FCWS

15   Systems never worked.  Unlike JOHN CHASE's other vehicle, also equipped with an

16   autonomous braking system, the Vehicle's AEB and FCWS would not engage.

17   26.    Each time that the Vehicle was taken to HILLTOP KIA for repair, Claimants informed

18   HILLTOP KIA that they believed that the AEB and FCWS Systems were not functioning.

19   27.    During their ownership of the Vehicle, Claimants also experienced major engine issues

20   and the Vehicle was out of service for repair for no fewer than 24 days.

21   28.    On October 9, 2018, JOHN CHASE took the Vehicle to HILLTOP KIA for warranty

22   repair and complained that the "VEHICLE WILL NOT BRAKE/STOP WITH AUTONOMOUS

23   BRAKING SYSTEM ON." (**Exhibit B**).

24   29.    HILLTOP KIA confirmed that the AEB and FCWS Systems did not function and noted

25   "UNABLE TO DUPLICATE OPERATION."  (*Id*.)  The repair order reads:

26           ATTEMPT TO VERIFY THE CUSTOMER CONCERN OF THE
             AUTONOMOUS BRAKE SYSTEM NOT FUNCTIONING. PERFORM A
27           TEST WITH THE CUSTOMER VEHICLE AND USE SOME CARDBOARD
             BOXES AS OBJECTS TO RUN INTO. FOUND WHEN THIS WAS DONE
28           THE SYSTEM DID NOT ACTIVATE. PERFORM SAME TEST WITH A NEW

VEHICLE WITH THE SAME RESULT. CONTACTED KIA TECHLINE WITH CONCERN. . . . BASED ON INITIAL COMMUNICATION WITH TECHLINE ENGINEERING HAS STATED THAT THERE IS NO VALID TEST TO PROVE THE AUTONOMOUS BRAKE SYSTEM WORKS.

**(Exhibit B)**

30. Upon learning that the AEB and FCWS Systems did not function, that there was no way of determining whether they functioned, and that KIA would not repair it, Claimants began to contact KIA and HILLTOP KIA to request that they repurchase the Vehicle and refund the monies paid. KIA refused.

31. On December 21, 2018, Claimants sent a letter pursuant to California's Consumers Legal Remedies Act, to KIA, HILLTOP KIA, and KIA FINANCE, requesting rescission of the transaction, payment of restitution and damages, and payment of attorneys' fees and costs. **(Exhibit C)**. HILLTOP KIA and KIA FINANCE did not respond.

32. KIA denied all liability and instead attempted to justify the failure of the AEB and FCWS Systems by pointing to excerpts in the Kia Sportage Owner's Manual. The Owner's Manual was not provided to Claimants prior their purchase of the Vehicle. According to KIA, prolix in the Owner's Manual states:

> On page 6-51: *"This system is only a supplemental system and it is not intended to, nor does it replace the need for extreme care and attention of the driver. The sensing range and objects detectable by the sensors are limited…AEB does not stop the vehicle completely and does not avoid collisions."*

> On page 6-55: *"The AEB operates in accordance with the risk levels, such as the distance from the vehicle/passer-by in front, the speed of the vehicle/passer-by in front, and the driver's vehicle operation. Do not drive dangerously to activate the AEB system on purpose."*

> On page 6-57: *"When the AEB is not working properly, the AEB warning light will illuminate and the warning message will appear for a few seconds. After the message disappears, the master warning light will illuminate."*

> On page 6-58: *"Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all."*

> On page 6-62: *"The AEB does not operate in certain situations. Thus, never test-operate the AEB against a person or an object. It may cause a severe injury or even death."*

**(Exhibit D)**

33. Had Claimants been aware that "[t]he AEB does not operate in certain situations" and

1    that "Due to the sensing limitation, the AEB may not produce warning messages or warning

2    alarm at all" they never would have purchased the Vehicle.  Rather, they would have purchased a

3    vehicle from any one of the other many manufacturers that sell vehicles with functional

4    supplemental safety features.

5                                **Respondents' Post-Litigation Conduct**

6    34.    Following Respondents failure to provide adequate relief in response to Claimants'

7    December 21, 2018 Pre-Litigation Demand Letter, Claimants initiated this litigation by filing a

8    Complaint in Alameda County Superior Court, on March 14, 2019.  Respondents answered on

9    May 23, 2019.

10   35.    Unable to continue to make payments on an unsafe Vehicle that they were no longer

11   driving, Claimants issued a Notice of Rescission of Contract, Rejection, and Revocation of

12   Acceptance of Vehicle ("Notice of Rescission") and has stopped making payments on the

13   rescinded contract. (**Exhibit E**).  Respondents have elected not to take possession to the Vehicle.

14   36.    Despite KIA FINANCE's decision not to pick up the Vehicle, KIA FINANCE has

15   threatened to report both Claimants as past due on their account to each of the three Credit

16   Reporting Agencies, TransUnion, Experian, and Equifax.  As to Claimant HILARY CHASE,

17   KIA FINANCE has carried through with its threat and has reported HILARY CHASE as past

18   due for no fewer than three months.

19   37.    30 day, 60 day, and 90 day past due notifications are seriously derogatory marks on a

20   consumer's credit report.  The derogatory information reported by KIA FINANCE would be the

21   only derogatory marks on Claimant JOHN CHASE's consumer credit reports.

22   38.    Given KIA FINANCE's service of the complaint in this action, its service of the Notice

23   of Rescission, its knowledge of the unrepaired defects with the Vehicle, and its voluntary

24   decision not to pick up the Vehicle, KIA FINANCE knows that it has no right to report to the

25   credit reporting agencies that Claimants are "past due."  Reporting Claimant HILARY CHASE

26   as past due constitutes a willful violation of the Consumer Credit Reporting Agencies Act, Civil

27   Code §1785.25(a), which prohibits furnishing information on a transaction or experience to a

28   consumer credit reporting agency if the furnisher knows or should know that the information is

1    incomplete or inaccurate.

2    **KIA Has Now Recalled Thousands of Vehicles For AEB/FCWS Malfunctions**

3    39.    At all relevant times, Respondents knew or should have known that the KIA AEB and

4    FCWS Systems were prone to malfunction.  In fact, following the initiation of this litigation,

5    KIA has begun to recall vehicles for issues related to the AEB and FCWS Systems.  For

6    example, on July 30, 2019, KIA notified the National Highway Traffic Safety Administration

7    ("NHTSA") that it was recalling certain KIA vehicles because:

8
         A software error in the Forward Collision-Avoidance Assist (FCA) system may
9        cause the braking assist function to not engage when a stationary vehicle is
         detected.
10       Improper intervention of the Forward Collision-Avoidance Assist can increase the
         risk of a crash.
11

12       **(Exhibit F)**

13   40.    Despite informing Claimants that "there is no valid test to prove the autonomous brake

14   system works," KIA has now informed NHTSA that it was able to test for the malfunction

     because between June 1 and July 15, 2019:
15

16       KMC and supplier jointly conduct extensive duplication testing on actual vehicle
         and confirm software error which impairs the braking assist function to work
17       properly when the FCA senses a potential frontal collision with a stationary
         vehicle.
18

19       **(Exhibit G)**

20   41.    KIA still has not issued a recall for Claimants' model Vehicle.

21              **FIRST CAUSE OF ACTION**
     **(Breach of Express Warranty in Violation of the Song-Beverly Consumer Warranty Act**
22                 **Civil Code §1790 _et seq._)**
                      **(Against KIA)**

23   42.    Claimants re-allege and incorporate by reference herein each of the allegations set forth

24   above.

25   43.    The Vehicle is a consumer good that Claimants used and purchase for use primarily for

26   personal, family or household purposes.  As such, the Vehicle is a "consumer product" as that

27   term is defined in California Civil Code §1791(a).

28   44.    At all relevant times, KIA has been a company engaged in the business of designing,

1  manufacturing and advertising the Vehicle to Claimants as well as the general public.  As such,

2  KIA is a "manufacturer" as that term is defined in California Civil Code §1791(j).

3  45.     As part of the purchase of the Vehicle, Respondent KIA included a written 5-year/60,000

4  mile factory warranty with the express purpose of preserving or maintaining the utility or

5  performance of the Vehicle or providing compensation if there is a failure in utility or

6  performance.  More specifically, the express warranty covers any repairs or replacements needed

7  during the warranty period due to defects in factory materials or workmanship.  Any required

8  adjustments or repairs would also be made during the basic coverage period.  All warranty

9  repairs and adjustments, including parts and labor, were to be made at no charge.  Additional

10 warranties were set forth in the warranty booklet, and are incorporated herein by reference as

11 though fully set forth. KIA's warranty is an "express warranty" as that term is defined in

12 California Civil Code §1791.2(a)(1).

13 46.     The defects experienced by Claimants with the AEB and FCWS Systems on the Vehicle

14 substantially impaired and continue to substantially impair the use, value, and safety of the

15 Vehicle to Claimants.  Despite Claimants' repeated efforts to provide KIA the opportunity to

16 repair the Vehicle, KIA refused to replace or repair the defective AEB and FCWS Systems.

17 47.     As a direct and proximate result of KIA's willful violation of its obligations under the

18 Song-Beverly Consumer Warranty Act, Claimants have suffered damages, including but not

19 limited payments on the Vehicle, finance charges, other incidental and consequential damages,

20 including but not limited to the cost of alternative transportation, and attorneys' fees and costs

21 which Claimants have incurred and will continue to incur in order to protect their rights in this

22 matter.

23 48.     Claimants are entitled to a civil penalty of two times their actual damages because of

24 KIA's willful failure to comply with its obligations pursuant to the Song-Beverly Consumer

25 Warranty Act, Civil Code §1794(c).

26 49.     Under California Civil Code §1794(d), Claimants are entitled to recover a sum equal to

27 the aggregate amount of costs and expenses, including attorneys' fees.  As a proximate result of

28 Respondent's misconduct as alleged herein, and in an effort to protect their rights, Claimants

1    have incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

2         WHEREFORE, Claimants pray for relief as set forth below.

3                                   **SECOND CAUSE OF ACTION**
     **(Breach of Implied Warranty of Merchantability in Violation of Civil Code §1792 *et seq.*)**
4                        **(Against KIA, HILLTOP KIA, and KIA FINANCE)**

5    50.    Claimants re-allege and incorporate by reference herein each and every allegation set

6    above.

7    51.    Due to the existence of the express warranties, Respondents cannot disclaim implied

8    warranties, including the implied warranty of merchantability and the warranty of fitness for a

9    particular purpose.  California Civil Code §§1792, 1792.1, 1793.  These warranties were part of

10   the basis of the bargain embodied in the contracts for the purchase of the Vehicle entered into by

11   Claimants.  Claimants' Vehicle contained an implied warranty of merchantability running from

12   Respondents to Claimants pursuant to California Civil Code §1792.

13   52.    The duration of the implied warranty of merchantability is coextensive in duration with the

14   express warranties which accompanied the purchase of the Vehicle pursuant to California Civil

15   Code §1791.1(c).

16   53.    Claimants purchased the Vehicle with the reasonable expectation that the Vehicle was fit

17   to be used for the ordinary and intended purpose of providing Claimants reliable and safe

18   transportation.  KIA knew when it manufactured and sold the Vehicle that the intended and

19   ordinary purpose of the Vehicle was to provide its driver with reliable and safe transportation.

20   54.    At all times that Claimants had possession of the Vehicle, Claimants used it for the

21   intended and ordinary purpose of transportation.  However, the Vehicle was not fit for the

22   ordinary purposes for which it was sold.  It was in fact defective, as set forth above, and not fit to

23   provide Claimants with dependable, safe transportation.

24   55.    As a direct and legal result of Respondents' violation of their obligations under the Song-

25   Beverly Consumer Warranty Act, Claimants have suffered actual, consequential, and incidental

26   damages, including but not limited to money expended on the purchase of the Vehicle, the loss of

27   the use of the Vehicle during the time it has been inoperable or otherwise out of service while in for

28   repairs,  and attorneys' fees which Claimants have incurred and will continue to incur in order to

1   protect their rights in this matter. The precise amount of these damages is unknown at the present

2   time. Attorneys' fees, loss of use, and other damages continue to accrue. Pursuant to Civil Code

3   §1791.1(d), Claimants are entitled to the remedies set forth in Civil Code §1794.

4   56.     Pursuant to Civil Code §1794(d), Claimants are entitled to recover a sum equal to the

5   aggregate amount of costs and expenses, including attorneys' fees. As a legal result of Respondents'

6   misconduct as alleged herein, and in an effort to protect their rights, Claimants have incurred and

7   will continue to incur legal fees, costs, and expenses in connection therewith.

8           WHEREFORE, Claimants pray for relief as set forth below.

9                                    **THIRD CAUSE OF ACTION**
    **(Breach of Implied Warranty of Fitness for a Particular Purpose in Violation of Civil Code**
10                                   **§1792.1 *et seq*.)**
                        **(Against KIA, HILLTOP KIA, and KIA FINANCE)**
11
    57.     Claimants re-allege and incorporate by reference herein each and every allegation set above.
12
    58.     Because Respondents have given an express warranty as part of the purchase of the Vehicle,
13
    Respondents cannot disclaim implied warranties, including the implied warranty of fitness for a
14
    particular purpose. California Civil Code §§1792, 1792.1, 1793.
15
    59.     The duration of the implied warranty of fitness is coextensive in duration with the express
16
    warranties which accompanied the purchase of the Vehicle pursuant to California Civil Code
17
    §1791.1(c).
18
    60.     In purchasing the Vehicle, Claimants required that the Vehicle have functioning
19
    supplemental safety systems, including a functioning Autonomous Emergency Braking System and
20
    Forward Collision Warning System to allow Claimant HILARY CHASE to safely drive the
21
    Vehicle.  KIA and HILLTOP KIA knew or had reason to know that Claimants were relying on KIA
22
    and HILLTOP KIA's skill and/or judgment that the AEB and FCWS Systems functioned.  As a
23
    result, the sale of the Vehicle was accompanied by an implied warranty of fitness for a particular
24
    purpose extending from KIA and HILLTOP KIA to Claimants.  California Civil Code §1792.1.
25
    61.     However, the Vehicle was not fit for the particular purpose that it was warranted in that
26
    "[t]he AEB does not operate in certain situations," "Due to the sensing limitation, the AEB may
27
    not produce warning messages or warning alarm at all," and that "there is no valid test to prove
28

1   the autonomous brake system works."

2   62.     As a direct and legal result of Respondents violation of their obligations under the Song-

3   Beverly Consumer Warranty Act, Claimants have suffered actual, consequential, and incidental

4   damages, including but not limited to money expended on the purchase of the vehicle,  and

5   attorneys' fees which Claimants have incurred and will continue to incur in order to protect their

6   rights in this matter. The precise amount of these damages is unknown at the present time.

7   Attorneys' fees, loss of use, and other damages continue to accrue. Pursuant to Civil Code

8   §1791.1(d), Claimants are entitled to the remedies set forth in Civil Code §1794.

9         WHEREFORE, Claimants pray for relief as set forth below.

10
11                                    **FOURTH CAUSE OF ACTION**
      **(Violations of the Elder Abuse and Dependent Adult Civil Protection Act, Welfare &**
12                   **Institutions Code §15600, *et seq*.)**
                   **(Against KIA, HLLTOP KIA, and KIA FINANCE)**

13   63.     Claimants reallege and incorporate by reference herein all of the allegations set forth

14   above.

15   64.     The Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA") was enacted

16   in 1991 to protect elders and dependent adults from both financial and physical abuse.  The

17   EADACPA recognized that elderly persons and dependent adults are more subject to abuse,

18   neglect, and abandonment and creates heightened protections for this disadvantaged class.  The

19   intent of the statute is to "enable interested persons to engage attorneys to take up the cause of

20   abused elderly persons and dependent adults."  Welfare & Institutions Code §15600(j).

21   65.     At all times relevant herein, Claimant JOHN CHASE is and was an "Elder" adult within

22   the meaning of Welfare & Institutions Code §15610.30 in that he is a California resident over the

23   age of 65, born on December 5, 1942.

24   66.     At all times relevant herein, Claimant HILARY CHASE is and was a "Dependent Adult"

25   adult within the meaning of Welfare & Institutions Code §15610.23 in that she is a California

26   resident between the ages of 18 and 64 that had physical and mental limitations, *i.e.* brain injury,

27   that restricted her ability to carry out normal activities and protect her rights.

28   67.     The acts and omissions of Respondents as above alleged constitute financial abuse of

both an elder adult and dependent adult within the purview and protections of the California Welfare & Institutions Code §§15610.07, 15610.30 in that they were the proximate cause of the financial abuse to Claimants.

68.     At all times relevant herein, Respondents and their managing agents actually knew or should have known based on their own observations and the explicit representations made by Claimants of the dependent state of Claimant HILARY CHASE.  During the purchase transaction JOHN CHASE explicitly stated that Claimants were only purchasing the Vehicle because of AEB and FCWS Systems and that he believed that these supplemental safety systems were necessary to accommodate HILARY CHASE's disability.  Respondents knew, or should have known, that Claimants would not have expended money to purchase the Vehicle had they known that the AEB and FCWS Systems were faulty.  In addition, Respondents knew or should have known that the AEB and FCWS Systems were faulty based on the information contained in the Vehicle's owner manual.  This information was withheld from Claimants until after purchase.

69.     Despite knowing that Claimants were only purchasing the Vehicle because of the AEB and FCWS Systems, and having constructive knowledge of the limitations of the Systems, Respondents still pushed the transaction through.

70.     Respondents took undue advantage of Claimants by inducing them to purchase a Vehicle that they never would have purchased had they known that the AEB and FCWS Systems did not function.  Respondents knew or should have known that this conduct was likely to be harmful to Claimants and that it would cause them to expend money on a Vehicle they ultimately would not use.

71.     In doing the acts alleged herein, Respondents, and each of them, took, secreted, appropriated, or retained (or else assisted in so taking, secreting, appropriating, or retaining) the property of Claimants to a wrongful use, thereby causing them to suffer financial abuse.

72.     In committing the acts and omissions alleged herein, Respondents acted with recklessness, oppression, fraud, or malice in the commission of this abuse.  As a direct and legal result of Respondents violations of the Elder and Dependent Adult Civil Protection Act in its

1    dealings with Claimants, Claimants have suffered actual, consequential and incidental damages.

2    Claimants continue to suffer damages, the precise amount of which is unknown at the present

3    time; the limitations of Code of Civil Procedure §377.34 do not apply here.  In addition to all

4    other remedies provided by law, pursuant to terms of Welfare & Institutions Code §15657.5,

5    Claimants are entitled to actual damages, attorneys' fees, expenses and costs of suit incurred

6    herein, and treble damages pursuant to Civil Code §3345, and all other forms of relief otherwise

7    allowed by law.

8         WHEREFORE, Claimants pray for relief as set forth below.

9                          **FIFTH CAUSE OF ACTION**
       **(Violations of the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1**
10                                   ***et seq.*)**
                             **(Against KIA FINANCE)**
11

12   73.    Claimants reallege and incorporate by reference the allegations set forth above.

13   74.    KIA FINANCE has threatened to violate Civil Code §1785.25(a) by furnishing

14   information on a specific transaction or experience to a consumer credit reporting agency when

15   KIA FINANCE knew or should know have known the information was incomplete or inaccurate.

16   75.    Claimants rescinded the underlying purchase contract via the December 21, 2018 CLRA

17   Letter, March 14, 2019 Complaint, Notice of Rescission, and through this Demand for

18   Arbitration.  KIA FINANCE also know that Claimants did not owe any remaining debt to KIA

19   FINANCE due to the defects with the Vehicle and Respondents' refusal to honor the warranties

20   on the Vehicle.

21   76.    KIA FINANCE knew from at least December 2018 that reporting Claimants as past due

22   on their account would be incomplete and inaccurate.  Despite this, KIA FINANCE has

23   threatened to furnish derogatory information regarding Claimants' account to the Credit

24   Reporting Agencies and has reported HILARY CHASE as delinquent.

25   77.    Claimants have been aggrieved by KIA FINANCE's threatened violation of the

26   Consumer Credit Reporting Agencies Act and have suffered actual damages as KIA FINANCE

27   begins to report negative information.

28   78.    KIA FINANCE's violations of the Consumer Credit Reporting Agencies Act are

1   negligent, entitling Claimants to recover actual damages pursuant to Civil Code §1785.31.

2   79.    KIA FINANCE's violations of the Consumer Credit Reporting Agencies Act are willful,

3   entitling Claimants to recover punitive damages of up to $5,000 each for each violation, and any

4   other relief the Forum deems proper, pursuant to Civil Code §1785.31(a)(1)(B).  Claimants

5   allege that each month of unlawful credit reporting consists of a separate and actionable violation

6   under Civil Code §1785.31(a)(1)(B).

7   80.    Claimants been aggrieved by KIA FINANCE's violations and threatened violations

8   described herein, and seek injunctive relief to put an end to said violations pursuant to Civil

9   Code §1785.31(b).

10  81.    Claimants are entitled to an award of attorneys' fees and costs pursuant to Civil Code

11  §1785.31(d).

12          WHEREFORE, Claimants pray for relief as set forth below.

13                        **SIXTH CAUSE OF ACTION**
            **(Violations of Consumers Legal Remedies Act, Civil Code §1750, *et seq*.)**
14          **(Against KIA, HLLTOP KIA, and KIA FINANCE)**

15  82.    Claimants re-allege and incorporate by reference herein each of the allegations set forth

16  above.

17  83.    At all relevant times:

18          (a)    The Vehicle and the 2017 KIA Sportage model, and other KIA vehicles, have

19                 been and will continue to be tangible chattels that Respondent KIA has designed,

20                 manufactured, and marketed for personal, family, or household purpose that are

21                 intended to be sold and/or leased and, as such, are "goods" as defined by

22                 California Civil Code §1761(a);

23          (b)    Claimants purchased the Vehicle for personal, family or household purposes and,

24                 as such, are "consumers" as defined in California Civil Code §1761(d);

25          (c)    The purchase of the Vehicle from KIA and HILLTOP KIA and the extension of

26                 the warranties constituted agreements between KIA and HLLTOP KIA on the one

27                 hand and Claimants on the other hand, as such, constitutes a "transaction" as that

28                 term is defined in California Civil Code §1761(e); and

16

1       (d)    KIA and HILLTOP KIA are each corporations and, as such, they are "persons" as

2            that term is defined in California Civil Code §1761(c).

3  84.    In offering the Vehicle and the 2017 KIA Sportage model, and other KIA vehicles, for

4  sale and lease to the public, KIA and HILLTOP KIA have represented, and will continue to

5  represent, directly or by implication, that the 2017 KIA Sportage, and other KIA vehicles

6  equipped with AEB and FCWS Systems, do not have any defects that would substantially affect

7  a consumer's ability to use it for the intended purpose.  Notwithstanding the representation that

8  the Vehicle came equipped with a functioning Autonomous Emergency Braking System and

9  Forward Collision Warning System, the AEB and FCWS Systems are essentially worthless to

10  Claimants because they are unable to determine if and when they function.  Respondents have

11  refused to either fix the defective Systems or refund Claimants their money.

12  85.    At all relevant times, KIA and HILLTOP KIA knew that Claimants did not know or

13  could not have reasonably discovered the problem prior to purchasing the Vehicle.  Respondents

14  had a duty to disclose the material facts clearly and conspicuously at the time of purchase

15  because of:

16       (a)    the materiality of the information;

17       (b)    the safety risk posed by the defect;

18       (c)    Respondents' affirmative representations about the express 5 year/60,000 miles

19            warranty;

20       (d)    Respondents' exclusive knowledge of material facts not known to Claimants or

21            the general public; and

22       (e)    Respondents' active concealment of material facts from Claimants and the general

23            public.

24  86.    By virtue of this ongoing practice and course of conduct, Respondents have violated and

25  will continue to violate §1770(a)(5) of the CLRA by representing that the AEB and FCWS

26  Systems have characteristics, uses and benefits which they does not have, *i.e.* that they functions

27  when it truth they does not.

28  87.    By virtue of this ongoing practice and course of conduct, Respondents have violated and

1    will continue to violate §1770(a)(7) of the CLRA by representing that the AEB and FCWS

2    Systems and the 2017 Kia Sportage, and other KIA vehicles equipped with the AEB and FCWS

3    Systems, are of a particular standard or quality when they are not of that standard or quality.

4    88.     By virtue of this ongoing practice and course of conduct, Respondents have violated and

5    will continue to violate §1770(a)(14) of the CLRA by representing that the purchase of the 2017

6    Kia Sportage, and other Kia vehicles equipped with the AEB and FCWS Systems, conferred or

7    involved rights, remedies, or obligations which the purchase does not have.  Specifically,

8    Respondent KIA expressly warranted the 2017 Kia Sportage, and other KIA vehicles, against

9    defects and then failed to honor that warranty.

10   89.     Respondents' violations of the CLRA present a continuing threat to Claimants in that

11   Respondents continue to engage in the above-referenced acts and practices, and unless enjoined

12   from doing so by this Forum, will continue to do so.  Had Claimants been informed that "[t]he

13   AEB does not operate in certain situations" and that "Due to the sensing limitation, the AEB may

14   not produce warning messages or warning alarm at all," or that "there is no valid test to prove the

15   autonomous brake system works," they never would have purchased the Vehicle.

16   90.     On December 21, 2018, Claimants provided notice to KIA, HILLTOP KIA, and KIA

17   FINANCE of the violations alleged above and provided KIA, HILLTOP KIA, and KIA

18   FINANCE an opportunity to cure those violations.  KIA, HILLTOP KIA, and KIA FINANCE

19   did not avail themselves of this opportunity.  Accordingly, Claimants seek an order from the

20   Forum awarding actual damages, statutory damages, equitable relief, including public injunctive

21   relief to enjoy Respondents' practices, as well as an award of attorneys' fees and costs pursuant

22   to Civil Code §1780, subdivisions (a), (b), and (e).

23          WHEREFORE, Claimants pray for relief as set forth below.

24   **SEVENTH CAUSE OF ACTION**
     **(Violations of Unfair Competition Law - Business & Professions Code §17200,** *et seq.***)**
25   **(Against KIA, HLLTOP KIA, and KIA FINANCE)**

26   91.     Claimants re-allege and incorporate by reference herein each of the allegations set forth

27   above.

28   92.     Business & Professions Code §17200 *et seq*.  (the "Unfair Competition Law" or "UCL")

18

00272

defines unfair competition to include any unlawful, unfair or fraudulent business act or practice. Unfair competition also includes "unfair, deceptive, untrue or misleading advertising." The UCL authorizes forums to order injunctive and/or declaratory relief and other equitable relief to remedy any violations.

93.     Respondents' conduct as alleged above has been and will continue to be unlawful in that the conduct constitutes and will continue to constitute a violation of the CLRA and the Song-Beverly Consumer Warranty Act, as alleged herein.

94.     Respondents' conduct as alleged above has been and will continue to be unfair in that the harm to Claimants and and the general public arising from Respondents' conduct outweighs the utility, if any, of the conduct alleged above.

95.     Respondents' conduct as alleged above has been and will continue to be fraudulent and likely to deceive reasonable consumers in that Respondents have omitted and/or failed to disclose, and will continue to omit and/or fail to disclose, material facts regarding the functionality and reliability of the KIA AEB and FCWS Systems and their failure to operate in certain situations or produce any warning at all.  Respondents' failure to disclose these defects constitutes deception by omission.  Respondents had a duty to disclose these material facts.

96.     The facts concealed and omitted are material facts in that a reasonable consumer would have considered them important in deciding whether or not to purchase his or her KIA Vehicle. Had Claimants been informed that the AEB and FCWS Systems did not function on the Vehicle, they would have purchased a different vehicle.

97.     The unlawful, unfair, and fraudulent business acts and practices of Respondents described herein present a continuing threat to Claimants and the general public in that Respondents are currently engaging in such acts and practices, and will persist to do so unless and until an injunction is issued by the Forum to enjoin Respondents false and deceptive advertising regarding the functionality of the AEB and FCWS Systems.

98.     As a result of Respondents' practices, Claimants and the general public have suffered and will continue to suffer injury in fact and lost money or property.  As a direct and proximate result of the acts and practices alleged above, pursuant to California Business & Professions Code

1   §17203, Claimants seek an order enjoining Respondents from engaging in such acts and

2   practices as hereinabove alleged, and providing appropriate restitution.

3   99.      In addition, pursuant to Code of Civil Procedure §1021.5, Claimants seek recovery of

4   attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

5          WHEREFORE, Claimants pray for relief as set forth below.

6                                **EIGHTH CAUSE OF ACTION**
                                 **(Request for Declaratory Relief)**
7                                **(Against KIA FINANCE)**

8   100.     Claimants reallege and incorporate herein by reference each and every allegation set forth

9   above.

10  101.     HILLTOP KIA arranged for financing by and through KIA FINANCE at the time of

11  purchase and assigned its rights under the sale agreement to KIA FINANCE.  Claimants made

12  regular monthly payments to KIA FINANCE on the Vehicle.

13  102.     Because of the violations of law alleged herein and the fact that pursuant to the Rees-

14  Levering Automobile Sales Financing Act assignee liability, Civil Code §2983.5, the Federal

15  Trade Commission Holder In Due Course Rule, 16 CFR §433, *et seq*., and the language of the

16  contract between the parties, any holder of this type of consumer credit contract is subject to all

17  claims and defenses of the buyer against the seller, the contract is unenforceable; and Claimants

18  are entitled to rescind the contract and recover up to the amount paid on the contract with

19  interest, not to exceed the amount of the debt owing to the assignee at the time of the assignment.

20  Claimants are also entitled to cancellation of the remaining debt owed to KIA FINANCE under

21  the contract and attorneys' fees.

22  103.     Accordingly, an actual controversy has arisen and now exists between Claimants, on the

23  one hand, and Respondent KIA FINANCE on the other hand, concerning the respective rights

24  and obligations of the parties.  A judicial declaration is necessary and appropriate at this time,

25  under the circumstances presented, in order that Claimants may fully ascertain their rights and

26  obligations with respect to the contract and KIA FINANCE's credit reporting described herein.

27         WHEREFORE, Claimants pray for relief as set forth below.

28  ///

## **PRAYER FOR RELIEF**

WHEREFORE, Claimants seek judgment in favor of themselves, and the general public, for the following:

(1)     An award of damages and restitution in favor of Claimants;

(2)     For a civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of the actual damages;

(3)     For statutory damages;

(4)     For punitive damages;

(5)     For an injunction pursuant to California Civil Code §1785.31(b);

(6)     Injunctive and declaratory relief as pled or as the Forum may deem proper;

(7)     For prejudgment interest of the maximum legal rate;

(8)     An award of reasonable attorneys' fees as provided by applicable law;

(9)     All costs of suit; and

(10)    Such other and further relief as this Forum deems just and proper.

Dated:  August 21, 2019                         CONN LAW, PC

By:  _____
ELLIOT CONN

# EXHIBIT A

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Dealer Number 00665 | Contract Number _____ | R.O.S. Number 36808429 | Stock Number K4354 |

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JOHN CHASE ▓▓▓▓ OAKLAND CA 94602 ALAMEDA | HILARY CHASE ▓▓▓▓ OAKLAND CA 94602 ALAMEDA | MICHAEL STEAD'S HILLTOP FORD KIA 3280 AUTO PLAZA RICHMOND CA 94906 CONTRA COSTA |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2017 | KIA SPORTAGE | 131 | KNDPRCA62H7148873 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $1000.00 is |
|---|---|---|---|---|
| 2.90 % | $ 3112.45 (e) | $ 41250.35 (e) | $ 44362.80 (e) | $ 45362.80 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | N/A |
| 59 | 739.38 | Monthly beginning 12/21/2016 |
| N/A | N/A | N/A |
| One final payment 739.38 | | DUE ON 11/21/2021 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.

**Prepayment.** If you pay early, you may be charged a minimum finance charge.

**Security Interest.** You are giving us a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**

   A. Cash Price of Motor Vehicle and Accessories ............ $ 33894.50 (A)

      1. Cash Price Vehicle ............ $ 33667.00
      2. Cash Price Accessories CROSSBARS ............ $ 227.50
      3. Other (Nontaxable)
         Describe N/A ............ $ N/A
         Describe N/A ............ $ N/A

   B. Document Processing Charge (not a governmental fee) ............ $ 80.00 (B)

   C. Emissions Testing Charge (not a governmental fee) ............ $ N/A (C)

   D. (Optional) Theft Deterrent Device(s)

      1. (paid to) GUIDE POINT ............ $ 995.00 (D1)
      2. (paid to) N/A ............ $ N/A (D2)
      3. (paid to) N/A ............ $ N/A (D3)

   E. (Optional) Surface Protection Product(s)

      1. (paid to) N/A ............ $ N/A (E1)

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical N/A | | N/A Mos. | $ N/A |
| N/A | | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums ............ $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X

Co-Buyer X

Seller X

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in Item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term 60 Mos. ZURICH GAP
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1T.

| I1 Company ZURICH | | |
|---|---|---|
| Term 120 | Mos. or 100000 | Miles |
| I2 Company N/A | | |
| Term N/A | Mos. or N/A | Miles |
| I3 Company N/A | | |
| Term N/A | Mos. or N/A | Miles |
| I4 Company N/A | | |

| | | |
|---|---|---|
| 1. (paid to) N/A | | |
| (Optional) Surface Protection Pr... | | |
| 1. (paid to) N/A | $ | N/A (E2) |
| 2. (paid to) N/A | $ | N/A (F) |
| EV Charging Station (paid to) N/A | $ | 3322.10 (G) |
| Sales Tax (on taxable items in A through F) | | |
| Electronic Vehicle Registration or Transfer Charge | $ | 29.00 (H) |
| (not a governmental fee) (paid to) CVR | | |
| (Optional) Service Contract(s) | $ | 2695.00 (I1) |
| 1. (paid to) ZURICH | $ | N/A (I2) |
| 2. (paid to) N/A | $ | N/A (I3) |
| 3. (paid to) N/A | $ | N/A (I4) |
| 4. (paid to) N/A | $ | N/A (I5) |
| 5. (paid to) N/A | | |
| J. Prior Credit or Lease Balance (e) paid by Seller to | $ | N/A (J) |
| Vehicle 1 N/A        Vehicle 2 N/A | | |
| (see downpayment and trade-in calculation) | | |
| K. (Optional) Debt Cancellation Agreement ZURICH GAP | $ | 895.00 (K) |
| L. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ | N/A (L) |
| M. Other (paid to) N/A | $ | N/A (M) |
| For N/A | | |
| N. Other (paid to) N/A | $ | N/A (N) |
| For N/A | | |
| | $ | 41910.60 (1) |

**Total Cash Price** (A through N)

**Amounts Paid to Public Officials**

| | | |
|---|---|---|
| A. Vehicle License Fees ESTIMATED | $ | 220.00 (A) |
| B. Registration/Transfer/Titling Fees ESTIMATED | $ | 111.00 (B) |
| C. California Tire Fees | $ | 8.75 (C) |
| D. Other N/A | $ | N/A (D) |
| | $ | 339.75 (2) |

**Total Official Fees** (A through D)

**Amount Paid to Insurance Companies**

| | | |
|---|---|---|
| (Total premiums from Statement of Insurance) | $ | N/A (3) |
| 4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $ | N/A (4) |
| | $ | 42250.35 (5) |

**Subtotal** (1 through 4)

**6. Total Downpayment**

| | | |
|---|---|---|
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)) | $ | N/A (A) |
| Vehicle 1 $ N/A   Vehicle 2 $ N/A | | |
| B. Total Less Prior Credit or Lease Balance (e) | $ | N/A (B) |
| Vehicle 1 N/A    Vehicle 2 $ N/A | | |
| C. Total Net Trade-In (A–B) (indicate if negative number) | $ | N/A (C) |
| Vehicle 1 N/A    Vehicle 2 $ N/A | | |
| D. Deferred Downpayment Payable to Seller | $ | N/A (D) |
| E. Manufacturer's Rebate | $ | 1000.00 (E) |
| F. Other N/A | $ | N/A (F) |
| G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ | N/A (G) |
| | $ | 1000.00 (6) |

**Total Downpayment** (C through G)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

| | | |
|---|---|---|
| **7. Amount Financed** (5 less 6) | $ | 41250.35 (7) |

---

| Term | Mos. or | Miles |
|---|---|---|
| 15 Company N/A | | |
| Term N/A | Mos. or | N/A Miles |

**Buyer X**

**Trade-in Vehicle(s)**

1. Vehicle 1

| Year N/A | Make N/A | |
|---|---|---|
| Model N/A | Odometer | N/A |
| VIN N/A | | |

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |

2. Vehicle 2

| Year N/A | Make N/A | |
|---|---|---|
| Model N/A | Odometer | N/A |
| VIN N/A | | |

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |

| | | |
|---|---|---|
| **Total Agreed Value of Property Being Traded-In (1c+2c)** | $ | N/A* |
| **Total Prior Credit or Lease Balance (1d+2d)** | $ | N/A* |
| **Total Net Trade-In (1e+2e)** | $ | N/A* |

(*See item 6A–6C in the Itemization of Amount Financed)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A .

**SELLER'S INITIALS** N/A

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____

Co-Buyer Signs X _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage. Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

**Buyer Signature X** N/A                **Co-Buyer Signature X** N/A

---

**AUTO BROKER FEE DISCLOSURE**

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in

00278

7. Amount Financed ............

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X N/A                                   Co-Buyer Signature X N/A

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us, relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X                                          Co-Buyer Signs X

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X                                                Co-Buyer X

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

5/5 X                                                  X

N/A

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X                                      Co-Buyer Signature X

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION** California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X                    Date 11/21/16   Co-Buyer Signature X                    Date 11/21/16
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____   Address _____

GUARANTY. To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____   Date _____   Guarantor X _____   Date _____
Address _____                      Address _____

Seller Signs MICHAEL STEAD'S HILLTOP FORD JLA1/21/16 By X _____   Title MGR

LAW FORM NO. 553-CA-ARB (REV 1/16)
Reynolds and Reynolds Company.
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

00279

# EXHIBIT B

# HILLTOP
## Ford KIA

3280 Auto Plaza • Richmond, CA 94806
**(510) 222-4444**

**BAR# ARD185180     EPA# CAD981416290**

Upon request, you are entitled to
receive a copy of the Towing Fees
and Access Notice.

| CUSTOMER NO. 88629 | | | ADVISOR TIM ARLEN | 45 | TAG NO. TA3 | INVOICE DATE 10/31/18 | INVOICE NO. K1CS303871 |
|---|---|---|---|---|---|---|---|
| JOHN CHASE | | | LABOR RATE | LICENSE NO. | MILEAGE 16,321 | COLOR BLK CHERRY/ | STOCK NO. K4354 |
| OAKLAND, CA 94602 | | | YEAR / MAKE / MODEL 17/KIA/SPORTAGE/4DR AWD SX TURBO | | | DELIVERY DATE 11/21/16 | DELIVERY MILES 131 |
| | | | VEHICLE I.D.NO. K N D P R C A 6 2 H 7 1 4 8 8 7 3 | | | SELLING DEALER NO. | PRODUCTION DATE |
| | | | F.T.E. NO. | | P.O. NO. | R.O. DATE 10/09/18 | |
| | | | COMMENTS | | | | MO: 16321 |

JOB# 1 CHARGES----------------------------------------------------------

LABOR------------------------------------------------------------
J# 1 40K1Z      * BASIC BRAKES *            TECH(S):887        INTERNAL
CUSTOMER REPORTS VEHICLE WILL NOT BRAKE/STOP WITH
AUTONOMOUS BRAKING SYSTEM ON. UNABLE TO DUPLICATE
OPERATION
ATTEMPT TO VERIFY THE CUSTOMER CONCERN OF THE AUTONOMOUS
BRAKE SYSTEM NOT FUNCTIONING. PERFORM A TEST WITH THE
CUSTOMER VEHICLE AND USED SOME CARDBOARD BOXES AS OBJECTS TO
RUN INTO. FOUND WHEN THIS WAS DONE THE SYSTEM DID NOT
ACTIVATE. PERFORM SAME TEST WITH A NEW VEHICLE WITH THE SAME
RESULT. CONTACTED KIA TECHLINE WITH CONCERN. THE KIA CONTACT
ID# 12898261. BASED ON INITAL COMMUNICATION WITH TECHLINE
ENGINEERING HAS STATED THAT THERE IS NO VALID TEST TO
PROVE THE AUTONOMOUS BRAKE SYSTEM WORKS. IF THERE ARE NO
WARNING INDICATOR AND / OR DTC ( DIAGNOSTIC TROUBLE CODE )
IT IS ASSUMED TO BE FULLY FUNCTIONAL. AND SYSTEM WILL ONLY
ENGAGE IN A EMERGENCY SITUATION WHERE IMPACT IS EMINENT.

JOB# 1 TOTALS---------------------------------------------
                    JOB# 1 JOURNAL PREFIX K1CS  JOB# 1 TOTAL      0.00

COMMENTS----------------------------------------------------
VEHICLE GONE - FOLLOWING UP AUTONOMOUS BRAKING

TECHNICIAN CERTIFICATION-------------------------------------
        887              NORM LIM           887

TOTALS------------------------------------------------------

BY SIGNING THIS DOCUMENT, YOU ARE ACKNOWLEDGING THE MICHAEL
STEAD'S HILLTOP FORD KIA RECOMMENDED MAINTENANCE SCHEDULES
EXCEED THE FACTORY RECOMMENDATIONS AND ARE DESIGNED TO MEET
THE DEMAND OF AREA ROAD AND WEATHER CONDITIONS

| | |
|---|---|
| TOTAL LABOR.... | 0.00 |
| TOTAL PARTS.... | 0.00 |
| TOTAL SUBLET... | 0.00 |
| TOTAL G.O.G.... | 0.00 |
| TOTAL MISC CHG. | 0.00 |
| TOTAL MISC DISC | 0.00 |
| TOTAL TAX...... | 0.00 |
| **TOTAL INVOICE $** | **0.00** |

CUSTOMER SIGNATURE
*********************  D U P L I C A T E   I N V O I C E  *********************

00281

EXHIBIT C

KEMNITZER, BARRON & KRIEG, LLP
ATTORNEYS AT LAW
www.kbklegal.com

ELLIOT CONN
445 BUSH STREET, 6TH FLOOR
SAN FRANCISCO, CA 94108
MAIN: (415) 632-1900
FAX: (415) 632-1901
elliot@kbklegal.com

OFFICE LOCATIONS:
SAN FRANCISCO
SACRAMENTO
LOS ANGELES
SAN DIEGO

December 21, 2018

**VIA CERTIFIED MAIL**
**RETURN-RECEIPT REQUESTED**

Kia Motors America, Inc.                    Michael C. Stead, Inc. dba Hilltop Ford Kia
111 Peters Canyon Rd                        3280 Auto Plaza
Irvine, CA 92606                            Richmond, CA 94806

Hyundai Capital America dba Kia Motors
Finance
3161 Michelson Drive, Suite 1900
Irvine, CA 92612

> **Re:**   ***Chase, et al. v Kia Motors America, Inc., et al.***
> **Vehicle**: 2017 Kia Sportage
> **VIN**: KNDPRCA62H7148873
> **Date of Purchase**: November 21, 2016

To Whom It May Concern,

Please take notice that this letter constitutes notice to each addressee, Kia Motors America, Inc. ("Kia"), Hyundai Capital America dba Kia Motors Finance ("Kia Finance") and Michael C. Stead, Inc. dba Hilltop Ford Kia ("Hilltop"), concerning violations of California's Song-Beverly Consumer Warranty Act, Civil Code § 1790 *et seq.* ("Song-Beverly") and the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* ("CLRA") arising from the transaction described below. This correspondence is also a pre-litigation demand under the under Song-Beverly and Civil Code § 1782 of the CLRA.

Kemnitzer, Barron & Krieg, LLP has been retained to represent Doctor John Chase and Hilary Chase in a case arising out of their purchase of a new 2017 Kia Sportage ("the Vehicle"), which they purchased from Hilltop, with financing arranged through Kia Finance, on November 21, 2016. (**Exhibit A**). Do not contact Dr. Chase or Ms. Chase. All further communications should be directed to Kemnitzer, Barron and Krieg, LLP.

As Dr. Chase explained to Hilltop's representatives at the time that he purchased the Vehicle, the Vehicle was purchased for the use of his disabled daughter, Hilary Chase. When Hilary was 20 years old, she suffered a traumatic brain injury that has left her permanently disabled and has impacted her short-term memory, depth perception, and attention span. Hilary Chase is a "Disabled Person" under California Civil Code § 1761(g).

Demand Letter
December 21, 2018
Page 2 of 3

Dr. Chase decided to purchase the Vehicle because he believed that the Vehicle came equipped with a functioning Forward Collision Warning System ("FCWS") and Autonomous Emergency Braking System ("AEB"). Before purchasing the Vehicle, Dr. Chase had seen Kia television advertisements for the FCWS and AEB. He also relied on online representations made by Kia, Kia promotional materials, the window sticker on the Vehicle, and the other representations by both Kia and Hilltop. Had Dr. Chase known that the AEB and FCWS systems did not function, he never would have purchased the Vehicle for his daughter.

As a result, Dr. Chase chose the Vehicle because of its supplemental safety features, specifically, the FCWS and AEB. In purchasing the Vehicle, Dr. Chase made it very clear to Hilltop's representatives that he was only purchasing the Vehicle because of the FCWS and AEB and that he believed that these supplemental safety systems were necessary to accommodate Hilary's disability.

Following their purchase of the Vehicle, Dr. Chase and Ms. Chase noticed that the AEB did not work. Unlike Dr. Chase's other vehicle, also equipped with an autonomous braking system, the Vehicle's AEB would never engage.

Each time that the Vehicle was taken to Hilltop for repair, Dr. Chase notified Hilltop that he believed that the FCWS and AEB were not functioning. Only repair orders #299262 (**Exhibit B**) and #303871 (**Exhibit C**), reflect Dr. Chase's complaints.

On October 9, 2018, Dr. Chase took the Vehicle in for repair and complained that the "Vehicle will not brake/stop with autonomous braking system on." (**Exhibit C**). Hilltop was not able to verify that the AEB system worked and noted "Unable to duplicate operation." (*Id.*). In fact, Hilltop even attempted to test the system with cardboard boxes, but the Vehicle ran through the boxes. Hilltop tried the same test with a new vehicle, and that vehicle also ran through the cardboard boxes. (*Id.*) Hilltop has confirmed that the Vehicle's AEB system does not work, but Kia refused to authorize a repair.

Dr. Chase and Ms. Chase has also experienced major engine issues with the Vehicle. (*See* **Exhibit B**).

Upon learning that the AEB system did not function and that Kia would not repair it, Dr. Chase began to contact Kia and Hilltop to ask them to repurchase the Vehicle and refund all of the money paid. As Dr. Chase has explained repeatedly, he only bought the Vehicle because of the supplemental safety systems and never would have bought the Vehicle had he known the systems did not function.

Both Kia and Hilltop ultimately took the untenable position that because there were no fault codes indicating an error, it must be assumed that the AEB system is working. This is despite the fact that Hilltop has verified that the AEB system *does not* work.

Kia has refused to repair the Vehicle under the express warranty. In addition, the failure of the AEB system to function properly breaches the implied warranties of merchantability and fitness for a particular use. In addition, Kia, Kia Finance, and Hilltop's conduct violate Civil Code §§ 1770(a)(5),(7),(9),(14),(16), and (19).

00284

Demand Letter
December 21, 2018
Page 3 of 3

### **Demand**

On behalf of Dr. Chase and Hilary Chase, we demand that within 30 days of receipt of this letter, Kia, Kia Finance, and Hilltop rescind the purchase transaction, refund Dr. Chase and Hilary Chase all of the amounts they have paid on the Vehicle, pay off the outstanding contract balance, take possession of the Vehicle, pay an additional $10,000.00 to Dr. Chase and Hilary Chase for incidental and statutory damages, and pay attorneys' fees, costs, and expenses in the amount of $12,500.00.

Please contact me upon receipt of this letter. Once again, do not contact our clients.

Very truly yours,

Elliot Conn







**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

7.09 Chase

7.09

Postmark
Here

7018 0360 0001 1996 2562

Hyundai Capital America
dba Kia Motors Finance
3161 Michelson Drive, Suite 1900
Irvine, CA 92612

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

Hyundai Capital America
dba Kia Motors Finance
3161 Michelson Drive, Suite 1900
Irvine, CA 92612

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                      ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☑ Certified Mail®                      ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery      Delivery
☐ Collect on Delivery                  ☑ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
  red Mail                             ☐ Signature Confirmation™
  red Mail Restricted Delivery         ☐ Signature Confirmation
  ($500)                                  Restricted Delivery

9590 9402 4273 8121 3968 80

2. Article Number (Transfer from service label)
7018 0360 0001 1996 2562

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt

00287



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | | Chase 7.09 |
| --- | --- | --- |
| $ | | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery $ | 7.09 | |

Michael C. Stead, Inc.
dba Hilltop Ford Kia
3280 Auto Plaza
Richmond, Ca 94806

7018 0360 0001 1996 2579

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

Michael C. Stead, Inc.
dba Hilltop Ford Kia
3280 Auto Plaza
Richmond, Ca 94806

9590 9402 4273 8121 3968 73

2. Article Number *(Transfer from service label)*
7018 0360 0001 1996 2579

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Vera Peplin

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

00288

# EXHIBIT D



Hi Elliot,

Thank you for your patience while we took the time to evaluate your client's claim. After reviewing the provided documents and following up with your client's servicing dealer directly, we were able to identify one dealer visit for a warrantable defect with your client's vehicle – the CEL resulting in engine replacement at 14,627 miles. Per the repair order, the vehicle was delivered to the dealership on 7/14/18 and per the service advisor's notes the vehicle was completed and your client was contacted for pick-up on 8/6/18 – total of 24 days out of service for this repair.

When evaluating the other service records we show:

- 12/9/18 – customer requested detail but not completed due to rain
- 2/27/18 – Touch of Glass detail completed, along with oil change, installation of tail lens ordered by your client, and the normal operation of the smart lift gate that the dealer de-activated per customer's preference
- 6/8/18 – replacement of 2 tires due to puncture/sidewall damage
- 8/17/18 – installation of an after-market alarm, installation of cargo cover, treatment of scratches and dents, and replacement of broken rear door glass that appears to have been an insurance claim
- 12/1/18 – tire replaced

None of these visits pertain to any warrantable defect with the vehicle and all items replaced/installed were customer pay items.

In reference to your client's concerns with the forward collision warning and/or autonomous braking, KMA has concluded that Mr. Chase's vehicle is operating as designed. As stated on the RO's dated 7/14/18 and 10/8/18, Michael Stead's Hilltop and KMA's Technical Hotline noted no concerns with the system's operation. For an explanation of the Autonomous Emergency Braking (AEB) system, please review the attached documentation pulled directly from Mr. Chase's owner's manual:

On page 6-51: *"This system is only a supplemental system and it is not intended to, nor does it replace the need for extreme care and attention of the driver. The sensing range and objects detectable by the sensors are limited…AEB does not stop the vehicle completely and does not avoid collisions."*

On page 6-55: *"The AEB operates in accordance with the risk levels, such as the distance from the vehicle/passer-by in front, the speed of the vehicle/passer-by in front, and the driver's vehicle operation. Do not drive dangerously to activate the AEB system on purpose."*

On page 6-57: *"When the AEB is not working properly, the AEB warning light will illuminate and the warning message will appear for a few seconds. After the message disappears, the master warning light will illuminate."*

On page 6-58: *"Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all."*

1

On page 6-62: *"The AEB does not operate in certain situations. Thus, never test-operate the AEB against a person or an object. It may cause a severe injury or even death."*

As mentioned in the included excerpts from the owner's manual above, the AEB system is in place to reduce or avoid accident risk and is designed to act as a "last-resort", similar to the way an airbag would deploy, and is only intended to engage when vehicle detects an impending accident with no attempts made by the driver to stop up until the very last moment prior to collision. As outlined in the owner's manual, the AEB system is a supplemental system and is not a substitute for safe driving practices. If the vehicle is driven safely, the AEB system should theoretically never have to engage – the same way airbags shouldn't deploy unless involved in an accident where certain criteria are met. During the dealer's inspection of Mr. Chase's vehicle, there were no fault codes in the system and the vehicle performed identically to another comparable vehicle on the lot.

With all these details in mind and in consideration of the engine replacement where the vehicle was down 24 days by means of warrantable repair, KMA would be agreeable to settle this matter for $5,000.00 inclusive of your fees. Please advise at your convenience.

Best,



Taylor Bergerot   Sr. Escalated Case Administrator, Western Region
**Kia Motors America, Inc.**
111 Peters Canyon Rd, Irvine, CA 92606
**T** (949) 430-3291   **F** (949) 299-3239   **E** TBergerot@kiausa.com



00291

Exhibit E

## KEMNITZER, BARRON & KRIEG, LLP
ATTORNEYS AT LAW
www.kbklegal.com

ELLIOT CONN
354 PINE STREET, 5TH FLOOR
SAN FRANCISCO, CA 94104
MAIN:  (415) 632-1900
FAX:  (415) 632-1901
elliot@kbklegal.com

OFFICE LOCATIONS:
SAN FRANCISCO
SACRAMENTO
LOS ANGELES
SAN DIEGO

## NOTICE OF RESCISSION OF CONTRACT,

## REJECTION AND/OR REVOCATION OF ACCEPTANCE OF VEHICLE

I.

Notice is hereby given that John Chase and Hilary Chase rescind that certain contract signed by them on November 21, 2016 at Hilltop Ford Kia, an authorized Kia dealership in Richmond, California, by the terms of which John Chase and Hilary Chase entered into the purchase of a 2017 Kia Sportage.  The vehicle identification number is KNDPRCA62H7148873.  The total purchase price was $45,362.80.  A copy of the Retail Installment Sales Contract is attached hereto and marked as Exhibit A.

II.

John Chase and Hilary Chase hereby exercise their right to revoke acceptance of this car, particularly the 2017 Kia Sportage, which the dealership sold to John Chase and Hilary Chase under fraud, mistake, duress, and undue influence.

III.

The grounds for rescission of the contract and revocation of acceptance of the vehicle are as follows:

### A.    BREACH OF EXPRESS WARRANTY IN VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT

Since the date of purchase, the vehicle has been in for repair an unreasonable number of times due to defective conditions in the vehicle related to the failure of the vehicles' "Autonomous Emergency Braking System" ("AEB") and other supplemental safety features, including but not limited to a Forward Collision Warning System ("FCWS").  Such conditions

Notice of Rescission
May 23, 2019
Page 2 of 4

substantially impair the use, safety and value of the vehicle.  Kia and its representatives have refused to repair the defective systems, in breach of the express warranty provided.  Kia and its representatives have been unable to repair the defects and have refused to replace the vehicle or refund to John Chase and Hilary Chase the money paid for the vehicle pursuant to Civil Code section 1793.2.  As a result, the consideration received by John Chase and Hilary Chase under the contract has failed in whole or material part through the fault of Kia and its representatives at Hilltop Kia.

John Chase and Hilary Chase entered into the contract under the mistaken belief that the vehicle was free from defects and was in a fit and merchantable condition.  In fact, the vehicle was defective, unfit for use and in an unmerchantable condition at the time of sale.  Had John Chase and Hilary Chase known the true condition of the vehicle, they would not have entered into the contract.

### B.    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY IN VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT

John Chase and Hilary Chase purchased the vehicle with the reasonable expectation that the vehicle was fit to be used for the ordinary and intended purpose of providing Plaintiffs reliable and safe transportation.  Kia knew when it manufactured and sold the vehicle that the intended and ordinary purpose of the vehicle was to provide its driver with reliable and safe transportation.

At all times that John Chase and Hilary Chase had possession of the vehicle, Plaintiffs used it for the intended and ordinary purpose of transportation.  However, the vehicle was not fit for the ordinary purposes for which it was sold.  It was in fact defective and not fit to provide Plaintiffs with dependable, safe transportation.

Notice of Rescission
May 23, 2019
Page 3 of 4

## C.   BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE IN VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT

In purchasing the vehicle, John Chase and Hilary Chase required that the vehicle have functioning supplemental safety systems, including a functioning Autonomous Emergency Braking System to allow Hilary Chase to safely drive the Vehicle in light of her disability.

Kia and its agents knew or had reason to believe that John Chase and Hilary Chase were relying on Kia and its agents' skill and/or judgment that the AEB System functioned.  As a result, the sale of the vehicle was accompanied by an implied warranty of fitness for a particular purpose extending from Kia and its agents to John Chase and Hilary Chase.

However, the vehicle was not fit for the particular purpose that it was warranted in that "[t]he AEB does not operate in certain situations" and that "Due to the sensing limitation, the AEB may not produce warning messages or warning alarm at all."

### D.   VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

Kia and its agents have also violated the following provisions of the Cosnumers Legal Remedies Act in connection with the sale of the vehicle:

a.      §1770(a)(7) of the CLRA by representing that the AEB System and the 2017 Kia Sportage are of a particular standard or quality when they are not of that standard or quality.

b.      1770(a)(14) of the CLRA by representing that the purchase of the 2017 Kia Sportage conferred or involved rights, remedies, or obligations which the purchase does not have. Specifically, Defendant KIA expressly warranted the 2017 Kia Sportage against defects and then failed to honor that warranty.

Notice of Rescission
May 23, 2019
Page 4 of 4

IV.

Based upon the above facts and circumstances, the car has failed in material respects to comply with the representations made by Kia and its representatives at Hilltop Kia and Kia Motors Finance and justifies John Chase and Hilary Chase revoking acceptance of the contract.

V.

The public interest will be prejudiced in permitting this contract to stand, insofar as it was obtained by mistake and/or fraud or mistake of fact, and therefore the contract should be rescinded.

VI.

John Chase and Hilary Chase hereby rescind the contract, and base their rescission on the above items as set forth in California Civil Code § 1689.  The revocation of acceptance is made pursuant to California Commercial Code § 2608.

VII.

Demand is hereby made that Hilltop Ford Kia, and Kia Motors Finance refund to John Chase and Hilary Chase their purchase price, finance charges, incidental and consequential damages, civil penalties, punitive damages, statutory damages, attorneys' fees, costs and expenses.

In the event that this Notice of Rescission is not accepted within thirty (30) days of the terms and conditions set forth herein, John Chase and Hilary Chase hereby give notice that thereafter the car may sold.  Commercial Code §2706.

Dated:  May 23, 2019                              KEMNITZER, BARRON & KRIEG

By: _____
ELLIOT CONN

Exhibit F



U.S. Department of Transportation
**National Highway Traffic Safety Administration**

**1200 New Jersey Avenue SE
Washington, DC 20590**

July 30, 2019

Mr. J.S. (Jurassic) Park
VP/PL & Regulatory Compliance
Kia Motors America
111 Peters Canyon Road
Irvine, CA 92606-1790

NEF-150JK
19V-539

**Subject:**  Collision-Avoidance Assist may not Engage

Dear Mr. Park:

This letter serves to acknowledge Kia Motors America's notification to the National Highway Traffic Safety Administration (NHTSA) of a safety recall which will be conducted pursuant to Federal law for the product(s) listed below. Please review the following information to ensure that it conforms to your records as this information is being made available to the public. If the information does not agree with your records, please contact us immediately to discuss your concerns.

**Makes/Models/Model Years:**
KIA/OPTIMA/2019

**Mfr's Report Date:**    July 19, 2019

**NHTSA Campaign Number:**    19V-539

**Components:**
FORWARD COLLISION AVOIDANCE: AUTOMATIC EMERGENCY BRAKING

**Potential Number of Units Affected:**    11,423

**Problem Description:**
Kia Motors America (Kia) is recalling certain 2019 Optima vehicles equipped with Gamma 1.6L Turbo-GDI or Theta II 2.0L Turbo-GDI engines.  A software error in the Forward Collision-Avoidance Assist (FCA) system may cause the braking assist function to not engage when a stationary vehicle is detected.

**Consequence:**
Improper intervention of the Forward Collision-Avoidance Assist can increase the risk of a crash.

**Remedy:**
Kia will notify owners, and dealers will update the FCA software, free of charge.  The recall is expected to begin August 27, 2019. Owners may contact Kia customer service at 1-800-333-4542.  Kia's number for this recall is SC179.

**Notes:**
Owners may also contact the National Highway Traffic Safety Administration Vehicle Safety Hotline at 1-888-327-4236 (TTY 1-800-424-9153), or go to www.safercar.gov.



00298

We have received Kia's proposed owner notification letter and it is currently under review. You will be notified of any changes or concerns once our review is complete.

Please be reminded of the following requirements:

Copies of all notices, bulletins, dealer notifications, and other communications that relate to this recall, including a copy of the final owner notification letter and any subsequent owner follow-up notification letter(s), are required to be submitted to this office no later than 5 days after they are originally sent (if they are sent to more than one manufacturer, distributor, dealer, or purchaser/owner).

Please be reminded that under 49 U.S.C. § 30112(a)(3), it is illegal for a manufacturer, to sell, offer for sale, import, or introduce or deliver into interstate commerce, a motor vehicle or item of motor vehicle equipment that contains a safety defect once the manufacturer has notified NHTSA about that safety defect. This prohibition does not apply once the motor vehicle or motor vehicle equipment has been remedied according to the manufacturer's instructions.

As stated in Part 573.7, submission of the first of six consecutive quarterly status reports is required within one month after the close of the calendar quarter in which notification to purchasers occurs. Therefore, the first quarterly report will be due on, or before, 30 days after the close of the calendar quarter.

Your contact for this recall will be Jennifer Kruger who may be reached by phone at (202) 366-2461, or by email at jennifer.kruger@dot.gov. We look forward to working with you.

Sincerely,

Joshua Neff
Chief, Recall Management Division
Office of Defects Investigations
Enforcement



Exhibit G

00300

**2019 Kia Optima Forward Collision-Avoidance Assist (FCA) Chronology**
**Basis of Safety Defect Determination 573.6(c)(6)**

| | |
|---|---|
| May 20, 2019 | During development of the Forward Collision-Avoidance Assist (FCA) system for Optima taxi for Korean market, supplier (Hyundai MOBIS) identified a potential software error. Supplier also identified the same potential error may exist with the FCA software currently installed on some of 2019MY Optima vehicles. Supplier notified Kia Motors Corporation (KMC) of the potential software error. |
| May 21-31, 2019 | KMC works with supplier to conduct investigation and detailed analysis of the potential FCA software error. |
| June 1- July 15, 2019 | KMC and supplier jointly conduct extensive duplication testing on actual vehicle and confirm software error which impairs the braking assist function to work properly when the FCA senses a potential frontal collision with a stationary vehicle. |
| July 16, 2019 | KMC makes decision to conduct recall.   No customer complaints, no warranty claims, no reported accidents or collisions. |

PROOF OF SERVICE

Re:   *Chase, et al. v. Kia Motors America, Inc., et al.*
      **JAMS Arbitration, No. Pending**

I, Elliot Conn, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On August 21, 2019, I served the following:

**DEMAND FOR ARBITRATION BEFORE JAMS**

by depositing true copies thereof, enclosed in separate, sealed envelopes, each of which was addressed respectively to the person(s) and address(es) shown below, for collection and processing for mailing following this business' ordinary practice with which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with the postage thereon fully prepaid, in the United States mail at San Francisco, California.

**AMIR NASSIHI**
**SAMANTHA K. BURNETT**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, CA 94104**
**Attorneys for Respondents KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC.**
**dba MICHAEL STEAD'S HILLTOP FORD KIA; and HYUNDAI CAPITAL AMERICA**
**dba KIA MOTORS FINANCE**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 21, 2019

_____
Elliot Conn

00302

# Exhibit D

# DEPOSIT REQUEST



**Invoice Date**
8/28/2019

**Invoice Number**
4941232

Bill To:  **Mr. Elliot Conn Esq.**
**Conn Law, PC**
**354 Pine Street**
**5th Floor**
**San Francisco, CA 94104**
**US**

| | |
|---|---|
| **Reference #:** | **1100106806 - Rep# 1** |
| Billing Specialist: | **Gonzalez, Erwin** |
| Email: | **egonzalez@jamsadr.com** |
| Telephone: | **949-224-4642** |
| Employer ID: | **68-0542699** |

RE: **Chase, John, et al. vs. KIA Motors America, Inc., et al.**
Representing: **John Chase ; Hilary Chase**

Neutral(s):  **JAMS 1-JAMS**
Hearing Type: **ARBITRATION**                        SS

| Date / Time | Description | Your Share |
|---|---|---|
| 8/28/19 | **JAMS INC**<br>Filing Fee | $ 250.00 |

| | |
|---|---|
| **Total Billed:** | $ 250.00 |
| **Total Payment:** | ($ 250.00) |
| **Balance:** | $ 0.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:                        Overnight mail:
**P.O. Box 845402**              **18881 Von Karman Ave. Suite 350**
**Los Angeles, CA 90084**              **Irvine, CA 92612**

# Exhibit E

## Elliot Conn

| | |
|---|---|
| **From:** | 100, Billing Admin (billingadmin100@jamsadr.com) <system@sent-via.netsuite.com> |
| **Sent:** | Thursday, July 21, 2022 5:08 AM |
| **To:** | anassihi@shb.com |
| **Cc:** | Elliot Conn; sburnett@shb.com; jswenson@scalilaw.com; ronaldwilcox@gmail.com; allisonkrumhorn@gmail.com; dcho@shb.com; zac.frampton@hklaw.com |
| **Subject:** | Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Deposit Request 6253566 |
| **Attachments:** | Deposit Request 6253566.pdf |

Dear JAMS Client,

Please find your Deposit Request attached for the above referenced matter. Please note that payment is due upon receipt. A link can be found at the bottom of the attached document for making electronic payments.

Checks may be made payable to JAMS, Inc., and sent to the following addresses:

Standard mail:
-------------
P.O. Box 845402
Los Angeles, CA 90084


Overnight mail:
---------------
18881 Von Karman Ave., Suite 350
Irvine, CA 92612


Thank you! We appreciate your business.

Please do not respond to this email, as this is an automated message. We invite you to contact your Billing Specialist for any questions about this Deposit Request.

00306

# DEPOSIT REQUEST



**Invoice Date**
7/20/2022

**Invoice Number**
6253566

Bill To:

**Mr. Amir Nassihi Esq.**
**Shook, Hardy & Bacon, LLP**
**555 Mission St**
**Suite 2300**
**San Francisco, CA 94105**
**US**

| Reference #: | **1100106806 - Rep# 2** |
|---|---|
| Billing Specialist: | **Nebria, Emely** |
| Email: | **enebria@jamsadr.com** |
| Telephone: | **949-224-4660** |
| Employer ID: | **68-0542699** |

RE: **Chase, John, et al. vs. KIA Motors America, Inc., et al.**

Representing: **KIA Motors America, Inc. ; Hyundai Capital America dba KIA Motors Finance ; Michael C. Stead, Inc., dba Michael Stead's Hilltop Ford**

Neutral(s): **Hon. James Warren, (Ret.)**

Hearing Type: **ARBITRATION**                TB

| Date / Time | Description | Your Share |
|---|---|---|
| 7/20/22 | **Hon. James L Warren (Ret.)** Deposit for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Failure to pay the deposit may result in a delay in service or cancellation of the session. With the exception of non-refundable fees, (Please review the Neutral's fee schedule regarding case management fee and cancellation policies), any unused portion of this deposit will be refunded at the conclusion of the case. | $ 20,000.00 |

| | |
|---|---|
| **Total Billed:** | $ 20,000.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 20,000.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

| Standard mail: | Overnight mail: |
|---|---|
| **P.O. Box 845402** | **18881 Von Karman Ave. Suite 350** |
| **Los Angeles, CA 90084** | **Irvine, CA 92612** |

# Exhibit F

**Elliot Conn**

| | |
|---|---|
| **From:** | Terri Benson <TBenson@jamsadr.com> |
| **Sent:** | Tuesday, August 30, 2022 1:43 PM |
| **To:** | Ronald Wilcox |
| **Cc:** | Elliot Conn |
| **Subject:** | RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings |

Hello,

JAMS has not yet received the 7/20/2022 deposit request.

Please let me know if you need anything further at this time.

Kind Regards,
Terri



**Terri Benson**
Case Manager

**JAMS -** *Local Solutions. Global Reach.™*
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
www.jamsadr.com

Follow us on **Facebook**, **LinkedIn**, and **Twitter**.
*JAMS was Recently Recognized at Legalweek's Leaders in Tech Law Awards.*
*Learn more about our virtual and hybrid capabilities.*

**From:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Sent:** Tuesday, August 30, 2022 1:03 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Elliot Conn <elliot@connlawpc.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

**Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Ms. Benson,

Can you please let me know if JAMS received funds to satisfy the 7/20/22 deposit request?

Thank you,

1

Ronald Wilcox
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@gmail.com


On Fri, Jul 22, 2022 at 5:07 PM Terri Benson <TBenson@jamsadr.com> wrote:

Hello Counsel,


Confirming receipt.


Thank you,



**Terri Benson**
Case Manager


**JAMS - *Local Solutions. Global Reach.*™**

Two Embarcadero Center | #1500 | San Francisco, CA, 94111

P: 415-774-2653

**www.jamsadr.com**


Follow us on **Facebook**, **LinkedIn**, and **Twitter**.

*JAMS was Recently Recognized at **Legalweek's Leaders in Tech Law Awards.***

*Learn more about our **virtual and hybrid capabilities.***

2

# Exhibit G

**Elliot Conn**

| | |
|---|---|
| **From:** | Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com> |
| **Sent:** | Tuesday, August 30, 2022 1:54 PM |
| **To:** | Nassihi, Amir (SHB); Elliot Conn |
| **Subject:** | RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings |

Will do.

**Ruby G. Darmstadt**
*Project Manager*
Shook, Hardy & Bacon L.L.P.
415.544.1972 | rdarmstadt@shb.com



**From:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Sent:** Tuesday, August 30, 2022 1:52 PM
**To:** Elliot Conn <elliot@connlawpc.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

Sorry, yes, Ruby, can you please coordinate? Thanks!

Sent from my iPad

On Aug 30, 2022, at 3:46 PM, Elliot Conn <elliot@connlawpc.com> wrote:


**EXTERNAL**

Can you pay this?

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com
*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Terri Benson <TBenson@jamsadr.com>
**Sent:** Tuesday, August 30, 2022 1:43 PM
**To:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Cc:** Elliot Conn <elliot@connlawpc.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

Hello,

JAMS has not yet received the 7/20/2022 deposit request.

Please let me know if you need anything further at this time.

Kind Regards,
Terri

<image001.png>

**Terri Benson**
Case Manager

**JAMS** - *Local Solutions. Global Reach.™*
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
www.jamsadr.com

Follow us on **Facebook**, **LinkedIn**, and **Twitter**.
*JAMS was Recently Recognized at Legalweek's Leaders in Tech Law Awards.*
*Learn more about our virtual and hybrid capabilities.*

---

**From:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Sent:** Tuesday, August 30, 2022 1:03 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Elliot Conn <elliot@connlawpc.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

**Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Ms. Benson,

Can you please let me know if JAMS received funds to satisfy the 7/20/22 deposit request?

Thank you,

Ronald Wilcox

00313

# Exhibit H

# DEPOSIT REQUEST



**Invoice Date**
7/20/2022

**Invoice Number**
6253566

Bill To:

**Mr. Amir Nassihi Esq.**
**Shook, Hardy & Bacon, LLP**
**555 Mission St**
**Suite 2300**
**San Francisco, CA 94105**
**US**

| **Reference #:** | **1100106806 - Rep# 2** |
|---|---|
| Billing Specialist: | **Nebria, Emely** |
| Email: | **enebria@jamsadr.com** |
| Telephone: | **949-224-4660** |
| Employer ID: | **68-0542699** |

RE: **Chase, John, et al. vs. KIA Motors America, Inc., et al.**

Representing: **KIA Motors America, Inc. ; Hyundai Capital America dba KIA Motors Finance ; Michael C. Stead, Inc., dba Michael Stead's Hilltop Ford**

Neutral(s): **Hon. James Warren, (Ret.)**

Hearing Type: **ARBITRATION**                    TB

| Date / Time | Description | Your Share |
|---|---|---|
| 7/20/22 | **Hon. James L Warren (Ret.)** Deposit for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Failure to pay the deposit may result in a delay in service or cancellation of the session. With the exception of non-refundable fees, (Please review the Neutral's fee schedule regarding case management fee and cancellation policies), any unused portion of this deposit will be refunded at the conclusion of the case. | $ 20,000.00 |

| | |
|---|---|
| **Total Billed:** | $ 20,000.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 20,000.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

 Superior Court of Alameda County Public Portal

# Make a Reservation

### Chase VS Kia Motors America, Inc.

Case Number: RG19010993   Case Type: Unlimited Civil   Category: Other Breach of Contract/Warranty (not fraud or negligence)
Date Filed: 2019-03-14   Location: Rene C. Davidson Courthouse - Department 22

## Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| Chase VS Kia Motors America, Inc. | RG19010993 |
| Type: | |
| Motion to Vacate (MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY) | Status: RESERVED |
| Filing Party: | Location: |
| John Chase (Plaintiff) | Rene C. Davidson Courthouse - Department 22 |
| Date/Time: | Number of Motions: |
| 12/01/2022 2:30 PM | 1 |
| Reservation ID: | Confirmation Code: |
| 835780524338 | CR-MG4BY9BDWMMTBVOGT |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Vacate (name extension) | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

## Payment

| | |
|---|---|
| Amount: | Type: |
| $1.00 | Visa |
| Account Number: | Authorization: |
| XXXX3128 | 100255 |
| Payment Date: | |
| 1969-12-31 | |

🖶 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

00316

Terms of Service

Contact Us

About this Site

Copyright © Journal Technologies, USA. All rights reserved.

<u>PROOF OF SERVICE</u>

**Re:**   *John Chase, et al. v. Kia Motors America, Inc., et al.*
    *Alameda County Superior Court Case No. RG19010993*

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On September 12, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S NOTICE OF MOTION AND
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF
ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION
1281.98 AND TO LIFT STAY**

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ORDER STAYING
MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE
OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND
HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING
COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Defendant KIA MOTORS AMERICA, INC.**

//

//

1 | John P. Swenson
**SCALI RASMUSSEN, PC**
2 | **800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
3 | jswenson@scalilaw.com
aojinaga@scalilaw.com
4 | mthompson@scalilaw.com
**Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
5 | **HILLTOP FORD KIA**

6 | **John Joseph**
**Zachary Frampton**
7 | **HOLLAND & KNIGHT**
**2929 Arch Street, Suite 800**
8 | **Philadelphia, PA 19104**
John.Joseph@hklaw.com
9 | Zac.Frampton@hklaw.com
**Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
10 | **FINANCE**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 12, 2022

Spencer Janssen

00319

1   CONN LAW, PC
    ELLIOT CONN          Bar No. 279920
2   354 Pine Street, 5th Floor
    San Francisco, CA, 94104
3   Telephone: (415) 417-2780
    Facsimile: (415) 358-4941
4   elliot@connlawpc.com

5   WILCOX LAW FIRM, PC
    RONALD WILCOX        Bar No. 176601
6   ALLISON KRUMHORN     Bar No. 311011
    2021 The Alameda, Suite 200
7   San Jose, CA 95126
    Telephone:  (408) 296-0400
8   Facsimile:  (408) 296-0486
    ronaldwilcox@gmail.com
9   allisonkrumhorn@gmail.com

10  Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

11

12

13                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    IN AND FOR THE COUNTY OF ALAMEDA

15

16  JOHN CHASE and HILARY CHASE,          **Case No. RG19010993**

17              Plaintiffs.               **PLAINTIFFS JOHN CHASE AND**
                                          **HILARY CHASE'S MEMORANDUM OF**
18      vs.                               **POINTS AND AUTHORITIES IN**
                                          **SUPPORT OF MOTION TO VACATE**
19  KIA MOTORS AMERICA, INC.; MICHAEL     **ORDER STAYING MATTER PENDING**
    C. STEAD, INC. dba MICHAEL STEAD'S    **COMPLETION OF ARBITRATION**
20  HILLTOP FORD KIA; HYUNDAI             **UNDER CALIFORNIA *CODE OF CIVIL***
    CAPITAL AMERICA dba KIA MOTORS        ***PROCEDURE* SECTION 1281.98 AND**
21  FINANCE; and DOES 1 through 30,       **TO LIFT STAY**
    inclusive,
22                                        **Judge:**          Hon. Jeffrey S. Brand
                DEFENDANTS.               **Dept.:**          22
23                                        **Date:**           December 1, 2022
                                          **Time:**           2:30 p.m.
24                                        **Reservation No.:** 835780524338
                                          **Complaint Filed:** March 14, 2019
25                                 /      **Trial Date:**     None Set

26

27

28

## I.    INTRODUCTION

Despite having demanded the enforcement of an Arbitration Agreement in this case, Defendants Kia Motors America, Inc. ("Kia"), Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia ("Hilltop Kia"), and Hyundai Capital America dba Kia Motors Finance ("Kia Finance") (collectively "Defendants") have materially breached the Arbitration Agreement it sought to enforce and has thus waived its right to compel arbitration. Under Code of Civil Procedure Section 1281.98, Plaintiffs John Chase and Hilary Chase ("Plaintiffs") are entitled, as a matter of law, to withdraw the case from arbitration and proceed with this matter in the Superior Court.

Specifically, in violation of the JAMS guidelines, which are based on California Code of Civil Procedure Sections 1281.97 and 1281.98, Defendants failed to timely pay their portion of arbitration fees. As a matter of law, that failure to pay timely fees was a material breach of the arbitration agreement and constitutes a waiver of any right of Defendants to proceed in arbitration in this case. *See* Civ. Proc. Code, § 1281.98.

Plaintiffs respectfully requests that the Court: (a) enter an order vacating the Court's August 20, 2019 Order staying this case pending the completion of arbitration; and (b) permit Plaintiffs to proceed in this action in the Alameda County Superior Court under Plaintiffs' original Complaint.

## II.    PROCEDURAL STATUS

On March 14, 2019, Plaintiffs filed a Complaint against Defendants arising out of Defendants' misrepresentations in connection with the sale of a 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), the subsequent "lemon law" issues with the Vehicle, and Defendants' refusal to repurchase the defective Vehicle.[1]

On July 22, 2019, Defendants "demanded that Plaintiffs submit their claims to arbitration" pursuant to "the Retail Instalment [*sic*] Sale Contract . . . which Plaintiffs executed on November 23, 2016 ." (Conn Decl., Exs. A and B).

---

[1] Upon the Court vacating the August 20, 2019 Order, Plaintiffs will seek leave to file a First Amended Complaint to allege additional causes of action, consistent with the claims that have been asserted in Arbitration.

2

Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

1    As a result, on August 18, 2019, Defendants filed a Stipulation and [Proposed] Order To

2    Stay Case Pending Arbitration, which the Court signed on August 20, 2019. (Conn Decl., Ex. B).

3    On August 21, 2019, Plaintiffs submitted a Demand for Arbitration through JAMS and

4    paid a $250.00 filing fee. (Conn Decl., Exs. C, D).

5    Pursuant to JAMS rules, "For matters involving consumers, the consumer is only required

6    to pay $250." (*Id.*). As a result, Defendants were responsible for any additional arbitration fees

7    beyond that $250.00, for the duration of the arbitration. While Defendants have been presumably

8    sent invoices and been required to make payments throughout the Arbitration, Plaintiffs were not

9    emailed copies of said invoices for the first few years of the Arbitration. (Conn Decl., ¶ 6).[2]

10   The first "Deposit Request" that Plaintiffs were emailed was a July 21, 2022, "Deposit

11   Request 6253566" for $20,000.00, that noted that "payment is due on receipt." (Conn Decl., ¶__,

12   Ex. E).

13   Defendants did not make this payment and on August 30, 2022, in response to Plaintiffs'

14   counsel's request, JAMS confirmed that "JAMS has not yet received the 7/20/2022 deposit

15   request." (Conn Decl., Ex. F).

16   As a result, Plaintiffs' counsel emailed Defendants' counsel to ask "Can you pay this?"

17   (Conn Decl., Ex. G). Despite confirming that payment would be made, to date, payment has not

18   been made and the invoice remains open. (Conn Decl., Ex. G, H).

19   This Motion follows.

20   //

21   //

22   //

23   //

24
25   [2] California Code of Civil Procedure § 1281.98 was amended, effective January 1, 2022, to
     require that "The arbitration provider shall provide an invoice for any fees and costs required for
26   the arbitration proceeding to continue to all of the parties to the arbitration." § 1281.98(a)(2).
     Prior to JAMS complying with the new requirements, Plaintiffs were not provided copies of the
27   invoices. Thus, it remains unclear whether Defendants have continued to be dilatory in making
     payments for the duration of the Arbitration, thus unnecessarily prolonging the proceedings.
28   Cal. Civ. Proc. Code § 1281.98 (West)

### III.   DEFENDANTS' FAILURE TO TIMELY PAY ARBITRATION FEES IS A MATERIAL BREACH OF THE AGREEMENT

On October 13, 2019, SB 707 was signed into law and became effective on January 1, 2020. It amended the California Code of Civil Procedure and added Sections 1281.97-99. As a California appellate court recently noted in *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal. App. 5th 621:

> In enacting sections 1281.97 and 1281.99, the California Legislature was aiming to solve a very specific problem—namely, the "procedural limbo and delay" that consumers and employees face when they are "forced to submit to mandatory arbitration to resolve a[ ] ... dispute," and the business or company that pushed the case into an arbitral forum then "stalls or obstructs the arbitration proceeding by refusing to pay the required fees." (Assem. Floor Analysis, 3d reading analysis of Sen. Bill No. 707 (2019-2020 Reg. Sess.) as amended May 20, 2019, p. 2; Sen. Bill No. 707 (2019-2020 Reg. Sess.) § 1, subds. (c) & (d).) Section 1281.97 grants deliverance from this procedural purgatory by deeming late payment to be a material breach of the arbitral agreement that gives the affected employee or consumer the choice of (1) remaining in the arbitral forum on the business's or company's dime or (2) treating the arbitration agreement as being rescinded and returning to a judicial forum, as the Ninth Circuit had previously held to be an appropriate remedy (e.g., *Sink v. Aden Enterprises, Inc.* (9th Cir. 2003) 352 F.3d 1197, 1200, 1201 (*Sink*); *Brown v. Dillard's, Inc.* (9th Cir. 2005) 430 F.3d 1004, 1012 (*Brown*)). (Sen. Bill No. 707 (2019-2020 Reg. Sess.) § 1, subd. (e); Assem. Com. on Judiciary, Analysis of Sen. Bill No. 707 (2019-2020 Reg. Sess.) as amended May 20, 2019, p. 8.)

Thus, under Section 1281.98(a), in an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration. Code Civ. Proc., § 1281.98(a)(1). And because each of the Defendants have relied on the arbitration provision, they are considered the "drafting party," regardless of whether they drafted the provision themselves. *See* Code Civ. Proc., § 1280(e) ("'Drafting party' means the company or business that included a predispute arbitration provision in a contract with a consumer or employee. The term includes any third party relying upon, or otherwise subject to the arbitration provision, other than the employee or consumer.").

1    Section 1281.98 does not indicate that the failure to timely pay fees may be excused or

2    that the Court has discretion to excuse a defendant business' waiver. *See* Code Civ. Proc., §

3    1281.98. Instead, the statute leaves the choice of remedy for a business' waiver entirely in the

4    hands of the consumer plaintiff. *Id*. The employee is entitled to "[w]ithdraw the claim from

5    arbitration and proceed in a court of appropriate jurisdiction." Code Civ. Proc., § 1281.98(b)(1).

6    Code of Civil Procedure Section 1281.98(a)(2) provides that "absent an express provision

7    in the arbitration agreement stating the number of days in which the parties to the arbitration must

8    pay any required fees or costs, the arbitration provider shall issue all invoices to the parties as due

9    upon receipt."

10    Here, Defendants were sent an invoice on July 20, 2022 for $20,000.00, that was expressly

11    "due upon receipt." (Conn Decl., Ex. E). By operation of Section 1281.98(a) and JAMS's rules,

12    Defendants then had 30 days – until August 19, 2022 – to pay the fees to avoid a material breach

13    and waiver of any right to arbitrate. Defendants did not pay within the required 30 days and as of

14    the date of this motion, still has not paid.

15    As a courtesy, Plaintiffs' counsel even reminded Defendants that the fees were due and

16    asked that payment be made. Despite this, payment was not timely remitted and as of the date of

17    the filing of this motion, still has not made payment. There is no question that Defendants'

18    payment was not timely made.

19    Section 1281.98 states very simply that if the payment is not made within 30 days of the

20    due date, the business's right to arbitration is waived and it is then up to the Plaintiff consumer to

21    decide how to proceed.

22    Furthermore, several discovery motions are pending before the Arbitrator and Defendants'

23    dilatory actions have caused unnecessary delay resulting in prejudice to Plaintiffs as a result of the

24    non-payment.

25

26

27

28

1    Defendants breached their own agreement and as a matter of law waived their right to

2    compel arbitration. Plaintiffs therefore elect to withdraw from arbitration and proceed with

3    litigating their claims in this Court.[3]

4    **IV.    CONCLUSION**

5    Plaintiffs respectfully request that the Court grant the instant Motion and vacate the

6    August 20, 2019 Order staying this matter given Defendants' failure to timely pay fees. Upon the

7    Court granting the Motion, Plaintiffs will move, pursuant to Code of Civil Procedure Section

8    1281.98(c)(1) to recover attorneys' fees and costs associated with the withdrawn arbitration

9    proceeding.

10

11   Dated:  September 12, 2022               CONN LAW, PC

12

13                                    By: _____

14                                          ELLIOT CONN
                                            Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26   _____
     [3] Under section 1281.98(b)(1), "[i]f the employee or consumer withdraws the claim from
27   arbitration and proceeds with an action in a court of appropriate jurisdiction ... the statute of
     limitations with regard to all claims brought or that relate back to any claim brought in arbitration
28   shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other
     dispute resolution forum."

Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

00325

 **Superior Court of Alameda County Public Portal**

# Make a Reservation

## Chase VS Kia Motors America, Inc.

Case Number: RG19010993   Case Type: Unlimited Civil   Category: Other Breach of Contract/Warranty (not fraud or negligence)
Date Filed: 2019-03-14   Location: Rene C. Davidson Courthouse - Department 22

### Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| Chase VS Kia Motors America, Inc. | RG19010993 |

Type:
Motion to Vacate (MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY)

Status:
RESERVED

| | |
|---|---|
| Filing Party: | Location: |
| John Chase (Plaintiff) | Rene C. Davidson Courthouse - Department 22 |
| Date/Time: | Number of Motions: |
| 12/01/2022 2:30 PM | 1 |
| Reservation ID: | Confirmation Code: |
| 835780524338 | CR-MG4BY9BDWMMTBVOGT |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Vacate (name extension) | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

### Payment

| | |
|---|---|
| Amount: | Type: |
| $1.00 | Visa |
| Account Number: | Authorization: |
| XXXX3128 | 100255 |
| Payment Date: | |
| 1969-12-31 | |

🖶 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

00326

Terms of Service

Contact Us

About this Site

Copyright © Journal Technologies, USA. All rights reserved.

1

<u>PROOF OF SERVICE</u>

2

**Re:**   *John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

3

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

4

was at the time of service over the age of 18 years old, and a resident of the State of California.

5

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

6

On September 12, 2022, I served the following:

7

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S NOTICE OF MOTION AND
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF
ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION
1281.98 AND TO LIFT STAY**

8

9

10

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ORDER STAYING
MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE
OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

11

12

**DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND
HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING
COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

13

14

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

15

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

16

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

17

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

18

*indication that the transmission was unsuccessful was received within a reasonable time after*

19

*the transmission.*

20

**Amir Nassihi
Samantha K. Burnett
Darlene Cho
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
Attorneys for Defendant KIA MOTORS AMERICA, INC.**

21

22

23

24

25

26

27

//

28

//

00328

1 | John P. Swenson
**SCALI RASMUSSEN, PC**
2 | **800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
3 | jswenson@scalilaw.com
aojinaga@scalilaw.com
4 | mthompson@scalilaw.com
Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
5 | HILLTOP FORD KIA

6 | John Joseph
Zachary Frampton
7 | HOLLAND & KNIGHT
2929 Arch Street, Suite 800
8 | Philadelphia, PA 19104
John.Joseph@hklaw.com
9 | Zac.Frampton@hklaw.com
Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS
10 | FINANCE

11

        I declare under penalty of perjury that the foregoing is true and correct.

12

13

Dated:  September 12, 2022

14                                        Spencer Janssen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00329

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/12/2022 at 02:36:33 PM
By: Darmekia Oliver,
Deputy Clerk

1   CONN LAW, PC
    ELLIOT CONN          Bar No. 279920
2   354 Pine Street, 5th Floor
    San Francisco, CA, 94104
3   Telephone: (415) 417-2780
    Facsimile: (415) 358-4941
4   elliot@connlawpc.com

5   WILCOX LAW FIRM, PC
    RONALD WILCOX         Bar No. 176601
6   ALLISON KRUMHORN      Bar No. 311011
    2021 The Alameda, Suite 200
7   San Jose, CA 95126
    Telephone:  (408) 296-0400
8   Facsimile:  (408) 296-0486
    ronaldwilcox@gmail.com
9   allisonkrumhorn@gmail.com

10  Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

11

12

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  IN AND FOR THE COUNTY OF ALAMEDA

16  JOHN CHASE and HILARY CHASE,          **Case No. RG19010993**

17              Plaintiffs.               **PLAINTIFFS JOHN CHASE AND**
                                          **HILARY CHASE'S NOTICE OF**
18      vs.                               **MOTION AND MOTION TO VACATE**
                                          **ORDER STAYING MATTER PENDING**
19  KIA MOTORS AMERICA, INC.; MICHAEL     **COMPLETION OF ARBITRATION**
    C. STEAD, INC. dba MICHAEL STEAD'S    **UNDER CALIFORNIA CODE OF CIVIL**
20  HILLTOP FORD KIA; HYUNDAI             **PROCEDURE SECTION 1281.98 AND**
    CAPITAL AMERICA dba KIA MOTORS        **TO LIFT STAY**
21  FINANCE; and DOES 1 through 30,
    inclusive,                            **Judge:**      Hon. Jeffrey S. Brand
22                                        **Dept.:**      22
                DEFENDANTS.               **Date:**       December 1, 2022
23                                        **Time:**       2:30 p.m.
                                          **Reservation No.:**  835780524338
24                                        **Complaint Filed:**  March 14, 2019
                                    /     **Trial Date:**  None Set
25

26

27

28

                                        1
                Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 1, 2022 at 2:30 p.m., or as soon thereafter as the matter may be heard in Department 22 of the above-entitled court, located at 1221 Oak Street, Oakland, California 94612, Plaintiffs John Chase and Hilary Chase (hereinafter, "Plaintiffs") will, and hereby does move this Court for an Order vacating the Court's August 20, 2019 Order staying this matter pending the completion of arbitration based on the failure of Defendants Kia Motors America, Inc., Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia, and Hyundai Capital America dba Kia Motors Finance (hereinafter, "Defendants") to pay arbitration fees or costs within 30 days of the due date as required by California Code of Civil Procedure section 1281.98.

This Motion will be based upon the attached Memorandum of Points and Authorities, upon the exhibits attached hereto, upon the Declarations of Elliot Conn attached hereto and incorporated herein by this reference, upon all the pleadings, records, and files herein, and upon such other oral and documentary evidence as may be presented at the time of the hearing of this motion.

Dated:  September 12, 2022                    CONN LAW, PC


                                              By: _____
                                                  ELLIOT CONN
                                                  Attorneys for Plaintiffs

 **Superior Court of Alameda County Public Portal**

# Make a Reservation

---

### Chase VS Kia Motors America, Inc.

Case Number: RG19010993   Case Type: Unlimited Civil   Category: Other Breach of Contract/Warranty (not fraud or negligence)
Date Filed: 2019-03-14   Location: Rene C. Davidson Courthouse - Department 22

---

### Reservation

| | |
|---|---|
| Case Name:<br>Chase VS Kia Motors America, Inc. | Case Number:<br>RG19010993 |

**Type:**
Motion to Vacate (MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY)

**Status:**
RESERVED

| | |
|---|---|
| Filing Party:<br>John Chase (Plaintiff) | Location:<br>Rene C. Davidson Courthouse - Department 22 |
| Date/Time:<br>12/01/2022 2:30 PM | Number of Motions:<br>1 |
| Reservation ID:<br>835780524338 | Confirmation Code:<br>CR-MG4BY9BDWMMTBVOGT |

---

### Fees

| Description | Fee | Qty | Amount |
|---|---:|---|---:|
| Motion to Vacate (name extension) | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

---

### Payment

| | |
|---|---|
| Amount:<br>$1.00 | Type:<br>Visa |
| Account Number:<br>XXXX3128 | Authorization:<br>100255 |
| Payment Date:<br>1969-12-31 | |

---

🖨 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Terms of Service

Contact Us

About this Site

Copyright © Journal Technologies, USA. All rights reserved.

<u>PROOF OF SERVICE</u>

**Re:** *John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On September 12, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S NOTICE OF MOTION AND MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the e-mail address(es) listed based on notice previously provided that, during the Coronavirus (Covid-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.*

**Amir Nassihi
Samantha K. Burnett
Darlene Cho
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
Attorneys for Defendant KIA MOTORS AMERICA, INC.**

//

//

00334

1    John P. Swenson
     SCALI RASMUSSEN, PC
2    800 Wilshire Boulevard, Suite 400
     Los Angeles, CA 90017
3    jswenson@scalilaw.com
     aojinaga@scalilaw.com
4    mthompson@scalilaw.com
     Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
5    HILLTOP FORD KIA

6    John Joseph
     Zachary Frampton
7    HOLLAND & KNIGHT
     2929 Arch Street, Suite 800
8    Philadelphia, PA 19104
     John.Joseph@hklaw.com
9    Zac.Frampton@hklaw.com
     Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS
10   FINANCE

11
          I declare under penalty of perjury that the foregoing is true and correct.
12

13
     Dated:  September 12, 2022
14                                                        Spencer Janssen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/14/2022 at 03:52:35 PM
By: Curtiyah Ganter,
Deputy Clerk

CONN LAW, PC
ELLIOT CONN          Bar No. 279920
354 Pine Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

WILCOX LAW FIRM, PC
RONALD WILCOX        Bar No. 176601
ALLISON KRUMHORN     Bar No. 311011
2021 The Alameda, Suite 200
San Jose, CA 95126
Telephone:  (408) 296-0400
Facsimile:  (408) 296-0486
ronaldwilcox@gmail.com
allisonkrumhorn@gmail.com

Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN CHASE and HILARY CHASE, | **Case No. RG19010993** |
| Plaintiffs, | **NOTICE OF APPEARANCE AND ASSOCIATION OF COUNSEL** |
| v. | Unlimited Civil Case |
| KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE, and DOES 1 THROUGH 30, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

00336

1    **PLEASE TAKE NOTICE THAT** Plaintiffs, John Chase and Hilary Chase's, counsel of

2    record, Elliot Conn, Esq., of Conn Law, PC, hereby associates Ronald Wilcox, Esq. and Allison

3    Krumhorn, Esq., as co-counsel for Plaintiffs, John Chase and Hilary Chase.  The name, office

4    address, telephone number, fax number, and e-mail address of the associated counsel are as

5    follows:

6        WILCOX LAW FIRM, PC
         RONALD WILCOX, Bar No. 176601
7        ALLISON KRUMHORN, Bar No. 311011
         2021 The Alameda, Suite 200
8        San Jose, CA 95126
         Telephone:  (408) 296-0400
9        Facsimile:  (408) 296-0486

10   RESPECTFULLY SUBMITTED,

     DATED:  September 12, 2022                    CONN LAW, PC
11                                                 Attorneys for Plaintiff

12

13                                                 Elliot Conn, Esq.

14        Ronald Wilcox, Esq., Allison Krumhorn, Esq., Wilcox Law Firm, hereby accepts the

15   association, and identifies the following as the proper address for e-service:

16   ronaldwilcox@gmail.com; allisonkrumhorn@gmail.com.

     RESPECTFULLY SUBMITTED,
17

18   DATED:  September 12, 2022                    WILCOX LAW FIRM, PC

19

20                                                 Ronald Wilcox, Esq.

21   DATED:  September 12, 2022                    WILCOX LAW FIRM, PC

22

23                                                 Allison Krumhorn, Esq.

24

25

26

27

28

                                                   2

PROOF OF SERVICE

**Re:** ***John Chase, et al. v. Kia Motors America, Inc., et al.***
**Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On September 12, 2022, I served the following:

**NOTICE OF APPEARANCE AND ASSOCIATION OF COUNSEL**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the e-mail address(es) listed based on notice previously provided that, during the Coronavirus (Covid-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
jswenson@scalilaw.com
aojinaga@scalilaw.com
mthompson@scalilaw.com
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
**HILLTOP FORD KIA**

//

//

//

00338

1  | **John Joseph**
   | **Zachary Frampton**
2  | **HOLLAND & KNIGHT**
   | **2929 Arch Street, Suite 800**
3  | **Philadelphia, PA 19104**
   | **John.Joseph@hklaw.com**
4  | **Zac.Frampton@hklaw.com**
   | **Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
5  | **FINANCE**

6

        I declare under penalty of perjury that the foregoing is true and correct.

7

8

Dated:  September 12, 2022

9                                              Spencer Janssen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Zachary C. Frampton (SBN 303225)
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
TELEPHONE NO.: 213.896.2413          FAX NO. *(Optional):* 213.896.2450
E-MAIL ADDRESS *(Optional):* zac.frampton@hklaw.com
ATTORNEY FOR *(Name):* Hyundai Capital America db Kia Motors Finance

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/07/2022 at 01:48:00 PM
By: Anita Dhir,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakloan, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☒ | **CASE MANAGEMENT STATEMENT** | RG19010993 |
| | **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 10/24/22          Time: 2:30 p.m.     Dept.: 22          Div.:          Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Zachary C. Frampton

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☒  This statement is submitted by party *(name):* Defendant, Hyundai Capital America dba Kia Motors Finance
    b.  ☐  This statement is submitted **jointly** by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*
        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*
        (3)  ☐  have had a default entered against them *(specify names):*
    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☒  complaint     ☐  cross-complaint     *(Describe, including causes of action):*
        Warranty, Consumers Legal Remedies Act, and Fair Credit Reporting Act.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 *www.courts.ca.gov* |

American LegalNet, Inc.
www.FormsWorkFlow.com
00340

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege claims for breach of warranty, violations of the CLRA related to alleged misrepresentations regarding the sale of a vehicle, and FCRA claims. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case is currently in arbitration with the Evidentiary hearing anticipated to occur in 2022.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):* 1
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address: \
d. Telephone number:
f. Fax number:
e. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Amount in controversy exceeds $50,000

American LegalNet, Inc.
www.FormsWorkFlow.com
00341

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER:<br>RG19010993 |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

11. **Insurance**
   a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights:   ☐ Yes   ☐ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐   Bankruptcy   ☐   Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐   There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
        ☐   Additional cases are described in Attachment 13a.

   b. ☐   A motion to   ☐ consolidate   ☐ coordinate    will be filed by *(name party):*

14. **Bifurcation**
   ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐   The party or parties have completed all discovery.
   b ☐   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

       <u>Party</u>           <u>Description</u>           <u>Date</u>

   c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

00343

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/6/2022

Zachary C. Frampton
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



American LegalNet, Inc.
www.FormsWorkFlow.com

00344

1
2

**PROOF OF SERVICE**
*John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

3    STATE OF CALIFORNIA          )
                                  ) ss.
4    COUNTY OF LOS ANGELES  )

5
6          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor,
     Los Angeles, CA 90071.

7
8          On **October 7, 2022**, I served the foregoing document described as **CASE
     MANAGEMENT STATEMENT** on all interested parties in this action

9    ☐ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing
     list.
10   ☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as
     follows:

11

12                              **(SEE ATTACHED SERVICE LIST)**

13

14   ☐ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
        persons at the addresses listed above and placed the envelope for collection and mailing,
15      following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's
        practice for collecting and processing correspondence for mailing.  On the same day that the
16      correspondence is placed for collection and mailing, it is deposited in the ordinary course of
        business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17

18   ☒ **BY MAIL:  (BY E-MAIL VIA PDF FILE)**  By transmitting on this date via e-mail a true and
        correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document
19      to the email addresses of the persons on the service list.  The transmission was reported as
        complete and without error.

20

21   ☒      (State) I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

22

23          Executed on **October 7, 2022**, at Los Angeles, California.

24

25   __Bobbette Mack_____          _____
     Print or Type Name                          Signature

26

27

28

                              CASE MANAGEMENT STATEMENT                    00345

1

**SERVICE LIST**
*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court Case No. RG19010993

2

3

Amir Nassihi, Esq.                          Attorneys for Respondent
Samantha K. Burnett, Esq.                   Kia Motors America, Inc.

4

Darlene Cho, Esq.
SHOOK, HARDY & BACON L.L.P.

5

One Montgomery, Ste 2600
San Francisco, CA  94104

6

Tel:  (415) 544-1900
Fax:  (415) 391-0281

7

E-mail:  anassihi@shb.com
E-mail:  sburnett@shb.com

8

E-mail:  dcho@shb.com
E-mail:  rdarmstadt@shb.com

9

E-mail:  mmontalvo@shb.com

10

11

Elliot Conn, Esq.                           Attorneys for Plaintiffs
CONN LAW, PC                                John Chase and Hilary Chase

12

354 Pine St., 5th Fl.
San Francisco, CA  94104

13

Tel:  (415) 417-2780
Fax:  (415) 358-4941

14

E-mail:  elliot@connlawpc.com

15

Ronald Wilcox, Esq.
WILCOX LAW FIRM, P.C.

16

2021 The Alameda, Ste 200
San Jose, CA  95126

17

Tel:  (408) 296-0400
E-mail:  ronaldwilcox@gmail.com

18

19

John P. Swenson, Esq.                       Attorneys for Defendant
SCALI RASMUSSEN, PC                         Michael C. Stead, Inc. dba Michael

20

800 Wilshire Blvd., Ste 400                 Stead's Hilltop Ford Kia
Los Angeles, CA  90017

21

Tel:  (213) 239-5622
E-mail:  jswenson@scalilaw.com

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT                                          00346

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot Conn Bar No. 279920<br>Conn Law, PC<br>354 Pine St., 5th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: **415-417-2780**     FAX NO. *(Optional):* **415-358-4941**<br>E-MAIL ADDRESS: **elliot@connlawpc.com**<br>ATTORNEY FOR *(Name):* **John Chase and Hilary Chase** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**10/07/2022 at 04:09:32 PM**<br>By: Tania Pierce,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1225 Fallon St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland 94612**
BRANCH NAME: **Rene C. Davidson Alameda Courthouse**

PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**
DEFENDANT/RESPONDENT: **Kia Motors America, Inc.**

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ✔ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded      (Amount demanded is $25,000<br>exceeds $25,000)       or less) | **RG19010993** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: **10/24/2022**     Time: **2:30 P.M.**     Dept.: **Dept. 22**     Div.:          Room:

Address of court *(if different from the address above):*

✔ **Notice of Intent to Appear by Telephone,** by *(name):* **Elliot Conn or Ron Wilcox**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✔ This statement is submitted by party *(name):* **John Chase and Hilary Chase**
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* **March 14, 2019**
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ✔ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ✔ complaint ☐ cross-complaint *(Describe, including causes of action):*
      **Breach of Warranty, Consumers Legal Remedies Act**

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

00347

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   **Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs have also brought credit reporting claims against Kia Motors Finance and seek actual damages, statutory**

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* **The case is currently in arbitration. Due to Defendants failure to timely pay arbitration fees, Plaintiffs have filed a motion to vacate the order staying the matter, to lift the stay of the case, and to return the case to Court, set for hearing on December 1, 2022.**

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*

   a. ☑ days *(specify number):* **7-10 days**

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:

   a. Attorney: **Ronald Wilcox and Allison Krumhorn**
   b. Firm: **Wilcox Law Firm, PC**
   c. Address: **2021 The Alameda, Suite 200, San Jose, CA 95126**
   d. Telephone number: **408-296-0400**          f. Fax number: **408-296-0486**
   e. E-mail address: ronaldwilcox@gmail.com; allisonkrumhorn@gmail.com      g. Party represented: **Plaintiffs John Chase and Hilary Chase**

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☑ This case is entitled to preference *(specify code section):* **CCP Section 70, John Chase is over 70 years of age**

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
          **Amount in controversy exceeds $50,000**

00348

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☑ Mediation completed on *(date)*: **4/14/2022** |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

00349

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

　　(1) Name of case:

　　(2) Name of court:

　　(3) Case number:

　　(4) Status:

　　☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
**On September 12, 2022, due to Defendants failure to timely pay arbitration fees, Plaintiffs filed a motion for an Order vacating the Court's August 20, 2019 Order staying this matter pending the completion of arbitration. The motion is set to be heard on December 1, 2022**

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| **Plaintiff** | **Written Discovery** | **Spring 2023** |
| **Plaintiff** | **Depositions** | **Spring 2023** |
| **Plaintiff** | **Expert Discovery** | **Per Code** |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021]　　　**CASE MANAGEMENT STATEMENT**　　　Page 4 of 5

00350

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | CASE NUMBER:<br>**RG19010993** |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
**The case is currently in arbitration which was initiated on August 21, 2019. On September 12, 2022, due to Defendants failure to timely pay arbitration fees, Plaintiffs filed a motion for an Order vacating the Court's August 20, 2019 Order staying this matter pending the completion of arbitration. The motion is set to be heard on December 1, 2022**

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/7/2022

Elliot Conn
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

00351

PROOF OF SERVICE

**Re:** ***John Chase, et al. v. Kia Motors America, Inc., et al.***
***Alameda County Superior Court Case No. RG19010993***

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On October 7, 2022, I served the following:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the e-mail address(es) listed based on notice previously provided that, during the Coronavirus (Covid-19) pandemic, this office will be primarily working remotely, unable to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
jswenson@scalilaw.com
aojinaga@scalilaw.com
mthompson@scalilaw.com
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA**

//

//

//

1   **John Joseph**
**Zachary Frampton**
2   **HOLLAND & KNIGHT**
**2929 Arch Street, Suite 800**
3   **Philadelphia, PA 19104**
**John.Joseph@hklaw.com**
4   **Zac.Frampton@hklaw.com**
**Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
5   **FINANCE**

6

      I declare under penalty of perjury that the foregoing is true and correct.

7

8

Dated:  October 7, 2022

9                         Spencer Janssen

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262<br>Shook, Hardy & Bacon L.L.P., 555 Mission St., Ste. 2300, San Francisco, CA 94105<br>Darlene M. Cho, SBN 251167<br>Shook, Hardy & Bacon L.L.P., 2049 Century Park East, Ste. 3000, Los Angeles, CA 90067<br>    TELEPHONE NO.: 415-544-1900 / 424-285-8330    FAX NO. *(Optional)*<br>    E-MAIL ADDRESS:<br>    ATTORNEY FOR *(Name):* Defendant Kia America, Inc. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**10/07/2022 at 02:54:26 PM**<br>By: Anita Dhir,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE**     ☐ **LIMITED CASE**<br>    (Amount demanded      (Amount demanded is $25,000<br>    exceeds $25,000)      or less) | CASE NUMBER:<br>RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 24, 2022      Time: 2:30 p.m.      Dept.: 22      Div.:      Room:

Address of court *(if different from the address above):*

☒    **Notice of Intent to Appear by Telephone, by** *(name):* Samantha K.N. Burnett

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
    a. ☒   This statement is submitted by party *(name):* Defendant Kia America, Inc.
    b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):*
    b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐   The following parties named in the complaint or cross-complaint

       (1) ☐   have not been served *(specify names and explain why not):*

       (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐   have had a default entered against them *(specify names):*

    c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
    a. Type of case in   ☒ complaint    ☐ cross-complaint     *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

00354

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
      This case is currently in arbitration.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
      N/A (see above re arbitration)

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                   f.   Fax number:
e.   E-mail address:                                       g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
      Amount in controversy exceeds $50,000

CM-110 [Rev. September 1, 2021]          **CASE MANAGEMENT STATEMENT**          Page 2 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com
00355

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☒ Mediation completed on *(date):* April 14, 2022 |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00356

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
N/A (this case is currenlty in arbitration)

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):* N/A

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021]      **CASE MANAGEMENT STATEMENT**      Page 4 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

00357

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 7, 2022

Samantha K.N. Burnett
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

00358

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## PROOF OF SERVICE

2

      I am over the age of 18 years and not a party to the within action.  I am employed in the

3

County of San Francisco, State of California.  My business address is 555 Mission Street, Suite

4

2300, San Francisco, California 94105, my facsimile number is (415) 391-0281.  On the date shown

5

below I served the following document:

6

- **CASE MANAGEMENT STATEMENT**

7

on the interested parties named herein and in the manner indicated below:

8

  X    **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid to the persons listed above.

9

10

  X    **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the persons at the e-mail addresses listed in the enclosed service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

13

      I declare under penalty of perjury under the laws of the State of California that the foregoing

14

is true and correct.

15

      Executed on October 7, 2022, at San Francisco, California.

16

17

_____

18

Ruby G. Darmstadt

19

20

21

22

23

24

25

26

27

28

2

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## SERVICE LIST

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

3

00360

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John P. Swenson SBN: 224110<br>Scali Rasmussen PC.<br>800 Wilshire Blvd. Suite 400<br>Los Angeles, CA 90017<br>TELEPHONE NO.:213.802.2188      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):Jswenson@scalilaw.com<br>ATTORNEY FOR (Name):  Defendant Micheal C. Stead dba Michael Stead's Hilltop Ford | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**10/11/2022 at 05:05:54 PM**<br>By: Anita Dhir,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS: 1225 Fallon St
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER:John Chase and Hilary Chase

DEFENDANT/RESPONDENT:Kia Motors America Inc., et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| **(Check one):**   ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:10/24/2022          Time:2:30pm          Dept.: 22          Div.:          Room:

Address of court (if different from the address above):

☒ Notice of Intent to Appear by Telephone,  by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☒   This statement is submitted by party (name):Defendant Michael C. Stead dba Michael Stead's Hilltop Ford Kia
   b. ☐   This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.    The complaint was filed on (date):
   b. ☐   The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
       (1) ☐   have not been served (specify names and explain why not):
       (2) ☐   have been served but have not appeared and have not been dismissed (specify names):
       (3) ☐   have had a default entered against them (specify names):
   c. ☐   The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a.   Type of case in ☒ complaint   ☐ cross-complaint    (Describe, including causes of action):
       Breach of Contract, Elder Abuse, Express Warranty Civil Code §1790 et seq.; Implied Warranty of Merchantability Civil Code §1790 et seq.; Implied Warranty of Fitness for a Particular Purpose Civil Code §1790.; The Consumers Legal Remedies Act, Civil Code §1770, et seq.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

00361

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | RG19010993 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    Plaintiffs' allege defendant Jaguar Land Rover North American manufactured and defendant Michael Stead's Hilltop Ford sold, Plaintiffs a defective vehicle which could not be repaired despite providing defendants multiple opportunities to to do so. Defendant Michael Stead's Hilltop Ford denies Plaintiffs' allegations and specifically deny the subject vehicle was in anyway defective.

    [ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
    The party or parties request    [X] a jury trial    [ ] a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
    a.  [ ]  The trial has been set for *(date):*
    b.  [X]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  [X]  days *(specify number):* 7 to 10 days
    b.  [ ]  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   [X] by the attorney or party listed in the caption   [ ] by the following:
    a.  Attorney: John P. Swenson
    b.  Firm: Scali Rasmussen P.C.
    c.  Address: 800 Wilshire Blvd
    d.  Telephone number: 213.802.2188
    e.  E-mail address: Jswenson@scalilaw.com
    f.  Fax number:
    g.  Party represented:
    [ ]  Additional representation is described in Attachment 8.

9. **Preference**
    [ ]  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1)  For parties represented by counsel: Counsel [ ] has [ ] has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2)  For self-represented parties: Party [ ] has  [ ] has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

      (1)  [ ]  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2)  [ ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3)  [ ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

      **CASE MANAGEMENT STATEMENT**       

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER:<br>RG19010993 |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☒ Mediation completed on *(date)*: 4/14/2022 |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

00363

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: RG19010993 |
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | |

**11. Insurance**

a.  [X] Insurance carrier, if any, for party filing this statement *(name):*

b.  Reservation of rights: [X] Yes  [ ] No

c.  [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy  [ ] Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a.  [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b.  [ ] A motion to  [ ] consolidate  [ ] coordinate  will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion for Summary Judgment if the case is returned Superior Court, on the grounds that there is no dispute of material facts and defendant is entitled to judgment is its favor as a matter of law.

**16. Discovery**

a.  [ ] The party or parties have completed all discovery.

b.  [X] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Spring 2023 |
| Defendant | Depositions | Spring 2023 |
| Defendant | Expert Discovery | Per Code |

c.  [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/11/2022

| John P. Swenson | ▶ *John P. Swenson* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

00365

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los Angeles, CA 90017.

On October 11, 2022, I served the within document(s) described as:

Case Management State

on the interested parties in this action as stated below:

Elliot Conn

FAX: 415.417.4780
E-MAIL: elliot@connlawpc.com

[X]   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 11, 2022, at Los Angeles, California.

| Ruben Cervantes | /s/ Ruben Cervantes |
|---|---|
| (Type or print name) | (Signature) |

- 1 -

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262<br>Shook, Hardy & Bacon L.L.P., 555 Mission St., Ste. 2300, San Francisco, CA 94105<br>Darlene M. Cho, SBN 251167<br>Shook, Hardy & Bacon L.L.P., 2049 Century Park East, Ste. 3000, Los Angeles, CA 90067<br>   TELEPHONE NO.: 415-544-1900 / 424-285-8330   FAX NO. *(Optional):*<br>   E-MAIL ADDRESS:<br>   ATTORNEY FOR *(Name):* Defendant Kia America, Inc. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**10/13/2022 at 04:17:08 PM**<br>By: Suzanne Pesko,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER:<br>RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 24, 2022        Time: 2:30 p.m.        Dept.: 22        Div.:        Room:

Address of court *(if different from the address above):*

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Samantha K.N. Burnett

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendant Kia America, Inc.
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint

   (1) ☐  have not been served *(specify names and explain why not):*

   (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

   (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.   Type of case in ☒ complaint ☐ cross-complaint    *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |



American LegalNet, Inc.<br>www.FormsWorkFlow.com

00367

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial        ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This case is currently in arbitration.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
N/A (see above re arbitration)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐  days *(specify number):*

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption        ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.  Fax number:
e.  E-mail address:                                      g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☐ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds $50,000

American LegalNet, Inc.<br>www.FormsWorkFlow.com

00368

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☒ Mediation completed on *(date):* April 14, 2022 |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

American LegalNet, Inc.
www.FormsWorkFlow.com

00369

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

　　(1) Name of case:

　　(2) Name of court:

　　(3) Case number:

　　(4) Status:

　　☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
N/A (this case is currenlty in arbitration)

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):* N/A

<u>Party</u>　　　　　　　　　　<u>Description</u>　　　　　　　　　　　　　　　　<u>Date</u>

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. September 1, 2021]　　　**CASE MANAGEMENT STATEMENT**　　　Page 4 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

00370

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Plaintiffs' motion to vacate order staying this matter, which Plaintiffs' filed based on Defendants' alleged failure to timely pay arbitration fees, is without basis. On August 30, 2022, Plaintiffs' lead counsel requested Defendants update the JAMS deposit. Within minutes, Defendant confirmed it would immediately do so. At Plaintiffs lead counsel's direction, Kia America immediately initiated payment via FedEx on September 1, 2022. Due to the holiday weekend, payment was received by JAMS on September 6, 2022. In other words, JAMS was paid within 4 business days of Plaintiffs' lead counsel's request. Even if there were any basis for Plaintiffs' argument, Plaintiffs voluntarily elected to proceed with their case in arbitration and Kia immediately completed payment at Plaintiffs' direction. Yet despite all fees and payments being current, a week later, on September 12, Plaintiffs' associated counsel attempted to reverse course and their motion followed, even though the Parties have substantially completed their preparation for the arbitration hearing and anticipate it being scheduled for final hearing.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 13, 2022

| Samantha K.N. Burnett | | |
|---|---|---|
| (TYPE OR PRINT NAME) | ► | (SIGNATURE OF PARTY OR ATTORNEY) |

| | | |
|---|---|---|
| (TYPE OR PRINT NAME) | ► | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

00371

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

### PROOF OF SERVICE

2

      I am over the age of 18 years and not a party to the within action. I am employed in the

3

County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300,

4

San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below,

5

I served the following document:

6

- **AMENDED CASE MANAGEMENT STATEMENT**

7

on the interested parties in the attached service list in the manner indicated below:

8

  X    **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and

9

      processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a

10

      sealed envelope with postage fully prepaid.

11

  X    **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I

12

      caused the document to be sent to the persons at the e-mail addresses on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message

13

      or other indication that the transmission was unsuccessful.

14

      I declare under penalty of perjury under the laws of the State of California that the foregoing

15

is true and correct.

16

      Executed on October 13, 2022, at San Francisco, California.

17

18

                          Mayra Montalvo

19

20

21

22

23

24

25

26

27

28

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## SERVICE LIST

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>Barbara Adams, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com<br>badams@scalilaw.com |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

PROOF OF SERVICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| John Chase  et al<br>          Plaintiff/Petitioner(s)<br>vs.<br>Kia America, Inc. et al<br>          Defendant/Respondent(s) | No.      RG19010993<br><br>Date:    10/24/2022<br>Time:    2:30 PM<br>Dept:    22<br>Judge:   Jeffrey Brand<br><br>ORDER re: Case Management<br>Conference |

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 12/01/2022 at 02:00 PM in Department 22.


Matter continued to coincide with law and motion matter currently set.

The Court orders counsel to obtain a copy of this order from the eCourt portal.


Dated: 10/24/2022

Jeffrey S Brand / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 22

## JUDICIAL OFFICER: HONORABLE JEFFREY BRAND

Courtroom Clerk: Belinda Mercado                                    CSR: None

---

**RG19010993**                                                October 24, 2022
                                                                  2:30 PM

**Chase VS Kia Motors America, Inc.**

---

## MINUTES

**NATURE OF PROCEEDINGS: Case Management Conference**

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 12/01/2022 at 02:00 PM in Department 22.

Matter continued to coincide with law and motion matter currently set.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:          B. Mercado, Deputy Clerk
                          Minutes of: 10/24/2022
                          Entered on: 10/25/2022

00375

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/15/2022 at 03:53:58 PM
By: Curtiyah Ganter,
Deputy Clerk

achary C. Frampton (SBN 303225)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail:  ac.frampton@hklaw.com

Attorneys for Defendant
HYUNDAI CAPITAL AMERICA
DBA KIA MOTORS FINANCE

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

| | |
|---|---|
| JOHN CHASE and HILARY CHASE,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.  MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA  HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE and DOES 1 THROUGH 30, inclusive,<br><br>Defendants. | Case No.: RG19010993<br><br>**DECLARATION OF   ACHARY C. FRAMPTON IN S  PPORT OF DEFENDANT   IA FINANCE S OPPOSITION TO MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION   NDER CALIFORNIA C     CI I    C SECTION 12  1.9  AND TO LIFT STAY**<br><br>Judge:      Hon. Jeffrey S. Brand<br>Dept.:       22<br>Date:        December 1, 2022<br>Time:        2:30 p.m.<br>Res. No.:   835780524338<br><br>Compl. Filed:    March 14, 2019<br>Trial Date:       None Set |

///
///
///
///

## DECLARATION OF   ACHARY C. FRAMPTON

I,   achary C. Frampton, declare:

1.      I am attorney at law, duly licensed to appear before all courts in the state of California, and an attorney with the law firm of Holland & Knight LLP, attorney of record for Defendant Hyundai Capital America dba Kia Finance fka Kia Motors Finance (  Kia Finance  ) in this action.  I make this declaration in support of Kia Finance's Opposition to Plaintiffs' Motion to   acate Order Staying Matter Pending Arbitration Under California Code of Civil Procedure Section 1281.98 and To Lift Stay (  Motion  ).  I have personal knowledge of the following facts and if called upon as a witness, could competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

2.      Attached as E   i it A is a true and correct copy of the Stipulation and Order to Stay Case Pending Arbitration, entered by the Court in this case on August 20, 2019.

3.      Attached as E   i it B is a true and correct copy of Case Management Order No. 2, entered on July 14, 2021 in the JAMS Arbitration Reference No. 1100106806, *John Chase and Hillary Chase v. KIA Motors America, Inc., et al*.

4.      Attached as E   i it C is a true and correct copy of an email I received on September 14, 2022 from Amir Nassihi, counsel for Kia America, Inc. fka Kia Motors America, Inc. (  Kia America  ) with the email attachment included for ease of review.  As Mr. Nassihi states in his email, he received two messages on August 30, 2022 from Plaintiff's counsel advising that a further deposit to JAMS was necessary.  Mr. Nassihi responded within minutes and confirmed that Kia America would ensure immediate payment.  That same day Kia America's counsel sent by FedEx a check, which was received by FedEx in Missouri on September 1, 2022, just before the Labor Day holiday weekend.  Because JAMS was closed on Labor Day, FedEx accomplished delivery to JAMS on Tuesday, September 6, 2022.

5.      Attached as E   i it D are true and correct copies of an email exchange with Arbitrator Warren's case administrator Terri Benson and counsel of record in the Arbitration spanning from October 5, 2022 to October 6, 2022.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

6.     Attached as **Exhibit E** is a true and correct copy of an email I received from Elliott Conn, counsel for Plaintiffs, on October 26, 2022 in which Plaintiffs submitted multiple discovery disputes to the Arbitrator.

7.     Attached as **Exhibit F** are true and correct copies of an email exchange with Ronald Wilcox, counsel for Plaintiffs, and Terri Benson, case administrator for Arbitrator Warren on spanning November 1, 2022 to November 4, 2022.

8.     In Arbitration, the parties have taken multiple depositions, engaged in extensive written discovery, and exchanged thousands of pages of documents.  The Parties have also filed amended claims and counterclaims.  The Arbitrator has ruled on multiple dispositive motions and discovery motions.

9.     JAMS has issued a total of six deposit requests and invoices to Defendants to cover arbitration fees.  Kia America has paid all six invoices and deposit requests on behalf of Defendants for a total of  62,274.71.  In Plaintiffs' Motion, they contend that the sixth deposit request was not timely paid.  At the time Plaintiffs filed their Motion, all invoices had been paid, including the sixth deposit request that is the subject of Plaintiffs' Motion.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.  Executed this 15th day of November, 2022, Los Angeles, California.

achary C. Frampton

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

DECLARATION OF   ACHARY C. FRAMPTON

00378

# EXHIBIT A

22779538

FILED
ALAMEDA COUNTY

AUG 20 2019

CLERK OF THE SUPERIOR COURT
By_____ Deputy

FILED
ALAMEDA COUNTY

AUG 18 2019

CLERK OF THE SUPERIOR COURT
By_____ Deputy

Filed By Fax

1   AMIR NASSIHI (SBN 235936)
    anassihi@shb.com
2   SAMANTHA K. BURNETT (SBN 320262)
    sburnett@shb.com
3   SHOOK, HARDY & BACON L.L.P.
    One Montgomery, Suite 2600
4   San Francisco, California 94104
    Telephone:   415.544.1900
5   Facsimile:   415.391.0281

6   *Attorneys for Defendants*
    KIA MOTORS AMERICA, INC.;
7   MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
    HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA
8   dba KIA MOTORS FINANCE

9

10                  SUPERIOR COURT OF CALIFORNIA

11                     COUNTY OF ALAMEDA

12  JOHN CHASE and HILARY CHASE,          Case No. RG19010993

13              Plaintiffs,               **STIPULATION AND [PROPOSED] ORDER
                                          TO STAY CASE PENDING ARBITRATION**
14          v.

15  KIA MOTORS AMERICA, INC.; MICHAEL C.
    STEAD, INC. dba MICHAEL STEAD'S
16  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
17  DOES 1 THROUGH 30, inclusive,
                                          Action Filed: March 14, 2019
18              Defendants.               Trial Date: None

19

20

21

22

23

24

25

26

27

28
                                    1
                    STIPULATION AND [PROPOSED] ORDER

00380

1    WHEREAS Plaintiffs JOHN CHASE and HILARY CHASE ("Plaintiffs") filed their

2  Complaint (the "Complaint") in this matter on March 14, 2019; and

3    WHEREAS the contract between Plaintiffs and Defendants MICHAEL C. STEAD dba

4  MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA

5  MOTORS FINANCE contains an arbitration provision, under the terms of which the claims in the

6  Complaint must be submitted to binding arbitration upon the election of any of the parties to the

7  contract; and

8    WHEREAS Defendants KIA MOTORS AMERICA, INC., MICHAEL C. STEAD dba

9  MICHAEL STEAD'S HILLTOP FORD KIA, and HYUNDAI CAPITAL AMERICA dba KIA

10 MOTORS FINANCE (collectively "Defendants") have demanded that Plaintiffs submit their claims

11 to arbitration pursuant to said arbitration provision; and

12    WHEREAS Plaintiffs and Defendants (collectively the "Parties") have agreed to arbitrate

13 this matter;

14    The Parties hereby stipulate and agree as follows:

15 1. The dispute between the Parties as described in the complaint shall be submitted to

16    arbitration at JAMS so that each of Plaintiffs' causes of action against Defendants may be

17    fully resolved via binding arbitration.

18 2. All proceedings in this matter, including current discovery deadlines, shall be stayed pending

19    the completion of arbitration, save for Case Management Conferences or other status

20    conferences set by the Court in its discretion to monitor the status of arbitration. The Parties

21    respectfully suggest that such a status conference be set approximately one year from now to

22    permit time to conduct the arbitration and a receive a final, binding award.  The Case

23    Management Conference currently set for September 30, 2019 should accordingly be taken

24    off calendar.

25 3. This stipulation may be executed in counterparts, each considered an original, and all of

26    which together shall be considered one instrument.   Facsimile, PDF, and electronic

27

28

STIPULATION AND [PROPOSED] ORDER

00381

1   signatures shall be effective and any such copies shall be treated as though they were

2   originals bearing original signatures.

3

4   Dated: August 16, 2019                         SHOOK, HARDY & BACON L.L.P.

5

6                                                  By:_____

7                                                  AMIR NASSIHI
                                                   SAMANTHA K.N. BURNETT

8                                                  Attorneys for Defendants
                                                   KIA MOTORS AMERICA, INC.;
9                                                  HYUNDAI CAPITAL AMERICA
                                                   dba KIA MOTORS FINANCE; KIA MOTORS
10                                                 AMERICA, INC.

11
    Dated: August 15, 2019                         CONN LAW, PC
12

13                                                 By:_____

14                                                 ELLIOT CONN

15                                                 Attorneys for Plaintiffs
                                                   JOHN CHASE and HILARY CHASE

.16

17

18

19

20.

21.

22

23

24

25

26

27

28

                                        3

00382

1

[PROPOSED] ORDER

2      IT IS HEREBY ORDERED that:

3    1.  The Court accepts the above stipulation of the parties to submit this matter to binding

4        arbitration.

5    2.  The matter is STAYED pending the completion of arbitration.

6    3.  The Case Management Conference scheduled for September 30, 2019 is VACATED.

7    4.  A status hearing is SET for _____11 / 18_____, 2020 to monitor the status of arbitration.

8      IT IS SO ORDERED.

9

10   **IT IS SO ORDERED.**

11  Dated: _____8/20_____, 2019

12                      HONORABLE ROBERT MCGUINESS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STIPULATION AND [PROPOSED] ORDER

# EXHIBIT B

Judge James L. Warren (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Telephone (415) 982-5267
Facsimile (415) 982-5287
Arbitrator

JAMS ARBITRATION

| | |
|---|---|
| John Chase and Hilary Chase,<br><br>           Claimants,<br><br>    vs.<br><br>KIA Motors America, Inc., Michael C. Stead, Inc. dba Michael Stead's Hilltop For KIA, and Hyundai Capital America dba KIA Motors Finance,<br><br>          Respondents. | JAMS Reference No. 1100106806<br><br>**CASE MANAGEMENT ORDER NO. 2**<br><br>**(Order Denying KIA Motor Finance's Motion for Partial Summary Adjudication)** |

1.      __Introduction.__  Taking advantage of this Arbitrator's order issued during the telephonic status call on April 12, 2021, Respondent KIA Motor Finance ("KMF") moves for Partial Summary Adjudication in which is seeks to dismiss the Claims against it under the California Consumer Credit Reporting Agencies Act (Civil Code §§ 1785.01 *et seq.* ("CCRAA"), as well as the Fair Debt Reporting Act (15 U.S.C. §§ 1681 *et seq.*) ("FCRA").  Moving, Opposition and reply papers were filed and, on June 1, 2021, the Arbitrator held an oral hearing on the motion.  Claimants were represented by Elliot J. Conn from the law firm of Conn Law, PC and by Ronald Wilcox from the Wilcox Law Firm, P.C.  Respondent KMF was represented by Zachary Frampton, Amir Nassihi and Darlene Cho from the law firm of Shook, Hardy & Bacon, LLP (also representing Respondent KIA Motors America, Inc.).  Also present on the call was John Swenson from the law firm of Scali Rasmussen, representing Respondent Hilltop.  All parties were provided a full opportunity to argue their respective positions and, at the end of the conference call, the Arbitrator took the motion under submission.  For the reasons stated below, the Arbitrator DENIES the motion.

2. **Brief Factual Statement.**[1]  Claimant John Chase purchased a new 2017 KIA Sportage automobile in November 2016, allegedly because he had seen certain KIA advertisements touting the safety of its Autonomous Emergency Braking ("AEB") System.  Based on his review of these ads Mr. Chase determined that this system would benefit his daughter, Hillary, whose driving abilities were affected due to a health issue.  Mr. Chase financed the purchase through KFM.  Over the course of time, Mr. Chase decided that the AEB System did not function as advertised and wrote KIA a letter in which he "cancelled" or "rescinded" the purchase contract for the automobile.  KIA denied the attempted cancellation and told Mr. Chase that he needed to keep up payments on the car.  Mr. Chase did not, but rather purchased a different automobile and "applied" the payments that would otherwise have gone to satisfy his debt re the KIA Sportage to his new car.  When Mr. Chase ceased periodic payments to KFM on the original 2017 Sportage, KFM reported Mr. Chase's account as delinquent to various credit reporting agencies ("CRAs").  It did not credit either Mr. Chase's attempted "recission" of the purchase contract, or his position that he was not delinquent in his payments because he continued to pay for "an automobile," albeit a different one.  Nor did it advise the CRAs that Mr. Chase "disputed" the charge against him.  In this suit, Mr. Chase asserts claims against KFM for violation of the CCRAA as it relates to him ("Ninth Cause of Action"), for violation of the FCRA ("Tenth Cause of Action").  In addition, Claimant Hillary Chase asserts a claim against KFM for violation of the CCRAA as to her ("Fifth Cause of Action").  Broadly speaking, both Claimants assert that KMF had no right to report to the CRAs that Claimants were "past due" on their payments because Claimants had "rescinded" the purchase contract for the KIA and were still making monthly payments, albeit for a different vehicle.

3. Legal Standards.  The basic legal standards set forth by KMF, with which Claimants do not seriously dispute, are as follows:  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (*Iqbal*, 556 U.S. at 678 (citation omitted)).  A

---

[1]      The Arbitrator cites these "facts" for purposes of this motion only.  He does not deem them to have been proved for purposes of this arbitration.

court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences (*Sprewell v. Golden State Warriors*, 266 F.3rd 979, 988; opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001)); W. *Mining Council v. Watt* (643 F.2nd 618, 624 (9th Cir. 1981)). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.* (901 F.2nd 696, 699 (9th Cir. 1988). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" (*Fayer v. Vaughn*, 649 F.3rd 1061, 1064 (9th Cir. 2011) (citation and internal quotations omitted)). Under corresponding JAMS Rule 18, the Arbitrator may permit a party to file a motion for summary disposition (*See,* JAMS Comprehensive Rules 18; see also, *Schlessinger v. Rosenfeld Meyer Susmaan*, 40 Cal.App.4th 1096, at 1111 (holding that California arbitrators have the implicit authority to rule on such motions)).

     **4.**      **KMF's Assertions.**   Asserting that the CCRAA "mirrors" the FCRA (*see, Guimond v. Trans Union Credit Info. Co,* 45 F.3rd 1329, 1335 (9th Cir. 1995); *Olson v. Six Rivers Nat'l Bank,* 111 Cal.App.4th 1, 12 (2003), KMF argues that liability under both statues can only attach if a credit agency's reports contain "inaccurate" ***factual*** information about the creditor's position vis-à-vis the debt. Here, KMF argues, all Claimants have shown is that they disagree with and have a legal defense to Respondents' position that the purchase contract for the Sportage was not rescinded, Claimants' efforts to do so notwithstanding. They do not identify any factually inaccurate information in any of the CRAs reports; they simply think the reports should not have been issued. Significantly, none of the CRA reports indicates that the Chases have "disputed" the allegedly inaccurate information provided by KFM.

     **5.**      **Claimants' Assertions.**   Claimants argue that the information in the CRA reports is inaccurate in three specific respects: (1) "Claimants had effectively rescinded/rejected/revoked the underlying contract such that no information should be reported at all;[2] (2) Alternatively, if the recission/ejection/revocation was defective Claimants were not 'delinquent' because they were applying any amount owed to the payments on the replacement vehicle as 'cover.' No default should have been reported; and (3) Kia Finance failed to furnish that Claimants disputed the debt."

---

[2]      These statements are taken directly from Claimants' Opposition to KMF's Motion (*see,* Claimants Opp. Papers, May 17, 2021, p. 2).

6.    **The Arbitrator's Analysis.**  The Arbitrator agrees with KMF that information given to a CRA must contain factual inaccuracies, not merely litigation defenses, to be legally inaccurate or misleading so as to form the basis for a claim under the CCRAA or the FCRA.  To the Arbitrator, that includes all of Claimants' assertions that their purchase contract had been rescinded and that they were making payments on another automobile.  This covers virtually everything that Claimants assert as a basis for liability, with one important exception: Does the fact that Claimants have continuously disputed the debt constitute a fact that must be disclosed for purposes of CCRAA and FCRA liability or is it a legal defense that need not be disclosed to the CRAs.  An important offshoot of this position is whether the dispute is "meritless," or whether it constitutes a bona fide defense to the debt, even if that defense is later proven to be wrong.

Both sides focus on this point and both cite *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3rd 1147 (9th Cir., 2009) as support for their differing conclusions.[3]  In *Wolpoff* the Ninth Circuit discussed at length the requirements for investigating and reporting a debt under the FCRA, focusing primarily on whether the statute called for the "furnisher" of the debt delinquency information, here KFW, to conduct a "reasonable" investigation regarding the accuracy of the data provided to describe the debt (the Ninth Circuit, relying in part on precedent from the Fourth and Seventh Circuits, concluded that it did), but it also discussed whether the CRA was obliged (if its reasonable investigation so indicated) to include the fact that the debtor "disputed" the debt.  Concluding initially that Section 1681s-2(a)(3) (the relevant statutory citation for the FCRA) provides that only federal or state officials may bring a claim for violation of this section, the Ninth Circuit then found that the debtor did have a private right of action under Section 1681s-2(b).  In pertinent part, that Section provides: "…if the [furnisher's] investigation finds that the information is incomplete or inaccurate, report those results…" to the CRAs (Section 1681s-2(b)(1)(C), (D)).  In *Wolpoff,* the Plaintiff argued that "the [furnisher's] reporting of the [indebtedness], without a notation that the debt was disputed, was an 'incomplete or inaccurate' entry on his credit file that [the furnisher] failed to correct after its investigation" (*Wolpoff,* 584 F.3[rd] at 1162).  The *Wolpoff* Court concluded that this argument outlined a claim under Section 1682s-2(b) and was thus available as a private right of action to individuals.

---

[3]    The Arbitrator agrees with KMF that Claimants' reliance on *Rara v Experian Info. Sols. Inc.,* No. 16-CV-06376-PJH, 2017 Westlaw 1047020, at *4 (N.D.Cal., March 20, 2017) is misplaced and by itself does not support Claimants' argument that a simple failure to record the existence of a dispute will render a furnisher's information "incomplete or inacurrate."

00388

Relying primarily on opinions issued from the Fourth Circuit (*see, Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3rd 142, 150 (4th Cir., 2008); *Dalton v. Capital Associated Indus., Inc.,* 257 F.3rd 409, 415-16 (4th Cir. 2001)), the Ninth Circuit found persuasive the Fourth Circuit's finding that "…a consumer's failure to pay a debt that is not really due 'does not reflect financial irresponsibility,' and thus the omission of the disputed nature of a debt could render the information sufficiently misleading so as to be 'incomplete or inaccurate' within the meaning of the statute" (*Wolpoff,* 584 F.3rd at 1163).  However, the Ninth Circuit went on to find that "…a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading.  It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)" (*Ibid.*).  The Ninth Circuit concluded that the Plaintiff in *Wolpoff* could bring his claim regarding the furnisher's failure to report that the debt was disputed, provided that Plaintiff could show that the dispute was genuine and not "meritless" (*Ibid.*).  Those were issues that the *Wolpoff* plaintiff would face at trial, *e.g.,* whether the furnisher, here KMF, had supplied with CRAs with complete and accurate information regarding the Chases' alleged debt, including that the debt was challenged by the Chases **and** that Chases' challenge to the debt was not a meritless one.  Both of these are issues of material fact that, on the record before the Arbitrator, cannot be resolved by summary adjudication.

7.    **Conclusion.**  For the foregoing reasons, KMF's motion for partial summary adjudication dismissing the Fifth, Ninth and Tenth causes of action is DENIED.

Dated:  June 14, 2021

_____
Judge James L. Warren (Ret.)
Arbitrator

## <u>PROOF OF SERVICE BY E-Mail</u>

Re: Chase, John, et al. vs. KIA Motors America, Inc., et al.
Reference No. 1100106806

I, Brian Palencia, not a party to the within action, hereby declare that on June 14, 2021, I served the

attached CMO2 on the parties in the within action by electronic mail at San Francisco, CALIFORNIA,

addressed as follows:

Elliot J. Conn Esq.
Conn Law, PC
354 Pine Street
5th Floor
San Francisco, CA   94104
Phone: 415-417-2780
elliot@connlawpc.com
   Parties Represented:
   Hilary Chase
   John Chase

Amir Nassihi Esq.
Samantha Burnett Esq.
Shook, Hardy & Bacon, LLP
555 Mission St
Suite 2300
San Francisco, CA   94105
Phone: 415-544-1900
anassihi@shb.com
sburnett@shb.com
   Parties Represented:
   Hyundai Capital America dba KIA Motors Finan
   KIA Motors America, Inc.
   Michael C. Stead, Inc., dba Michael Stead's
   Michael Stead, Inc. dba Hilltop Ford KIA

John P. Swenson Esq.
Scali Rasmussen
800 Wilshire Blvd
Suite 400
Los Angeles, CA   90017
Phone: 213-239-5622
jswenson@scalilaw.com
   Parties Represented:
   Michael Stead, Inc. dba Hilltop Ford KIA

Ronald Wilcox Esq.
Allison A. Krumhorn Esq.
Wilcox Law Firm, P.C.
2021 The Alameda
Suite 200
San Jose, CA   95126
Phone: 408-296-0400
ronaldwilcox@gmail.com
allisonkrumhorn@gmail.com
   Parties Represented:
   Hilary Chase
   John Chase

Darlene Cho Esq.
Shook, Hardy & Bacon, LLP
2049 Century Park East
Suite 3000
Los Angeles, CA   90067
Phone: 424-324-3409
dcho@shb.com

Parties Represented:
Hyundai Capital America dba KIA Motors Finan
KIA Motors America, Inc.
Michael C. Stead, Inc., dba Michael Stead's

    I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  June 14, 2021.

*Brian Palencia*
_____
Brian Palencia
JAMS
BPalencia@jamsadr.com

# EXHIBIT C

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Wednesday, September 14, 2022 2:58 PM |
| **To:** | Elliot Conn; Terri Benson |
| **Cc:** | Zac.Frampton@hklaw.com; Burnett, Samantha (SHB); John Swenson; Cho, Darlene M. (SHB); Ronald Wilcox; Spencer Janssen; Allison Krumhorn |
| **Subject:** | RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806 |
| **Attachments:** | Chase v. Kia fed ex tracking.pdf |

Dear JAMS,

This is incorrect.

On the afternoon of August 30 I received two messages from Plaintiff counsel advising that a further deposit to JAMS was necessary. I responded within minutes and confirmed that we would ensure immediate payment. That same day, we rushed processing this and sent out a fed ex with a check which was received by fed ex in Missouri on September 1, just before the Labor day holiday weekend. Due to JAMS being closed on Labor Day, fed ex accomplished delivery to JAMS at 9.27 a.m. on Tuesday September 6, within 4 business days of the two August 30 requests from Plaintiff counsel that we update the deposit payment.

Attached is the fed ex tracking.

Thank you,

Amir

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Tuesday, September 13, 2022 1:17 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Zac.Frampton@hklaw.com; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; John Swenson <jswenson@scalilaw.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Ronald Wilcox <ronaldwilcox@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>
**Subject:** Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

**EXTERNAL**

Dear JAMS,

      Respondents have defaulted in making its payments to JAMS. Attached find a motion that Claimants have filed in the Superior Court regarding such.

      Thank you.

Very truly yours,

Elliot Conn

1

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

00394





**FedEx** Tracking                                    Track Another Shipment    Help

**DELIVERED**

# Tuesday

9/6/2022 at 9:27 am

Signed for by: P.LANE

⬇ Obtain Proof of delivery

**DELIVERY STATUS**

Delivered ✓

✉ Get Status Updates

Manage Delivery                                                         ⌄

**TRACKING ID**

777805942494  ✏  ☆

**FROM**
SAN FRANCISCO, CA US
*Label Created*
8/30/2022 5:02 PM

**PACKAGE RECEIVED BY FEDEX**
KANSAS CITY, MO
9/1/2022 5:15 PM

**IN TRANSIT**
IRVINE, CA
9/6/2022 8:02 AM

**OUT FOR DELIVERY**
IRVINE, CA
9/6/2022 8:30 AM

**DELIVERED**
IRVINE, CA US
*DELIVERED*
9/6/2022 at 9:27 AM

⬇ View travel history

## Shipment facts

📦 Shipment overview

| | |
|---|---|
| **TRACKING NUMBER** | 777805942494 |
| **DELIVERED TO** | Receptionist/Front Desk |
| **SHIPPER REFERENCE** | 099999.000057 |
| **SHIP DATE** ⓘ | 9/1/22 |
| **STANDARD TRANSIT** ⓘ | 9/6/22 before 10:30 am |

| | | |
|---|---|---|
| **ACTUAL DELIVERY** | 9/6/22 at 9:27 am | |

🚚 Services

| | |
|---|---|
| **SERVICE** | FedEx Priority Overnight |
| **TERMS** | Shipper |
| **SPECIAL HANDLING SECTION** | Deliver Weekday |

🛍️ Package details

| | |
|---|---|
| **WEIGHT** | 0.5 lbs / 0.23 kgs |
| **TOTAL PIECES** | 1 |
| **TOTAL SHIPMENT WEIGHT** | 0.5 lbs / 0.23 kgs |
| **PACKAGING** | FedEx Envelope |

↑ Back to top

# Travel history

| **SORT BY DATE/TIME** | **TIME ZONE** |
|---|---|
| Ascending ⌄ | Local Scan Time ⌄ |

| Date | Time | Status | Location |
|---|---|---|---|
| Tuesday, 8/30/2022 | 5:02 PM | • Shipment information sent to FedEx | |
| Thursday, 9/1/2022 | 5:15 PM | • Picked up | KANSAS CITY, MO |
| | 5:48 PM | • Shipment arriving On-Time | KANSAS CITY, MO |
| | 8:24 PM | • Left FedEx origin facility | KANSAS CITY, MO |
| | 11:36 PM | • Arrived at FedEx hub | MEMPHIS, TN |
| Friday, 9/2/2022 | 2:56 AM | • Departed FedEx hub | MEMPHIS, TN |
| | 3:29 AM | • In transit | MEMPHIS, TN |
| | 4:31 AM | • At destination sort facility | LOS ANGELES, CA |
| | 7:53 AM | • At local FedEx facility | IRVINE, CA |
| | 9:59 AM | • Delay<br>Business closed- No delivery attempt | IRVINE, CA |
| | 10:07 AM | • At local FedEx facility | IRVINE, CA |
| | 10:13 AM | • Shipment arriving On-Time | IRVINE, CA |
| Tuesday, 9/6/2022 | 8:02 AM | • At local FedEx facility | IRVINE, CA |
| | 8:23 AM | • Shipment arriving On-Time | IRVINE, CA |
| | 8:30 AM | • On FedEx vehicle for delivery | IRVINE, CA |
| | 9:27 AM | ⊘ Delivered | IRVINE, CA |

↑ Back to top

Case 3:22-cv-09082-JCS   Document 1-1   Filed 12/22/22   Page 398 of 623

# EXHIBIT D

**From:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Sent:** Thursday, October 6, 2022 9:35 AM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** elliot@connlawpc.com; anassihi@shb.com; sburnett@shb.com; jswenson@scalilaw.com;
allisonkrumhorn@gmail.com; dcho@shb.com; zac.frampton@hklaw.com; spencer@connlawpc.com;
rdarmstadt@shb.com; mmontalvo@shb.com; badams@scalilaw.com; cestrada@scalilaw.com;
carmel.office@yahoo.com
**Subject:** Re: PLEASE READ: Message from Judge Warren: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS
Ref No. 1100106806

> **Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the
> sender and know the content is safe.

Dear Ms. Benson,


Thursday, October 13, 2:30 pm would work for a hearing for Claimant's counsel.

(4:30 pm does not work)


Thank you, Ron Wilcox

Claimant's Counsel


Ronald Wilcox
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@gmail.com

00399

On Wed, Oct 5, 2022 at 11:13 AM Terri Benson <TBenson@jamsadr.com> wrote:

Hello Counsel,

Please see the below message from Judge Warren:

---------------------------------------------------------------------------------------------

Counsel, I understand that Claimants do not wish to participate in a discovery scheduling hearing to be set this week on the ground that KIA did not timely pay some required arbitration fees.  In Claimants' view, that means that I no longer have jurisdiction over this matter.  I disagree; my jurisdiction is not voided because Respondent didn't timely pay certain outstanding fees relating to earlier discovery matters, although I understand that those fees have been paid in full.   Nevertheless, Claimants have filed a motion with the Superior Court to vacate its earlier order sending this matter to arbitration, a motion that is scheduled to be heard on December 1, 2022.  I of course respect Claimants right to file such a motion but that filing does not derail this arbitration.  Therefore,  I am asking my Case Manager, Terri Benson, to schedule a conference call this week (or at counsels' earliest convenience) to  schedule whatever outstanding discovery matters presently require resolution.  I specifically rule, however, that Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court.  Should the court grant Claimant's' motion on the merits as filed, any dates scheduled in the arbitration will become moot.  Should the court decide that the matter will proceed in arbitration, having scheduled dates on calendar will make for a more efficient arbitration, a result that will inure to everybody's benefit.  Please cooperate with Ms. Benson is scheduling this conference call.

/s/ Judge James L. Waren (Ret.), Arbitrator

-----------------------------------------------------------------------------

Please let us know if October 13, 2022 at 4:30 pm still works for all Counsel.

Kind Regards,

Terri

**Terri Benson**
Case Manager

**JAMS -** *Local Solutions. Global Reach.*™

Two Embarcadero Center | #1500 | San Francisco, CA, 94111

P: 415-774-2653

**www.jamsadr.com**

Follow us on **Facebook**, **LinkedIn**, and **Twitter**.

*JAMS was Recently Recognized at* ***Legalweek's Leaders in Tech Law Awards.***

*Learn more about our* ***virtual and hybrid capabilities.***

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

00401

# EXHIBIT E

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Wednesday, October 26, 2022 6:54 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Frampton, Zachary C (CCC - X52413) <Zac.Frampton@hklaw.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; jswenson@scalilaw.com; allisonkrumhorn@gmail.com; Cho, Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen <spencer@connlawpc.com>; Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>; Montalvo, Mayra P. (SHB) <mmontalvo@shb.com>; Ronald Wilcox <ronaldwilcox@gmail.com>; badams@scalilaw.com; cestrada@scalilaw.com; carmel.office@yahoo.com; Wang, Stacey H (LAX - X52480) <stacey.wang@hklaw.com>
**Subject:** RE: PLEASE READ: Message from Judge Warren: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

*[External email]*

Ms. Benson,

Please forward the following to Judge Warren:

Dear Judge Warren,

Despite Claimants' substantial meet and confer efforts following our last hearing, a number of discovery issues detailed in the Parties' Joint Letter of October 17, 2022, have yet to be resolved.

I. <mark>Kia Finance Depositions</mark>

As set forth in the October 17 Letter, Kia Finance has indicated that it **will not** be producing a witness to testify on the following categories:

a. Any actions by KMF to collect the alleged debt from Claimants including communicating with the national credit bureaus (Innovis, Trans Union, Experian, and Equifax) regarding Claimants.

b. KMF's policies, procedures and training, from the period of 2018 to the present, relating to attempting to collect debts, investigating and handling rescissions claims, and handling credit report disputes (including Metro II, Credit Reporting Resource Guide)

g. Prior complaints, formal or informal, from 2018 to the present, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and

federal law by KMF relating to a customer's claim of rescissions, or failing to properly investigate credit disputes, and the furnishing of credit information

h. KMF's investigation and response to consumer complaints filed against with the Consumer Financial Protection Bureau, any states attorney general, or any lawsuit, concerning any and all claims of failing to honor rescissions, the California Consumer Credit Reporting Agencies Act, and the Fair Credit Reporting Act.

Claimants request an Order requiring Kia Finance to produce a deponent on each of the noticed topics, without objection (other than attorney client privilege), by December 31, 2022.

II.   Kia Finance Documents

Kia Finance has not complied with its agreement to by October 19, 2022: (1) produce the outstanding documents or (2) identify, by Bates Stamp number, the documents that have already been produced, or (3) explain why such documents do not exist and/or are not in Kia Finance's custody or control, with respect to "the letters that KMF sent to Claimants in response to credit reporting disputes."

Kia Finance should be ordered to comply with its agreement.

III.   Kia Depositions

For months, Kia failed to articulate any issues with any of the PMK deposition notice categories.  Then, on October 19, 2022, the date on which Kia was ordered to produce available deposition dates, it, for the first time, provided 18 single-spaced pages of objections, alleged misunderstanding of the categories, and unilaterally imposed limitations that make it unclear as to whether Kia will be producing witnesses to testify anything at all.

Claimants request an Order requiring Kia to produce a deponent on the noticed topics, without objection (other than attorney client privilege), by December 31, 2022.

IV.   Kia's Ongoing Violations of Case Management Order No. 4

| Order No. 4 Compelled | Respondent's Production | Claimants' Position |
|---|---|---|
| A summary document, similar in form and substance to the document Kia previously produced reflecting complaints | "KA is producing additional lists of the partial VINs reflecting **California** owners of Kia vehicles who contacted KA's Consumer Affairs department about concerns the | Kia limited its production to *California owners*, thus excluding complaints from outside of California and complaints by lessees. CMO No. 4 did not contain |

| | | |
|---|---|---|
| from California owners and lessees of 2017 Sportage (**Bates number KMA10231**) but limited to all complaints made to Kia to November 1, 2018 regarding the failure of the Autonomous Emergency Braking ("AEB") to engage in Kia vehicles for all other vehicles equipped with AEB systems, including, but not limited to, the Kia Forte, Soul, and Nero. | AEB in their vehicle did not engage." | any such limitation and required Kia to produce *all complaints*. |
| All documents provided by Kia to NHSTA regarding the failure of the Autonomous Emergency Braking (AEB) to engage on Kia vehicles. Upon making such production, Kia will affirmatively state, under oath that Kia made a diligent search and reasonable inquiry as to whether documents responsive to Claimants' document requests in Kia's possession, custody, or control existed, and whether those documents have been produced. | "As KA advised at the time, and reiterated again in recent conferrals, after a reasonably diligent search and reasonable inquiry, KA did not locate any documents in its possession, custody or control which it sent to NHTSA regarding the AEB on the 2017 Kia Sportage. Further, KA renews its prior good faith representations made at the time, and again in recent conferrals, it would be unduly burdensome to search for, collect, compile, and produce documents sent to NHTSA regarding the failure of the AEB to engage on other Kia vehicles, and KA further reiterates its good faith representations as to the dissimilarity. Additionally, KA is not aware of any such documents." | Kia's representation is inaccurate. As set forth in Claimant's July 18, 2022 motion, at the very least, Kia provided NHTSA with Technical Service Bulletin 231 (which applies to 6 model vehicles) but has not produced the TSB or any accompanying information submitted.<br><br>And Kia's claim of "burden" and "dissimilarity" made more than a year after CMO No. 4 is specious.<br><br>Substantiating either claim requires a factual showing, especially where Kia has already represented to the Arbitrator that it is not in possession of any "design" information. |

00405

| Claimants had also requested that Kia produce:<br><br>All Diagnostic Trouble Code readings for the subject vehicle. Upon making such production, Kia will affirmatively state, under oath that Kia made a diligent search and reasonable inquiry as to whether documents responsive to Claimants' document requests in Kia's possession, custody, or control existed, and whether those documents have been produced. | KA further confirms that it does not have or maintain "Session Data" for Kia vehicles. | Kia's alleged "confirmation" is nonresponsive to the request. |
|---|---|---|

As a result of Kia's ongoing non-compliance, and **without prejudice to Claimants' pending motion before the Superior Court**, Claimants respectfully request that Your Honor hold a Zoom Video Hearing regarding the discovery motions filed by Claimants on July 18, 2022.

Respectfully submitted,


Elliot Conn

**[As Your Honor's previous email noted, the arbitration is proceeding currently, without prejudice to Claimants' pending Motion to Withdraw from Arbitration pending in the Superior Court, and set to be heard on December 1, 2022.]**

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

00406

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

00407

# EXHIBIT F

| | |
|---|---|
| **From:** | Ronald Wilcox <ronaldwilcox@gmail.com> |
| **Sent:** | Friday, November 4, 2022 1:59 PM |
| **To:** | Terri Benson |
| **Cc:** | elliot@connlawpc.com; anassihi@shb.com; sburnett@shb.com; jswenson@scalilaw.com; allisonkrumhorn@gmail.com; dcho@shb.com; Frampton, Zachary C (CCC - X52413); Joseph, John E (PHL - X49576); spencer@connlawpc.com; rdarmstadt@shb.com; mmontalvo@shb.com; rcervantes@scalilaw.com; carmel.office@yahoo.com |
| **Subject:** | Re: Arbitration Dates: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

*[External email]*

Dear Ms. Benson,

Based on discussions at the Conference Call of October 13, 2022, it was our understanding Judge Warren would be making a decision regarding the number of days needed for the merits hearing based on submissions he requested be filed by October 29, 2022.

In light of such, the two weeks of Monday, April 3 to Friday, April 14, 2023, are available for the 10-days for Claimants.

Also, Judge Warren indicated in an email dated October 5, 2022  that "Claimants' participation in [the October 13] conference call will not (and may not) be used in any manner to prejudice Claimants' current motion [to withdraw from Arbitration] before the court.  Should the court grant Claimants' motion on the merits as filed, any dates scheduled in the arbitration will become moot."  Thus, Claimants submit the above response subject to that disclaimer, since it was at the October 13, 2023 conference call Judge Warren asked us to address the issue of dates for a hearing on the merits.

Thank you for your attention to this matter.

Respectfully submitted,

Ron Wilcox,
Counsel for Claimants


Ronald Wilcox
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@gmail.com

1

On Tue, Nov 1, 2022 at 1:04 PM Terri Benson <TBenson@jamsadr.com> wrote:

Hello Counsel,


I am reaching out to see if we can get some arbitration dates on calendar, as Judge Warren's 2023 calendar is quickly filling up.  Originally parties had 7 days reserved for Arbitration.

March, April and May, 2023 are opening for 7 consecutive days.  Please advise at your earliest convenience how you want to proceed.


Kind Regards,

Terri



**Terri Benson**
Case Manager


**JAMS - *Local Solutions. Global Reach.<sup>TM</sup>***

Two Embarcadero Center | #1500 | San Francisco, CA, 94111

P: 415-774-2653

**www.jamsadr.com**


Follow us on **Facebook**, **LinkedIn**, and **Twitter**.

*JAMS was Recently Recognized at **Legalweek's Leaders in Tech Law Awards.***

*Learn more about our **virtual and hybrid capabilities.***

00410

## PROOF OF SERVICE
*John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

STATE OF CALIFORNIA       )
                           ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

On **No em er 1 , 2022**, I served the foregoing document described as **DECLARATION OF   ACHARY C. FRAMPTON IN S  PPORT OF DEFENDANT   IA FINANCE S OPPOSITION TO MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION    NDER CALIFORNIA *C CI I    C*       SECTION 12 1.9  AND TO LIFT STAY** on all interested parties in this action

☐ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.
☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

☐ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL VIA PDF FILE:**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list.  The transmission was reported as complete and without error.

☒     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **No em er 1 , 2022**, at Los Angeles, California.

Bobbette Mack
Print or Type Name                                  Signature

1

## SERVICE LIST

2

Amir Nassihi, Esq.                                    Attorneys for Respondent
Samantha K. Burnett, Esq.                    Kia Motors America, Inc.

3

Darlene Cho, Esq.
SHOOK, HARDY & BACON L.L.P.

4

One Montgomery, Ste 2600
San Francisco. CA  94104

5

Tel:  (415) 544-1900
Fax:  (415) 391-0281

6

E-mail:  anassihi@shb.com
E-mail:  sburnett@shb.com

7

E-mail:  dcho@shb.com
E-mail:  rdarmstadt@shb.com

8

E-mail:  mmontalvo@shb.com

9

10

Elliot Conn, Esq.                                     Attorneys for Plaintiffs
CONN LAW, PC                                    John Chase and Hilary Chase

11

354 Pine St., 5th Fl.
San Francisco, CA  94104

12

Tel:  (415) 417-2780
Fax:  (415) 358-4941
E-mail:  elliot@connlawpc.com

Ronald Wilcox, Esq.
WILCOX LAW FIRM, P.C.
2021 The Alameda, Ste 200
San Jose, CA  95126
Tel:  (408) 296-0400
E-mail:  ronaldwilcox@gmail.com

17

18

John P. Swenson, Esq.                             Attorneys for Defendant
SCALI RASMUSSEN, PC                      Michael C. Stead, Inc. dba Michael

19

800 Wilshire Blvd., Ste 400                  Stead's Hilltop Ford Kia
Los Angeles, CA  90017

20

Tel:  (213) 239-5622
E-mail:  jswenson@scalilaw.com

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Tel: (213) 896-2530
Fax: (213) 896-2450

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/15/2022 at 03:53:58 PM
By: Curtiyah Ganter,
Deputy Clerk

HOLLAND & KNIGHT LLP
Zachary C. Frampton (SBN 303225)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
T.:  213.896.2400
F:  213.896.2450
E-mail:  zac.frampton@hklaw.com

Attorneys for Defendant
HYUNDAI CAPITAL AMERICA
DBA KIA FINANCE
FKA KIA MOTORS FINANCE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOHN CHASE and HILARY CHASE,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 THROUGH 30, inclusive,<br><br>Defendants. | Case No. RG19010993<br><br>**DEFENDANT KIA FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA *CODE OF CIVIL PROCEDURE* SECTION 1281.98 AND TO LIFT STAY**<br><br>Judge:       Hon. Jeffrey S. Brand<br>Dept.:        22<br>Date:         December 1, 2022<br>Time:         2:30 p.m.<br>Res. No.:    835780524338<br><br>Compl. Filed:      March 14, 2019<br>Trial Date:          None Set |

///

///

///

///

///

///

///

1

1       Defendant Hyundai Capital America dba Kia Finance fka Kia Motors Finance ("Kia

2    Finance"), by and through its undersigned counsel, hereby submits this Opposition to Plaintiffs'

3    Motion to Vacate Order Staying Matter Pending Arbitration Under California Code of Civil

4    Procedure Section 1281.98 and To Lift Stay ("Motion"), and states as follows:

5                    I.     **INTRODUCTION**

6       In August 2019, Plaintiffs John Chase and Hilary Chase ("Plaintiffs") and Defendants Kia

7    America, Inc. fka Kia Motors America, Inc. ("Kia America"), Michael C. Stead dba Michael

8    Stead's Hilltop Ford Kia ("Dealer"), and Kia Finance stipulated to submit this matter to binding

9    arbitration.  For the last three years, the Parties have actively litigated this matter in JAMS.  Now,

10   Plaintiffs ask this Court to erase the last three years in arbitration and pull this matter back into

11   State Court where it will start from scratch.  According to Plaintiffs, the Court should take this

12   drastic step because Defendants did not pay the most recent JAMS deposit request within 30 days

13   of receipt.  This is wrong for a variety of reasons.  The Court should deny Plaintiffs' Motion.

14       First, Plaintiffs' contention that Defendants did not timely pay the most recent JAMS

15   deposit request is moot.  Kia America paid the invoice within four business days of Plaintiffs'

16   counsel's request that it be paid and before Plaintiffs filed their Motion.  Plaintiffs' Motion fails on

17   this basis alone.

18       Second, Plaintiffs' Motion is a transparent effort to forum shop after receiving an

19   unfavorable ruling.  In Arbitration, Kia Finance filed a partial dispositive motion as to Plaintiffs'

20   credit reporting claims against Kia Finance.  Though the Arbitrator ultimately denied Kia Finance's

21   motion, the Order expressly rejects Plaintiffs' core theory of relief.  Plaintiffs now seek to resurrect

22   this legal theory in a new forum.  The Court should reject Plaintiffs' gamesmanship.

23       Third, Plaintiffs have waived the right to enforce the provisions of Cal. Code Civ. P.

24   § 1281.98 ("§ 1281.98").  Rather than asking this Court to transfer the matter back to State Court,

25   Plaintiffs elected to request that defendants pay the deposit request <u>to continue with the arbitration</u>.

26   Kia America paid the invoice within four business days.  Plaintiffs cannot now *also* elect to vacate

27   the stay and return to Court.  In addition, Plaintiffs have benefitted from the most recent deposit Kia

28   ///

KIA MOTOR FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER
STAYING MATTER AND TO LIFT STAY       00414

America paid by continuing to litigate their claims in arbitration after Kia America paid the invoice, which constitutes a further waiver of their right to return to Court under section 1281.98.

Fourth, pulling this matter back into court would be the epitome of wastefulness and inefficiency.  In arbitration, the parties have completed multiple depositions, engaged in substantial written discovery, briefed and argued discovery motions, and obtained orders on two dispositive motions.  The final, evidentiary hearing in Arbitration is set for March 2023.  The Court should reject Plaintiffs' request to erase this work and waste the Parties', the Arbitrator's, and the Court's resources.

For these reasons and the arguments set forth in Kia America's Opposition brief (all of which KFA hereby incorporates by reference), Plaintiffs' Motion should be denied.  The matter should remain in arbitration where it will soon be concluded.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2019, Plaintiffs filed their Complaint in this case.  The parties later stipulated to stay the case pending arbitration.  On August 20, 2019, the Court granted the parties' stipulation and stayed the case pending "the completion of the arbitration."  *See* Declaration of Zachary Frampton ("Frampton Decl."), **Exhibit A**.

Over the last three years in Arbitration, Defendants have paid their portion of all deposit requests and arbitration fees.  *Id.* at ¶ 9.  Kia America, on behalf of all Defendants, paid JAMS a total of $62,274.71.  *Id.*  Plaintiffs' Motion relates to the sixth and most recent deposit request to Defendants.  *Id.*  On August 30, 2022, counsel for Kia America received two messages from Plaintiff's counsel advising that a further deposit to JAMS was necessary.  *Id.* at ¶ 4.  Kia America's counsel responded within minutes and confirmed that Kia America would ensure immediate payment.  *Id.*  That same day Kia America's counsel sent by FedEx a check, which was received by FedEx in Missouri on September 1, 2022, just before the Labor Day holiday weekend.  *Id.*  Because JAMS was closed on Labor Day, FedEx accomplished delivery to JAMS on Tuesday, September 6, 2022.  *Id.*  As of September 6, 2022, all outstanding invoices were paid.  *Id.*

Defendants have consistently paid the Arbitration fees and deposit requests, and the Arbitration has steadily proceeded over the last three years.  The parties have taken multiple

KIA MOTOR FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER
STAYING MATTER AND TO LIFT STAY                    00415

1   depositions, engaged in extensive written discovery, and exchanged thousands of pages of

2   documents.  Frampton. Decl., ¶ 8.  The Arbitrator has also ruled on multiple dispositive motions

3   and discovery motions.  *Id.*

4          On June 14, 2021, in response to Kia Finance's partial dispositive motion, the Arbitrator

5   issued Case Management Order No. 2 ("Order") in which he rejected "virtually everything that

6   Claimants assert as a basis for liability" as to Kia Finance on Plaintiffs' claims under the California

7   Consumer Credit Reporting Agencies Act (Civil Code §§ 1785.01 et seq. ("CCRAA") and the Fair

8   Credit Reporting Act (15 U.S.C. §§ 1681 et seq.) ("FCRA") (the "Credit Reporting Claims").

9   Frampton Decl., **Exhibit B**.  The Court also rejected Plaintiffs' core theory of relief, i.e., that Kia

10  Finance should not have continued furnishing information about Plaintiffs' account to the credit

11  reporting agencies after Plaintiffs purportedly rescinded their contract with Kia Finance.  *Id*.

12         After Plaintiffs filed their Motion on September 12, 2022, the Arbitrator held a status

13  conference on October 13, 2022 and found that Plaintiffs' "participation in this conference call will

14  not (and may not) be used in any manner to prejudice Claimants' current motion before the court."

15  Frampton Decl., Ex. D.  However, since that status conference, Plaintiffs have taken advantage of

16  the deposit request that Defendants paid by continuing to litigate their claims in the Arbitration,

17  including filing two motions to compel discovery and participating in scheduling of the final

18  hearing, now set to start in March 2023.  Frampton Decl., Exs. E, F.

19                    **III.**    **ARGUMENT**[1]

20  **A.**    **Plaintiffs Pervert Code Civ. Proc. § 1281.98 By Attempting To Withdraw Their Claims**

21          **From Arbitration *After* Defendants Paid All Arbitration Deposit Requests**

22         Under §1281.98(a)(1), in a consumer arbitration, the business is required to pay arbitration

23  "fees or costs" within 30 days of the date the fees are due.  If the business does not comply with

24  §1281.98(a), a consumer has various options:

25       …. (1) Withdraw the claim from arbitration and proceed in a court of appropriate

26       jurisdiction… (2) Continue the arbitration proceeding, if the arbitration provider agrees to
         continue administering the proceeding, notwithstanding the drafting party's failure to pay

27       fees or costs…(3) Petition the court for an order compelling the drafting party to pay all
         arbitration fees that the drafting party is obligated to pay under the arbitration agreement or

28

---

[1] KFA incorporates by reference all arguments set forth in Kia America's Opposition brief.

4

1  the rules of the arbitration provider…(4) Pay the drafting party's fees and proceed with the

2  arbitration proceeding…

3  *See* Cal. Code Civ. P. § 1281.98(b).

4  On August 30, 2022, Plaintiffs' counsel elected to ask Defendants to pay the most recent

5  deposit request.  That same day, Counsel for Kia America sent a check by FedEx to JAMS to cover

6  the deposit request.  Frampton Decl., Ex. C; *See also* KMA's Opposition, which Kia Finance

7  incorporates by reference here.  Because Plaintiffs elected to request that Defendants pay the

8  deposit request, which Defendants promptly did, Plaintiffs cannot now elect to withdraw the matter

9  from Arbitration.  For this reason alone, Plaintiffs' Motion should be denied.

10  The sole case on which Plaintiffs rely, *Gallo v Wood Ranch USA, Inc*., is plainly

11  distinguishable from the facts here.  Motion at 5.  In *Gallo*, the defendant failed to timely pay the

12  initial filing fee for the arbitration, which prevented the arbitration from occurring at all.  *Gallo v.*

13  *Wood Ranch USA, Inc.,* 81 Cal. App. 5th 621, 631-632 (2022).  Here, Defendants paid the initial

14  filing fee years ago and have since then paid all invoices and deposit requests, totaling $62,274.71.

15  Frampton Decl. at ¶ 9.  Defendants' payment of the most recent deposit request (after three years)

16  has no resemblance whatsoever to the sort of stalling and obstructive behavior at issue in *Gallo*.

17  Quite the opposite, Defendants have consistently covered all arbitration fees and deposit requests to

18  push the arbitration proceedings forward.

19  Further, the cases within the portion of *Gallo* that Plaintiffs quote all predate the operative

20  statutes, §1281.97-99, and are likewise inapposite to the facts here.  In *Sink v. Aden Enterprises,*

21  *Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003), the defendant failed to pay the initial arbitration fees.  In

22  *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005), the defendant refused altogether to

23  participate in arbitration.  Here, by contrast, Defendants paid the initial filing fees and all

24  subsequent deposit requests for the past three years, and there are no outstanding invoices.

25  For these reasons, the Court should deny Plaintiffs' Motion.

26  **B.    Plaintiffs' Motion Is A Bad Faith Attempt To Forum Shop**

27  In the Order on Kia Finance's partial dispositive motion, the Arbitrator rejected "virtually

28  everything" on which Plaintiffs based their Credit Reporting Claims against Kia Finance.  Frampton

Decl., Ex. B.  It is therefore no surprise that Plaintiffs now seek a new forum in which to resurrect these theories.  However, Plaintiffs should not be rewarded for their gamesmanship.  The Court should deny their Motion.

**C.      Plaintiffs Waived Their Right To Withdraw The Matter From Arbitration Pursuant To § 1281.98.**

Even if § 1281.98 applied under the circumstances here (which it does not), Plaintiffs' Motion should still be denied because they have waived their right to withdraw the matter from Arbitration and are estopped from asserting this purported right.  After Plaintiffs filed their Motion in September 2022, they have continued to pursue their claims in Arbitration.  For example, Plaintiffs have filed Motions to Compel Discovery as to both Kia Finance and Kia America.  Frampton Decl., Ex. E.  In addition, Plaintiffs have scheduled depositions in December 2022 and early 2023 and have agreed to schedule the final, evidentiary hearing in Arbitration in March 2023.  *Id*., Ex. F.

Plaintiffs maintain that their continued participation in Arbitration is "without prejudice" to their pending Motion to withdraw from Arbitration based on the Arbitrator's comments.  Frampton Decl., Ex. F.  This plainly misstates what the Arbitrator said.  The Arbitrator merely confirmed that Plaintiffs could participate in the status conference without prejudice to their Motion.  ("Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court.").  *Id*., Ex. D.  The Arbitrator did not hold, however, that Plaintiffs could continue to prosecute their claims in Arbitration, including filing motions to compel discovery, without prejudice to their pending Motion.  By continuing to arbitrate, Plaintiffs have also benefitted from the deposit that Kia America paid.  Accordingly, even if Plaintiffs had a right under §1281.98 to withdraw the matter from Arbitration (they do not), they have waived this right and are estopped from asserting it.  *In re Marriage of Bittenson* (2019) 41 Cal.App.5th 333, 338 (2019) ["Under the doctrine of equitable estoppel '[h]e who takes the benefit must bear the burden.'"], quoting Civ. Code, § 3521.

Plaintiffs' Motion should be denied for this additional reason.

///

KIA MOTOR FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER
STAYING MATTER AND TO LIFT STAY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.     The Court Should Deny Plaintiffs' Motion Because It Would Result In A Substantial Waste Of The Parties, The Court's, And The Arbitrator's Resources**

For over three years (allowing for a COVID suspension), the parties have actively litigated their claims in Arbitration with JAMS.  The parties have filed amended claims and counterclaims, exchanged thousands of pages of documents in discovery, and have taken numerous depositions. Frampton Decl., ¶ 8.  Moreover, Defendants have paid for the privilege of arbitrating in JAMS.  To date, defendants have paid JAMS $62,274.71 in arbitration fees and deposit requests.  *Id.* at ¶ 9.

Plaintiffs' Motion asks this Court to erase the Parties' and the Arbitrator's work.  Not only that, but an order withdrawing the matter from Arbitration would restart this case from scratch.  If left in Arbitration, the matter will be concluded by March 2023.  Frampton Decl., Ex. F.  The Court should deny Plaintiffs' Motion.

**IV.     <u>CONCLUSION</u>**

For these reasons, Kia Finance respectfully requests that the Court deny Plaintiffs' Motion.

DATED:  November 15, 2022            Respectfully submitted,

                                     HOLLAND & KNIGHT LLP

                                     BY: _____
                                             Zachary C. Frampton

                                     Attorneys for Defendant
                                     HYUNDAI CAPITAL AMERICA DBA KIA
                                     FINANCE FKA KIA MOTORS FINANCE

7

**PROOF OF SERVICE**
*John Chase, et al. v. Kia Motors America, Inc., et al.*
**Alameda County Superior Court Case No. RG19010993**

STATE OF CALIFORNIA          )
                              ) ss.
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

     On **November 15, 2022**, I served the foregoing document described as **DEFENDANT KIA FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA *CODE OF CIVIL PROCEDURE*  SECTION 1281.98 AND TO LIFT STAY** on all interested parties in this action

☐ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

☐ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL VIA PDF FILE:**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list.  The transmission was reported as complete and without error.

☒     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **November 15, 2022**, at Los Angeles, California.


  Bobbette Mack
Print or Type Name                       Signature

---

KIA MOTOR FINANCE'S OPPOSITION TO MOTION TO VACATE ORDER
STAYING MATTER AND TO LIFT STAY
00420

1

<u>**SERVICE LIST**</u>

2

| | |
|---|---|
| Amir Nassihi, Esq. | Attorneys for Respondent |
| Samantha K. Burnett, Esq. | Kia Motors America, Inc. |
| Darlene Cho, Esq. | |
| SHOOK, HARDY & BACON L.L.P. | |
| One Montgomery, Ste 2600 | |
| San Francisco. CA  94104 | |
| Tel:  (415) 544-1900 | |
| Fax:  (415) 391-0281 | |
| E-mail:  anassihi@shb.com | |
| E-mail:  sburnett@shb.com | |
| E-mail:  dcho@shb.com | |
| E-mail:  rdarmstadt@shb.com | |
| E-mail:  mmontalvo@shb.com | |

3

4

5

6

7

8

9

| | |
|---|---|
| Elliot Conn, Esq. | Attorneys for Plaintiffs |
| CONN LAW, PC | John Chase and Hilary Chase |
| 354 Pine St., 5th Fl. | |
| San Francisco, CA  94104 | |
| Tel:  (415) 417-2780 | |
| Fax:  (415) 358-4941 | |
| E-mail:  elliot@connlawpc.com | |

10

11

12

13

| | |
|---|---|
| Ronald Wilcox, Esq. | |
| WILCOX LAW FIRM, P.C. | |
| 2021 The Alameda, Ste 200 | |
| San Jose, CA  95126 | |
| Tel:  (408) 296-0400 | |
| E-mail:  ronaldwilcox@gmail.com | |

14

15

16

17

| | |
|---|---|
| John P. Swenson, Esq. | Attorneys for Defendant |
| SCALI RASMUSSEN, PC | Michael C. Stead, Inc. dba Michael |
| 800 Wilshire Blvd., Ste 400 | Stead's Hilltop Ford Kia |
| Los Angeles, CA  90017 | |
| Tel:  (213) 239-5622 | |
| E-mail:  jswenson@scalilaw.com | |

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10

Amir M. Nassihi, State Bar No. 235936
anassihi@shb.com
Samantha K.N. Burnett, State Bar No. 320262
sburnett@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: 415.544.1900 | Fax: 415.391.0281

Darlene M, Cho, State Bar No. 251167
dcho@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Tel: 424-285-8330 | Fax: 424-204-9093

Attorneys for Defendant
KIA AMERICA, INC. (formerly known as
KIA MOTORS AMERICA, INC.)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/16/2022 at 04:42:22 PM**
By: Curtiyah Ganter,
Deputy Clerk

11
12
13

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN CHASE and HILARY CHASE,

     Plaintiffs,

     v.

KIA MOTORS AMERICA, INC, et al.,

     Defendants.

Case No. RG19010993

**DECLARATION OF AMIR NASSIHI IN SUPPORT OF KIA AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

Judge:    Hon. Jeffrey S. Brand
Dept.:    22
Date:    December 1, 2022
Time:    2:30 p.m.

Filed Concurrently Herewith:
Opposition; [Proposed] Order; and Proof of Service

I, Amir Nassihi, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in all the courts thereof and am a partner in the law firm of Shook, Hardy & Bacon L.L.P., attorneys for Defendant Kia America, Inc. ("Kia").  The statements in this Declaration are made on the basis of my own knowledge or, where stated, upon my information and belief, and I would competently testify thereto if called upon to do so.

2.      Attached as **Exhibit 1** is a true and correct copy of the Appointment of Arbitrator served by JAMS on October 21, 2019.

3.      Attached as **Exhibit 2** is a true and correct copy of the February 10, 2020 Case Management Order No. 1 issued by Arbitrator Judge James L. Warren.

4.      Attached as **Exhibit 3** is a true and correct copy of the JAMS Employment Arbitration Rules & Procedures.

5.      The parties have engaged in substantial activities in the arbitration, including discovery and related motion practice, dispositive motions, hearings with the arbitrator, and mediation.

6.      There has never been any delay in the arbitration proceedings due to any nonpayment or late payment of fees and costs.

7.      On August 30, 2022, counsel for Plaintiffs emailed defense counsel regarding payment of the JAMS deposit request. I responded several minutes later regarding coordinating payment of JAMS' deposit request within the same day. Attached as **Exhibit 4** is a true and correct copy of the August 30, 2022 email correspondence.

8.      On September 14, 2022, I emailed JAMS and counsel for Plaintiffs regarding Defendants' timely payment of the JAMS deposit request, Invoice No. 6253566.  Attached as **Exhibit 5** is a true and correct copy of the September 14, 2022 email and FedEx tracking information.

9.      Defendants' deposit-payment was accepted and cashed by JAMS.

/ /

/ /

10. On October 13, 2022, the parties participated in a conference with the arbitrator to address outstanding discovery issues. The arbitrator made clear, and the parties agree, that participation in the October 13, 2022 conference would not prejudice Plaintiffs' instant Motion.

11. Nevertheless, after October 13, 2022, Plaintiffs have pursued and continued to engage in arbitration proceedings, including multiple discovery matters and related disputes. This includes a request for hearing on two motions to compel against Kia America and Kia Motor's Finance. The parties have also engaged in other discovery activities.

12. No hearing confirmation letter has been issued in the arbitration and, therefore, there has been no hearing confirmation letter issued which sets forth any "applicable due date" for the deposit request at issue here.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of November, 2022, in San Francisco, California.

_____
Amir Nassihi

# EXHIBIT 1



# APPOINTMENT OF ARBITRATOR

NOTICE TO ALL PARTIES                                      October 21, 2019

     Re:   Chase, John, et al. vs. KIA Motors America, Inc., et al.
           Reference #:  1100106806

Dear Parties:

Hon. James L. Warren (Ret.) has been appointed as Arbitrator in the above-referenced matter.  In accordance with the JAMS Comprehensive Rules no party may have *ex-parte* communications with the Arbitrator.  Any necessary communication with the Arbitrator must be initiated through the case manager.

The Arbitrator will bill in accordance with the enclosed Fee Schedule.  The arbitration will be administered consistent with the enclosed JAMS Policy on Consumer Arbitrations, Minimum Standards of Procedural Fairness.  According to this policy, the non-consumer party is responsible for 100% of the cost of the arbitration and will be billed accordingly.  JAMS will also administer the case consistent with JAMS Cancelation/Continuance policy.   Any party who cancels or continues a hearing after the deadline will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party.  In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.  JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in the arbitration.

The paying party has been billed a preliminary retainer to cover the expense of all pre-hearing work, such as reading, drafting of orders, and conference calls.  Enclosed is an invoice for this retainer.  Upon receipt of payment, a Preliminary Arbitration Management Conference Call will be scheduled with the Arbitrator.

If you have questions, please contact me directly at 415-774-2635.  We look forward to working with you.

Sincerely,

Darcy English
ADR Specialist
denglish@jamsadr.com
Direct: 415-774-2635

# General Fee Schedule
*Hon. James L. Warren (Ret.)*

---

## PROFESSIONAL FEES

| | |
|---|---|
| **Daily Rate** ................................................. **$9,500** | **Half Day Rate** ...................................................... **$5,000** |
| Includes up to 8 hours of hearing time on the scheduled day. | Includes up to 4 hours of hearing time on the scheduled day. |

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $900 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES

**Filing Fee**
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims

- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable

**Case Management Fee**
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| *Number of Days* | *Cancellation/Continuance Period* | *Fee* |
|---|---|---|
| 1 day or less ................................. | 14 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| 2 days or more ............................. | 30 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| 3 days or more ............................. | 60 day or more prior to hearing....................... | 100% REFUNDABLE, except for time incurred |
| Hearings of any length ................. | Inside the cancellation/continuance period............ | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party and/or other representatives of the party.



# Consumer Arbitration Minimum Standards

## JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness

*Effective July 15, 2009*

**Minimum Standards for Arbitration Procedures**

JAMS will administer arbitrations pursuant to mandatory pre-dispute arbitration clauses between companies and consumers[1] only if the contract arbitration clause and specified applicable rules comply with the following minimum standards of fairness.

1. The arbitration agreement must be reciprocally binding on all parties such that (a) if a consumer is required to arbitrate his or her claims or all claims of a certain type, the company is so bound; and, (b) no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction.

2. The consumer must be given notice of the arbitration clause. Its existence, terms, conditions and implications must be clear.

3. Remedies that would otherwise be available to the consumer under applicable federal, state or local laws must remain available under the arbitration clause, unless the consumer retains the right to pursue the unavailable remedies in court.

4. The arbitrator(s) must be neutral, and the consumer must have a reasonable opportunity to participate in the process of choosing the arbitrator(s).

5. The consumer must have a right to an in-person hearing in his or her hometown area.

6. The clause or procedures must not discourage the use of counsel.

7. With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, the only fee required to be paid by the consumer is $250, which is approximately equivalent to current Court filing fees. All other costs must be borne by the company, including any remaining JAMS Case Management Fee and all professional fees for the arbitrator's services. When the company is the claiming party initiating an arbitration against the consumer, the company will be required to pay all costs associated with the arbitration.

8. In California, the arbitration provision may not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail.

9. The arbitration provision must allow for the discovery or exchange of non-privileged information relevant to the dispute.

10. An Arbitrator's Award will consist of a written statement stating the disposition of each claim. The award will also provide a concise written statement of the essential findings and conclusions on which the award is based.

---

[1] These standards are applicable where a company systematically places an arbitration clause in its agreements with individual consumers and there is minimal, if any, negotiation between the parties as to the procedures or other terms of the arbitration clause. A consumer is defined as an individual who seeks or acquires any goods or services, primarily for personal family or household purposes, including the credit transactions associated with such purchases, or personal banking transactions. These standards do not apply to the use of arbitration in resolving disputes arising from commercial transactions between a lender and commercial borrowers or a company and commercial customers, other financial services such as investment transactions, real estate transactions, or to matters involving underinsured motorists. Nor do they apply if the agreement to arbitrate was negotiated by the individual consumer and the company.

(c) Copyright 2009 JAMS. All rights reserved.

## Why JAMS?

JAMS mediators and arbitrators successfully resolve cases ranging in size, industry and complexity, typically achieving results more efficiently and cost-effectively than through litigation. JAMS neutrals are skilled in all aspects of alternative dispute resolution (ADR), including mediation, arbitration, special masters, discovery referees, project neutrals and dispute review boards.

# DEPOSIT REQUEST



**Invoice Date**
10/21/2019

**Invoice Number**
5003064

Bill To:      **Mr. Amir Nassihi Esq.**
**Shook, Hardy & Bacon, LLP**
**One Montgomery St.**
**Suite 2600**
**San Francisco, CA 94104**
**US**

| | |
|---|---|
| **Reference #:** | **1100106806 - Rep# 2** |
| Billing Specialist: | **Mason, Glenn T** |
| Email: | **gmason@jamsadr.com** |
| Telephone: | **949-224-4654** |
| Employer ID: | **68-0542699** |

RE: **Chase, John, et al. vs. KIA Motors America, Inc., et al.**

Representing: **KIA Motors America, Inc. ; Hyundai Capital America dba KIA Motors Finance ; Michael C. Stead, Inc., dba Michael Stead's Hilltop Ford**

Neutral(s):    **Hon. James Warren (Ret.)**

Hearing Type: **ARBITRATION**      JM

| Date / Time | Description | Your Share |
|---|---|---|
| 10/21/19 | **Hon. James L Warren (Ret.)** Deposit for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Failure to pay the deposit by the due date may result in a delay in service or cancellation of the session. With the exception of non-refundable fees, (Please review the Neutral's fee schedule regarding case management fee and cancellation policies), any unused portion of this deposit will be refunded at the conclusion of the case. | $ 9,500.00 |

| | |
|---|---|
| **Total Billed:** | $ 9,500.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 9,500.00 |

Unused deposits will not be refunded until the conclusion of the case. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. **Payment is due upon receipt.**

**Click here to pay**

| Standard mail: | Overnight mail: |
|---|---|
| **P.O. Box 845402** | **18881 Von Karman Ave. Suite 350** |
| **Los Angeles, CA 90084** | **Irvine, CA 92612** |

## **PROOF OF SERVICE BY E-Mail**

Re: Chase, John, et al. vs. KIA Motors America, Inc., et al.
Reference No. 1100106806

I, Julie McCool, not a party to the within action, hereby declare that on October 21, 2019, I served the attached APPOINTMENT OF ARBITRATOR on the parties in the within action by electronic mail at San Francisco, CALIFORNIA, addressed as follows:

Elliot J. Conn Esq.
Conn Law, PC
354 Pine Street
5th Floor
San Francisco, CA  94104
Phone: 415-417-2780
elliot@connlawpc.com
   Parties Represented:
   Hilary Chase
   John Chase

Amir Nassihi Esq.
Ms. Samantha Burnett
Shook, Hardy & Bacon, LLP
One Montgomery St.
Suite 2600
San Francisco, CA  94104
Phone: 415-544-1900
anassihi@shb.com
sburnett@shb.com
   Parties Represented:
   Hyundai Capital America dba KIA Motors Finan
   KIA Motors America, Inc.
   Michael C. Stead, Inc., dba Michael Stead's
   Michael Stead, Inc. dba Hilltop Ford KIA

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on October 21, 2019.

_____
Julie McCool
JAMS
jMcCool@jamsadr.com

# EXHIBIT 2

1   Judge James L. Warren (Ret.)
2   JAMS
    Two Embarcadero Center, Suite 1500
3   San Francisco, CA  94111
    Telephone (415) 982-5267
4   Facsimile (415) 982-5287
5   Arbitrator

6                                   JAMS ARBITRATION
7

8   John Chase and Hilary Chase,          JAMS Reference No. 1100106806
9              Claimants,                  **CASE MANAGEMENT ORDER NO. 1**
10        vs.
11  KIA Motors America, Inc., Michael C.
    Stead, Inc. dba Michael Stead's Hilltop For
12  KIA, and Hyundai Capital America dba
    KIA Motors Finance,
13
14             Respondents.
15

16          Pursuant to notice, the Arbitrator conducted an initial telephonic hearing in this matter on

17  December 5, 2019 as well as a follow-up hearing on February 7, 2020.  Claimants were represented by

18  Elliot J. Conn from the law firm of Conn Law, PC.  Respondents were represented by Amir Nassihi

19  and Samantha K. N. Burnett from the law firm of Shook, Hardy & Bacon, LLP.  At the conclusion of

20  the hearings, the Arbitrator orally ordered that the following dates and procedures would be followed,

21  and that this Case Management Order No. 1 would be entered.

22          1.      **Parties and Counsel.**  The parties to this arbitration are identified in the caption and on

23  the attached Service List.

24          2.      **Arbitrator.**
25                  Judge James L. Warren (Ret.)
                    JAMS
26                  2 Embarcadero Center
                    Suite 1500
27                  San Francisco, CA 94111
28

                            Case Management Order No. 1

                                        1

3.    **Case Manager.**
Darcy English
JAMS
2 Embarcadero Center
Suite 1500
San Francisco, CA 94111
(415) 774-2635

4.    **Agreement to Arbitrate.**  Arbitral Jurisdiction is conferred through Paragraph 15 of the undated "Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision)," attached as an exhibit to the Stipulation and Order to Stay Case Pending Arbitration, executed by counsel for the parties on or about August 15/16, 2019 and entered by the Court in that certain litigation filed by then-Plaintiffs John Chase and Hilary Chase in the Superior Court of California, County of Alameda, bearing Case Number: RG19010993.

5.    **Pleadings and Arbitrability.**  The claims are stated in the Complaint filed by then-Plaintiffs in the action referred to in Paragraph 4, above, which was attached as Exhibit A to the Demand for Arbitration Before JAMS, filed on or about August 23, 2019.  On September 23, 2019, Respondents filed their Answer and Affirmative Defenses to Claimant's Complaint, as well as filing their own Counterclaims against Claimants.  Claimants filed their Answer to those Counterclaims on October 7, 2019.  The claims asserted in the Demand for Arbitration, the affirmative defenses set forth in the Response, and the claims asserted in the Counterclaims are arbitrable.

6.    **Applicable Law and Rules.**  This case will be governed by the substantive law of the State of California.  The JAMS Employment Arbitration Rules & Procedures (the "Rules") will apply to the procedural aspects of the case.

7.    **Fact Discovery.**

a.    Rule 17 Disclosures.  The parties have completed their voluntary exchange of documents pursuant to Rule 17.

8.    **Discovery**.  The parties have agreed that depositions will be limited to 5 per side.  Should the parties later determine that this number should be changed, they may do so by stipulation or, if the parties are unable to reach agreement, they may apply to the Arbitrator for assistance.

9.    **Procedure for Resolution of Discovery Disputes**.

a.    Should any discovery dispute arise that requires resolution by the Arbitrator, the parties will follow the following protocol:

i.    The parties will meet and confer in a good faith attempt to resolve the dispute. These meet-and-confer sessions will be in person or, if that is not practicable, over the telephone. In no case will the meet and confer obligation be satisfied solely by the exchange of letters or emails. If an informal resolution is not achieved, and except as otherwise provided herein, the parties will agree on a date no more than two weeks out on which the matter will be argued before the Arbitrator by telephone. The parties will then contact the Arbitrator's Case Manager to reserve the date and time for the conference call;

ii.    Thereafter, the moving party will file a letter brief of no more than five pages, double spaced, setting forth the nature of the dispute and the reasons why that party is entitled to the relief sought. Exhibits will not count against the page limit of the letter brief. The letter brief will describe the parties' efforts to resolve the dispute informally;

iii.    Two business days later, the opposing party will file its letter brief, again limited to five double spaced pages, not counting exhibits, setting forth the reasons why the relief should not be granted. The letter brief shall affirmatively confirm the moving party's description of the meet and confer attempts or, if the party disagrees with that description, shall set forth its own version of the events;

iv.    There will be no reply brief;

v.    At least two business days after service of the opposition letter brief, the parties will participate in a telephonic hearing with the Arbitrator where the motion(s) will be resolved.

10.    **Close of Fact Discovery.**   Fact discovery will close on October 2, 2020. Should either party prior to that date determine that additional discovery is necessary, this deadline may be extended by stipulation or by order of the Arbitrator for good cause shown.

11.    **Expert Disclosure**. On October 9, 2020, the parties will disclose the identity of any experts they have chosen to testify at the Hearing. This disclosure shall be accompanied by the simultaneous delivery to the other side of each expert's written report.

**12.    Close of Expert Discovery**.  Expert discovery will close on October 16, 2020.

**13.    Stipulation re Bifurcation of Hearing and Scope of Issues to be Resolved During First Phase.**

The parties have stipulated that the Hearing shall be bifurcated and have stipulated that the following issues shall be decided during the first phase of the Hearing:

*INSERT PARTIES' STIPULATION*

**14.    Hearing Procedure.**

a.   On November 2, 2020, the parties shall designate and exchange all documentary evidence they intend to offer into evidence at the Hearing, excepting documents to be offered solely for impeachment.  On November 9, 2020, each party may designate and exchange supplemental documents prompted by the original designation of the opposing party.  Documents not so exchanged shall not be admitted into evidence at the Hearing in the absence of good cause.

b.   On November 2, 2020, the parties shall identify and exchange the names of all non-rebuttal percipient and expert witnesses expected to testify, and shall indicate the manner in which each witness is expected to testify (*e. g.,* in-person or, subject to stipulation of the parties and approval of the Arbitrator, telephonically or by affidavit or declaration).  On November 9, 2020, each party may designate and exchange the names of supplemental witnesses prompted by the original identification of the opposing party.  Witnesses not so identified shall not be permitted to testify at the Hearing in the absence of good cause.

c.   No later than noon on November 12, 2020, the parties will file their prehearing briefs and motions *in limine*, if any.  Motions *in limine* they will be argued at the commencement of the hearing on Monday, November 16, 2020.

d.   The Hearing shall commence on Monday, November 16, 2020 at 9:30AM in the San Francisco offices of JAMS, located at 2 Embarcadero Center, Suite 1500, San Francisco 94111.  The Hearing will run day to day, excluding weekends, through Tuesday, November 24, 2020.

e.   The parties will be requested to deposit fees sufficient to compensate the Arbitrator for the scheduled hearing days, plus the estimated number of hours needed to prepare the Arbitrator's

Case Management Order No. 1

4

Decision, 60 days in advance of the commencement of the Hearing.  If the Hearing is cancelled or continued for any reason within those 60 days, the deposit for the cancelled time shall be deemed a cancellation fee and shall be immediately payable to JAMS.  JAMS shall refund fees for any day the Hearing that is rebooked by the Arbitrator to the extent of scheduled mediation or arbitration fees earned on that day.

**15.**     **Miscellaneous.**

a.   All briefs and other documents shall be filed with the Arbitrator by delivering a copy of those documents to Ms. English no later than 4:00PM on the date the filing is due.

b.   All trial exhibits shall be pre-marked with consecutive Arabic numerals (without any indication of the party offering them), and this shall be done prior to discovery so that the same exhibit may be referred to by the same number throughout discovery, in connection with motion practice, and during the Hearing.  Along with the exhibit lists to be submitted to the Arbitrator on November 2, 2020 and November 9, 2020, any party objecting to an exhibit proffered by the other side shall file a written objection setting forth the basis for the objection.  Each objection will be ruled on during the Hearing at the time the exhibit is offered into evidence.  Exhibits as to which no objection is lodged shall be deemed admitted at the commencement of the Hearing.  All exhibits will be discarded 30 days after the issuance of the final award unless a party requests, in writing, that the exhibits be returned.

c.   The parties are encouraged to execute a stipulation of undisputed facts and to submit that document to the Arbitrator along with the parties' pre-Hearing briefs on November 12, 2020.

d.   If any party intends to utilize the services of a court reporter (which the Arbitrator strongly encourages), that party shall give notice thereof to the other side one month prior to the start of the Hearing.  The parties are encouraged to agree on any division of cost with respect to the reporter they desire, and to agree that such costs shall or shall not be an allocable cost of this proceeding.

e.   The Arbitrator's award shall state the reasons on which his decision is based.  The award may be served by regular mail unless any party requests, in writing, that the award be served by certified mail in accordance with Cal. Code of Civil Procedure Section 1283.6.

Case Management Order No. 1

5

1        f.   All deadlines herein shall be strictly enforced.  This Order shall continue in effect

2   unless changed by written order of the Arbitrator

3        g.   Nothing in this Case Management Order No. 1 shall preclude any party from

4   applying to the Arbitrator for additional or different relief from that stated herein.

5

6   Dated:  February 10, 2020

7                                                              _____
                                                              Judge James L. Warren (Ret.)
8                                                             Arbitrator

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Management Order No. 1

6

## PROOF OF SERVICE BY E-Mail

Re: Chase, John, et al. vs. KIA Motors America, Inc., et al.
Reference No. 1100106806

I, Brian Palencia, not a party to the within action, hereby declare that on  June 14, 2021, I served the

attached CMO1 on the parties in the within action by electronic mail at San Francisco, CALIFORNIA,

addressed as follows:

Elliot J. Conn Esq.
Conn Law, PC
354 Pine Street
5th Floor
San Francisco, CA   94104
Phone: 415-417-2780
elliot@connlawpc.com
   Parties Represented:
   Hilary Chase
   John Chase

Amir Nassihi Esq.
Samantha Burnett Esq.
Shook, Hardy & Bacon, LLP
555 Mission St
Suite 2300
San Francisco, CA   94105
Phone: 415-544-1900
anassihi@shb.com
sburnett@shb.com
   Parties Represented:
   Hyundai Capital America dba KIA Motors Finan
   KIA Motors America, Inc.
   Michael C. Stead, Inc., dba Michael Stead's
   Michael Stead, Inc. dba Hilltop Ford KIA

John P. Swenson Esq.
Scali Rasmussen
800 Wilshire Blvd
Suite 400
Los Angeles, CA   90017
Phone: 213-239-5622
jswenson@scalilaw.com
   Parties Represented:
   Michael Stead, Inc. dba Hilltop Ford KIA

Ronald Wilcox Esq.
Allison A. Krumhorn Esq.
Wilcox Law Firm, P.C.
2021 The Alameda
Suite 200
San Jose, CA   95126
Phone: 408-296-0400
ronaldwilcox@gmail.com
allisonkrumhorn@gmail.com
   Parties Represented:
   Hilary Chase
   John Chase

Darlene Cho Esq.
Shook, Hardy & Bacon, LLP
2049 Century Park East
Suite 3000
Los Angeles, CA   90067
Phone: 424-324-3409
dcho@shb.com

Parties Represented:
Hyundai Capital America dba KIA Motors Finan
KIA Motors America, Inc.
Michael C. Stead, Inc., dba Michael Stead's

      I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  June 14, 2021.

*Brian Palencia*
_____
Brian Palencia
JAMS
BPalencia@jamsadr.com

# EXHIBIT 3

# JAMS Employment Arbitration Rules & Procedures

## Effective June 1, 2021

**Local Solutions. Global Reach.®**



# JAMS Employment
# Arbitration Rules & Procedures

**Founded in 1979, JAMS is the largest private provider of alternative dispute resolution (ADR) services worldwide.** Our neutrals resolve some of the world's largest, most complex and contentious disputes, utilizing JAMS Rules & Procedures as well as the rules of other domestic and international arbitral institutions.

**JAMS mediators and arbitrators are full-time neutrals** who come from the ranks of retired state and federal judges and prominent attorneys. These highly trained, experienced ADR professionals are dedicated to the highest ethical standards of conduct. Whether they are conducting in-person, remote or hybrid hearings, JAMS neutrals are adept at managing the resolution process.

**Effective June 1, 2021, these updated Rules reflect the latest developments in arbitration.** They make explicit the arbitrator's full authority to conduct hearings in person, virtually or in a combined form, and with participants in more than one geographic location. They also update electronic filing processes to coordinate with **JAMS Access**, our secure, online case management platform.



### Summary of Revisions to the Employment Rules

Scan this code with your smartphone for a complete list of all changes.

## Additional Employment Arbitration Resources



### JAMS Employment Arbitration Minimum Standards

Scan for our policy on the use of arbitration for resolving employment-related disputes.



### Sample Employment Contract Clauses

Scan for guidance on drafting an employment dispute resolution program and contract clause language.



### JAMS Employment Practice Group

Scan to learn more about our experienced employment neutrals.



### Virtual & Hybrid ADR

Scan to learn about our concierge-level client services, including **Virtual ADR Moderators** and **premium technology**.

**jamsadr.com • 800.352.5267**

# Table of Contents

**RULE 1** Scope of Rules. . . . . . . . . . . . . . . . . . . . . . . .4

**RULE 2** Party Self-Determination. . . . . . . . . . . . . . .4

**RULE 3** Amendment of Rules. . . . . . . . . . . . . . . . . . .4

**RULE 4** Conflict with Law . . . . . . . . . . . . . . . . . . . . . .4

**RULE 5** Commencing an Arbitration . . . . . . . . . . . .4

**RULE 6** Preliminary and
Administrative Matters. . . . . . . . . . . . . . . . .5

**RULE 7** Number and Neutrality of
Arbitrators; Appointment
and Authority of Chairperson. . . . . . . . . . .6

**RULE 8** Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**RULE 9** Notice of Claims . . . . . . . . . . . . . . . . . . . . . .7

**RULE 10** Changes of Claims. . . . . . . . . . . . . . . . . . . .7

**RULE 11** Interpretation of Rules
and Jurisdictional Challenges. . . . . . . . . . .7

**RULE 12** Representation . . . . . . . . . . . . . . . . . . . . . . .7

**RULE 13** Withdrawal from Arbitration. . . . . . . . . . .8

**RULE 14** *Ex Parte* Communications. . . . . . . . . . . .8

**RULE 15** Arbitrator Selection, Disclosures
and Replacement. . . . . . . . . . . . . . . . . . . . . .8

**RULE 16** Preliminary Conference . . . . . . . . . . . . . . .9

**RULE 17** Exchange of Information . . . . . . . . . . . . . .9

**RULE 18** Summary Disposition
of a Claim or Issue . . . . . . . . . . . . . . . . . . .10

**RULE 19** Scheduling and Location of Hearing . . . .10

**RULE 20** Pre-Hearing Submissions . . . . . . . . . . . . .10

**RULE 21** Securing Witnesses and Documents
for the Arbitration Hearing . . . . . . . . . . . .11

**RULE 22** The Arbitration Hearing . . . . . . . . . . . . . . .11

**RULE 23** Waiver of Hearing. . . . . . . . . . . . . . . . . . . . .12

**RULE 24** Awards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

**RULE 25** Enforcement of the Award. . . . . . . . . . . . .13

**RULE 26** Confidentiality and Privacy. . . . . . . . . . . . .13

**RULE 27** Waiver. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

**RULE 28** Settlement and Consent Award. . . . . . . . .14

**RULE 29** Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

**RULE 30** Disqualification of the
Arbitrator as a Witness or
Party and Exclusion of Liability . . . . . . . . .14

**RULE 31** Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

**RULE 32** Bracketed (or High-Low)
Arbitration Option. . . . . . . . . . . . . . . . . . . . .15

**RULE 33** Final Offer (or Baseball)
Arbitration Option. . . . . . . . . . . . . . . . . . . . .15

**RULE 34** Optional Arbitration
Appeal Procedure. . . . . . . . . . . . . . . . . . . . .15

*NOTICE: These Rules are the copyrighted property of JAMS. They cannot be copied, reprinted or used in any way without permission of JAMS, unless they are being used by the parties to an arbitration as the rules for that arbitration. If they are being used as the rules for an arbitration, proper attribution must be given to JAMS. If you wish to obtain permission to use our copyrighted materials, please contact JAMS at 949.224.1810.*

## RULE 1
## Scope of Rules

(a)   The JAMS Employment Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, the disputes or claims are employment-related, unless other Rules are prescribed.

(b)   The Parties shall be deemed to have made these Rules a part of their Arbitration Agreement ("Agreement") whenever they have provided for Arbitration by JAMS under its Employment Rules or for Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of the first paragraph of this Rule.

(c)   The authority and duties of JAMS as prescribed in the Agreement of the Parties and in these Rules shall be carried out by the JAMS National Arbitration Committee ("NAC") or the office of JAMS General Counsel or their designees.

(d)   JAMS may, in its discretion, assign the administration of an Arbitration to any of its Resolution Centers.

(e)   The term "Party" as used in these Rules includes Parties to the Arbitration and their counsel or representatives.

(f)   "Electronic filing" (e-filing) means the electronic transmission of documents to JAMS for the purpose of filing via the Internet. "Electronic service" (e-service) means the electronic transmission of documents to a party, attorney or representative under these Rules.

## RULE 2
## Party Self-Determination

(a)   The Parties may agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies (including, without limitation, the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness and Rules 15(i), 30 and 31). The Parties shall promptly notify JAMS of any such Party-agreed procedures and shall confirm such procedures in writing. The Party-agreed procedures shall be enforceable as if contained in these Rules.

(b)   When an Arbitration Agreement provides that the Arbitration will be non-administered or administered by an entity other than JAMS and/or conducted in accordance with rules other than JAMS Rules, the Parties may agree to modify that Agreement to provide that the Arbitration will be administered by JAMS and/or conducted in accordance with JAMS Rules.

## RULE 3
## Amendment of Rules

JAMS may amend these Rules without notice. The Rules in effect on the date of the commencement of an Arbitration (as defined in Rule 5) shall apply to that Arbitration, unless the Parties have agreed upon another version of the Rules.

## RULE 4
## Conflict with Law

If any of these Rules, or modification of these Rules agreed to by the Parties, is determined to be in conflict with a provision of applicable law, the provision of law will govern over the Rule in conflict, and no other Rule will be affected.

## RULE 5
## Commencing an Arbitration

(a)   The Arbitration is deemed commenced when JAMS issues a Commencement Letter based upon the existence of one of the following:

(i)   A post-dispute Arbitration Agreement fully executed by all Parties specifying JAMS administration or use of any JAMS Rules; or

(ii)   A pre-dispute written contractual provision requiring the Parties to arbitrate the employment dispute or claim and specifying JAMS administration or use of any JAMS Rules or that the Parties agree shall be administered by JAMS; or

(iii)   A written confirmation of an oral agreement of all Parties to participate in an Arbitration administered by JAMS or conducted pursuant to any JAMS Rules; or

(iv)  The Respondent's failure to timely object to JAMS administration, where the Parties' Arbitration Agreement does not specify JAMS administration or JAMS Rules; or

(v)  A copy of a court order compelling Arbitration at JAMS.

(b)  The issuance of the Commencement Letter confirms that requirements for commencement have been met, that JAMS has received all payments required under the applicable fee schedule and that the Claimant has provided JAMS with contact information for all Parties together with evidence that the Demand for Arbitration has been served on all Parties.

(c)  If a Party that is obligated to arbitrate in accordance with subparagraph (a) of this Rule fails to agree to participate in the Arbitration process, JAMS shall confirm in writing that Party's failure to respond or participate, and, pursuant to Rule 19, the Arbitrator, once appointed, shall schedule, and provide appropriate notice of, a Hearing or other opportunity for the Party demanding the Arbitration to demonstrate its entitlement to relief.

(d)  The date of commencement of the Arbitration is the date of the Commencement Letter but is not intended to be applicable to any legal requirement, such as the statute of limitations; any contractual limitations period; or any claims notice requirement. The term "commencement," as used in this Rule, is intended only to pertain to the operation of this and other Rules (such as Rules 3, 13(a), 17(a) and 31(a)).

## RULE 6
## Preliminary and Administrative Matters

(a)  JAMS may convene, or the Parties may request, administrative conferences to discuss any procedural matter relating to the administration of the Arbitration.

(b)  If no Arbitrator has yet been appointed, at the request of a Party and in the absence of Party agreement, JAMS may determine the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing, such factors as the subject matter of the dispute, the convenience of the Parties and witnesses, and the relative resources of the Parties shall be considered, but in no event will the Hearing be scheduled in a location that precludes attendance by the Employee.

(c)  If, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings. JAMS may so inform the Parties in order that one of them may advance the required payment. If one Party advances the payment owed by a non-paying Party, the Arbitration shall proceed, and the Arbitrator may allocate the non-paying Party's share of such costs, in accordance with Rules 24(f) and 31(c). An administrative suspension shall toll any other time limits contained in these Rules or the Parties' Agreement.

(d)  JAMS does not maintain an official record of documents filed in the Arbitration. If the Parties wish to have any documents returned to them, they must advise JAMS in writing within thirty (30) calendar days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing, and JAMS reserves the right to impose an additional fee for such special arrangements. Documents that are submitted for e-filing are retained for thirty (30) calendar days following the conclusion of the Arbitration.

(e)  Unless the Parties' Agreement or applicable law provides otherwise, JAMS, if it determines that the Arbitrations so filed have common issues of fact or law, may consolidate Arbitrations in the following instances:

(i)  If a Party files more than one Arbitration with JAMS, JAMS may consolidate two or more of the Arbitrations into a single Arbitration.

(ii)  Where a Demand or Demands for Arbitration is or are submitted naming Parties already involved in another Arbitration or Arbitrations pending under these Rules, JAMS may decide that the new case or cases shall be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators or panels of Arbitrators already appointed.

(iii)  Where a Demand or Demands for Arbitration is or are submitted naming parties that are not identical to the Parties in the existing Arbitration or Arbitrations, JAMS may decide that the new case or cases shall be consolidated into one or more of the pending proceedings and referred to one of the Arbitrators or panels of Arbitrators already appointed.

When rendering its decision, JAMS will take into account all circumstances, including the links between the cases and the progress already made in the existing Arbitrations.

Unless applicable law provides otherwise, where JAMS decides to consolidate a proceeding into a pending Arbitration, the Parties to the consolidated case or cases will be deemed to have waived their right to designate an Arbitrator as well as any contractual provision with respect to the site of the Arbitration.

(f)   Where a third party seeks to participate in an Arbitration already pending under these Rules or where a Party to an Arbitration under these Rules seeks to compel a third party to participate in a pending Arbitration, the Arbitrator shall determine such request, taking into account all circumstances he or she deems relevant and applicable.

## RULE 7
## Number and Neutrality of Arbitrators; Appointment and Authority of Chairperson

(a)   The Arbitration shall be conducted by one neutral Arbitrator, unless all Parties agree otherwise. In these Rules, the term "Arbitrator" shall mean, as the context requires, the Arbitrator or the panel of Arbitrators in a tripartite Arbitration.

(b)   In cases involving more than one Arbitrator, the Parties shall agree on, or, in the absence of agreement, JAMS shall designate, the Chairperson of the Arbitration Panel. If the Parties and the Arbitrators agree, a single member of the Arbitration Panel may, acting alone, decide discovery and procedural matters, including the conduct of hearings to receive documents and testimony from third parties who have been subpoenaed, in advance of the Arbitration Hearing, to produce documents.

(c)   Where the Parties have agreed that each Party is to name one Arbitrator, the Arbitrators so named shall be neutral and independent of the appointing Party, unless the Parties have agreed that they shall be non-neutral.

## RULE 8
## Service

(a    JAMS or the Arbitrator may at any time require electronic filing and service of documents in an Arbitration, including through the JAMS Electronic Filing System. If JAMS or the Arbitrator requires electronic filing and service, the Parties shall maintain and regularly monitor a valid, usable and live email address for the receipt of documents and notifications.

Any document filed via the JAMS Electronic Filing System shall be considered as filed when the transmission to the JAMS Electronic Filing System is complete. Any document e-filed by 11:59 p.m. (of the sender's time zone) shall be deemed filed on that date.

(b)   Every document filed with the JAMS Electronic Filing System shall be deemed to have been signed by the Arbitrator, Case Manager, attorney or declarant who submits the document to the JAMS Electronic Filing System, and shall bear the typed name, address and telephone number of a signing attorney.

(c)   Delivery of e-service documents through the JAMS Electronic Filing System shall be considered as valid and effective service and shall have the same legal effect as an original paper document. Recipients of e-service documents shall access their documents through the JAMS Electronic Filing System. E-service shall be deemed complete when the Party initiating e-service or JAMS completes the transmission of the electronic document(s) to the JAMS Electronic Filing System for e-filing and/or e-service.

(d)   If an electronic filing and/or service via the JAMS Electronic Filing System does not occur due to technical error in the transmission of the document, the Arbitrator or JAMS may, for good cause shown, permit the document to be filed and/or served nunc pro tunc to the date it was first attempted to be transmitted electronically. In such cases a Party shall, absent extraordinary circumstances, be entitled to an order extending the date for any response or the period within which any right, duty or other act must be performed.

(e)   For documents that are not filed electronically, service by a Party under these Rules is effected by providing one signed copy of the document to each Party and two copies in the case of a sole Arbitrator and four copies in the case of a tripartite panel to JAMS. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by any of these means is considered effective upon the date of deposit of the document.

(f)   In computing any period of time prescribed or allowed by these Rules for a Party to do some act within a prescribed period after the service of a notice or other paper on the Party and the notice or paper is served on the Party only by U.S. mail, three (3) calendar days shall be added to the prescribed period. If the last day for the performance of any act that is required by these rules to be performed within a specific time

falls on a Saturday, Sunday or other legal holiday, the period is extended to and includes the next day that is not a holiday.

## RULE 9
## Notice of Claims

(a) Each Party shall afford all other Parties reasonable and timely notice of its claims, affirmative defenses or counterclaims. Any such notice shall include a short statement of its factual basis. No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of such prior notice to the other Parties, unless the Arbitrator determines that no Party has been unfairly prejudiced by such lack of formal notice or all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

(b) Claimant's notice of claims is the Demand for Arbitration referenced in Rule 5. It shall include a statement of the remedies sought. The Demand for Arbitration may attach and incorporate a copy of a Complaint previously filed with a court. In the latter case, Claimant may accompany the Complaint with a copy of any Answer to that Complaint filed by any Respondent.

(c) Within fourteen (14) calendar days of service of the notice of claim, a Respondent may submit to JAMS and serve on other Parties a response and a statement of any affirmative defenses, including jurisdictional challenges, or counterclaims it may have. JAMS may grant reasonable extensions of time to file a response or counterclaim prior to the appointment of the Arbitrator.

(d) Within fourteen (14) calendar days of service of a counterclaim, a Claimant may submit to JAMS and serve on other Parties a response to such counterclaim and any affirmative defenses, including jurisdictional challenges, it may have.

(e) Any claim or counterclaim to which no response has been served will be deemed denied.

(f) Jurisdictional challenges under Rule 11 shall be deemed waived, unless asserted in a response to a Demand or counterclaim or promptly thereafter, when circumstances first suggest an issue of arbitrability.

## RULE 10
## Changes of Claims

After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third Party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance with Rule 9(c) or (d).

## RULE 11
## Interpretation of Rules and Jurisdictional Challenges

(a) Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b) Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(c) Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(d) The Arbitrator may, upon a showing of good cause or sua sponte, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may only be altered in accordance with Rules 22(i) or 24.

## RULE 12
## Representation

(a) The Parties, whether natural persons or legal entities such as corporations, LLCs or partnerships, may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone number and

email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b)   Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone number and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

(c)   The Arbitrator may withhold approval of any intended change or addition to a Party's legal representative(s) where such change or addition could compromise the ability of the Arbitrator to continue to serve, the composition of the Panel in the case of a tripartite Arbitration or the finality of any Award (on the grounds of possible conflict or other like impediment). In deciding whether to grant or withhold such approval, the Arbitrator shall have regard to the circumstances, including the general principle that a Party may be represented by a legal representative chosen by that Party, the stage that the Arbitration has reached, the potential prejudice resulting from the possible disqualification of the Arbitrator, the efficiency resulting from maintaining the composition of the Panel (as constituted throughout the Arbitration), the views of the other Party or Parties to the Arbitration and any likely wasted costs or loss of time resulting from such change or addition.

## RULE 13
## Withdrawal from Arbitration

(a) No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5), except by written agreement of all Parties to the Arbitration.

(b)   A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and the Arbitrator. However, the opposing Parties may, within seven (7) calendar days of such notice, request that the Arbitrator condition the withdrawal upon such terms as he or she may direct.

## RULE 14
## *Ex Parte* Communications

(a)   No Party may have any ex parte communication with a neutral Arbitrator, except as provided in section (b) of this

Rule. The Arbitrator(s) may authorize any Party to communicate directly with the Arbitrator(s) by email or other written means as long as copies are simultaneously forwarded to the JAMS Case Manager and the other Parties.

(b)   A Party may have ex parte communication with its appointed neutral or non-neutral Arbitrator as necessary to secure the Arbitrator's services and to assure the absence of conflicts, as well as in connection with the selection of the Chairperson of the arbitral panel.

(c)   The Parties may agree to permit more extensive ex parte communication between a Party and a non-neutral Arbitrator. More extensive communications with a non-neutral Arbitrator may also be permitted by applicable law and rules of ethics.

## RULE 15
## Arbitrator Selection, Disclosures and Replacement

(a)   Unless the Arbitrator has been previously selected by agreement of the Parties, JAMS may attempt to facilitate agreement among the Parties regarding selection of the Arbitrator.

(b)   If the Parties do not agree on an Arbitrator, JAMS shall send the Parties a list of at least five (5) Arbitrator candidates in the case of a sole Arbitrator and at least ten (10) Arbitrator candidates in the case of a tripartite panel. JAMS shall also provide each Party with a brief description of the background and experience of each Arbitrator candidate. JAMS may add names to or replace any or all names on the list of Arbitrator candidates for reasonable cause at any time before the Parties have submitted their choice pursuant to subparagraph (c) below.

(c)   Within seven (7) calendar days of service upon the Parties of the list of names, each Party may strike two (2) names in the case of a sole Arbitrator and three (3) names in the case of a tripartite panel, and shall rank the remaining Arbitrator candidates in order of preference. The remaining Arbitrator candidate with the highest composite ranking shall be appointed the Arbitrator. JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.

(d)   If this process does not yield an Arbitrator or a complete panel, JAMS shall designate the sole Arbitrator or as many

members of the tripartite panel as are necessary to complete the panel.

(e)   If a Party fails to respond to a list of Arbitrator candidates within seven (7) calendar days after its service, or fails to respond according to the instructions provided by JAMS, JAMS shall deem that Party to have accepted all of the Arbitrator candidates.

(f)   Entities or individuals whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of the Arbitrator selection process. JAMS shall determine whether the interests between entities or individuals are adverse for purposes of Arbitrator selection, considering such factors as whether they are represented by the same attorney and whether they are presenting joint or separate positions at the Arbitration.

(g)   If, for any reason, the Arbitrator who is selected is unable to fulfill the Arbitrator's duties, a successor Arbitrator shall be chosen in accordance with this Rule. If a member of a panel of Arbitrators becomes unable to fulfill his or her duties after the beginning of a Hearing but before the issuance of an Award, a new Arbitrator will be chosen in accordance with this Rule, unless, in the case of a tripartite panel, the Parties agree to proceed with the remaining two Arbitrators. JAMS will make the final determination as to whether an Arbitrator is unable to fulfill his or her duties, and that decision shall be final.

(h)   Any disclosures regarding the selected Arbitrator shall be made as required by law or within ten (10) calendar days from the date of appointment. Such disclosures may be provided in electronic format, provided that JAMS will produce a hard copy to any Party that requests it. The Parties and their representatives shall disclose to JAMS any circumstances likely to give rise to justifiable doubt as to the Arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the Arbitration or any past or present relationship with the Parties and their representatives. The obligation of the Arbitrator, the Parties and their representatives to make all required disclosures continues throughout the Arbitration process.

(i)   At any time during the Arbitration process, a Party may challenge the continued service of an Arbitrator for cause. The challenge must be based upon information that was not available to the Parties at the time the Arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing Parties, who may respond within seven (7) calendar days of service of the challenge. JAMS shall make the final

determination as to such challenge. Such determination shall take into account the materiality of the facts and any prejudice to the Parties. That decision will be final.

(j)   Where the Parties have agreed that a Party-appointed Arbitrator is to be non-neutral, that Party-appointed Arbitrator is not obliged to withdraw if requested to do so only by the party that did not appoint that Arbitrator.

## RULE 16
## Preliminary Conference

At the request of any Party or at the direction of the Arbitrator, a Preliminary Conference shall be conducted with the Parties or their counsel or representatives. The Preliminary Conference may address any or all of the following subjects:

(a)   The exchange of information in accordance with Rule 17 or otherwise;

(b)   The schedule for discovery as permitted by the Rules, as agreed by the Parties or as required or authorized by applicable law;

(c)   The pleadings of the Parties and any agreement to clarify or narrow the issues or structure the Arbitration Hearing;

(d)   The scheduling of the Hearing and any pre-Hearing exchanges of information, exhibits, motions or briefs;

(e)   The attendance of witnesses as contemplated by Rule 21;

(f)   The scheduling of any dispositive motion pursuant to Rule 18;

(g)   The premarking of exhibits, the preparation of joint exhibit lists and the resolution of the admissibility of exhibits;

(h)   The form of the Award; and

(i)   Such other matters as may be suggested by the Parties or the Arbitrator.

The Preliminary Conference may be conducted telephonically and may be resumed from time to time as warranted.

## RULE 17
## Exchange of Information

(a)   The Parties shall cooperate in good faith in the voluntary and informal exchange of all non-privileged documents and other information (including electronically stored information

("ESI")) relevant to the dispute or claim immediately after commencement of the Arbitration. They shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witnesses at the Arbitration Hearing and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report, which may be introduced at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.

(b)   Each Party may take at least one deposition of an opposing Party or an individual under the control of the opposing Party. The Parties shall attempt to agree on the number, time, location, and duration of the deposition(s). Absent agreement, the Arbitrator shall determine these issues, including whether to grant a request for additional depositions, based upon the reasonable need for the requested information, the availability of other discovery and the burdensomeness of the request on the opposing Parties and the witness.

(c)   As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that were not previously exchanged, or witnesses and experts that were not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(d)   The Parties shall promptly notify JAMS when a dispute exists regarding discovery issues. A conference shall be arranged with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all Parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

(e)   The Parties may take discovery of third parties with the approval of the Arbitrator.

## RULE 18
## Summary Disposition of a Claim or Issue

The Arbitrator may permit any Party to file a Motion for Summary Disposition of a particular claim or issue, either by agreement of all interested Parties or at the request of one Party, provided other interested Parties have reasonable notice to respond to the motion. The Request may be granted only if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case.

## RULE 19
## Scheduling and Location of Hearing

(a)   The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing. The Arbitrator and the Parties shall attempt to schedule consecutive Hearing days if more than one day is necessary.

(b)   If a Party has failed to participate in the Arbitration process, and the Arbitrator reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing without consulting with that Party. The non-participating Party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date, unless the law of the relevant jurisdiction allows for, or the Parties have agreed to, shorter notice.

(c)   The Arbitrator, in order to hear a third-party witness, or for the convenience of the Parties or the witnesses, may conduct the Hearing at any location. Any JAMS Resolution Center may be designated a Hearing location for purposes of the issuance of a subpoena or subpoena duces tecum to a third-party witness.

## RULE 20
## Pre-Hearing Submissions

(a)   Except as set forth in any scheduling order that may be adopted, at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall file with JAMS and serve and exchange (1) a list of the witnesses they intend to call, including any experts; (2) a short description of the anticipated testimony of each such witness and an estimate of the length of the witness' direct testimony; and (3) a list of all exhibits

intended to be used at the Hearing. The Parties should exchange with each other copies of any such exhibits to the extent that they have not been previously exchanged. The Parties should pre-mark exhibits and shall attempt to resolve any disputes regarding the admissibility of exhibits prior to the Hearing.

(b)   The Arbitrator may require that each Party submit a concise written statement of position, including summaries of the facts and evidence a Party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The statements, which may be in the form of a letter, shall be filed with JAMS and served upon the other Parties at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

## RULE 21
## Securing Witnesses and Documents for the Arbitration Hearing

At the written request of a Party, all other Parties shall produce for the Arbitration Hearing all specified witnesses in their employ or under their control without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents either prior to or at the Hearing pursuant to this Rule or Rule 19(c). The subpoena or subpoena duces tecum shall be issued in accordance with the applicable law. Pre-issued subpoenas may be used in jurisdictions that permit them. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party or subpoenaed person may file an objection with the Arbitrator, who shall promptly rule on the objection, weighing both the burden on the producing Party and witness and the need of the proponent for the witness or other evidence.

## RULE 22
## The Arbitration Hearing

(a)   The Arbitrator will ordinarily conduct the Arbitration Hearing in the manner set forth in these Rules. The Arbitrator may vary these procedures if it is determined to be reasonable and appropriate to do so. It is expected that the Employee will attend the Arbitration Hearing, as will any other individual party with information about a significant issue.

(b)   The Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial.

(c)   The Arbitrator shall require witnesses to testify under oath if requested by any Party, or otherwise at the discretion of the Arbitrator.

(d)   Strict conformity to the rules of evidence is not required, except that the Arbitrator shall apply applicable law relating to privileges and work product. The Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate. The Arbitrator may be guided in that determination by principles contained in the Federal Rules of Evidence or any other applicable rules of evidence. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

(e)   The Arbitrator shall receive and consider relevant deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine. The Arbitrator may in his or her discretion consider witness affidavits or other recorded testimony, even if the other Parties have not had the opportunity to cross-examine, but will give that evidence only such weight as he or she deems appropriate.

(f)   The Parties will not offer as evidence, and the Arbitrator shall neither admit into the record nor consider, prior settlement offers by the Parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

(g)   The Arbitrator has full authority to determine that the Hearing, or any portion thereof, be conducted in person or virtually by conference call, videoconference or using other communications technology with participants in one or more geographical places, or in a combined form. If some or all of the witnesses or other participants are located remotely, the Arbitrator may make such orders and set such procedures as the Arbitrator deems necessary or advisable.

(h)   When the Arbitrator determines that all relevant and material evidence and arguments have been presented, and any interim or partial Awards have been issued, the Arbitrator shall declare the Hearing closed. The Arbitrator may defer the closing of the Hearing until a date determined by the Arbitrator,

to permit the Parties to submit post-Hearing briefs, which may be in the form of a letter, and/or to make closing arguments. If post-Hearing briefs are to be submitted, or closing arguments are to be made, the Hearing shall be deemed closed upon receipt by the Arbitrator of such briefs or at the conclusion of such closing arguments, whichever is later.

(i)   At any time before the Award is rendered, the Arbitrator may, sua sponte or on application of a Party for good cause shown, reopen the Hearing. If the Hearing is reopened, the time to render the Award shall be calculated from the date the reopened Hearing is declared closed by the Arbitrator.

(j)   The Arbitrator may proceed with the Hearing in the absence of a Party that, after receiving notice of the Hearing pursuant to Rule 19, fails to attend. The Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award. If the Arbitrator reasonably believes that a Party will not attend the Hearing, the Arbitrator may schedule the Hearing as a telephonic Hearing and may receive the evidence necessary to render an Award by affidavit. The notice of Hearing shall specify if it will be in person or telephonic.

(k)   Any Party may arrange for a stenographic record to be made of the Hearing and shall inform the other Parties in advance of the Hearing. No other means of recording the proceedings shall be permitted absent agreement of the Parties or by direction of the Arbitrator.

(i)   The requesting Party shall bear the cost of such stenographic record. If all other Parties agree to share the cost of the stenographic record, it shall be made available to the Arbitrator and may be used in the proceeding.

(ii)   If there is no agreement to share the cost, the stenographic record may not be provided to the Arbitrator and may not be used in the proceeding, unless the Party arranging for the stenographic record agrees to provide access to the stenographic record either at no charge or on terms that are acceptable to the Parties and the reporting service.

(iii)   If the Parties agree to the Optional Arbitration Appeal Procedure (see Rule 34), they shall, if possible, ensure that a stenographic or other record is made of the Hearing.

(iv)   The Parties may agree that the cost of the stenographic record shall or shall not be allocated by the Arbitrator in the Award.

## RULE 23
## Waiver of Hearing

The Parties may agree to waive the oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence as the Parties may agree.

## RULE 24
## Awards

(a)   The Arbitrator shall render a Final Award or a Partial Final Award within thirty (30) calendar days after the date of the close of the Hearing, as defined in Rule 22(h) or (i), or, if a Hearing has been waived, within thirty (30) calendar days after the receipt by the Arbitrator of all materials specified by the Parties, except (1) by the agreement of the Parties; (2) upon good cause for an extension of time to render the Award; or (3) as provided in Rule 22(i). The Arbitrator shall provide the Final Award or the Partial Final Award to JAMS for issuance in accordance with this Rule.

(b)   Where a panel of Arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the Arbitration Award.

(c)   In determining the merits of the dispute, the Arbitrator shall be guided by the rules of law agreed upon by the Parties. In the absence of such agreement, the Arbitrator will be guided by the law or the rules of law that he or she deems to be most appropriate. The Arbitrator may grant any remedy or relief that is just and equitable and within the scope of the Parties' agreement, including, but not limited to, specific performance of a contract or any other equitable or legal remedy.

(d)   In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, orders and Awards.

(e)   Interim Measures. The Arbitrator may grant whatever interim measures are deemed necessary, including injunctive relief and measures for the protection or conservation of property and disposition of disposable goods. Such interim measures may take the form of an interim or Partial Final Award, and the Arbitrator may require security for the costs of such measures. Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

(f)   The Award of the Arbitrator may allocate Arbitration fees and Arbitrator compensation and expenses, unless such an

allocation is expressly prohibited by the Parties' Agreement or by applicable law. (Such a prohibition may not limit the power of the Arbitrator to allocate Arbitration fees and Arbitrator compensation and expenses pursuant to Rule 31(c).)

(g)   The Award of the Arbitrator may allocate attorneys' fees and expenses and interest (at such rate and from such date as the Arbitrator may deem appropriate) if provided by the Parties' Agreement or allowed by applicable law. When the Arbitrator is authorized to award attorneys' fees and must determine the reasonable amount of such fees, he or she may consider whether the failure of a Party to cooperate reasonably in the discovery process and/or comply with the Arbitrator's discovery orders caused delay to the proceeding or additional costs to the other Parties.

(h)   The Award shall consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim. The Award shall also contain a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the Award is based. The Parties may agree to any other form of Award, unless the Arbitration is based on an Arbitration Agreement that is required as a condition of employment.

(i)   After the Award has been rendered, and provided the Parties have complied with Rule 31, the Award shall be issued by serving copies on the Parties. Service may be made by U.S. mail. It need not be sent certified or registered.

(j)   Within seven (7) calendar days after service of a Partial Final Award or Final Award by JAMS, any Party may serve upon the other Parties and file with JAMS a request that the Arbitrator correct any computational, typographical or other similar error in an Award (including the reallocation of fees pursuant to Rule 31 or on account of the effect of an offer to allow judgment), or the Arbitrator may sua sponte propose to correct such errors in an Award. A Party opposing such correction shall have seven (7) calendar days thereafter in which to file and serve any objection. The Arbitrator may make any necessary and appropriate corrections to the Award within twenty-one (21) calendar days of receiving a request or fourteen (14) calendar days after his or her proposal to do so. The Arbitrator may extend the time within which to make corrections upon good cause. The corrected Award shall be served upon the Parties in the same manner as the Award.

(k)   The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or

a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award.

## RULE 25
## Enforcement of the Award

Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, et seq., or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.

## RULE 26
## Confidentiality and Privacy

(a)   JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.

(b)   The Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information.

(c)   Subject to the discretion of the Arbitrator or agreement of the Parties, any person having a direct interest in the Arbitration may attend the Arbitration Hearing. The Arbitrator may exclude any non-Party from any part of a Hearing.

## RULE 27
## Waiver

(a)   If a Party becomes aware of a violation of or failure to comply with these Rules and fails promptly to object in writing, the objection will be deemed waived, unless the Arbitrator determines that waiver will cause substantial injustice or hardship.

(b)   If any Party becomes aware of information that could be the basis of a challenge for cause to the continued service of the Arbitrator, such challenge must be made promptly, in writing, to the Arbitrator or JAMS. Failure to do so shall constitute a waiver of any objection to continued service by the Arbitrator.

## RULE 28
## Settlement and Consent Award

(a)   The Parties may agree, at any stage of the Arbitration process, to submit the case to JAMS for mediation. The JAMS mediator assigned to the case may not be the Arbitrator or a member of the Appeal Panel, unless the Parties so agree, pursuant to Rule 28(b).

(b)   The Parties may agree to seek the assistance of the Arbitrator in reaching settlement. By their written agreement to submit the matter to the Arbitrator for settlement assistance, the Parties will be deemed to have agreed that the assistance of the Arbitrator in such settlement efforts will not disqualify the Arbitrator from continuing to serve as Arbitrator if settlement is not reached; nor shall such assistance be argued to a reviewing court as the basis for vacating or modifying an Award.

(c)   If, at any stage of the Arbitration process, all Parties agree upon a settlement of the issues in dispute and request the Arbitrator to embody the agreement in a Consent Award, the Arbitrator shall comply with such request, unless the Arbitrator believes the terms of the agreement are illegal or undermine the integrity of the Arbitration process. If the Arbitrator is concerned about the possible consequences of the proposed Consent Award, he or she shall inform the Parties of that concern and may request additional specific information from the Parties regarding the proposed Consent Award. The Arbitrator may refuse to enter the proposed Consent Award and may withdraw from the case.

## RULE 29
## Sanctions

The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, assessment of Arbitration fees and Arbitrator compensation and expenses; any other costs occasioned by the actionable conduct, including reasonable attorneys' fees; exclusion of certain evidence; drawing adverse inferences; or, in extreme cases, determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply.

## RULE 30
## Disqualification of the Arbitrator as a Witness or Party and Exclusion of Liability

(a)   The Parties may not call the Arbitrator, the Case Manager or any other JAMS employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the Parties and relating to the dispute that is the subject of the Arbitration. The Arbitrator, Case Manager and other JAMS employees and agents are also incompetent to testify as witnesses or experts in any such proceeding.

(b)   The Parties shall defend and/or pay the cost (including any attorneys' fees) of defending the Arbitrator, Case Manager and/or JAMS from any subpoenas from outside parties arising from the Arbitration.

(c)   The Parties agree that neither the Arbitrator, nor the Case Manager, nor JAMS is a necessary Party in any litigation or other proceeding relating to the Arbitration or the subject matter of the Arbitration, and neither the Arbitrator, nor the Case Manager, nor JAMS, including its employees or agents, shall be liable to any Party for any act or omission in connection with any Arbitration conducted under these Rules, including, but not limited to, any disqualification of or recusal by the Arbitrator.

## RULE 31
## Fees

(a)   Except as provided in paragraph (c) below, unless the Parties have agreed to a different allocation, each Party shall pay its pro rata share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration. To the extent possible, the allocation of such fees and expenses shall not be disclosed to the Arbitrator. JAMS' agreement to render services is jointly with the Party and the attorney or other representative of the Party in the Arbitration. The non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c).

(b)   JAMS requires that the Parties deposit the fees and expenses for the Arbitration from time to time during the course of the proceedings and prior to the Hearing. The Arbitrator may preclude a Party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the Hearing.

(c)   If an Arbitration is based on a clause or agreement that is required as a condition of employment, the only fee that an Employee may be required to pay is the initial JAMS Case Management Fee. JAMS does not preclude an Employee from contributing to administrative and Arbitrator fees and expenses. If an Arbitration is not based on a clause or agreement that is required as a condition of employment, the Parties are jointly and severally liable for the payment of JAMS Arbitration fees and Arbitrator compensation and expenses. In the event that one Party has paid more than its share of such fees, compensation and expenses, the Arbitrator may award against any other Party any such fees, compensation and expenses that such Party owes with respect to the Arbitration.

(d)   Entities or individuals whose interests are not adverse with respect to the issues in dispute shall be treated as a single Party for purposes of JAMS' assessment of fees. JAMS shall determine whether the interests between entities or individuals are adverse for purpose of fees, considering such factors as whether the entities or individuals are represented by the same attorney and whether the entities or individuals are presenting joint or separate positions at the Arbitration.

## RULE 32
## Bracketed (or High-Low) Arbitration Option

(a)   At any time before the issuance of the Arbitration Award, the Parties may agree, in writing, on minimum and maximum amounts of damages that may be awarded on each claim or on all claims in the aggregate. The Parties shall promptly notify JAMS and provide to JAMS a copy of their written agreement setting forth the agreed-upon minimum and maximum amounts.

(b)   JAMS shall not inform the Arbitrator of the agreement to proceed with this option or of the agreed-upon minimum and maximum levels without the consent of the Parties.

(c)   The Arbitrator shall render the Award in accordance with Rule 24.

(d)   In the event that the Award of the Arbitrator is between the agreed-upon minimum and maximum amounts, the Award shall become final as is. In the event that the Award is below the agreed-upon minimum amount, the final Award issued shall be corrected to reflect the agreed-upon minimum amount. In the event that the Award is above the agreed-upon maximum amount, the final Award issued shall be corrected to reflect the agreed-upon maximum amount.

## RULE 33
## Final Offer (or Baseball) Arbitration Option

(a)   Upon agreement of the Parties to use the option set forth in this Rule, at least seven (7) calendar days before the Arbitration Hearing, the Parties shall exchange and provide to JAMS written proposals for the amount of money damages they would offer or demand, as applicable, and that they believe to be appropriate based on the standard set forth in Rule 24(c). JAMS shall promptly provide copies of the Parties' proposals to the Arbitrator, unless the Parties agree that they should not be provided to the Arbitrator. At any time prior to the close of the Arbitration Hearing, the Parties may exchange revised written proposals or demands, which shall supersede all prior proposals. The revised written proposals shall be provided to JAMS, which shall promptly provide them to the Arbitrator, unless the Parties agree otherwise.

(b)   If the Arbitrator has been informed of the written proposals, in rendering the Award, the Arbitrator shall choose between the Parties' last proposals, selecting the proposal that the Arbitrator finds most reasonable and appropriate in light of the standard set forth in Rule 24(c). This provision modifies Rule 24(h) in that no written statement of reasons shall accompany the Award.

(c)   If the Arbitrator has not been informed of the written proposals, the Arbitrator shall render the Award as if pursuant to Rule 24, except that the Award shall thereafter be corrected to conform to the closest of the last proposals and the closest of the last proposals will become the Award.

(d)   Other than as provided herein, the provisions of Rule 24 shall be applicable.

## RULE 34
## Optional Arbitration Appeal Procedure

The Parties may agree at any time to the JAMS Optional Arbitration Appeal Procedure. All Parties must agree in writing for such procedures to be effective. Once a Party has agreed to the Optional Arbitration Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 13, from the Arbitration.

jamsadr.com • 800.352.5267

# EXHIBIT 4

**Darmstadt, Ruby (SHB)**

| | |
|---|---|
| **Subject:** | FW: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings |
| **Attachments:** | Deposit Request 6253566.pdf |

**From:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Sent:** Tuesday, August 30, 2022 1:52 PM
**To:** Elliot Conn <elliot@connlawpc.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

Sorry, yes, Ruby, can you please coordinate? Thanks!

Sent from my iPad


On Aug 30, 2022, at 3:46 PM, Elliot Conn <elliot@connlawpc.com> wrote:


**EXTERNAL**

Can you pay this?

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell: (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Terri Benson <TBenson@jamsadr.com>
**Sent:** Tuesday, August 30, 2022 1:43 PM
**To:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Cc:** Elliot Conn <elliot@connlawpc.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

Hello,

JAMS has not yet received the 7/20/2022 deposit request.

Please let me know if you need anything further at this time.

Kind Regards,

00459

Terri


**Terri Benson**
Case Manager

**JAMS -** *Local Solutions. Global Reach.*<sup>TM</sup>
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
**www.jamsadr.com**


Follow us on **Facebook**, **LinkedIn**, and **Twitter**.
*JAMS was Recently Recognized at* **Legalweek's Leaders in Tech Law Awards.**
*Learn more about our* **virtual and hybrid capabilities.**

---

**From:** Ronald Wilcox <ronaldwilcox@gmail.com>
**Sent:** Tuesday, August 30, 2022 1:03 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Elliot Conn <elliot@connlawpc.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

**Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Ms. Benson,

Can you please let me know if JAMS received funds to satisfy the 7/20/22 deposit request?

Thank you,


Ronald Wilcox
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@gmail.com


On Fri, Jul 22, 2022 at 5:07 PM Terri Benson <TBenson@jamsadr.com> wrote:

Hello Counsel,

00460

Confirming receipt.


Thank you,




**Terri Benson**
Case Manager


**JAMS - *Local Solutions. Global Reach.*™**

Two Embarcadero Center | #1500 | San Francisco, CA, 94111

P: 415-774-2653

**www.jamsadr.com**



Follow us on **Facebook**, **LinkedIn**, and **Twitter**.

*JAMS was Recently Recognized at **Legalweek's Leaders in Tech Law Awards**.*

*Learn more about our **virtual and hybrid capabilities**.*

---

**From:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Sent:** Friday, July 22, 2022 5:04 PM
**To:** Terri Benson <TBenson@jamsadr.com>; Elliot Conn <elliot@connlawpc.com>
**Cc:** ronaldwilcox <ronaldwilcox@gmail.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Joseph, John E (PHL - X49576) <John.Joseph@hklaw.com>; John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

00461

**Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Ms. Benson,

Please see attached KMF's response to Counsel's refusal to permit KMF to fully depose Claimant John Chase. We will mail a hard copy to Judge Warren.

Have a nice weekend.

Thanks,

Zac

**Zachary C. Frampton | Holland & Knight**
213.896.2413

---

**From:** Terri Benson <TBenson@jamsadr.com>
**Sent:** Friday, July 22, 2022 2:05 PM
**To:** Elliot Conn <elliot@connlawpc.com>; Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Cc:** ronaldwilcox <ronaldwilcox@gmail.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Joseph, John E (PHL - X49576) <John.Joseph@hklaw.com>; John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

*[External email]*

Hello,

Confirming receipt.

Thank you,

Terri

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Friday, July 22, 2022 2:04 PM
**To:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>; Terri Benson <TBenson@jamsadr.com>
**Cc:** ronaldwilcox <ronaldwilcox@gmail.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Joseph, John E (PHL - X49576) <John.Joseph@hklaw.com>; John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

**Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Benson,

Attached find Claimant's Opposition to KMF's Cross-Motion. I am sending a hard copy to Judge Warren.

Very truly yours,

Elliot Conn

Elliot J. Conn

**Conn Law, PC**

354 Pine St., 5th Floor

San Francisco, CA 94104

Main: (415) 417-2780

Cell: (949) 637-4953

00463

elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

---

**From:** Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>
**Sent:** Wednesday, July 20, 2022 8:44 PM
**To:** Elliot Conn <elliot@connlawpc.com>; Terri Benson <TBenson@jamsadr.com>
**Cc:** ronaldwilcox <ronaldwilcox@gmail.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Joseph, John E (PHL - X49576) <John.Joseph@hklaw.com>; John Swenson <jswenson@scalilaw.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings
**Importance:** High

Dear Ms. Benson,

Please see attached Respondent Kia Motor Finance's ("KMF") Opposition to Claimants' Motion to Compel KMF's PMQ Witness. I note that the Opposition contains a cross-motion to compel the deposition of Claimant John Chase. Also attached is KMF's Opposition to Motion to Compel Further Production of Documents. We will send hard copies to Judge Warren.

Thanks,

Zac

**Zachary C. Frampton │ Holland & Knight**
213.896.2413

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Monday, July 18, 2022 6:19 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** ronaldwilcox <ronaldwilcox@gmail.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Frampton, Zachary C (LAX - X52413) <Zac.Frampton@hklaw.com>; Joseph, John E (PHL - X49576) <John.Joseph@hklaw.com>; John Swenson <jswenson@scalilaw.com>

00464

**Subject:** Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 - Request for Discovery Hearings

*[External email]*

Ms. Benson,

Consistent with Judge Warren's "Monday-Wednesday-Friday" method of resolving discovery disputes, Claimants John Chase and Hilary Chase would like to request discovery hearings regarding discovery disputes with Respondents Kia America, Inc. and Kia Motors Finance. As previously requested by the Arbitrator, Claimants have prepared (and have attached) the following five-page double spaced letter briefs for the four disputes:

      **Claimants' Motion and Letter Brief in Support of Motion to Compel Kia America's Compliance with Case Management Order No. 4 and to Produce Additional Documents**

      **Claimants' Motion and Letter Brief in Support of Motion to Compel Deposition of KMA PMQ Witness**

      **Claimants' Motion and Letter Brief in Support of Motion to Compel Kia Motors Finance's Compliance with Case Management Order No. 5**

      **Claimants' Motion and Letter Brief in Support of Motion to Compel Deposition of KMF PMQ Witness**

      I have cced counsel for Respondents and am sending a hard copy to the Arbitrator. Please let us know the Arbitrator's availability for a hearing within the next few weeks.

Very truly yours,

Elliot Conn

7

Elliot J. Conn

**Conn Law, PC**

354 Pine St., 5th Floor

San Francisco, CA 94104

Main: (415) 417-2780

Cell: (949) 637-4953

elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

00466

# EXHIBIT 5

00467

**Darmstadt, Ruby (SHB)**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Wednesday, September 14, 2022 11:58 AM |
| **To:** | Elliot Conn; Terri Benson |
| **Cc:** | zac.frampton@hklaw.com; Burnett, Samantha (SHB); John Swenson; Cho, Darlene M. (SHB); Ronald Wilcox; Spencer Janssen; Allison Krumhorn |
| **Subject:** | RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806 |
| **Attachments:** | Chase v. Kia fed ex tracking.pdf |

Dear JAMS,

This is incorrect.

On the afternoon of August 30 I received two messages from Plaintiff counsel advising that a further deposit to JAMS was necessary. I responded within minutes and confirmed that we would ensure immediate payment. That same day, we rushed processing this and sent out a fed ex with a check which was received by fed ex in Missouri on September 1, just before the Labor day holiday weekend. Due to JAMS being closed on Labor Day, fed ex accomplished delivery to JAMS at 9.27 a.m. on Tuesday September 6, within 4 business days of the two August 30 requests from Plaintiff counsel that we update the deposit payment.

Attached is the fed ex tracking.

Thank you,

Amir

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Tuesday, September 13, 2022 1:17 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Cc:** Zac.Frampton@hklaw.com; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; John Swenson <jswenson@scalilaw.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Ronald Wilcox <ronaldwilcox@gmail.com>; Spencer Janssen <spencer@connlawpc.com>; Allison Krumhorn <allisonkrumhorn@gmail.com>
**Subject:** Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

**EXTERNAL**

Dear JAMS,

      Respondents have defaulted in making its payments to JAMS. Attached find a motion that Claimants have filed in the Superior Court regarding such.

      Thank you.

                    Very truly yours,

                    Elliot Conn

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

00469





FedEx® Tracking                                              Track Another Shipment     Help

**DELIVERED**
# Tuesday
9/6/2022 at 9:27 am
Signed for by: P.LANE

↓ Obtain Proof of delivery
**DELIVERY STATUS**
Delivered ✓
✉ Get Status Updates

Manage Delivery                                                                     ⌄

**TRACKING ID**
777805942494  ✎  ☆

      **FROM**
      SAN FRANCISCO, CA US
      *Label Created*
      8/30/2022 5:02 PM

      **PACKAGE RECEIVED BY FEDEX**
      KANSAS CITY, MO
      9/1/2022 5:15 PM

      **IN TRANSIT**
      IRVINE, CA
      9/6/2022 8:02 AM

      **OUT FOR DELIVERY**
      IRVINE, CA
      9/6/2022 8:30 AM

      **DELIVERED**
      IRVINE, CA US
      *DELIVERED*
      9/6/2022 at 9:27 AM

      ↓ View travel history

## Shipment facts

📦 Shipment overview

| | |
|---|---|
| **TRACKING NUMBER** | 777805942494 |
| **DELIVERED TO** | Receptionist/Front Desk |
| **SHIPPER REFERENCE** | 099999.000057 |
| **SHIP DATE** ⓘ | 9/1/22 |
| **STANDARD TRANSIT** ⓘ | 9/6/22 before 10:30 am |

Case 3:22-cv-09082-JCS   Document 1-1   Filed 12/22/22   Page 472 of 623

**ACTUAL DELIVERY**              9/6/22 at 9:27 am

🚚 Services

**SERVICE**                      FedEx Priority Overnight
**TERMS**                        Shipper
**SPECIAL HANDLING SECTION**     Deliver Weekday

🛍 Package details

**WEIGHT**                       0.5 lbs / 0.23 kgs
**TOTAL PIECES**                 1
**TOTAL SHIPMENT WEIGHT**        0.5 lbs / 0.23 kgs
**PACKAGING**                    FedEx Envelope

↑ Back to top

# Travel history

**SORT BY DATE/TIME**            ⌄        **TIME ZONE**            ⌄
Ascending                                 Local Scan Time

| Date | Time | | Event | Location |
|------|------|---|-------|----------|
| Tuesday, 8/30/2022 | 5:02 PM | • | Shipment information sent to FedEx | |
| Thursday, 9/1/2022 | 5:15 PM | • | Picked up | KANSAS CITY, MO |
| | 5:48 PM | • | Shipment arriving On-Time | KANSAS CITY, MO |
| | 8:24 PM | • | Left FedEx origin facility | KANSAS CITY, MO |
| | 11:36 PM | • | Arrived at FedEx hub | MEMPHIS, TN |
| Friday, 9/2/2022 | 2:56 AM | • | Departed FedEx hub | MEMPHIS, TN |
| | 3:29 AM | • | In transit | MEMPHIS, TN |
| | 4:31 AM | • | At destination sort facility | LOS ANGELES, CA |
| | 7:53 AM | • | At local FedEx facility | IRVINE, CA |
| | 9:59 AM | • | Delay<br>Business closed- No delivery attempt | IRVINE, CA |
| | 10:07 AM | • | At local FedEx facility | IRVINE, CA |
| | 10:13 AM | • | Shipment arriving On-Time | IRVINE, CA |
| Tuesday, 9/6/2022 | 8:02 AM | • | At local FedEx facility | IRVINE, CA |
| | 8:23 AM | • | Shipment arriving On-Time | IRVINE, CA |
| | 8:30 AM | • | On FedEx vehicle for delivery | IRVINE, CA |
| | 9:27 AM | ⊘ | Delivered | IRVINE, CA |

↑ Back to top

Case 3:22-cv-09082-JCS   Document 1-1   Filed 12/22/22   Page 473 of 623

**SCALI RASMUSSEN, PC**
John P. Swenson, Esq. (SBN 224110)
jswenson@scalilaw.com
800 Wilshire Boulevard, Suite 400
Los Angeles, CA 90017
Telephone:  213.239.5622
Facsimile:  213.239.5623

Attorneys for Defendant
MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
HILLTOP FORD KIA

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/16/2022 at 08:33:19 PM
By: Curtiyah Ganter,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| JOHN CHASE and HILARY CHASE,<br><br>Plaintiff,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 through 30, inclusive,<br><br>Defendant. | Case No. RG19010993<br><br>**DECLARATION OF RUBEN CERVANTES IN SUPPORT OF OPPOSITION TO PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO REMAND.**<br><br>Judge:   Hon. Jeffrey Brand |

**DECLARATION OF RUBEN CERVANTES**

I, Ruben Cervantes, declare as follows:

1.      I am a resident of California and am over the age of 18. I have personal knowledge of all of the facts stated herein, and if called upon to do so, I could and would testify competently thereto.

2.      I have worked at Scali Rasmussen, P.C. since August 8, 2022. My job duties as case manager at Scali Rasmussen are to assist John Swenson in following up with court dates and deadlines.

3.      On or about October 4, 2022, I contacted Terri Benson, a case manager from JAMS ADR, regarding this matter. Ms. Benson informed me that the payments were made and that there

1   was a remaining balance of $19,496.00. Attached is Exhibit A which is an email with the various

2   payments and invoice dates, posted on 09/03/2019, 10/16/2019, 10/25/2019 7/22/2021, 06/27/2022

3   and received $20k on 9/6/2022 and posted on the account on 9/12/2022.

4

5           I declare under penalty of perjury under the laws of the State of California that the foregoing

6   is true and correct, and that this declaration is executed on November 16, 2022 in Los Angeles,

7   California

8

9                                                            /s/Ruben Cervantes
10                                                           Ruben Cervantes

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RUBEN CERVANTES IN SUPPORT OF OPPOSITION TO PLAINTIFFS JOHN CHASE
AND HILARY CHASE'S MOTION TO REMAND.

00288302.1                                                                                    00474

# Exhibit A

## Ruben Cervantes

| | |
|---|---|
| **From:** | Terri Benson <TBenson@jamsadr.com> |
| **Sent:** | Tuesday, October 4, 2022 12:49 PM |
| **To:** | Ruben Cervantes |
| **Subject:** | RE: Invoices:  Chase, John, et al. vs KIA Motors America, Inc., et al. - 1100106806 |

Thanks, Terri

**From:** Ruben Cervantes <rcervantes@scalilaw.com>
**Sent:** Tuesday, October 4, 2022 12:46 PM
**To:** Terri Benson <TBenson@jamsadr.com>
**Subject:** RE: Invoices: Chase, John, et al. vs KIA Motors America, Inc., et al. - 1100106806

> **Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Yes email was received. Thank you very much.

**From:** Terri Benson <TBenson@jamsadr.com>
**Sent:** Tuesday, October 4, 2022 12:45 PM
**To:** Ruben Cervantes <rcervantes@scalilaw.com>
**Subject:** RE: Invoices: Chase, John, et al. vs KIA Motors America, Inc., et al. - 1100106806

Can you please confirm receipt?  Thank you, Terri

**From:** Terri Benson
**Sent:** Tuesday, October 4, 2022 12:14 PM
**To:** rcervantes@scalilaw.com
**Subject:** Invoices: Chase, John, et al. vs KIA Motors America, Inc., et al. - 1100106806

Hello,

As of today's date **$19,496.00 is Remaining on Deposit** with JAMS.
As of today's date **$62,274.71 has been paid.**
As of today's date **$42,778.71 has been billed** by JAMS.

Here you go.  Please let us know if you have questions or need anything further.

- Invoice #4941234 – Paid by Conn Law PC posted on 09/03/2019 (Filing Fee)
- Invoice #4973450 – Paid by Shook Hardy & Bacon posted on 10/16/2019 (Counterclaim Filing Fee)
- Invoice #5003064 - Paid by Shook Hardy & Bacon posted on 10/25/2019 (Deposit/Retainer)
- Invoice #5759024 - Paid by Shook Hardy & Bacon posted on 07/22/2021 (Supplemental Deposit/Retainer)
- Invoice #6216788 - Paid by Shook Hardy & Bacon posted on 06/27/2022 (Supplemental Deposit/Retainer)
- Invoice #6253566 - Paid by Shook Hardy & Bacon.  Received $20k on 9/6/2022 and posted on the account on 09/12/2022 (Supplemental Deposit/Retainer)

Please let me know if you need anything further.

Kind Regards,

Terri



**Terri Benson**
Case Manager

**JAMS -** *Local Solutions. Global Reach.^{TM}*
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
**www.jamsadr.com**

Follow us on **Facebook**, **LinkedIn**, and **Twitter**.
*JAMS was Recently Recognized at* ***Legalweek's Leaders in Tech Law Awards.***
*Learn more about our* ***virtual and hybrid capabilities.***

2

1                        **PROOF OF SERVICE**

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los

4 Angeles, CA 90017.

5      On November 16, 2022, I served the within document(s) described as:

6      **DECLARATION OF RUBEN CERVANTES IN SUPPORT OF OPPOSITION TO PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO REMAND.**

7

8      on the interested parties in this action as stated below:

9 Elliot Conn, Esq.  
CONN LAW PC  
354 Pine Street, 5th Floor

10 San Francisco, CA  94104  
Attorneys for Plaintiffs JOHN CHASE and

11 HILARY CHASE  
PHONE:    (415) 417-2780

12 FAX:       (415) 358-4941  
E-MAIL:    elliot@connlawpc.com

Amir Nassihi, Esq.  
Samantha Burnett, Esq.  
SHOOK, HARDY & BACON LLP  
One Montgomery Street, Suite 2600  
San Francisco, CA  94104  
Attorneys for Defendants KIA MOTORS AMERICA, INC. and HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE  
PHONE:    (415) 544-1900  
FAX:       (415) 391-0281  
E-MAIL:    anassihi@shb.com  
            sburnett@shb.com

16 [X]   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

17      I declare under penalty of perjury under the laws of the State of California that the foregoing

18 is true and correct.

19      Executed on November 16, 2022, at Los Angeles, California.

20

21      Alexis Ojinaga              *Alexis Ojinaga*  
     (Type or print name)           (Signature)

DECLARATION OF RUBEN CERVANTES IN SUPPPORT OF OPPOSITION TO PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO REMAND.  
00288302.1                          00478

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/16/2022 at 08:33:19 PM
By: Curtiyah Ganter,
Deputy Clerk

1 | **SCALI RASMUSSEN, PC**
John P. Swenson, Esq. (SBN 224110)
2 | jswenson@scalilaw.com
800 Wilshire Boulevard, Suite 400
3 | Los Angeles, CA 90017
Telephone:  213.239.5622
4 | Facsimile:  213.239.5623

5 | Attorneys for Defendant
MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
6 | HILLTOP FORD KIA

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ALAMEDA**

10

11 | JOHN CHASE and HILARY CHASE,

12 | Plaintiffs,

13 | vs.

14 | KIA MOTORS AMERICA, INC.; MICHAEL
C. STEAD, INC. dba MICHAEL STEAD'S
15 | HILLTOP FORD KIA; HYUNDAI CAPITAL
AMERICA dba KIA MOTORS FINANCE; and
16 | DOES 1 through 30, inclusive,

17 | Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. RG19010993
Judge:   Hon. Jeffrey S. Brand
Dept:    22

**DEFENDANT MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY; AND JOINDER IN OPPOSITIONS OF DEFENDANTS KIA AMERICA, INC. (FORMERLY KNOWN AS KIA MOTORS AMERICA, INC.), AND HYUNDAI CAPITAL AMERICA DBA FIA FINANCE FKA KIA MOTORS FINANCE'S OPPOSITIONS TO PLAINTIFFS' MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

[*Declaration of Ruben Cervantes filed concurrently herewith*]

Date:   December 1, 2022
Time:   12:30 p.m.

- 1 -
DEFENDANT'S OPPOSITION AND JOINDER IN CO-DEFENDANTS' OPPOSITIONS TO PLAINTIFFS'
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION
00288069.3

1    Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA

2  ("Hilltop Ford") hereby joins in, and incorporates by this reference, the opposition briefs and

3  declarations in support thereof of Defendants KIA AMERICA, INC. (FORMERLY KNOWN AS

4  KIA MOTORS AMERICA, INC.), AND HYUNDAI CAPITAL AMERICA DBA FIA FINANCE

5  FKA KIA MOTORS FINANCE'S OPPOSITIONS TO PLAINTIFFS' MOTION TO VACATE

6  ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER

7  CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY and

8  declarations submitted in support thereof.

9    Defendant Hilltop Ford further submits herewith the Declaration of Ruben Cervantes in

10  support of this Opposition, attesting to confirmation from JAMS that all fees for arbitration have

11  been paid.

12                                        **CONCLUSION**

13    Based on the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs'

14  motion to vacate the order staying this matter.

15    Respectfully Submitted,

16

Dated:  November 16, 2022              SCALI RASMUSSEN, PC

17

18                                    By: _____

19                                        John P. Swenson, Esq.
                                          Attorneys for Defendant
20                                        MICHAEL C. STEAD, INC. dba
                                          MICHAEL STEAD'S HILLTOP FORD
21                                        KIA

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION AND JOINDER IN OPPOSITIONS OF CO-DEFENDANTS TO PLAINTIFFS'
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION
00288069.3                                                                    66490

1

**PROOF OF SERVICE**

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los
4   Angeles, CA 90017.

5          On November 16, 2022, I served the within document(s) described as:

6          **DEFENDANT MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP
FORD KIA'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE ORDER STAYING
7   MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE
OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

8
          on the interested parties in this action as stated below:
9

| | |
|---|---|
| Elliot Conn, Esq. | Amir Nassihi, Esq. |
| CONN LAW PC | Samantha Burnett, Esq. |
| 354 Pine Street, 5th Floor | SHOOK, HARDY & BACON LLP |
| San Francisco, CA  94104 | One Montgomery Street, Suite 2600 |
| Attorneys for Plaintiffs JOHN CHASE and | San Francisco, CA  94104 |
| HILARY CHASE | Attorneys for Defendants KIA MOTORS |
| PHONE:      (415) 417-2780 | AMERICA, INC. and HYUNDAI CAPITAL |
| FAX:          (415) 358-4941 | AMERICA dba KIA MOTORS FINANCE |
| E-MAIL:      elliot@connlawpc.com | PHONE:      (415) 544-1900 |
| | FAX:          (415) 391-0281 |
| | E-MAIL:      anassihi@shb.com |
| | sburnett@shb.com |

16

17   ☒   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail
addresses set forth above.

18
          I declare under penalty of perjury under the laws of the State of California that the foregoing
19   is true and correct.

20          Executed on November 16, 2022, at Los Angeles, California.

21
_____          *Alexis Ojinaga*
22          Alexis Ojinaga
          (Type or print name)                              (Signature)

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/16/2022 at 04:42:22 PM
By: Curtiyah Ganter,
Deputy Clerk

1  Amir M. Nassihi, State Bar No. 235936
   anassihi@shb.com
2  Samantha K.N. Burnett, State Bar No. 320262
   sburnett@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   555 Mission Street, Suite 2300
4  San Francisco, California 94105
   Tel: 415-544-1900 | Fax: 415-391-0281
5
   Darlene M, Cho, State Bar No. 251167
6  dcho@shb.com
   SHOOK, HARDY & BACON L.L.P.
7  2049 Century Park East, Suite 3000
   Los Angeles, CA 90067
8  Tel: 424-285-8330 | Fax: 424-204-9093

9  Attorneys for Defendant
   KIA AMERICA, INC. (formerly known as
10 KIA MOTORS AMERICA, INC.),

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                 **FOR THE COUNTY OF ALAMEDA**

14 | JOHN CHASE and HILARY CHASE ,        | Case No. RG19010993

15 |          Plaintiffs,                 | **KIA AMERICA'S OPPOSITION TO**
                                          | **PLAINTIFFS' MOTION TO VACATE**
16 |    vs.                               | **ORDER STAYING MATTER PENDING**
                                          | **COMPLETION OF ARBITRATION**
17 | KIA MOTORS AMERICA, INC., et al. ,   | **UNDER CALIFORNIA CODE OF CIVIL**
                                          | **PROCEDURE SECTION 1281.98 AND**
18 |          Defendants.                 | **TO LIFT STAY**

19 |                                      | Judge:      Hon. Jeffrey S. Brand
                                          | Dept.:      22
20 |                                      | Date:       December 1, 2022
                                          | Time:       2:30 p.m.
21 |
                                          | Filed Concurrently Herewith:
22 |                                      | Declaration of Amir Nassihi; [Proposed]
                                          | Order; and Proof of Service
23 |

24

25

26

27

28

─────────────────────────────────────────────
         KIA'S OPP. TO MOT. TO VACATE ORDER AND LIFT STAY

00482

# INTRODUCTION

For over three years, the parties have proceeded in a stipulated arbitration of their disputes. Apparently unhappy with that arbitration, Plaintiffs now attempt a drastic upset: undoing that arbitration and returning to this Court. They base this effort on a purported "late" payment by Defendants of a "deposit request," which they argue constitutes a "material breach" of the parties' arbitration agreement pursuant to California Code of Civil Procedure section 1281.98. For multiple, independent reasons, that effort fails.

First, even if section 1281.98 were enforceable (discussed *infra*.), it does not apply because the "deposit request" is not a "fee[] or cost[] required to continue the arbitration proceeding." Applicable JAMS rules distinguish between "fees" and "deposits," and failure to pay a deposit will not prevent an arbitration from continuing; such failure might only result in discretionary evidentiary sanctions by the arbitrator.

Second, even if the deposit were a "fee" under the governing JAMS rules, section 1281.98 would not apply because such fees are governed by the arbitrator's General Fee Schedule, which states that "fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter." There was no due date for the "deposit request" stated in any hearing confirmation letter. Absent a clear due date, Defendants' payment of the deposit request could not have been untimely.

Third, after the deadline Plaintiffs argue applied, Plaintiffs expressly requested that Defendants pay those fees, Defendants immediately did so, and the parties proceeded with arbitration. That conduct requires denial of this motion because it constitutes Plaintiffs' agreement to extend the deadline to pay, or their election to continue the arbitration rather than withdraw from arbitration. Further, and independently, such conduct constitutes estoppel, which precludes Plaintiffs from asserting untimely compliance.

Finally, even if section 1281.98 did apply and Plaintiffs could assert it despite being estopped, it is preempted by the Federal Arbitration Act ("FAA") because it imposes a rule that applies "only to arbitration" and violates the "equal-treatment" and "obstacle" preemption principles repeatedly recognized by the United States Supreme Court.

1

## BACKGROUND

2          On August 20, 2019, pursuant to stipulation of the parties agreeing to arbitration, this Court

3   entered an Order staying this action pending completion of arbitration. (Conn Decl., Ex. B.) On

4   August 21, 2019, Plaintiffs initiated the arbitration with JAMS. (*Id.*, Ex. C.) On October 21, 2019,

5   JAMS served an "Appointment of Arbitrator" letter, noting that the Hon. James L. Warren (Ret.)

6   was appointed as arbitrator, who would bill "in accordance with the enclosed Fee Schedule."

7   (Nassihi Decl., Ex. 1.) Following multiple hearings, the arbitrator entered Case Management Order

8   No. 1 on February 10, 2020. (Nassihi Decl., Ex. 2.) CMO No. 1 states, among other things, that

9   "JAMS Employment Arbitration Rules & Procedures (the 'Rules') will apply to the procedural

10  aspects of the case." (*Id.*, p. 2, ¶ 6; *see also* JAMS Rules, attached as Ex. 3 to Nassihi Decl.) Since

11  then, the parties have engaged in substantial activities in the arbitration, including discovery and

12  related motion practice, dispositive motions that limited Plaintiffs' claims, hearings with the

13  arbitrator, and mediation. (Nassihi Decl., ¶ 5.) There has never been any delay in the arbitration

14  proceedings due to any nonpayment or late payment of any fees and costs. (Nassihi Decl., ¶ 6.)

15          On August 30, 2022, Plaintiffs' counsel sent email correspondence regarding a JAMS

16  "Deposit Request," asking Defendants' counsel "Can you pay this?" (Conn Decl., Ex. G.) That same

17  day, Defendants' counsel responded "Sorry, yes," and coordinated immediate payment of the

18  deposit. (Nassihi Decl., Ex. 4.) The deposit-payment was received by FedEx on September 1, 2022,

19  shipped by overnight, set to be delivered to JAMS on September 2 but FedEx records indicate

20  delivery was delayed because "Business closed" (presumably because of the Labor Day weekend),

21  and payment was actually delivered to JAMS on September 6, 2022. (*Id.*, Ex. 5.) Defendants'

22  deposit-payment was accepted and cashed by JAMS. (*Id.*, ¶ 9.)

23          On October 13, 2022, the parties attended a conference with the arbitrator to discuss

24  outstanding discovery issues. (*Id.*, ¶ 10.) While the arbitrator made clear that participation in the

25  October 13, 2022 conference would not prejudice Plaintiffs' Motion, Plaintiffs have nevertheless

26  continued to pursue additional discovery matters and related disputes for resolution by the arbitrator,

27  thus continuing to engage in the arbitration process. (*Id.*, ¶¶ 10-11.)  Plaintiffs' pursuit of these issues

28  / /

1   in submissions before the arbitrator not only constitutes further participation in arbitration but would

2   also cause the depletion of the funds deposited by Defendants.

3   **ARGUMENT**

4        Plaintiffs' motion is brought pursuant to Code of Civil Procedure section 1281.98, one of

5   several recent arbitration-specific statutory provisions. As discussed further below, Defendants

6   contend section 1281.98 is preempted. But even assuming for argument that it is not, it does not

7   apply here. Of relevance, by its own terms a "drafting party" is in material breach under section

8   1281.98 where: 1) it failed to pay "fees or costs required to continue the arbitration proceeding;" 2)

9   "within 30 days after the due date." (Code Civ. Proc. § 1281.98, subd. (a)(1).)

10        Even if it did apply, Plaintiffs have elected to continue with arbitration and are barred from

11   withdrawing. Further, Plaintiffs are estopped from arguing Defendants materially breached the

12   contract by late payment because they requested Defendants pay the deposit, and relying on that

13   request, Defendants did so to their detriment.

14   **I.**    **Plaintiffs Have Not and Cannot Establish the "Deposit Request" Constitutes a Fee or**

15        **Cost "Required to Continue the Arbitration Proceeding."**

16        Plaintiffs make no effort to establish that the "deposit request" reflects "fees or costs required

17   to continue the arbitration proceeding," as required under section 1281.98. Nor can they. JAMS and

18   the arbitrator distinguish between actual fees and costs, and "deposit requests," and the

19   consequences for failure to pay each differ. As stated in the arbitrator's "General Fee Schedule"

20   governing here, a "deposit request" reflects a bill "for anticipated preparation and follow-up time"

21   and will be "refunded" if "unused." (Nassihi Decl., Ex. 1.) The JAMS rules applicable to this

22   arbitration likewise distinguish between: 1) "non-payment of fees," which "may result in an

23   administrative suspension of the case in accordance with Rule 6(c)" (Nassihi Decl., Ex. 3, JAMS

24   Rule 31(a)); and 2) a party's failure to make a required "deposit," the only consequence of which is

25   that the "Arbitrator *may* preclude [that party]…from offering evidence of any affirmative claim at

26   the Hearing" (*Ibid.*, JAMS Rule 31(b), emphasis added). Further illustrating the distinction, JAMS

27   Rule 31(a) expressly refers to JAMS Rule 6(c), which provides that JAMS "may order the

28   / /

KIA'S OPP. TO MOT. TO VACATE ORDER AND LIFT STAY

1  suspension or termination of the proceedings" for a party's failure to pay fees and expenses, while

2  JAMS Rule 31(b) (governing "deposits") does not reference JAMS Rule 6(c).

3      This distinction in the applicable Fee Schedule and JAMS Rules establishes that the payment

4  of the "deposit request" was not "required to continue the arbitration proceeding," as required to

5  invoke section 1281.98. This is because even if Defendants had failed to pay the requested

6  refundable deposit for "anticipated preparation and follow-up time" at all (as opposed to fees

7  actually incurred and owing), the arbitration would nevertheless have continued and Defendants

8  would only have been subject to a potential, discretionary evidentiary sanction.

9      Defendants expect Plaintiffs will attempt to argue the "Description" in the "Deposit

10  Request" includes a vague statement that "[f]ailure to pay the deposit *may* result in a delay in service

11  or cancellation of the session." The conditional "may" language precludes such an argument; delay

12  or cancellation might have been possible in circumstances where an arbitrator had ordered

13  procedures allowing for that consequence. (Nassihi Decl., Ex. 3, JAMS Rule 22(a) ["The Arbitrator

14  may vary these procedures [in the JAMS Rules] if it is determined to be reasonable and appropriate

15  to do so."].) But the arbitrator here did not; instead making clear that his General Fee Schedule and

16  the JAMS Rules govern the billing and procedures in this arbitration, neither of which permits that

17  consequence. (Nassihi Decl., Ex. 1 and Ex. 2 at p. 2, ¶ 6.)

18  **II.    Even if the "Deposit Request" Were a Fee or Cost Governed by Section 1281.98(a)(1),**

19  **Plaintiffs Cannot Establish When It Was Due.**

20      Based on statements in an email from a "Billing Admin" and in the "Deposit Request,"

21  Plaintiffs argue that the "deposit request" was due immediately upon receipt and that the 30-day

22  deadline of section 1281.98 expired on August 19, 2022. (Mot. at p. 5.) But as discussed, it is the

23  Arbitrator (here, the Hon. James L. Warren) and not an unidentified "Billing Admin" who sets

24  procedures governing the arbitration. When appointed, JAMS made clear that "[t]he Arbitrator will

25  bill in accordance with the enclosed Fee Schedule." (Nassihi Decl., Ex. 1.) And that "General Fee

26  Schedule," specific to Hon. James L. Warren, states that "[a]ll fees are due and payable in advance

27  of services rendered and by any applicable due date as stated in a hearing confirmation letter." (*Ibid.*)

28  / /

1    Even assuming Plaintiffs could establish that the "deposit request" constituted a "fee," the

2  nonpayment of which would result in suspension or termination of the arbitration (they cannot as

3  discussed above), the General Fee Schedule provides that such fees are due by the dates set "in a

4  hearing confirmation letter." No hearing confirmation letter set forth any "applicable due date" for

5  the deposit request here (Nassihi Decl., ¶ 12) and, therefore, there was no due date for a fee that

6  could result in suspension or termination of the arbitration. And absent a due date from which the

7  30-day deadline flows, Defendants' payment could not have been untimely.

8    Defendants expect Plaintiffs will argue that Code of Civil Procedure section 1281.98(a)(2)

9  required the arbitration provider to "issue all invoices to the parties as due upon receipt." But as

10  discussed below, any such argument that California law can impose such a strict and formal

11  procedure on the arbitration process is preempted because it conflicts with the FAA by sacrificing

12  informality, which is "the principal advantage of arbitration" and "makes the process slower, more

13  costly, and more likely to generate procedural morass than final judgment." (*AT&T Mobility LLC v.*

14  *Concepcion* (2011) 563 U.S. 333, 348 (*Concepcion*).) This unnecessary motion practice illustrates

15  why preemption applies here.

16  **III.    Plaintiffs' Successful Request that Defendants Pay the Deposit Request After the**

17  **Purported 30-Day Deadline Bars This Motion.**

18    Even assuming Plaintiffs had established that the elements of section 1281.98 initially

19  existed despite the foregoing, Plaintiffs' post-deadline conduct—successfully requesting

20  Defendants pay the deposit request and continuing to participate in the arbitration—bars them from

21  withdrawing from arbitration.

22  **A.    Plaintiffs' August 30, 2022 request that Defendants pay the deposit, to which**

23  **Defendants agreed, extended the deadline.**

24    Section 1281.98 provides that the parties can agree to extend the due date for fees and costs.

25  (Code Civ. Proc. § 1281.98, subd. (a)(2) ["Any extension of time for the due date shall be agreed

26  upon by all parties."].) On August 30, 2022, Plaintiffs requested Defendants pay the "deposit

27  request" and Defendants agreed to do so on that same date. (Nassihi Decl., Ex. 4.) By agreeing that

28  Defendants could pay on that date, the 30-day clock of section 1281.98 restarted no later than that

5

date and ended on September 29, 2022. As Defendants have shown, their deposit-request payment to JAMS was received by JAMS no later than September 6, 2022. Thus, by the parties' own agreed due-date extension, section 1281.98 does not apply.

### B. Plaintiffs' post-deadline conduct constituted an election to continue the arbitration proceeding.

Even assuming Plaintiffs otherwise established a material breach and default by Defendants despite the foregoing, section 1281.98 required Plaintiffs to elect between four options:

> (1)    Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction. …

> (2)    Continue the arbitration proceeding, if the arbitration provider agrees to continue administering the proceeding, notwithstanding the drafting party's failure to pay fees or costs. …

> (3)    Petition the court for an order compelling the drafting party to pay all arbitration fees that the drafting party is obligated to pay under the arbitration agreement or the rules of the arbitration provider.

> (4)    Pay the drafting party's fees and proceed with the arbitration proceeding. As part of the award, the employee or consumer shall recover all arbitration fees paid on behalf of the drafting party without regard to any findings on the merits in the underlying arbitration.

(Code Civ. Proc. §1298.98, subd. (b)(1)–(4).)

Upon becoming aware of the purported "material breach" of the arbitration agreement, Plaintiffs' first action was to request Defendants pay (*i.e.,* cure) the breach and Defendants did so. Plaintiffs then proceeded to continue with the arbitration process, proceeding with discovery and submitting disputes to the Arbitrator. This post-breach conduct constitutes Plaintiffs' election to "[c]ontinue the arbitration proceeding" and the arbitration provider has agreed to continue administering the proceeding despite Defendants' purported "failure to pay fees or costs." (Code Civ. Proc. § 1298.98, subd. (b)(2).) An election is a choice between options. Plaintiffs elected to continue and take the benefits of the arbitration to Defendants' detriment. The statute does not permit them to do that and simultaneously seek to withdraw the claim from arbitration.

/ /

/ /

**C.      Plaintiffs are estopped from arguing material breach based on purported untimely payment of the security deposit.**

As California law has long recognized, by successfully requesting Defendants pay the deposit request after the purported deadline has passed, Plaintiffs are now estopped from arguing that Defendants' payment was untimely and warrants forfeiture of their contractual rights to arbitrate:

> As our Supreme Court stated more than 70 years ago: " 'It would certainly be unreasonable to hold ... that the defendant can now insist upon a forfeiture of the contract on account of the failure to make such payments. "We know of no principle of law ... which will permit a party to a contract, who is entitled to demand the performance by the other party of some act within a specified time, and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent, and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the nonperformance within the original time as a breach of the contract." ...' [¶] ... [W]here the conduct or the acts of the party whose rights would thus be affected by a waiver have been such as to mislead the other party, to his prejudice, into the honest belief that a waiver was intended or consented to, then such conduct or acts will be held sufficient to work an estoppel as against the former."

(*Sutherland v. Barclays Am./Mortg. Corp.* (1997) 53 Cal.App.4th 299, 311–12, quoting *Johnson v. Kaeser* (1925) 196 Cal. 686, 697–698, 239 P. 324.)

Further, by using the funds deposited by Defendants (even if untimely paid) in presenting disputes to the arbitrator for resolution, Plaintiffs have accepted the benefits of the deposit and must accept the consequences of doing so—continuing with the arbitration. *In re Marriage of Bittenson* (2019) 41 Cal.App.5th 333, 338 (2019) ["Under the doctrine of equitable estoppel '[h]e who takes the benefit must bear the burden.'"], quoting Civ. Code, § 3521.)

**IV.    Regardless, Section 1281.98 is Preempted by the FAA.**

As discussed, Code of Civil Procedure section 1281.98 is one of several, recent, arbitration-specific statutory provisions. While section 1281.98 generally focuses on "fees or costs required ***to continue*** the arbitration proceeding," section 1281.97 was enacted at the same time and addresses "fees or costs ***to initiate*** an arbitration proceeding." (Code Civ. Proc. §§ 1298.97, subd. (a)(1), 1298.98, subd. (a)(1), emphasis added). Though federal district courts are split, Defendants

recognize that binding California cases hold that section 1287.97 is not preempted by the FAA. (See *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 629–30 (*Gallo*); *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 299 Cal.Rptr.3d 751 (*Espinoza*); but see *Belyea v. GreenSky, Inc.* (N.D. Cal. Oct. 26, 2022) No. 20-CV-01693-JSC, 2022 WL 14965532, at *6 (*Belyea*) ["Because CCP § 1281.97 violates the 'equal-treatment' principle under the FAA, the FAA preempts CCP § 1281.97."].) No binding California authority has held whether section 1298.98 is preempted by the FAA, but dicta in a footnote in *Gallo* stated its section 1281.97 "analysis applies with equal force to the parallel provisions of section 1281.98." (*Gallo*, *supra*, 81 Cal.App.5th at p. 633, fn. 4 [recognizing "the fees at issue in this case were to initiate the arbitration" and the analysis was therefore focused on section 1281.97].) This Court is not bound by the dicta in *Gallo*. (*Quackenbush v. Superior Ct.*, 79 Cal. App. 4th 867, 874, 94 Cal. Rptr. 2d 282, 286 (2000) [discussion that "was not necessary or essential to our decision, was dicta, and is not binding on" parties or trial courts].)

As this case illustrates, section 1281.98 is preempted by the FAA.

The FAA preempts state law under two relevant circumstances here:

First, under the "equal-treatment" principle, a court may invalidate or refuse to enforce an arbitration agreement based on "generally applicable contract defenses" like "fraud or unconscionability," but not on legal rules that "apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1917 (2022) (quoting *Kindred Nursing Centers L. P.* v. *Clark*, 137 S. Ct. 1421, 1426 (2017)). Second, under "obstacle preemption," a state law is preempted if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting the FAA. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011).

(*Belyea*, *supra*, 2022 WL 14965532, at *6; see also *Espinoza*, 299 Cal.Rptr.3d at p. 761.) Section 1281.98 is preempted both under the "equal treatment" principle and because it stands as an obstacle to the purposes and objectives of the FAA.

**A.       Section 1281.98 is preempted under the equal treatment principle.**

A state law is preempted if it fails to "place arbitration agreements on an equal footing with other contracts," (*Concepcion*, *supra*, 563 U.S. at p. 339), regardless of whether that law targets arbitration "by name" or "more subtle methods." (*Epic Sys. Corp. v. Lewis* (2018) 138 S.Ct. 1612, 1622.) Here, there can be no dispute that section 1281.98 expressly singles out arbitration

agreements and their drafters for unequal treatment, targeting them by name. (Civ. Proc. Code §§ 1280 subd. (e), 1281.98.) As discussed below, it then manufactures automatic and sweeping definitions of "material breach," "default," and "waiver" on drafting parties only that have no basis in generally applicable legal principles. (*Ibid.*) It then imposes sanctions whenever those drafters purportedly commit a "material breach," "default," or "waiver, including the automatic and permanent loss of the drafters' contractual right to arbitrate, and mandatory monetary and other sanctions. (*Id.* §§ 1281.98 subd. (b) and (d), 1281.99.)

Here, Plaintiffs primarily argue that Defendants' purportedly untimely payment constituted a "material breach" of the arbitration agreement. (Mot. at pp. 4–6.) Whether a breach is material under California law is generally a fact question determined under the totality of the circumstances. (See *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277.) But section 1281.98 imposes an automatic and mandatory determination of materiality based on a 30-day deadline that is specific to arbitrations. (See *Leiter v. Handelsman* (1954) 125 Cal.App.2d 243, 250 ["The general rule is that time is not of the essence…"]; *Belyea*, *supra*, 2022 WL 14965532at *7; see also *McLellan v. Fitbit, Inc.* (N.D. Cal. July 24, 2018) No. 16-cv-00036-JD, 2018 WL 3549042, at *5 [finding "a slow payment of filing fees, as opposed to no payment at all," was insufficient "to foreclose arbitration."].)

### B.   Section 1281.98 is preempted because it is an obstacle to the FAA's purposes and objectives.

Even a state law that complies with the equal-treatment principle will be preempted if it "stands[s] as an obstacle to the accomplishment of the FAA's objectives." (*Concepcion*, *supra*, 563 U.S. at 343–44.) A state law that sacrifices "the principle advantage of arbitration," which is "its informality" is preempted where it would make "the process slower, more costly, and more likely to generate procedural morass than final judgment." (*Concepcion*, *supra*, 563 U.S. at p. 348.)

As discussed above, the Arbitrator here already established deadlines, procedures, and rules that include consequences for any failure to meet those requirements. There is no evidence that the Arbitrator has (or even could) delay, suspend, or terminate this established arbitration process based on Defendants' conduct. This distinguishes the analysis and holding of *Gallo* and *Espinoza*, which

KIA'S OPP. TO MOT. TO VACATE ORDER AND LIFT STAY

both addressed delays in payments to *initiate* arbitration, which is inherently distinct from continuing arbitration before an Arbitrator with the authority to determine whether a party's conduct warrants suspension or termination of the arbitration. Instead, contrary to the FAA's overarching purpose, section 1281.98 attempts to impose mandatory and formal procedures, deadlines, and sanctions, taking away the Arbitrator's ability to facilitate streamlined, efficient, and informal procedures that "ensure the enforcement of arbitration agreements." (*Id.* at p. 344.)

## CONCLUSION

Based on the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' motion to vacate the order staying this matter.

Respectfully Submitted,

Dated: November 16, 2022          SHOOK HARDY & BACON LLP

_____
Amir Nassihi
Darlene M. Cho
Samantha K.N. Burnett

Attorneys for Defendant
KIA AMERICA, INC.

1

Amir M. Nassihi, State Bar No. 235936
anassihi@shb.com

2

Samantha K.N. Burnett, State Bar No. 320262
sburnett@shb.com

3

SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300

4

San Francisco, California 94105
Tel: 415.544.1900 | Fax: 415.391.0281

5

6

Darlene M, Cho, State Bar No. 251167
dcho@shb.com

SHOOK, HARDY & BACON L.L.P.

7

2049 Century Park East, Suite 3000
Los Angeles, CA 90067

8

Tel: 424-285-8330 | Fax: 424-204-9093

9

Attorneys for Defendant
KIA AMERICA, INC. (formerly known as

10

KIA MOTORS AMERICA, INC.),

11

12

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13

**FOR THE COUNTY OF ALAMEDA**

14

JOHN CHASE and HILARY CHASE,

Case No. RG19010993

15

Plaintiffs,

**PROOF OF SERVICE**

16

vs.

17

KIA MOTORS AMERICA, INC., et al.,

18

Defendants.

19

20

21

22

23

24

25

26

27

28

4868-4572-4735 v1

00493

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/16/2022 at 04:42:22 PM
By: Curtiyah Ganter,
Deputy Clerk

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

### PROOF OF SERVICE

2     I am over the age of 18 years and not a party to the within action. I am employed in the

3  County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300,

4  San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below,

5  I served the following documents:

6   • **KIA AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
7     ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION
      UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND
8     TO LIFT STAY**

9   • **KIA AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
      ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION
10    UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND
      TO LIFT STAY**

11  on the interested parties in the attached service list in the manner indicated below:

12

13   X   **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and
         processing correspondence for mailing. Under that practice, the document is deposited with
14       the United States Postal Service on that same day in the ordinary course of business in a
         sealed envelope with postage fully prepaid.

15

16   X   **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I
         caused the document to be sent to the persons at the e-mail addresses on the attached service
17       list. I did not receive, within a reasonable time after the transmission, any electronic message
         or other indication that the transmission was unsuccessful.

18       I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct.

20       Executed on November 16, 2022, at San Francisco, California.

21

22                                        Mayra Montalvo

23

24

25

26

27

28

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

**SERVICE LIST**

| Party | Counsel of Record |
|---|---|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com |
| | Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

4868-4572-4735 v1

2

PROOF OF SERVICE

00495

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elliot Conn Bar No. 279920<br>Conn Law, PC<br>354 Pine St., 5th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: **415-417-2780**   FAX NO. *(Optional):* **415-358-4941**<br>E-MAIL ADDRESS: **elliot@connlawpc.com**<br>ATTORNEY FOR *(Name):* **John Chase and Hilary Chase** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/18/2022 at 12:34:25 PM<br>By: Anita Dhir,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: **1225 Fallon St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland 94612**
BRANCH NAME: **Rene C. Davidson Alameda Courthouse**

PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**
DEFENDANT/RESPONDENT: **Kia Motors America, Inc.**

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ✔ **UNLIMITED CASE**      ☐ **LIMITED CASE**<br>(Amount demanded         (Amount demanded is $25,000<br>exceeds $25,000)         or less) | **RG19010993** |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: **12/1/2022**     Time: **2:00 P.M.**     Dept.: **Dept. 22**     Div.:          Room:

Address of court *(if different from the address above):*

✔ **Notice of Intent to Appear by Telephone,** by *(name):* **Elliot Conn and Ron Wilcox**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✔ This statement is submitted by party *(name):* **John Chase and Hilary Chase**
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* **March 14, 2019**
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ✔ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ✔ complaint    ☐ cross-complaint     *(Describe, including causes of action):*
      **Breach of Warranty, Consumers Legal Remedies Act**

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | CASE NUMBER:<br>**RG19010993** |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

     Plaintiffs have asserted claims for Breach of Warranty, Elder Abuse, and violations of the CLRA and UCL related to misrepresentations regarding the sale of a 2017 Kia Sportage against Defendants Kia Motors America and Hilltop Kia. Plaintiffs have also brought credit reporting claims against Kia Motors Finance and seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

     ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

     The party or parties request ☑ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

     a.  ☐  The trial has been set for  *(date):*

     b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):* **The case is currently in arbitration. Due to Defendants failure to timely pay arbitration fees, Plaintiffs have filed a motion to vacate the order staying the matter, to lift the stay of the case, and to return the case to Court, set for hearing on December 1, 2022.**

     c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

     The party or parties estimate that the trial will take *(check one):*

     a.  ☑  days *(specify number):* **7-10 days**

     b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

     The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☑ by the following:

     a.  Attorney: **Ronald Wilcox and Allison Krumhorn**

     b.  Firm: **Wilcox Law Firm, PC**

     c.  Address: **2021 The Alameda, Suite 200, San Jose, CA 95126**

     d.  Telephone number: **408-296-0400**          f.  Fax number: **408-296-0486**

     e.  E-mail address: ronaldwilcox@gmail.com; allisonkrumhorn@gmail.com     g.  Party represented: **Plaintiffs John Chase and Hilary Chase**

     ☐  Additional representation is described in Attachment 8.

9.  **Preference**

     ☑  This case is entitled to preference *(specify code section):* **CCP Section 70, John Chase is over 70 years of age**

10. **Alternative dispute resolution (ADR)**

     a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

         (1)  For parties represented by counsel: Counsel ☐ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

         (2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

     b.  **Referral to judicial arbitration or civil action mediation** (if available).

         (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

         (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

         (3) ☑  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
              **Amount in controversy exceeds $50,000**

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☑ Mediation completed on *(date):* **4/14/2022** |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

00498

CM-110

| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | CASE NUMBER:<br>**RG19010993** |
|---|---|

11. **Insurance**

 a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

 b. Reservation of rights: ☐ Yes ☐ No

 c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

 Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

 ☐ Bankruptcy ☐ Other *(specify):*

 Status:

13. **Related cases, consolidation, and coordination**

 a. ☐ There are companion, underlying, or related cases.

     (1) Name of case:

     (2) Name of court:

     (3) Case number:

     (4) Status:

     ☐ Additional cases are described in Attachment 13a.

 b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

 ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

 ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
 **On September 12, 2022, due to Defendants failure to timely pay arbitration fees, Plaintiffs filed a motion for an Order vacating the Court's August 20, 2019 Order staying this matter pending the completion of arbitration. The motion is set to be heard on December 1, 2022**

16. **Discovery**

 a. ☐ The party or parties have completed all discovery.

 b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| **Plaintiff** | **Written Discovery** | **Spring 2023** |
| **Plaintiff** | **Depositions** | **Spring 2023** |
| **Plaintiff** | **Expert Discovery** | **Per Code** |

 c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

00499

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: **John Chase and Hilary Chase**<br>DEFENDANT/RESPONDENT: **Kia Motors America, Inc.** | **RG19010993** |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
**The case is currently in arbitration which was initiated on August 21, 2019. On September 12, 2022, due to Defendants failure to timely pay arbitration fees, Plaintiffs filed a motion for an Order vacating the Court's August 20, 2019 Order staying this matter pending the completion of arbitration. The motion is set to be heard on December 1, 2022**

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 11/18/2022

Elliot Conn
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

00500

PROOF OF SERVICE

**Re:**   ***John Chase, et al. v. Kia Motors America, Inc., et al.***
          **Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On November 18, 2022, I served the following:

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Respondent KIA MOTORS AMERICA, INC.**

**John P. Swenson**
**SCALI RASMUSSEN, PC**
**800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
jswenson@scalilaw.com
aojinaga@scalilaw.com
mthompson@scalilaw.com
**Attorneys for Respondent MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
**HILLTOP FORD KIA**

*//*

*//*

*//*

1    **John Joseph**
     **Zachary Frampton**
2    **HOLLAND & KNIGHT**
     **2929 Arch Street, Suite 800**
3    **Philadelphia, PA 19104**
     **John.Joseph@hklaw.com**
4    **Zac.Frampton@hklaw.com**
     **Attorneys for Respondent HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
5    **FINANCE**

6
         I declare under penalty of perjury that the foregoing is true and correct.
7

8
     Dated:  November 18, 2022
9                                          Spencer Janssen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amir Nassihi, SBN 235936 / Samantha K.N. Burnett, SBN 320262<br>Shook, Hardy & Bacon L.L.P., 555 Mission St., Ste. 2300, San Francisco, CA 94105<br>Darlene M. Cho, SBN 251167<br>Shook, Hardy & Bacon L.L.P., 2049 Century Park East, Ste. 3000, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 415-544-1900 / 424-285-8330   FAX NO. *(Optional):*<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Defendant Kia America, Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/18/2022 at 04:26:00 PM<br>By: Anita Dhir,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase

DEFENDANT/RESPONDENT: Kia America, Inc., et al.

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* ☒ | **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: December 1, 2022          Time: 2:00 p.m.          Dept.: 22          Div.:          Room:

Address of court *(if different from the address above):*

☒     **Notice of Intent to Appear by Telephone, by *(name):*** Samantha K.N. Burnett

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendant Kia America, Inc.
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☒ complaint  ☐ cross-complaint     *(Describe, including causes of action):* Breach of Warranty, Consumers Legal Remedies Act

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*


American LegalNet, Inc.
www.FormsWorkFlow.com

00503

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This case is currently in arbitration.

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
N/A (see above re arbitration)

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                  f.  Fax number:
e.  E-mail address:                                     g.  Party represented:
☐  Additional representation is described in Attachment 8.

9. **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds $50,000

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

00504

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☒ Mediation completed on *(date):* April 14, 2022 |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☒ | ☒ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.<br>www.FormsWorkFlow.com

00505

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Chase and Hilary Chase<br>DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | CASE NUMBER:<br>RG19010993 |

**11. Insurance**

    a. ☐  Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐  Bankruptcy    ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

    a. ☐  There are companion, underlying, or related cases.

         (1) Name of case:

         (2) Name of court:

         (3) Case number:

         (4) Status:

         ☐ Additional cases are described in Attachment 13a.

    b. ☐  A motion to  ☐ consolidate  ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**

    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        N/A (this case is currenlty in arbitration)

**16. Discovery**

    a. ☐  The party or parties have completed all discovery.

    b. ☐  The following discovery will be completed by the date specified *(describe all anticipated discovery):* N/A

        <u>Party</u>                <u>Description</u>              <u>Date</u>

    c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**


American LegalNet, Inc.
www.FormsWorkFlow.com

00506

CM-110

| PLAINTIFF/PETITIONER: John Chase and Hilary Chase | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kia Motors America, Inc., et al. | RG19010993 |

**17. Economic litigation**

a. ☐    This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐    This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒    The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

As noted in Kia America's Opposition, Plaintiffs' motion to vacate order staying this matter is without basis. On August 30, 2022, Plaintiffs' lead counsel requested Defendants update the JAMS deposit. Within minutes, Defendant confirmed it would immediately do so. At Plaintiffs lead counsel's direction, Kia America initiated payment via FedEx on September 1, 2022. Due to the holiday weekend, payment was received by JAMS on September 6, 2022. In other words, JAMS was paid within 4 business days of Plaintiffs' lead counsel's request. Even if there were any basis for Plaintiffs' argument, Plaintiffs voluntarily elected to proceed with their case in arbitration and Kia immediately completed payment at Plaintiffs' direction. Yet despite all fees and payments being current, a week later, on September 12, Plaintiffs' associated counsel attempted to reverse course and their motion followed, even though the Parties have substantially completed their preparation for the arbitration hearing and anticipate it being scheduled for final hearing.

**19. Meet and confer**

a. ☐    The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐    After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 18, 2022

Samantha K.N. Burnett
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]      **CASE MANAGEMENT STATEMENT**      Page 5 of 5



American LegalNet, Inc.
www.FormsWorkFlow.com

00507

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. I am employed in the County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below, I served the following documents:

- **CASE MANAGEMENT STATEMENT**

on the interested parties in the attached service list in the manner indicated below:

  X    **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid.

  X    **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the persons at the e-mail addresses on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 18, 2022, at San Francisco, California.



_____
Mayra Montalvo

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## SERVICE LIST

2

| Party | Counsel of Record |
|-------|-------------------|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CONN LAW, PC
   ELLIOT CONN        Bar No. 279920
2  354 Pine Street, 5th Floor
   San Francisco, CA, 94104
3  Telephone: (415) 417-2780
   Facsimile: (415) 358-4941
4  elliot@connlawpc.com

5  WILCOX LAW FIRM, PC
   RONALD WILCOX       Bar No. 176601
6  ALLISON KRUMHORN    Bar No. 311011
   2021 The Alameda, Suite 200
7  San Jose, CA 95126
   Telephone:  (408) 296-0400
8  Facsimile:  (408) 296-0486
   ronaldwilcox@gmail.com
9  allisonkrumhorn@gmail.com

10  Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

11

12

13

14                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

                          IN AND FOR THE COUNTY OF ALAMEDA
15

16  JOHN CHASE and HILARY CHASE,          **Case No. RG19010993**

17                  Plaintiffs.           **DECLARATION OF ALLISON**
                                          **KRUMHORN IN SUPPORT OF**
18          vs.                           **PLAINTIFFS JOHN CHASE AND**
                                          **HILARY CHASE'S REPLY IN SUPPORT**
19  KIA MOTORS AMERICA, INC.; MICHAEL     **OF MOTION TO VACATE ORDER**
    C. STEAD, INC. dba MICHAEL STEAD'S    **STAYING MATTER PENDING**
20  HILLTOP FORD KIA; HYUNDAI             **COMPLETION OF ARBITRATION**
    CAPITAL AMERICA dba KIA MOTORS        **UNDER CALIFORNIA CODE OF CIVIL**
21  FINANCE; and DOES 1 through 30,       **PROCEDURE § 1281.98 AND TO LIFT**
    inclusive,                            **STAY**
22
                    Defendants.           **Judge:**        Hon. Jeffrey S. Brand
23                                         **Dept.:**        22
                                          **Date:**         December 1, 2022
24                                         **Time:**         2:30 p.m.
                                    /      **Reservation No.:** 835780524338
25                                         **Complaint Filed:** March 14, 2019
                                          **Trial Date:**   Not Set
26

27

28
                                         1
Declaration of Allison Krumhorn In Support of Plaintiffs' Reply In Support Of Motion to Vacate
                  Order Staying Case Pending Arbitration

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/22/2022 at 12:01:45 PM
By: Anita Dhir,
Deputy Clerk

1   I, Allison Krumhorn, declare as follows:

2   1.      I am an attorney licensed to practice in California. I was retained by Plaintiffs John Chase

3   and Hilary Chase to represent them in this action. I have personal knowledge of all information

4   stated below and would be competent to testify thereto.

5   2.      I submit this Declaration in support of Plaintiffs' Motion to Vacate Order Staying the Case

6   Pending the Completion of Arbitration and to Lift Stay and Plaintiffs' Reply in further support

7   thereof.

8   3.      On July 20, 2022, JAMS issued an invoice to Defendants.  The JAMS Billing Specialist

9   identified on that invoice was identified as Emely Nebria. *See* **Exhibit 1**.

10  4.      On September 8, 2022, I called Emily Nebria, the JAMS Billing Specialist listed on the

11  outstanding JAMS Invoice, and asked if Defendants had paid the July 20, 2022 Invoice. *See*

12  **Exhibit 1**.  Ms. Nebria advised me that as of September 8, 2022, the invoice had not been paid

13  and remained outstanding.

14  5.      When Plaintiffs' counsel, Elliot Conn, checked the JAMS Case Access Portal on

15  September 12, 2022, the July 20, 2022 Invoice was still showing as unpaid.

16      I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct to the best of my present recollection and this declaration is executed

18  on November 22, 2022 in Santa Cruz, California.

19

20                                                      Allison Krumhorn

21

22

23

24

25

26

27

28

Declaration of Allison Krumhorn In Support of Plaintiffs' Reply In Support Of Motion to Vacate
Order Staying Case Pending Arbitration

00511

# Exhibit 1

# DEPOSIT REQUEST



**Invoice Date**
7/20/2022

**Invoice Number**
6253566

Bill To:   **Mr. Amir Nassihi Esq.**
**Shook, Hardy & Bacon, LLP**
**555 Mission St**
**Suite 2300**
**San Francisco, CA 94105**
**US**

| Reference #: | **1100106806 - Rep# 2** |
|---|---|
| Billing Specialist: | **Nebria, Emely** |
| Email: | **enebria@jamsadr.com** |
| Telephone: | **949-224-4660** |
| Employer ID: | **68-0542699** |

RE: **Chase, John, et al. vs. KIA Motors America, Inc., et al.**

Representing: **KIA Motors America, Inc. ; Hyundai Capital America dba
KIA Motors Finance ; Michael C. Stead, Inc., dba Michael Stead's Hilltop
Ford**

Neutral(s):   **Hon. James Warren, (Ret.)**

Hearing Type: **ARBITRATION**                    TB

| Date / Time | Description | Your Share |
|---|---|---|
| 7/20/22 | **Hon. James L Warren (Ret.)** <br> Deposit for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Failure to pay the deposit may result in a delay in service or cancellation of the session. With the exception of non-refundable fees, (Please review the Neutral's fee schedule regarding case management fee and cancellation policies), any unused portion of this deposit will be refunded at the conclusion of the case. | $ 20,000.00 |

| | |
|---|---|
| **Total Billed:** | $ 20,000.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 20,000.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

PROOF OF SERVICE

**Re:**   ***John Chase, et al. v. Kia Motors America, Inc., et al.***
       **Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On November 22, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S REPLY IN SUPPORT OF
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF
ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION
1281.98 AND TO LIFT STAY**

**REPLY DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN
CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER
PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ALLISON KRUMHORN IN SUPPORT OF PLAINTIFFS JOHN
CHASE AND IDLARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE
ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER
CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.98 AND TO LIFT STAY**

**DECLARATION OF JOHN CHASE IN SUPPORT OF PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING
COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi
Samantha K. Burnett
Darlene Cho
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Defendant KIA MOTORS AMERICA, INC.**

1 | John P. Swenson
**SCALI RASMUSSEN, PC**
2 | **800 Wilshire Boulevard, Suite 400**
**Los Angeles, CA 90017**
3 | jswenson@scalilaw.com
aojinaga@scalilaw.com
4 | mthompson@scalilaw.com
**Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
5 | **HILLTOP FORD KIA**

6 | John Joseph
Zachary Frampton
7 | **HOLLAND & KNIGHT**
**2929 Arch Street, Suite 800**
8 | **Philadelphia, PA 19104**
John.Joseph@hklaw.com
9 | Zac.Frampton@hklaw.com
**Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
10 | **FINANCE**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 22, 2022

Spencer Janssen

1   CONN LAW, PC
    ELLIOT CONN          Bar No. 279920
2   354 Pine Street, 5th Floor
    San Francisco, CA, 94104
3   Telephone: (415) 417-2780
    Facsimile: (415) 358-4941
4   elliot@connlawpc.com

5   WILCOX LAW FIRM, PC
    RONALD WILCOX        Bar No. 176601
6   ALLISON KRUMHORN     Bar No. 311011
    2021 The Alameda, Suite 200
7   San Jose, CA 95126
    Telephone:  (408) 296-0400
8   Facsimile:  (408) 296-0486
    ronaldwilcox@gmail.com
9   allisonkrumhorn@gmail.com

10  Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

11

12

13

14

15

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/22/2022 at 12:01:45 PM**
By: Anita Dhir,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

16  JOHN CHASE and HILARY CHASE,          **Case No. RG19010993**

17                      Plaintiffs.         **DECLARATION OF JOHN CHASE IN**
                                            **SUPPORT OF PLAINTIFFS' REPLY IN**
18          vs.                             **SUPPORT OF MOTION TO VACATE**
                                            **ORDER STAYING MATTER PENDING**
19  KIA MOTORS AMERICA, INC.; MICHAEL      **COMPLETION OF ARBITRATION**
    C. STEAD, INC. dba MICHAEL STEAD'S      **UNDER CALIFORNIA *CODE OF CIVIL***
20  HILLTOP FORD KIA; HYUNDAI               ***PROCEDURE* SECTION 1281.98 AND TO**
    CAPITAL AMERICA dba KIA MOTORS          **LIFT STAY**
21  FINANCE; and DOES 1 through 30,
    inclusive,
22                                          **Judge:**           Hon. Jeffrey S. Brand
                        Defendants.         **Dept.:**           22
23                                          **Date:**            December 1, 2022
                                            **Time:**            2:30 p.m.
24                                          **Reservation No.:** 835780524338
                                            **Complaint Filed:** March 14, 2019
25                               /          **Trial Date:**      None Set

26

27

28

1    I, JOHN CHASE, declare as follows:

2    1.       I am an individual, 79 years of age, living in Berkeley, California. My date of birth is

3    December 5, 1942.

4    2.       I am one of the Plaintiffs in the above matter. I have personal knowledge of all

5    information stated below and am competent to testify thereto.

6    3.       I have elected to withdraw my claims from arbitration and would like to proceed in Court.

7    I want a jury to hear my case.

8           I declare under penalty of perjury under the laws of the State of California that the

9    foregoing is true and correct to the best of my present recollection and this declaration is executed

10   on November 22, 2022 in Berkeley, California

11

12                                         *John Chase*
                                           John Chase (Nov 22, 2022 09:51 PST)
13                                         JOHN CHASE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

**Re:**   ***John Chase, et al. v. Kia Motors America, Inc., et al.***
**Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On November 22, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S REPLY IN SUPPORT OF
MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF
ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION
1281.98 AND TO LIFT STAY**

**REPLY DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN
CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER
PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ALLISON KRUMHORN IN SUPPORT OF PLAINTIFFS JOHN
CHASE AND IDLARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE
ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER
CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.98 AND TO LIFT STAY**

**DECLARATION OF JOHN CHASE IN SUPPORT OF PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING
COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Defendant KIA MOTORS AMERICA, INC.**

1   **John P. Swenson**
    **SCALI RASMUSSEN, PC**
2   **800 Wilshire Boulevard, Suite 400**
    **Los Angeles, CA 90017**
3   **jswenson@scalilaw.com**
    **aojinaga@scalilaw.com**
4   **mthompson@scalilaw.com**
    **Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S**
5   **HILLTOP FORD KIA**

6   **John Joseph**
    **Zachary Frampton**
7   **HOLLAND & KNIGHT**
    **2929 Arch Street, Suite 800**
8   **Philadelphia, PA 19104**
    **John.Joseph@hklaw.com**
9   **Zac.Frampton@hklaw.com**
    **Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS**
10  **FINANCE**

11              I declare under penalty of perjury that the foregoing is true and correct.

12

13

    Dated:  November 22, 2022
14                                                          Spencer Janssen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONN LAW, PC
ELLIOT CONN          Bar No. 279920
354 Pine Street, 5th Floor
San Francisco, CA, 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

WILCOX LAW FIRM, PC
RONALD WILCOX       Bar No. 176601
ALLISON KRUMHORN    Bar No. 311011
2021 The Alameda, Suite 200
San Jose, CA 95126
Telephone:  (408) 296-0400
Facsimile:  (408) 296-0486
ronaldwilcox@gmail.com
allisonkrumhorn@gmail.com

Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

JOHN CHASE and HILARY CHASE,

Plaintiffs.

vs.

KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE; and DOES 1 through 30, inclusive,

DEFENDANTS.

**Case No. RG19010993**

**REPLY DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA *CODE OF CIVIL PROCEDURE* SECTION 1281.98 AND TO LIFT STAY**

| | |
|---|---|
| **Judge:** | Hon. Jeffrey S. Brand |
| **Dept.:** | 22 |
| **Date:** | December 1, 2022 |
| **Time:** | 2:30 p.m. |
| **Reservation No.:** | 835780524338 |
| **Complaint Filed:** | March 14, 2019 |
| **Trial Date:** | None Set |

I, ELLIOT CONN, declare as follows:

1.    I am an attorney licensed to practice in California. I was retained by Plaintiffs John Chase and Hilary Chase to represent them in their action arising out of Defendants' misrepresentations in connection with the sale of a 2017 Kia Sportage, VIN: KNDPRCA62H7148873 ("the Vehicle"), the subsequent "lemon law" issues with the Vehicle, and Defendants' refusal to repurchase the defective Vehicle. I have personal knowledge of all information stated below and would be competent to testify thereto.

2.    I submit this Declaration in support of Plaintiff's Motion to Vacate Order Staying the Case Pending the Completion of Arbitration and to Lift Stay.

3.    The underlying invoice that Defendants did not timely pay was issued just two days after we had filed four separate discovery motions in JAMS, specifically, on July 18, 2022, we submitted: (1) Claimants' Motion and Letter Brief in Support of Motion to Compel Kia America's Compliance with Case Management Order No. 4 and to Produce Additional Documents; (2) Claimants' Motion and Letter Brief in Support of Motion to Compel Deposition of KMA PMQ Witness; (3) Claimants' Motion and Letter Brief in Support of Motion to Compel Kia Motors Finance's Compliance with Case Management Order No. 5; and (4) Claimants' Motion and Letter Brief in Support of Motion to Compel Deposition of KMF PMQ Witness. The subsequent invoice must have been issued because all prior deposits had been fully utilized and since JAMS requires payments in advance, payment was needed for the Arbitrator to rule on the motions. However, to date, these motions still have not been ruled on.

4.    The day after we filed this Motion, September 13, 2022, we informed JAMS that the Kia Defendants had defaulted in making their payments and provided JAMS with a copy of the moving papers. Attached hereto as **Exhibit 1**, is a true and correct copy of my September 13, 2022 email to JAMS with all of the Defendants' counsel cced. We believed that the filing of the Motion, and informing JAMS, would stay the arbitration pending the Court's ruling on the Motion.

Reply Declaration of Elliot Conn in Support of Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

5.      Defendants disagreed and on September 30, 2022, emailed JAMS to ask to "schedule a conference call with Judge Warren to address next steps." Attached hereto as **Exhibit 2**, is a true and correct copy of the September 30, 2022 email that Defendants' counsel sent to JAMS.

6.      Given that JAMS no longer had jurisdiction over the case, we did not believe that a further conference would be appropriate and on October 3, 2022 voiced our objections. Attached hereto as **Exhibit 3** is a true and correct copy of the email that my co-counel Ron Wilcox sent to JAMS with counsel for Defendants cced.

7.      Mr. Wilcox subsequently requested that the "notice of hearing be withdrawn," via email, a true and correct copy of which is attached hereto as **Exhibit 4**.

8.      That same day, Defendants objected to our request that the arbitration be held in abeyance pending this Court's ruling, stating that that "[t]he call should go forward . . . . A call with the arbitrator is needed as scheduled, certainly this week," via an email, a true and correct copy of which is attached hereto as **Exhibit 5**.

9.      The next day, I responded that "[a] hearing with JAMS would not be appropriate. Please see Claimant's email from Monday morning with the appropriate authority," via email, a true and correct copy of which is attached hereto as **Exhibit 6**.

10.      The next day, JAMS forwarded us an email from the arbitrator, a true and correct copy of which is attached hereto as **Exhibit 7**, in which the arbitrator stated:

> Counsel, I understand that Claimants do not wish to participate in a discovery scheduling hearing to be set this week on the ground that KIA did not timely pay some required arbitration fees. In Claimants' view, that means that I no longer have jurisdiction over this matter. I disagree; my jurisdiction is not voided because Respondent didn't timely pay certain outstanding fees relating to earlier discovery matters, although I understand that those fees have been paid in full. Nevertheless, Claimants have filed a motion with the Superior Court to vacate its earlier order sending this matter to arbitration, a motion that is scheduled to be heard on December 1, 2022. **I of course respect Claimants right to file such a motion but that filing does not derail this arbitration.** Therefore, I am asking my Case Manager, Terri Benson, to schedule a conference call this week (or at counsels' earliest convenience) to schedule whatever outstanding discovery matters presently require resolution. **I specifically rule, however, that Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court. Should the court grant Claimant's' motion on the merits as filed, any dates scheduled in the arbitration will become moot.  Should the court decide that the matter will proceed in arbitration, having scheduled dates on calendar will make for a more efficient arbitration, a result that**

Reply Declaration of Elliot Conn in Support of Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

**will inure to everybody's benefit.**  Please cooperate with Ms. Benson is scheduling this conference call.

/s/ Judge James L. Warren (Ret.), Arbitrator

11.     Consistent with the Arbitrator's order, a scheduling hearing went forward on October 13, 2022, during which Judge Warren ordered the parties to try to resolve the outstanding discovery issues and indicated that an Evidentiary Hearing would need to be set (which of course would be vacated upon the Court granting Plaintiffs' pending motion). All subsequent participation in the arbitration was pursuant to Judge Warren's ruling that such participation "will not (and may not) be used in any manner to prejudice Claimants' current motion before the court" and to avoid prejudice should the arbitration proceed.

12.     During the pendency of the case, counsel for Defendants have asked for numerous extensions, which have all been granted. Each time an extension has been requested, they have asked for an extension through a certain date. Attached hereto as **Exhibits 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17** are true and correct copies of some of the emails in which each of Defendants' counsel have asked for an extension of time through a specific date. This has established a course of dealing where if an extension is requested (and given), a date certain is provided. Without a date certain being provided, there would be no agreement for an extension.

13.     Attached hereto as **Exhibit 18** is a true and correct copy of the stipulated protective order entered in the arbitration for the use of confidential material.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my present recollection and this declaration is executed on November 22, 2022 in Lafayette, California



ELLIOT CONN

Reply Declaration of Elliot Conn in Support of Plaintiffs' Motion to Vacate Order Staying Case Pending Arbitration

00523

# Exhibit 1

## Elliot Conn

| | |
|---|---|
| **From:** | Elliot Conn |
| **Sent:** | Tuesday, September 13, 2022 1:17 PM |
| **To:** | Terri Benson |
| **Cc:** | Zac.Frampton@hklaw.com; Nassihi, Amir (SHB); Burnett, Samantha (SHB); John Swenson; Cho, Darlene M. (SHB); Ronald Wilcox; Spencer Janssen; Allison Krumhorn |
| **Subject:** | Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806 |
| **Attachments:** | 220912 Conn Decl. (Endorsed).pdf; 220912 MPA (Endorsed).pdf; 220912 Plaintiffs' Motion to Vacate (Endorsed).pdf |

Dear JAMS,

    Respondents have defaulted in making its payments to JAMS. Attached find a motion that Claimants have filed in the Superior Court regarding such.

    Thank you.

Very truly yours,

Elliot Conn

Elliot J. Conn

354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

# Exhibit 2

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB)   ANASSIHI@shb.com |
| **Sent:** | Friday, September 30, 2022 10:02 AM |
| **To:** | Terri Benson; Elliot Conn; Burnett, Samantha (SHB);  swenson@scalilaw.com; ronaldwilcox@ mail.com; allisonkrumhorn@ mail.com; Cho, Darlene M. (SHB);  ac.frampton@hklaw.com |
| **Cc:** | Spencer Janssen; Darmstadt, Ruby (SHB); Montalvo, Mayra P. (SHB); badams@scalilaw.com; cestrada@scalilaw.com; allisonkrumhorn@ mail.com; carmel.office@yahoo.com |
| **Subject:** | RE:   pdate - Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

i Terri,

es, can  e please schedule a conference call  ith Judge  arren to address ne t steps.
Thanks,
Amir

---

**From:** Terri  enson  T  enson  amsadr.com
**Sent:** Tuesday, Septem  er   ,          M
**To:** elliot  connla  pc.com  assihi, Amir  S      A ASS   sh .com   urnett, Samantha  S     s  urnett  sh .com
 s  enson  scalila .com  ronald  ilco   gmail.com  allisonkrumhorn  gmail.com  Cho, Darlene M.  S
 dcho  sh .com   ac.frampton  hkla .com
**Cc:** spencer  connla  pc.com  Darmstadt, Ru  y  S     RDARMSTADT  sh .com  Montalvo, Mayra  .  S
 mmontalvo  sh .com   adams  scalila .com  cestrada  scalila .com  allisonkrumhorn  gmail.com
carmel.office  yahoo.com
**Subject:**   pdate  Chase, John, et al. vs.   A Motors America,  nc., et al.  JAMS Ref  o.

Hello Counsel,

Following up to see if you need anything further from JAMS at this time.

Kind Regards,
Terri



**Terri Benson**
Case Manager

**JAMS - *Local Solutions. Global Reach.*™**
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
www.jamsadr.com

Follow us on **Facebook**, **LinkedIn**, and **Twitter**.
*JAMS was Recently Recognized at* ***Legalweek's Leaders in Tech Law Awards.***
*Learn more about our* ***virtual and hybrid capabilities.***

00527

# Exhibit 3

**Elliot Conn**

| | |
|---|---|
| **From:** | Ronald Wilcox   ronaldwilcox@ mail.com |
| **Sent:** | Monday,  ctober 3, 2022 12:13 PM |
| **To:** | Terri Benson |
| **Cc:** | John Swenson; Frampton, Zachary C (CCC -   2 13); Nassihi, Amir (SHB); Elliot Conn; Burnett, Samantha (SHB); allisonkrumhorn@ mail.com; Cho, Darlene M. (SHB); Spencer Janssen; Darmstadt, Ruby (SHB); Montalvo, Mayra P. (SHB); Barbara Adams; Carlos Estrada; carmel.office@yahoo.com |
| **Subject:** | Re:   pdate - Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

Dear JAMS,

Dr. Chase had filed multiple discovery motions relating to the Kia Respondents' non-compliance   ith previous discovery orders.   o ever, these motions   ere not set for hearing or ruled on   ecause JAMS   as a   aiting payment from the   ia Respondents for Ar itration costs.  ndeed, the   ia Respondents failed to timely pay as re uired   y statute.  As a result of   ia s failure to pay    hich has also caused delay in this matter , Dr. Chase filed a Motion    ith the Superior Court to   ithdra   this case from ar itration and have the case heard   y a   ury and to have the right to an appeal.

  o ever, despite failing to timely pay JAMS, the   ia Respondents no   re uest a hearing   ith JAMS.  The Superior Court   ill decide the matter and JAMS is   ithout  urisdiction.

As an Appellate Court   ust ruled, "  i n the enacting legislation, the   egislature e pressed concern that   a company s failure to pay the fees of an ar itration service provider in accordance   ith its o ligations contained   ithin an ar itration agreement or through application of state or federal la   or the rules of the ar itration provider hinders the efficient resolution of disputes and contravenes pu lic policy.  Stats.       , ch.    ,     , su  d.    c ." *spino a v.  uperior  ourt of  os  ngeles  ounty*,    Cal.Rptr. d   , Sept.    ,        "  ased on the plain language as   ell as the legislative history of section     . , the   egislature intended courts to apply the statute s payment deadline strictly."

And as the California Supreme Court has stated, "Ar itrators may e ceed their po ers   y issuing an a   ard that violates a party s un  aiva le statutory rights or that contravenes an e plicit legislative e pression of pu lic policy." *ichey v.  utonation, Inc.*,    Cal. Rptr. d    ,        .

==  e a   ait the Superior Court s handling of the matter, and the hearing set for Decem er  , .==

1

Respectfully su mitted,
Ron ilco , Claimants Counsel


Ronald ilco
ilco a irm, .C.
    The Alameda, Suite
San Jose, CA
Tel
a
[ronald ilco gmail.com](mailto:ronald.ilco@gmail.com)


n Mon, ct , at AM Terri enson [T enson amsadr.com](mailto:TJenson@jamsadr.com) rote

Hello,


Thank you. Confirming receipt. I will send an outlook calendar invite to all.


Kind Regards,

Terri

---

r John S enson [s enson scalila .com](mailto:)
    Monday, cto er , AM
    Terri enson [T enson amsadr.com](mailto:) rampton, achary C CCC [ac. rampton hkla .com](mailto:) assihi,
Amir S [A ASS sh .com](mailto:) [elliot connla pc.com](mailto:) urnett, Samantha S [s urnett sh .com](mailto:)
[ronald ilco gmail.com](mailto:) [allisonkrumhorn gmail.com](mailto:) [dcho sh .com](mailto:)
    [spencer connla pc.com](mailto:) Darmstadt, Ru y S [RDARMSTADT sh .com](mailto:) Montalvo, Mayra . S
    [mmontalvo sh .com](mailto:) ar ara Adams [adams scalila .com](mailto:) Carlos Estrada [cestrada scalila .com](mailto:)
[allisonkrumhorn gmail.com](mailto:) [carmel.office yahoo.com](mailto:)
    RE pdate Chase, John, et al. vs. A Motors America, nc., et al. JAMS Ref o.


This email originated from outside JAMS. Do not click links or open attachments unless you recogni e the sender and kno the content is safe.


i Terri,


oth of those dates and times ork for Michael Stead.

# Exhibit 4

**Elliot Conn**

| | |
|---|---|
| **From:** | Ronald Wilcox   ronaldwilcox@ mail.com |
| **Sent:** | Monday,  ctober 3, 2022 12:17 PM |
| **To:** | Terri Benson |
| **Cc:** | John Swenson; Frampton, Zachary C (CCC -   2 13); Nassihi, Amir (SHB); Elliot Conn; Burnett, Samantha (SHB); allisonkrumhorn@ mail.com; Cho, Darlene M. (SHB); Spencer Janssen; Darmstadt, Ruby (SHB); Montalvo, Mayra P. (SHB); Barbara Adams; Carlos Estrada; carmel.office@yahoo.com |
| **Subject:** | Re:  pdate - Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

Dear Ms.  enson,

 no  see JAMS earlier emails to the parties re uesting their availa ility for a hearing  that Respondents re uested.

 t appears JAMS inadvertently scheduled a hearing  efore receiving a response from Claimant  the responses  ere from multiple Respondents, ___ Claimant .

The notice of hearing should  e  ithdra n see my other email of a fe  minutes ago, containing the appropriate authority .

Respectfully su mitted,

Ron   ilco , Counsel for Claimants

Ronald   ilco
  ilco  a  irm,  .C.
     The Alameda, Suite
San Jose, CA
Tel
 a
ronald  ilco    gmail.com

 n Mon,  ct ,  at       M Ronald  ilco   ronald  ilco    gmail.com   rote
Dear JAMS,

Dr. Chase had filed multiple discovery motions relating to the Kia Respondents' non-compliance  ith previous discovery orders.  o ever, these motions  ere not set for hearing or ruled on  ecause JAMS  as a aiting payment from the  ia Respondents for Ar itration costs.  ndeed, the  ia Respondents failed to timely pay as re uired  y statute.  As a result of  ia s failure to pay   hich has also caused delay in this matter , Dr. Chase filed a

1

00532

# Exhibit 5

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB)   ANASSIHI@shb.com |
| **Sent:** | Monday,   ctober 3, 2022 12: 2 PM |
| **To:** | Terri Benson |
| **Cc:** | Ronald Wilcox; John Swenson; Frampton, Zachary C (CCC -    2 13); Elliot Conn; Burnett, Samantha (SHB); allisonkrumhorn@ mail.com; Cho, Darlene M. (SHB); Spencer Janssen; Darmstadt, Ruby (SHB); Montalvo, Mayra P. (SHB); Barbara Adams; Carlos Estrada; carmel.office@yahoo.com |
| **Subject:** | Re:   pdate - Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

 i Terri,
The call should go for ard.  laintiff lead counsel directed that this matter proceed in ar itration, and   ia immediately paid the updated deposit at his re uest.  laintiff lead counsel also stipulated to this ar itration. A call  ith the ar itrator is needed as scheduled, certainly this  eek.  laintiff lead counsel Mr. Conn has not advised of unavaila ility.
Thank you for keeping the call as scheduled.
 est,
Amir

 n  ct  ,    , at      M, Terri  enson  T  enson   amsadr.com   rote

M                               d  d                           d               d                    r **Please advise if you still want to cancel the call**  d                               d  d   r

 rr

_r_   Ronald  ilco   ronald  ilco   gmail.com
     Monday,  cto er  ,          M
  Terri  enson  T  enson   amsadr.com
  John S  enson  s enson  scalila .com   rampton,  achary C CCC              ac. rampton  hkla .com
 assihi, Amir S    A ASS   sh .com  elliot  connla  pc.com  urnett, Samantha S   s urnett  sh .com
 allisonkrumhorn  gmail.com Cho, Darlene M. S    dcho  sh .com  spencer  connla  pc.com Darmstadt, Ru  y
 S   RDARMSTADT  sh .com  Montalvo, Mayra  . S    mmontalvo  sh .com   ar ara Adams
  adams  scalila .com  Carlos Estrada  cestrada  scalila .com  carmel.office  yahoo.com
       Re   pdate  Chase, John, et al. vs.   A Motors America,  nc., et al.   JAMS Ref  o.

This email originated from outside JAMS. Do not click links or open attachments unless you recogni e the sender and kno  the content is safe.

Dear Ms.  enson,

00534

# Exhibit 6

# Elliot Conn

| | |
|---|---|
| **From:** | Elliot Conn |
| **Sent:** | Tuesday,  ctober , 2022 1:  PM |
| **To:** | Terri Benson |
| **Cc:** | Ronald Wilcox; John Swenson; Frampton, Zachary C (CCC -   2 13); Burnett, Samantha (SHB); allisonkrumhorn@ mail.com; Cho, Darlene M. (SHB); Spencer Janssen; Nassihi, Amir (SHB); Darmstadt, Ruby (SHB); Montalvo, Mayra P. (SHB); Barbara Adams; Carlos Estrada; carmel.office@yahoo.com |
| **Subject:** | RE:  pdate - Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

Terri,

A hearing  ith JAMS  ould not  e appropriate.  lease see Claimant s email from Monday morning  ith the appropriate authority.

Very truly yours,


Elliot Conn


Elliot J. Conn

354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

*r*      assihi, Amir  S     A  ASS     sh .com
     Monday,  cto er ,          M
    Terri  enson  T  enson   amsadr.com
    Ronald   ilco  ronald  ilco  gmail.com  John S  enson  s  enson  scalila .com    rampton,  achary C  CCC
    ac. rampton  hkla .com  Elliot Conn  elliot  connla  pc.com    urnett, Samantha  S
s  urnett  sh .com  allisonkrumhorn  gmail.com  Cho, Darlene M.  S    dcho  sh .com  Spencer Janssen
 spencer  connla  pc.com  Darmstadt, Ru y  S    RDARMSTADT  sh .com  Montalvo, Mayra  .  S
 mmontalvo  sh .com   ar ara Adams  adams  scalila .com  Carlos Estrada  cestrada  scalila .com
 carmel.office  yahoo.com
         Re  pdate  Chase, John, et al. vs.   A Motors America,  nc., et al.  JAMS Ref  o.

 i Terri,
The call should go for  ard.  laintiff lead counsel directed that this matter proceed in ar itration, and  ia immediately
paid the updated deposit at his re uest.  laintiff lead counsel also stipulated to this ar itration. A call  ith the ar itrator
is needed as scheduled, certainly this  eek.  laintiff lead counsel Mr. Conn has not advised of unavaila ility.
Thank you for keeping the call as scheduled.
 est,
Amir

# Exhibit 7

# Elliot Conn

| | |
|---|---|
| **From:** | Terri Benson   TBenson@ amsadr.com |
| **Sent:** | Wednesday,   ctober  , 2022 11:1  AM |
| **To:** | Elliot Conn; anassihi@shb.com; sburnett@shb.com; swenson@scalilaw.com; ronaldwilcox@ mail.com; allisonkrumhorn@ mail.com; dcho@shb.com; ac.frampton@hklaw.com |
| **Cc:** | Spencer Janssen; rdarmstadt@shb.com; mmontalvo@shb.com; badams@scalilaw.com; cestrada@scalilaw.com; allisonkrumhorn@ mail.com; carmel.office@yahoo.com |
| **Subject:** | P EASE READ:  Messa e from Jud e Warren:  Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |
| **m ortance:** | Hi  h |

Hello Counsel,

Please see the below message from Judge Warren:

-------------------------------------------------------------------------------------------------

Counsel, I understand that Claimants do not wish to participate in a discovery scheduling hearing to be set this week on the ground that KIA did not timely pay some required arbitration fees.  In Claimants' view, that means that I no longer have jurisdiction over this matter.  I disagree; my jurisdiction is not voided because Respondent didn't timely pay certain outstanding fees relating to earlier discovery matters, although I understand that those fees have been paid in full.   Nevertheless, Claimants have filed a motion with the Superior Court to vacate its earlier order sending this matter to arbitration, a motion that is scheduled to be heard on December 1, 2022.  I of course respect Claimants right to file such a motion but that filing does not derail this arbitration.  Therefore,  I am asking my Case Manager, Terri Benson, to schedule a conference call this week (or at counsels' earliest convenience) to  schedule whatever outstanding discovery matters presently require resolution.  I specifically rule, however, that Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court.  Should the court grant Claimant's' motion on the merits as filed, any dates scheduled in the arbitration will become moot.  Should the court decide that the matter will proceed in arbitration, having scheduled dates on calendar will make for a more efficient arbitration, a result that will inure to everybody's benefit.  Please cooperate with Ms. Benson is scheduling this conference call.
/s/ Judge James L. Waren (Ret.), Arbitrator

-------------------------------------------------------------------------------

Please let us know if October 13, 2022 at 4:30 pm still works for all Counsel.

Kind Regards,
Terri

00538



**erri  enson**
Case Manager

**M**   *Local Solutions. Global Reach.™*
Two Embarcadero Center | #1500 | San Francisco, CA, 94111
P: 415-774-2653
www_a__sadr co__

Follow us on _**ace_oo__**, _**in_ed_n**, and _**witter**.
*JAMS was Recently Recognized at **Legalweek's Leaders in Tech Law Awards.***
*Learn more about our **virtual and hybrid capabilities.***

# Exhibit 8

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Wednesday, October 9, 2019 5:29 PM |
| **To:** | Julie McCool; Elliot Conn; Burnett, Samantha (SHB) |
| **Cc:** | Darmstadt, Ruby (SHB) |
| **Subject:** | RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

Hi Julie, may we have a 7 day extension on this, through to Friday October 18? Also, might we be able to get the past cases list for the arbitrators?
Thanks,
Amir

---

**From:** Julie McCool <jmccool@jamsadr.com>
**Sent:** Friday, October 4, 2019 10:56 AM
**To:** elliot@connlawpc.com; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>
**Subject:** Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

**EXTERNAL**

Counsel,

Please see the attached.  If parties cannot agree upon an Arbitrator, your strike lists will be due by the close of business on Friday, October 11, 2019.

Thank you,



**Julie McCool**
Assistant Manager

**JAMS - *Local Solutions. Global Reach.*™**
Two Embarcadero Center | #1500 | San Francisco, CA  94111
P: 415-774-2612 | F: 415-982-5287
**www.jamsadr.com**

Follow us on **LinkedIn** and **Twitter**.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

00541

# Exhibit 9

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Friday, December 13, 2019 3:51 PM |
| **To:** | Darcy English; Elliot Conn; Burnett, Samantha (SHB) |
| **Cc:** | Darmstadt, Ruby (SHB); Spencer Janssen |
| **Subject:** | RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806 |

Hi Darcy, parties conferred yesterday and will need some additional time to work through the claims and sequence issues. Might we be able to have additional time to get our proposal to you, likely end of next week? Sorry for the delay – I have been tied up with an ongoing trial and plaintiff counsel Elliot Conn has been very gracious in accommodating.

Thanks, and have a great weekend.

Best,

Amir

---

**From:** Darcy English <denglish@jamsadr.com>
**Sent:** Wednesday, December 11, 2019 11:12 AM
**To:** Elliot Conn <elliot@connlawpc.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>; Spencer Janssen <spencer@connlawpc.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

**EXTERNAL**

Thanks Elliot and hello all.

I have advised the Judge and do not think there will be any issue since all are in agreement.

Best,
Darcy

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Wednesday, December 11, 2019 9:28 AM
**To:** Darcy English <denglish@jamsadr.com>; Burnett, Samantha (SHB) <sburnett@shb.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>; Spencer Janssen <spencer@connlawpc.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

Darcy,

Judge Warren asked the parties to meet and confer and provide him with language regarding the sequencing of the Evidentiary Hearing by today for him to put in his Order. The parties are continuing to meet and confer regarding the language and request an extension until this Friday to provide him with the language. Please let us know if that is acceptable.

Very truly yours,

Elliot Conn

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Darcy English <denglish@jamsadr.com>
**Sent:** Monday, November 25, 2019 12:37 PM
**To:** Burnett, Samantha (SHB) <sburnett@shb.com>; Elliot Conn <elliot@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>
**Subject:** Re: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

No worries, just trying to get cases all set before the holiday break.

We are confirmed for the call as follows:

**Thursday, December 5th at 1:00pm**
**Dial-in: 877-874-5267**

Best to all,
Darcy

**From:** Burnett, Samantha (SHB) <sburnett@shb.com>
**Sent:** Monday, November 25, 2019 10:55 AM
**To:** Darcy English <denglish@jamsadr.com>; Elliot Conn <elliot@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Darmstadt, Ruby (SHB) <RDARMSTADT@shb.com>
**Subject:** RE: Chase, John, et al. vs. KIA Motors America, Inc., et al. - JAMS Ref No. 1100106806

Darcy,

I thought I responded last week but my email may not have gone through. Respondents are available on December 5th between 10 and 2.

Best regards,
Sam

**Samantha K N. Burnett**
*Associate*
Shook, Hardy & Bacon L.L.P

Office: 415.544.1900
Direct Dial: 415.544.1936

sburnett@shb.com

00544

# Exhibit 10

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Wednesday, July 15, 2020 6:06 PM |
| **To:** | Elliot Conn |
| **Cc:** | Spencer Janssen; Cho, Darlene M. (SHB) |
| **Subject:** | RE: Chase v. Kia - JAMS Reference No. 1100106806 |

Elliot,

May all defendants have a 3 week extension on these requests?

Thanks,

Amir

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Monday, June 22, 2020 8:44 PM
**To:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Spencer Janssen <spencer@connlawpc.com>
**Subject:** Chase v. Kia - JAMS Reference No. 1100106806

**EXTERNAL**

Amir,

I hope all is well.  As discussed during our last conversation, attached are some document requests in the above matter.

Very truly yours,

Elliot Conn

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# Exhibit 11

**Elliot Conn**

**From:**       Elliot Conn
**Sent:**       Thursday, August 6, 2020 5:42 PM
**To:**         Cho, Darlene M. (SHB); Nassihi, Amir (SHB)
**Cc:**         Spencer Janssen
**Subject:**    RE: Chase v. Kia - JAMS Reference No. 1100106806

Darlene,

     Happy to grant the extension.  Let me look at the Villanueva PO again (its been a few months), and I'll get back to you.

-Elliot

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com
*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Cho, Darlene M. (SHB) <dcho@shb.com>
**Sent:** Thursday, August 6, 2020 3:56 PM
**To:** Elliot Conn <elliot@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Spencer Janssen <spencer@connlawpc.com>
**Subject:** RE: Chase v. Kia - JAMS Reference No. 1100106806

Hi Elliot,

Amir mentioned that you were amenable to the PO in the *Villanueva v. Honda* case.  Could we agree to a PO in this case similar to the one in *Villanueva*?
We are still conferring about whether Kia Finance will agree to stipulate to the filing of an amendment.  In the meantime, may all respondents have an additional two weeks (until 8/26) on the document requests?

**Darlene M. Cho**
Shook, Hardy & Bacon L.L.P.
Dir. 424-324-3423 | Ext. 56007 | dcho@shb.com

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Monday, August 3, 2020 5:09 PM
**To:** Cho, Darlene M. (SHB) <dcho@shb.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Cc:** Spencer Janssen <spencer@connlawpc.com>
**Subject:** RE: Chase v. Kia - JAMS Reference No. 1100106806

**EXTERNAL**

Hi Darlene/Amir,

00548

# Exhibit 12

## Elliot Conn

**From:**       John Swenson <jswenson@scalilaw.com>
**Sent:**       Tuesday, August 25, 2020 1:51 PM
**To:**         Elliot Conn
**Cc:**         Spencer Janssen
**Subject:**    RE: Chase v. Kia - JAMS Reference No. 1100106806

Hi Elliot,

Would it be possible to get a brief extension of up to and including Friday, August 28, 2020, to respond to claimants' document requests?

Many thanks in advance,


**John P. Swenson** Partner

**Scali Rasmussen**, PC ｜ *Ahead of the Curve*
**o:** (213) 239-5622  **m:** (310) 408-9033  **f:** (213) 239-5623
jswenson@scalilaw.com | website

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient, may contain privileged attorney-client infor work product, or both. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Thursday, August 20, 2020 12:49 PM
**To:** John Swenson <jswenson@scalilaw.com>
**Cc:** Spencer Janssen <spencer@connlawpc.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>
**Subject:** Re: Chase v. Kia - JAMS Reference No. 1100106806

Likewise.  Please say hi to Jade for me.  Confirmed for the discovery requests.  And I'll circulate a proposed protective order shortly.  Who is representing the financial institution?

-Elliot

Sent from my iPhone

> On Aug 20, 2020, at 12:45 PM, John Swenson <jswenson@scalilaw.com> wrote:
>
> Hi Elliot,
>
> I look forward to working with you on this case, my partner Jade Jurdi speaks highly of you and sends his best.

00550

# Exhibit 13

## Elliot Conn

| | |
|---|---|
| **From:** | John.Joseph@hklaw.com |
| **Sent:** | Wednesday, December 2, 2020 9:48 AM |
| **To:** | Elliot Conn |
| **Cc:** | dcho@shb.com; ANASSIHI@shb.com; Zac.Frampton@hklaw.com |
| **Subject:** | FW: John Chase and Hilary Chase v. Kia Motors America, Inc. et al. JAMS Reference No.: 1100106806 |

Hi Elliot,

I wanted to take a minute to reach out to you on this case.     Kia Motors Finance (KMF) has just retained Holland &
Knight to defend the credit reporting claims Claimants have recently added to this case (the FCRA and CCCRA).   To that
end, I've just submitted an appearance for myself and my colleague Zac Frampton (copied here).

Our instructions are to defend only the credit reporting claims, and as such, Darlene Cho and Amir Nassihi also remain
counsel of record for KMF. They will continue to be primarily responsible for all other claims in this case for KMF.

I understand you have just submitted a brief in support of your motion to compel discovery as to KMF.  In light of our
entry into this matter, I'd request the courtesy of extension of time for KMF to respond to the brief and to allow us
sufficient time review the discovery served. Thereafter,  hopefully we chat about the credit reporting claims and
potential resolution of those claims.

Please confirm if you can grant the courtesy of a 2 week extension of time to respond to the motion to compel brief.

I'm happy to chat further.

Thank you,
John


John E. Joseph | **Holland & Knight**
Attorney
Holland & Knight LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Office: (215) 252-9576 | Fax 215.867.6070 | Cell: (317) 840-7872
John.Joseph@hklaw.com | www.hklaw.com


**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Tuesday, December 1, 2020 8:32 PM
**To:** Darcy English <denglish@jamsadr.com>
**Cc:** jswenson@scalilaw.com; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>;
allisonkrumhorn@gmail.com; ronaldwilcox@gmail.com; Spencer Janssen <spencer@connlawpc.com>; Hillburn,
Deborah (SHB) <dhillburn@shb.com>; Burnett, Samantha (SHB) <sburnett@shb.com>
**Subject:** John Chase and Hilary Chase v. Kia Motors America, Inc. et al. JAMS Reference No.: 1100106806

00552

**EXTERNAL**

Ms. English,

Claimants John Chase and Hilary Chase would like to request discovery hearings regarding discovery disputes with Respondents Kia Motors America, Inc. and Kia Motors Finance's failure to provide requested responsive documents and failure to provide dates for deposition. As previously requested by the Arbitrator, Claimants have prepared (and have attached) five-page double spaced letter briefs for the disputes regarding the documents. I have cced counsel for Respondents.

Very truly yours,

Elliot Conn

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# Exhibit 14

# Elliot Conn

**From:**        Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Sent:**        Wednesday, December 2, 2020 5:00 PM
**To:**        Elliot Conn
**Subject:**        RE: Chase v. Kia

Thanks, Elliot. I appreciate it. May we have until December 16th as well.
Have a good evening.

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Wednesday, December 2, 2020 3:14 PM
**To:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Subject:** RE: Chase v. Kia

## EXTERNAL

Hi Amir,

       I told you I would let you know before we filed, which I did. I appreciate the courtesies you've extended to me, especially earlier on in the pandemic when we were trying to get bearings in this new strange world, and they have always been reciprocated (as an example, these are documents that I have been asking for since June). Its been two months since I sent out my meet and confer letter, and I've received zero response. I really can't wait longer to file, certainly not through next year like you had asked.

       I am not trying to take unfair advantage and if you need a week or so to file your opposition (I immediately granted your KMF co-counsel an extension when they asked), I am more than happy to give it to you extension. Just let me know.

-Elliot


Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com
*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Sent:** Wednesday, December 2, 2020 2:56 PM
**To:** Elliot Conn <elliot@connlawpc.com>
**Subject:** RE: Chase v. Kia

Elliot,

00555

# Exhibit 15

00556

# Elliot Conn

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Friday, October 8, 2021 5:26 PM |
| **To:** | Brian Palencia; Elliot Conn; John Peterson |
| **Cc:** | 'ronaldwilcox@gmail.com'; 'John.Joseph@hklaw.com'; 'Zac.Frampton@hklaw.com'; 'jswenson@scalilaw.com'; Cho, Darlene M. (SHB); Spencer Janssen; Tracey Rentner |
| **Subject:** | RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806 |

Hi Brian,

So sorry to impose further on this – we are very close to the joint proposed amendments to the Arbitrator's September 20, 2021 order if we might please have one more week.

Thanks,
Elliot & Amir

---

**From:** Brian Palencia <BPalencia@jamsadr.com>
**Sent:** Monday, October 4, 2021 5:18 PM
**To:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Elliot Conn <elliot@connlawpc.com>; John Peterson <jpeterson@jamsadr.com>
**Cc:** 'ronaldwilcox@gmail.com' <ronaldwilcox@gmail.com>; 'John.Joseph@hklaw.com' <John.Joseph@hklaw.com>; 'Zac.Frampton@hklaw.com' <Zac.Frampton@hklaw.com>; 'jswenson@scalilaw.com' <jswenson@scalilaw.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen <spencer@connlawpc.com>; Tracey Rentner <TRentner@jamsadr.com>
**Subject:** RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

**EXTERNAL**

Hi Amir,

Judge Warren just confirmed submitting your amendments by the end of next week shouldn't be a problem.

Just let me know if the parties need anything else.

Thank you,
Brian

**Brian Palencia**
Case Manager
**JAMS - Local Solutions. Global Reach.™**
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
P: 415-774-2646  |  F: 415-982-5287
**www.jamsadr.com**

Manage your case anytime, anywhere. **Register now for JAMS Access**.
  Follow us on **LinkedIn**, **Facebook** and **Twitter**.

  **Our Moderators Make Remote and Hybrid Sessions Seamless**
  *Your case management team includes a JAMS Virtual ADR Moderator.*
  *Learn more about our moderators*.

**From:** Nassihi, Amir (SHB) <ANASSIHI@shb.com>
**Sent:** Friday, October 1, 2021 5:55 PM
**To:** Elliot Conn <elliot@connlawpc.com>; John Peterson <jpeterson@jamsadr.com>
**Cc:** 'ronaldwilcox@gmail.com' <ronaldwilcox@gmail.com>; 'John.Joseph@hklaw.com' <John.Joseph@hklaw.com>;
'Zac.Frampton@hklaw.com' <Zac.Frampton@hklaw.com>; 'jswenson@scalilaw.com' <jswenson@scalilaw.com>; Cho,
Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen <spencer@connlawpc.com>; Brian Palencia
<BPalencia@jamsadr.com>; Tracey Rentner <TRentner@jamsadr.com>
**Subject:** RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

Dear Mr. Peterson,
        Parties are making substantial progress with joint proposed amendments to the Arbitrator's September 20,
2021 order. May we please submit these amendments by the end of next week?
Best,
Amir


**Amir Nassihi**
*Partner*
Shook, Hardy & Bacon L.L.P.

Cell 415-608-1365; Direct 415-544-1949
anassihi@shb.com



---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Friday, September 24, 2021 3:07 PM
**To:** John Peterson <jpeterson@jamsadr.com>
**Cc:** 'ronaldwilcox@gmail.com' <ronaldwilcox@gmail.com>; 'John.Joseph@hklaw.com' <John.Joseph@hklaw.com>;
'Zac.Frampton@hklaw.com' <Zac.Frampton@hklaw.com>; 'jswenson@scalilaw.com' <jswenson@scalilaw.com>; Nassihi,
Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen
<spencer@connlawpc.com>; Brian Palencia <BPalencia@jamsadr.com>; Tracey Rentner <TRentner@jamsadr.com>
**Subject:** RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806


**EXTERNAL**

Mr. Peterson,
        To clarify, Respondent has agreed to the 1 week extension request and the request is made jointly.

Very truly yours,


Elliot Conn


Elliot J. Conn

**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

---

**From:** Elliot Conn
**Sent:** Friday, September 24, 2021 3:03 PM
**To:** John Peterson <jpeterson@jamsadr.com>
**Cc:** 'ronaldwilcox@gmail.com' <ronaldwilcox@gmail.com>; 'John.Joseph@hklaw.com' <John.Joseph@hklaw.com>; 'Zac.Frampton@hklaw.com' <Zac.Frampton@hklaw.com>; 'jswenson@scalilaw.com' <jswenson@scalilaw.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen <spencer@connlawpc.com>; Brian Palencia <BPalencia@jamsadr.com>; Tracey Rentner <TRentner@jamsadr.com>
**Subject:** RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

Mr. Peterson,

The Parties are still meeting and conferring with respect to the Proposed Order. We would request another week, through October 1, 2021 to submit the Proposed Order.

Very truly yours,

Elliot Conn

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:  (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

---

**From:** John Peterson <jpeterson@jamsadr.com>
**Sent:** Monday, September 20, 2021 2:52 PM
**To:** Elliot Conn <elliot@connlawpc.com>
**Cc:** 'ronaldwilcox@gmail.com' <ronaldwilcox@gmail.com>; 'John.Joseph@hklaw.com' <John.Joseph@hklaw.com>; 'Zac.Frampton@hklaw.com' <Zac.Frampton@hklaw.com>; 'jswenson@scalilaw.com' <jswenson@scalilaw.com>; Nassihi, Amir (SHB) <ANASSIHI@shb.com>; Cho, Darlene M. (SHB) <dcho@shb.com>; Spencer Janssen <spencer@connlawpc.com>; Brian Palencia <BPalencia@jamsadr.com>; Tracey Rentner <TRentner@jamsadr.com>
**Subject:** RE: Chase v. Kia Motors America, Inc. - JAMS Reference No. 1100106806

Good afternoon Counsel,

This email confirms we have removed Case Management Order No. 4 from JAMS access. I was able to speak with Judge Warren, who did not receive Friday's update, as Brian had likely left for the day.

Since parties are agreeable to continuing the meet and confer effort, the Judge will wait to hear from counsel.

3

# Exhibit 16

00560

## Elliot Conn

**From:** Cho, Darlene M. (SHB) <dcho@shb.com>
**Sent:** Wednesday, November 10, 2021 7:24 PM
**To:** Elliot Conn
**Cc:** Nassihi, Amir (SHB)
**Subject:** Re: Chase v. Kia

Elliot,

This email is to confirm you have granted KUS a further extension of one week to serve responses.

Thank you.

**Darlene M. Cho**
Shook, Hardy & Bacon L.L.P.
Cell 213-804-7211 | Ext. 56007 | dcho@shb.com


On Nov 1, 2021, at 6:07 PM, Cho, Darlene M. (SHB) <dcho@shb.com> wrote:


Elliot,

This email is to confirm that you have granted KUS until 11/10 to serve any supplemental/amended responses to Claimants' document requests consistent with CMO No. 4.

Thank you again for your professional courtesy.

**Darlene M. Cho**
Shook, Hardy & Bacon L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Tel. 213-804-7211 | Ext. 56007 | dcho@shb.com




CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

00561

# Exhibit 17

**Elliot Conn**

| | |
|---|---|
| **From:** | Nassihi, Amir (SHB) <ANASSIHI@shb.com> |
| **Sent:** | Friday, December 3, 2021 2:51 PM |
| **To:** | Elliot Conn |
| **Subject:** | Chase -- confirming our call just now and 1 week extension on responses and docs to next Friday. |

Thanks, and have a great weekend!

Amir Nassihi
Mobile: 415-608-1365

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

00563

# Exhibit 18

1   SHOOK, HARDY & BACON L.L.P.
    AMIR NASSIHI (SBN 235936)
2   anassihi@shb.com
    One Montgomery, Suite 2600
3   San Francisco, California 94104
    Telephone:    415.544.1900
4   Facsimile:    415.391.0281

5
    Darlene M. Cho (SBN 251167)
6   dcho@shb.com
    2049 Century Park East, Suite 3000
7   Los Angeles, CA 90067
    Telephone:    424.285.8330
8   Facsimile:    424.204.2093

9
    *Attorneys for Respondents*
10  KIA MOTORS AMERICA, INC. and
    HYUNDAI CAPITAL AMERICA dba
11  KIA MOTORS FINANCE

12                      ARBITRATION BEFORE JAMS

13

14  JOHN CHASE and HILARY CHASE,        **JAMS Case No. 1100106806**

15          Claimants,                   **STIPULATED PROTECTIVE ORDER**

16      v.

17  KIA MOTORS AMERICA, INC.; MICHAEL C.
    STEAD, INC. dba MICHAEL STEAD'S
18  HILLTOP FORD KIA; HYUNDAI CAPITAL
    AMERICA dba KIA MOTORS FINANCE, and
19  DOES 1 THROUGH 30, inclusive,

20          Respondents.

21

22

23

24

25

26

27

28

1.

A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in this arbitration may be warranted. Accordingly, the parties hereby stipulate to and petition the Arbitrator to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than in this arbitration is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to protect consumers' privacy rights, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for Evidentiary Hearing, to address their handling at the end of the arbitration, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential and non-public manner.

//

2.    <u>DEFINITIONS</u>

    2.1   <u>Action</u>: *John Chase and Hilary Chase v. Kia Motors America, Inc.; Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia; Hyundai Capital America dba Kia Motors Finance, and DOES 1 through 30, inclusive*, JAMS Case No. 1100106806 and the related action filed in Alameda County Superior Court.

    2.2   <u>Arbitrator</u>: the Honorable James L. Warren (Ret.), the arbitrator in this Action.

    2.3   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.4   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.5   <u>Conflicted Expert</u>:  any consultant, investigator, or Expert (a) who is an employee of an automobile manufacturer competitor of any Kia entity; (b) who was in the employ of an automobile manufacturer competitor of any Kia entity 1 year prior to the time disclosure is made; or (c) who is serving as a consultant to an automobile manufacturer competitor of any Kia entity on matters relating to the vehicle component(s) at issue in this arbitration. Protected Material may not be disclosed under any circumstances to a Conflicted Expert.

    2.6   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.7   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.8   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.9   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this arbitration who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4. <u>DURATION</u>

Even after final disposition of this arbitration, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Arbitrator or a court order otherwise directs. Final disposition shall be deemed to be the later of

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, Evidentiary Hearings, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, and confirmation of the Arbitration Award in the appropriate court.

5.   DESIGNATING PROTECTED MATERIAL

   5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for

5

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in depositions that the Designating Party identify, within 14 days after the transcript is delivered, as Protected Material. All deposition testimony taken in this case shall be treated as Protected Material until the expiration of the thirtieth day after the transcript is delivered to any party or the witness. Within this time period, a Designating Party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating

6

Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Arbitrator's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Intervention of the Arbitrator.  If the parties cannot resolve a challenge without intervention of the Arbitrator, the Designating Party shall apply to the Arbitrator for an order designating the material as confidential within 14 days of the initial notice of challenge.  The Designating Party seeking the order has the burden of establishing that the document is entitled to protection.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Arbitrator rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party, other than a Conflicted Expert (*see* Section 2.4), to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Arbitrator and his personnel;

(e)     court reporters and their staff;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Arbitrator. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDING</u>

If a Party is served with a subpoena or an order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or order

shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or Arbitrator.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ARBITRATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this arbitration is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from the Arbitrator within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving

10

Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Arbitrator. Absent an order from the Arbitrator to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Arbitrator.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Arbitrator or by a court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 7, 2020                    Respectfully submitted,

                                          **CONN LAW, PC**

                                          By:    <u>/s/ Elliot J. Conn</u>

                                          Elliot J. Conn
                                          354 Pine St., 5th Floor
                                          San Francisco, CA 94104

12

Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

*Attorneys for Claimants*

**SHOOK, HARDY & BACON L.L.P.**

By:      */s/ Amir M. Nassihi*

Amir M. Nassihi (SBN 235936)
One Montgomery, Suite 2600
San Francisco, California 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
anassihi@shb.com

*Attorneys for Respondents*
KIA MOTORS AMERICA, INC. and
HYUNDAI CAPITAL AMERICA dba
KIA MOTORS FINANCE

**SCALI RASMUSSEN, PC**

By:      */s/ John P. Swenson*

John P. Swenson (SBN 224110)
800 Wilshire Blvd., Suite 400
Los Angeles, CA 90017
Telephone: (213) 239-5622
Facsimile: (213) 239-5623
jswenson@scalilaw.com

*Attorneys for Respondent*
MICHAEL C. STEAD, INC. dba MICHAEL
STEAD'S HILLTOP FORD KIA

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  October 12, 2020

Hon. James L. Warren (Ret.).
Arbitrator

13

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the Arbitrator in the matter of *John Chase and Hilary Chase v. Kia Motors*

*America, Inc.; Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia; Hyundai Capital America*

*dba Kia Motors Finance, and DOES 1 through 30, inclusive*, JAMS Case No. 1100106806. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order. I further agree to submit

to the jurisdiction of the Superior Court of California, for the County of Alameda, for the

purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROOF OF SERVICE

**Re:** ***John Chase, et al. v. Kia Motors America, Inc., et al.***
***Alameda County Superior Court Case No. RG19010993***

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On November 22, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**REPLY DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ALLISON KRUMHORN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND IDLARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.98 AND TO LIFT STAY**

**DECLARATION OF JOHN CHASE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Defendant KIA MOTORS AMERICA, INC.**

1  John P. Swenson
   SCALI RASMUSSEN, PC
2  800 Wilshire Boulevard, Suite 400
   Los Angeles, CA 90017
3  jswenson@scalilaw.com
   aojinaga@scalilaw.com
4  mthompson@scalilaw.com
   Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
5  HILLTOP FORD KIA

6  John Joseph
   Zachary Frampton
7  HOLLAND & KNIGHT
   2929 Arch Street, Suite 800
8  Philadelphia, PA 19104
   John.Joseph@hklaw.com
9  Zac.Frampton@hklaw.com
   Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS
10 FINANCE

11         I declare under penalty of perjury that the foregoing is true and correct.

12

13
   Dated:  November 22, 2022
14                                                        Spencer Janssen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | CONN LAW, PC
  | ELLIOT CONN          Bar No. 279920
2 | 354 Pine Street, 5th Floor
  | San Francisco, CA, 94104
3 | Telephone: (415) 417-2780
  | Facsimile: (415) 358-4941
4 | elliot@connlawpc.com

5 | WILCOX LAW FIRM, PC
  | RONALD WILCOX        Bar No. 176601
6 | ALLISON KRUMHORN     Bar No. 311011
  | 2021 The Alameda, Suite 200
7 | San Jose, CA 95126
  | Telephone:  (408) 296-0400
8 | Facsimile:  (408) 296-0486
  | ronaldwilcox@gmail.com
9 | allisonkrumhorn@gmail.com

10 | Attorneys for Plaintiffs JOHN CHASE and HILARY CHASE

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/22/2022 at 12:01:45 PM**
By: Anita Dhir,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

16 | JOHN CHASE and HILARY CHASE,

       Plaintiffs.

   vs.

19 | KIA MOTORS AMERICA, INC.; MICHAEL
   | C. STEAD, INC. dba MICHAEL STEAD'S
   | HILLTOP FORD KIA; HYUNDAI
   | CAPITAL AMERICA dba KIA MOTORS
   | FINANCE; and DOES 1 through 30,
   | inclusive,

          Defendants.

**Case No. RG19010993**

**PLAINTIFFS JOHN CHASE AND
HILARY CHASE'S REPLY IN
SUPPORT OF MOTION TO VACATE
ORDER STAYING MATTER PENDING
COMPLETION OF ARBITRATION
UNDER CALIFORNIA CODE OF CIVIL
PROCEDURE SECTION 1281.98 AND
TO LIFT STAY**

**Judge:**          Hon. Jeffrey S. Brand
**Dept.:**          22
**Date:**           December 1, 2022
**Time:**           2:30 p.m.
**Reservation No.:** 835780524338
**Complaint Filed:** March 14, 2019
**Trial Date:**     None Set

Plaintiffs' Reply in Support of Motion to Vacate Order Staying Case Pending Arbitration

Code of Civil Procedure § 1281.98 is clear: when a party includes an arbitration provision in a contract with a consumer and then fails to pay any arbitration fees "within 30 days of the due date:" (1) there is a "material breach" of the arbitration agreement and (2) the consumer can "unilaterally elect" to "withdraw the claim from arbitration" and proceed in court. Here, there is no dispute that after going to mandatory arbitration pursuant to Defendants' contractual terms, Defendants failed to pay a JAMS Invoice within 30 days. *See* Conn. Dec. ISO of Mtn to Vacate, at Exhibit H (the invoice is dated 7/20/20, and was emailed to Defendants on 7/21/2022, with payment due upon receipt of the invoice. So, according to § 1281.98, payment was due within 30 days, but was not received until September); *see also* R. Cervantes Dec., ¶ 3. As such, there can be no dispute that Defendants were in material breach of the agreement and Plaintiffs are entitled to proceed in this Court, which they have elected to do.

**A.      Defendants' Material Breach Of The Arbitration Contract Is Not In Dispute**

Despite their attempts to avoid the plain language of § 1281.98, the Defendants cannot avoid that each failed to pay the required arbitration payment within 30 days of the due date (and did not offer any explanation for their breach).

**1.      There Can Be No Dispute that Defendants Were Required To Pay The JAMS Invoice On Or Before August 20, 2022**

On July 21, 2022, JAMS, the arbitration provider, issued a "Deposit Request" to Defendants, via email, with an attached "invoice" that stated: "Please note that payment is due upon receipt." (Conn Moving Decl., Ex. E); *c.f.* Code of Civil Procedure § 1281.98(a)(2) (setting forth the procedures by which the "arbitration provider shall provide an invoice"). This Deposit request was sent to Defendants on July 21, 2022. As "payment is due upon receipt," July 21, 2022 was the "due date." *See* Code of Civil Procedure § 1281.98(a)(2).

Thus, Defendants had 30 days from July 21, 2022 (through August 20, 2022) to make payment, otherwise, they would be in "material breach of the arbitration agreement, . . . in default of the arbitration, and [have waived their] right to compel the employee or consumer to proceed with that arbitration[.]" Civil Procedure § 1281.98(a)(1).

And there can be no dispute that the JAMS Invoice for the $20,000 Deposit for Services was issued pursuant to JAMS rules that required that Defendants to "pay certain fees and costs

1    during the pendency of an arbitration proceeding[.]" Code of Civil Procedure § 1281.98(a)(1).

2    Indeed, as stated on the invoice, the $20,000 payment was for:

> **Deposit for services**: To be applied to **professional time** (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), **expenses**, and **case management fees**. **Failure to pay the deposit may result in a delay in service or cancellation of the session**. With the exception of non-refundable fees, (Please review the Neutral's fee schedule regarding case management fee and cancellation policies), any unused portion of this deposit will be refunded at the conclusion of the case.

(Conn Moving Decl., Ex. E) (emphasis added).[1]

    The JAMS Minimum Consumer Fairness Standards (which governed the arbitration) provide that "the non-consumer party is responsible for 100% of the costs of the arbitration and will be billed accordingly." (Nassihi Decl., Ex. 1). JAMS also requires that: "[a] deposit request for anticipated preparation and follow-up time will be billed to the parties," "[a]ll fees are due and payable in advance of services rendered[,]" and "receipt of payment for all fees is required prior to service of an arbitration order or award." (*Id.*) The Deposit was for the service of the arbitration and needed for the arbitration to continue as JAMS required payment "in advance of services rendered." As the earlier deposits had been exhausted and needed to be replenished, there can be no other interpretation other than that the Deposit Request was for "fees or costs required to continue the arbitration." Certainly JAMS, a private provider, is not working for free.

### 2.   There Can Be No Dispute That Defendants *Did Not* Make Payment Within 30 Days Of The Due Date

    There is no dispute that no payment was made by August 20, 2022. Thus, because it is uncontested that payment was not made timely, the Defendants were "in material breach of the arbitration agreement, [were] in default of the arbitration, and [waived their] right to compel [Plaintiffs] to proceed with that arbitration as a result of the material breach." Code of Civil Procedure § 1281.98(a)(1).

    As such, Plaintiffs were entitled to, and have "unilaterally elected" to, "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." Code of Civil Procedure § 1281.98(b)(1). The inquiry ends there; Plaintiffs' Motion should be granted.

---

[1] This invoice was issued just two days after Plaintiffs filed four separate discovery motions in arbitration. (Conn Decl., ¶ 3). The additional deposit was clearly needed for the Arbitrator to hear these discovery motions, which to date have not been ruled on. (*Id.*)

2

Plaintiffs' Reply in Support of Motion to Vacate Order Staying Case Pending Arbitration

**B.**     **Defendants' Attempts To Avoid The Results Of Its Material Breach Fail**

Unable to dispute their material breach of the arbitration agreement, Defendants devote the bulk of their oppositions to what happened *after* they failed to timely pay, even though this is irrelevant to deciding Plaintiffs' Motion. Moreover, Defendants' briefs both misconstrue Plaintiffs' conduct as well as the applicable law.

**1.**     **Plaintiffs Did Not Voluntary Elect To Continue The Arbitration**

After filing the instant Motion, Plaintiffs immediately notified JAMS of their intent to withdraw from the arbitration. Specifically, on September 13, 2022, the day after filing this Motion, Plaintiffs' counsel emailed JAMS a copy of the moving papers and wrote: "Respondents have defaulted in making its payments to JAMS. Attached find a motion that Claimants have filed in the Superior Court regarding such." (Conn Decl., Ex. 1). Once Plaintiffs informed JAMS that this Motion was filed, Plaintiffs believed the arbitration would be stayed.

Defendants disagreed, and on September 30, 2022, requested to "schedule a conference call with Judge Warren to address next steps." (Conn Decl., Ex. 2). Plaintiffs objected, stating:

> Dr. Chase had filed multiple discovery motions relating to the Kia Respondents' non-compliance with previous discovery orders.  However, these motions were not set for hearing or ruled on because JAMS was awaiting payment from the Kia Respondents for Arbitration costs.  Indeed, the Kia Respondents failed to timely pay as required by statute. As a result of Kia's failure to pay (which has also caused delay in this matter), Dr. Chase filed a Motion with the Superior Court to withdraw this case from arbitration and have the case heard by a jury and to have the right to an appeal.
>
> However, despite failing to timely pay JAMS, the Kia Respondents now request a hearing with JAMS.  **The Superior Court will decide the matter and JAMS is without jurisdiction.** . . . .
>
> **We await the Superior Court's handling of the matter, and the hearing set for December 1, 2022.**

(Conn Decl., Ex. 3) (emphasis added).

Plaintiffs further requested that the "notice of hearing be withdrawn[.]" (*Id.*, Ex. 4).

Defendants then again objected to Plaintiffs' request that the arbitration be held in abeyance pending this Court's ruling, stating that that "[t]he call should go forward . . . . A call with the arbitrator is needed as scheduled, certainly this week." (Conn Decl., Ex. 5). Plaintiffs' counsel responded, "A hearing with JAMS would not be appropriate. Please see Claimant's email from Monday morning with the appropriate authority." (Conn Decl., Ex. 6).

1    As a result, on October 5, 2022, the Arbitrator specifically ordered that the arbitration

2    continue while the instant motion was pending and that Plaintiffs should not be prejudiced by any

3    participation in JAMS in the interim. Specifically, the Arbitrator issued the following:

> Counsel, I understand that Claimants do not wish to participate in a discovery scheduling
> hearing to be set this week on the ground that KIA did not timely pay some required
> arbitration fees. In Claimants' view, that means that I no longer have jurisdiction over
> this matter. I disagree; my jurisdiction is not voided because Respondent didn't timely
> pay certain outstanding fees relating to earlier discovery matters, although I understand
> that those fees have been paid in full. Nevertheless, Claimants have filed a motion with
> the Superior Court to vacate its earlier order sending this matter to arbitration, a motion
> that is scheduled to be heard on December 1, 2022. **I of course respect Claimants right
> to file such a motion but that filing does not derail this arbitration.** Therefore, I am
> asking my Case Manager, Terri Benson, to schedule a conference call this week (or at
> counsels' earliest convenience) to schedule whatever outstanding discovery matters
> presently require resolution. **I specifically rule, however, that Claimants' participation
> in this conference call will not (and may not) be used in any manner to prejudice
> Claimants' current motion before the court. Should the court grant Claimant's
> motion on the merits as filed, any dates scheduled in the arbitration will become
> moot.  Should the court decide that the matter will proceed in arbitration, having
> scheduled dates on calendar will make for a more efficient arbitration, a result that
> will inure to everybody's benefit.**  Please cooperate with Ms. Benson is scheduling this
> conference call.
> /s/ Judge James L. Warren (Ret.), Arbitrator

15    (Conn Decl. Ex. 7).

16    Consistent with the Arbitrator's order, a scheduling hearing went forward on October 13,

17    2022, during which Judge Warren ordered the parties to try to resolve the outstanding discovery

18    issues and indicated that an Evidentiary Hearing would need to be set (which of course would be

19    vacated upon the Court granting Plaintiffs' pending motion). (Conn Decl., ¶ 11). And all

20    subsequent participation in the arbitration was pursuant to Judge Warren's ruling that such

21    participation "will not (and may not) be used in any manner to prejudice Claimants' current

22    motion before the court" and to avoid prejudice should the arbitration proceed (*Id.*, Ex. 7).[2]

23    Moreover, in an abundance of caution, each subsequent communication in arbitration

24    made by Plaintiffs has contained a disclaimer substantially stating that "As Your Honor's

25    previous email noted, the arbitration is proceeding currently, without prejudice to Claimants'

26    pending Motion to Withdraw from Arbitration pending in the Superior Court, and set to be heard

27    on December 1, 2022." (*See e.g.* Frampton Decl., Ex. E, F).

28    _____
[2] By now asserting "estoppel" and "waiver," Defendants ignore Judge Warren's ruling.

1    As such, any attempt by Defendants to argue estoppel, waiver, or unclean hands is in bad

2  faith where here, it is Defendants that insisted the arbitration not be stayed pending the motion.

3  Moreover, had the arbitration remained in abeyance as Plaintiffs requested, none of the late

4  deposit would have been used, and would have been refunded to the Defendants. (Conn Moving

5  Decl., Ex. E). And to the extent that any amount of the late deposit has been used, it is by

6  Defendants own doing. It is *Defendants*, having insisted that the arbitration push forward after

7  this motion was filed and the parties were awaiting the December 1, 2022 hearing on this motion

8  (over Plaintiffs' objections), that are estopped from asserting "waiver" or "estoppel."

9    **2.    Defendants' Late Payment Did Not Moot Plaintiffs' Motion**

10    Pursuant to the express terms of Code of Civil Procedure § 1281.98, Defendants' failure to

11  make timely payment constitutes a material breach of the arbitration agreement as a matter of law,

12  entitling Plaintiffs to withdraw from arbitration. This material breach cannot be cured by late

13  payment (and to allow such would be inconsistent with the purpose of § 1281.98, which is to

14  ensure that parties' timely pay).

15    The California appellate cases interpreting §§ 1281.97 through 1281.99 have universally

16  held that 30-day payment provision "requires strict enforcement" and "Contains No Exceptions

17  for Substantial Compliance, Unintentional Nonpayment, or Absence of Prejudice." *Espinoza v.*

18  *Superior Ct. of Los Angeles Cnty.* (2022) 299 Cal. Rptr. 3d 751, 758; *see also Gallo v. Wood*

19  *Ranch USA, Inc.* (2022) 81 Cal. App. 5th 621, 632 (Upholding finding of waiver and material

20  breach where payment was made **10 days** past the 30-day cutoff and *before* motion to return the

21  matter to court was filed).

22    Here, payment was due no later than July 21, 2022 and payment was not made within 30

23  days of that date. The date of Defendants' late payment is irrelevant because the material breach

24  already occurred and could not be "cured."

25    While it is undisputed that payment *was not* made within 30 days, the actual date of late

26  payment (whether before or after this motion was filed) remains in dispute. When Plaintiffs'

27  counsel contacted JAMS on September 8, 2022, counsel was told that payment still had not been

28  made. (Krumhorn Decl., ¶ 4). And when Plaintiffs' counsel checked the JAMS Case Access

1   Portal on September 12, 2022, the invoice was still shown as outstanding. (*See* Conn Moving

2   Decl,. Ex. H, showing invoice still open as of "9/12/2022."). Even according to Defendants, the

3   payment was not posted until September 12, 2022 (though Defendants now assert that payment

4   arrived at JAMS on September 6, 2022, which is well past the due date of August 20, 2022). (R.

5   Cervantes Dec., ¶ 3). In any event, there is no sliding scale of untimeliness under § 1281.98 and

6   therefore, this Court need not reach a decision on *how late* Defendants were. All that matters is

7   that Defendants' payment was more than 30-days late.

8        In sum, regardless of the amount of days late or reasons therefore, courts have reasoned

9   that "[a]lthough strict application may in some cases impose costs on drafting parties for innocent

10  mistakes, the Legislature could have concluded a brightline rule is preferable to requiring the

11  nondrafting party to incur further delay and expense establishing the nonpayment was intentional

12  and prejudicial. The Legislature also reasonably could have decided that whatever the reason for a

13  delay in payment, the drafting party should bear the consequences of that delay rather than the

14  nondrafting party." *Espinoza*, 299 Cal. Rptr. 3d at 759–60.

15       Finally, while Plaintiffs *do not* need to show prejudice as a result of the delay, the delay in

16  payment *did* result in a delay in the arbitration. For instance, the Deposit Request Defendants'

17  untimely paid was prompted by Plaintiffs' filing of four discovery motions (two of which dealt

18  with Defendants' non-compliance with prior discovery orders). Defendants' delay in payment

19  prevented resolution of those issues (which still remain unresolved), to Plaintiffs' prejudice.

20           **3.   Plaintiffs Unilaterally Elected To Withdraw From Arbitration**

21       By bringing this motion, Plaintiffs unequivocally represented to the Court that they

22  "unilaterally [elected]" to "[w]ithdraw their claim from arbitration and proceed in a court of

23  appropriate jurisdiction." To provide further clarity, Plaintiff provides the Declaration of Plaintiff

24  John Chase stating the same. (Chase Decl., ¶ 3).

25       To avoid this, Defendants try to seize on Plaintiffs' counsel August 30, 2022 email in

26  which he wrote "Can you pay this?" in reference to the outstanding invoice. This email, which

27  was included in Plaintiffs' moving papers, was not an agreed upon "extension of time" and it

28  certainly was not a unilateral election (let alone an *exclusive* election) to continue in arbitration.

1   Code of Civil Procedure § 1281.98(b). In fact, after a material breach, a consumer has four

2   options on how he/she can elect to proceed and that the "consumer may unilaterally elect to do

3   *any* of the following: . . . (1) Withdraw the claim from arbitration and proceed in a court of

4   appropriate jurisdiction[,] (2) Continue the arbitration proceeding, if the arbitration provider

5   agrees to continue[,] (3) Petition the court for an order compelling the drafting party to pay all

6   arbitration fees[, or] (4) Pay the drafting party's fees and proceed with the arbitration proceeding."

7   Code of Civil Procedure § 1281.98(b).

8   None of those four options are "ask the defendant whether it intends to pay late and wait

9   further." And even if it were, the elected remedies are not exclusive. Ultimately, once a defendant

10  has breached the arbitration agreement, the consumer gets to elect how to proceed. Here,

11  Plaintiffs elected to return to Court.

12  Additionally, Defendants' assertion that Plaintiffs' email was an offer to extend the

13  statutory deadline of § 1281.98 is inconsistent with parties' course of conduct in arbitration

14  regarding extensions. For instance, throughout the arbitration, Defendants' counsel have asked for

15  countless "extensions" in a variety of circumstances. (*See* Conn Decl., Exs. 8, 9, 10, 11, 12, 13,

16  14, 15, 16, 17). *Every time* that Defendants had asked for an extension (and an extension was

17  given), a date certain was provided. (*See id.* ("may we have a 7 day extension on this, through to

18  Friday October 18?"; "Might we be able to have additional time to get our proposal to you, likely

19  end of next week?"; "May all defendants have a 3 week extension on these requests?"; "may all

20  respondents have an additional two weeks (until 8/26) on the document requests?"; "Would it be

21  possible to get a brief extension of up to and including Friday, August 28, 2020, to respond to

22  claimants' document requests?"; "Please confirm if you can grant the courtesy of a 2 week

23  extension of time to respond to the motion to compel brief."; "May we have until December 16th

24  as well"; "May we please submit these amendments by the end of next week?"; "This email is to

25  confirm that you have granted KUS until 11/10 to serve any supplemental/amended responses to

26  Claimants' document requests consistent with CMO No. 4."; "This email is to confirm you have

27  granted KUS a further extension of one week to serve responses."; "confirming our call just now

28  and 1 week extension on responses and docs to next Friday")).

7
Plaintiffs' Reply in Support of Motion to Vacate Order Staying Case Pending Arbitration

Thus, through the numerous extension requests over the past three years, the parties have established a course of dealing where if an extension is requested (and given), a date certain is provided. In light of this, without a further due date offer or provided, no significance can be given to the four words "can you pay this." Here, no extension was given and Defendants' payment was late. It is disingenuous for Defendants to assert otherwise.

In other words, Plaintiff's counsel asked Defendant a question (whether it would pay), and subsequently asked their clients how they wished to proceed. Faced with a choice, Plaintiffs have chosen to exercise their right to proceed with a jury trial and withdraw from arbitration.

**4.**     **Plaintiffs' Exercise Of Their Statutory Rights Is Not Forum Shopping**

Section 1281.98 provides Plaintiffs with the unilateral right to withdraw from arbitration as a result of Defendants' material breach of the arbitration agreement. That Plaintiffs chose to do so is the exercise of a statutory right, not forum shopping

Judge Warren (Ret.), the Arbitrator, is an excellent jurist and Plaintiffs and their counsel maintain a tremendous amount of respect and admiration for him. This motion is in no way an indictment on his conduct as an arbitrator. Rather, it is motivated by a desire to have the case tried before a jury of Plaintiffs' peers. By being forced into arbitration, Plaintiffs were deprived of their right to a jury trial. Now that this right has been regained, Plaintiffs choose to exercise it.

Ironically, this case was only in arbitration because Defendants inserted a mandatory arbitration provision in an adhesion contract that Plaintiffs were forced to sign to purchase the vehicle. It was the Defendants that attempted to dictate the forum, not the other way around.

Finally, as for the "bad" ruling Defendants argue Plaintiffs are trying to avoid, Defendants neglect to inform the Court that the ruling was in Plaintiffs' favor, concluding, "For the foregoing reasons, KMF's motion for partial summary adjudication dismissing the Fifth, Ninth and Tenth causes of action is **DENIED**." (Frampton Decl., Ex. B). The ruling denied Defendants' dispositive motion in full; it did not foreclose any claim or remedy.

**5.**     **Letting Plaintiffs Present Their Case In Front Of A Jury Is Not A "Waste"**

Section 1281.98 contains no limitation as to when a case can be brought back to court, regardless of what stage of the proceedings the parties are at in arbitration. Any argument to the

8

Plaintiffs' Reply in Support of Motion to Vacate Order Staying Case Pending Arbitration

1  contrary is inconsistent with the express terms of the statute. Regardless, despite Defendants'

2  argument to the contrary, "waste" will not result by allowing Plaintiffs to proceed in court and

3  have their claims heard by a jury. For instance, upon Plaintiffs' Motion being granted, this case

4  will continue as it had in arbitration, and the parties can continue to use the discovery already

5  exchanged. In fact, the protective order that the parties have executed include "the related action

6  filed in Alameda County Superior Court" in the definition of "Action." (Con Decl., Ex. 18). Any

7  and all discovery can be used in Court.

8      Returning to Court will not cause undue delay. Upon returning to Court, Plaintiffs will ask

9  for trial setting preference pursuant to Code of Civil Procedure Section 36 due to Dr. Chase's age.

10 **C.**   **Binding California Appellate Authority Universally Holds That §§ 1281.97 – 1281.99**
11     **Are Not Preempted By The Federal Arbitration Act**

12     As Defendants recognize, the two California Courts of Appeal that have analyzed the

13 statute have already ruled that the Code of Civil Procedure §§ 1281.97-1281.99 statutes are not

14 preempted by the Federal Arbitration Act. (*See* Kia America Opp. at 7:28-8:12). Defendants are

15 mistaken to the extent that they refer to the appellate authority as "dicta," the holdings are

16 explicit. For example, the *Gallo v. Wood Ranch USA, Inc.* opinion begins as follows:

17     Perceiving that employees and consumers were being placed in a "procedural limbo"
18     when they were forced to sign arbitration agreements by entities who subsequently refused
    to pay the necessary fees to allow the arbitrations to move forward, the California
    Legislature enacted Code of Civil Procedure sections 1281.97, **1281.98** and 1281.99. . . .
19     This appeal presents a question of first impression: Are these provisions preempted by the
    Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.)? We hold that they are not because
20     the procedures they prescribe *further*—rather than *frustrate*—the objectives of the FAA to
    honor the parties' intent to arbitrate and to preserve arbitration as a speedy and effective
21     alternative forum for resolving disputes.

22 81 Cal. App. 5th at 629–30. (emphasis added).

23     As such, both of the "preemption" arguments that Defendants raise are contrary to

24 California state appellate authority that is binding on this court. As noted in *Espinoza*:

25     We agree with *Gallo* that section 1281.97 is not analogous to state laws preempted by the
    FAA in other cases. Section 1281.97 does not prohibit or discourage the formation or
26     enforcement of arbitration agreements, either by barring certain claims from arbitration or
    imposing obstacles that make it difficult to enter into arbitration agreements.

27     *Espinoza*, 299 Cal. Rptr. 3d 751, 764; *see also Gallo,* 81 Cal. App. 5th at 641-646.

28

1    The two binding cases thus dispose of Defendants' "equal treatment" and "obstacle"

2  preemption arguments. *See Id.*

3    Even the FAA allows the matter to be withdrawn from arbitration when a party defaults. A

4  Court, " 'shall stay the trial "until such arbitration has been had in accordance with the terms of

5  the agreement, providing the applicant for the stay is not in default in proceeding with such

6  arbitration.' 9 U.S.C. § 3." *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 934-925 (11th

7  Cir. 2019). Setting remedies for default is not inconsistent with the FAA.

8    In rejecting the preemption argument Defendants make, the Central District stated:

9    [T]hese provisions are not pre-empted by the FAA. The FAA "contains no express pre-
10   emptive provision, nor does it reflect a congressional intent to occupy the entire field of
     arbitration." *Volt Information Sciences v. Board of Trustees*, 489 U.S. 468, 477, 109 S.
11   Ct. 1248, 103 L. Ed. 2d 488 (1989). However, "state law may nonetheless be pre-empted
     to the extent that it actually conflicts with federal law—that is, to the extent that it 'stands
12   as an obstacle to the accomplishment and execution of the full purposes and objectives of
     Congress.' " *Id.* (internal citation omitted). But §§ 1281.97 and 1281.99 "are consistent
13   with the purpose of the FAA for efficient and expeditious resolution of claims by dis-
     incentivizing [parties] from delaying adjudication in arbitration by refusing to pay
14   required arbitration fees," so they are not pre-empted by the FAA.

15  *Costa v. Melikov*, No. CV 2:20-09467, 2022 U.S. Dist. LEXIS 198692, at *10-11 (C.D. Cal. Oct.

16  21, 2022); *see also Agerkop v. Sisyphian LLC*, No. CV-19-10414, 2021 WL 1940456, at *5 (C.D.

17  Cal. Apr. 13, 2021) ("Civ. Proc. Code §§ 1281.97 and 1281.98 are consistent with the purpose of

18  the FAA for efficient and expeditious resolution of claims by dis-incentivizing employers from

19  delaying adjudication in arbitration by refusing to pay required arbitration fees."); *Postmates Inc.*

20  *v. 10,356 Individuals*, No. CV202783, 2021 WL 540155, at *7 (C.D. Cal. Jan. 19, 2021) ("SB 707

21  is pro-arbitration because it makes arbitration more effective and efficient. Instead of nullifying

22  arbitration agreements, the law ensures a speedy resolution under their terms by preventing

23  parties . . . from holding hostage employees' or consumers' validly arbitrable claims.).

24  **D.    Conclusion**

25    Plaintiffs respectfully request that the Court grant the instant Motion and vacate the

26  August 20, 2019 Order staying this matter given Defendants' failure to timely pay fees.

27

28

1   Dated:  November 22, 2022                CONN LAW, PC

2
                                    By:    _____
3                                          ELLIOT CONN
                                           Attorney for Plaintiffs
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

**Re:**   ***John Chase, et al. v. Kia Motors America, Inc., et al.***
      **Alameda County Superior Court Case No. RG19010993**

I, Spencer Janssen, certify that I am not a party to the proceeding herein, that I am and

was at the time of service over the age of 18 years old, and a resident of the State of California.

My business address is 354 Pine Street, 5th Floor, San Francisco, California 94104.

On November 22, 2022, I served the following:

**PLAINTIFFS JOHN CHASE AND HILARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**REPLY DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND HILARY CHASE'S MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

**DECLARATION OF ALLISON KRUMHORN IN SUPPORT OF PLAINTIFFS JOHN CHASE AND IDLARY CHASE'S REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 1281.98 AND TO LIFT STAY**

**DECLARATION OF JOHN CHASE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY**

***ONLY BY ELECTRONIC TRANSMISSION.*** *E-mailing the document(s) to the persons at the*

*e-mail address(es) listed based on notice previously provided that, during the Coronavirus*

*(Covid-19) pandemic, this office will be primarily working remotely, unable to send physical*

*mail as usual, and is therefore using only electronic mail. No electronic message or other*

*indication that the transmission was unsuccessful was received within a reasonable time after*

*the transmission.*

**Amir Nassihi**
**Samantha K. Burnett**
**Darlene Cho**
**SHOOK, HARDY & BACON L.L.P.**
**One Montgomery, Suite 2600**
**San Francisco, California 94104**
anassihi@shb.com
sburnett@shb.com
dcho@shb.com
rdarmstadt@shb.com
mmontalvo@shb.com
**Attorneys for Defendant KIA MOTORS AMERICA, INC.**

1   | John P. Swenson
    | SCALI RASMUSSEN, PC
2   | 800 Wilshire Boulevard, Suite 400
    | Los Angeles, CA 90017
3   | jswenson@scalilaw.com
    | aojinaga@scalilaw.com
4   | mthompson@scalilaw.com
    | Attorneys for Defendant MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S
5   | HILLTOP FORD KIA

6   | John Joseph
    | Zachary Frampton
7   | HOLLAND & KNIGHT
    | 2929 Arch Street, Suite 800
8   | Philadelphia, PA 19104
    | John.Joseph@hklaw.com
9   | Zac.Frampton@hklaw.com
    | Attorneys for Defendant HYUNDAI CAPITAL AMERICA dba KIA MOTORS
10  | FINANCE

11

          I declare under penalty of perjury that the foregoing is true and correct.

12

13

Dated:  November 22, 2022

14                                                              Spencer Janssen

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John P. Swenson SBN:224110, Jane Hill SBN
Scali Rasmussen P.C.
800 Wilshire blvd Suite 400
Los Angeles, CA 90017

TELEPHONE NO.: 213.239.5622          FAX NO. *(Optional):*
E-MAIL ADDRESS: jswenson@scalilaw.com
ATTORNEY FOR *(Name):* Micheal Stead's Hill Top Ford

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/29/2022 at 04:26:57 PM
By: Anita Dhir,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: John Chase and Hilary Chase
DEFENDANT/RESPONDENT: MIcheal Stead's Hilltop Ford Kia

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $25,000)    [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG19010993 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 12/1/2022          Time: 3:00 pm          Dept.: 22          Div.:          Room:

Address of court *(if different from the address above):*

[x]  Notice of Intent to Appear by Telephone, by *(name):* John Swenson

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Micheal Stead's Hill Top Ford
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint          [ ] cross-complaint          *(Describe, including causes of action):*
      Express warranty civil code §1790, implied warranty of merchantability, civil code §1790, Implied Warranty of Fitness for a particular purpose, Civil Code §1790, THe Consumer Legal Remedies Act Civil Code §1770.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

00595

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege claims for breach of warranty and violations of the CLRA related to alleged misrepresentations regarding the sale of a 2017 Kia Sportage. Plaintiffs seek actual damages, statutory damages, punitive damages, and statutory attorneys' fees and costs

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒  a jury trial  ☐  a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

Case currently in artbitration

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐  days *(specify number):*

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                          f.  Fax number:

e.  E-mail address:                              g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  ☐  has  ☐  has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Amount of Controversy exceeds $50,000

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [ ] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for *(date)*: <br> [ ] Agreed to complete mediation by *(date)*: <br> [x] Mediation completed on *(date)*:  April 14, 2022 |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for *(date)*: <br> [ ] Agreed to complete settlement conference by *(date)*: <br> [ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for *(date)*: <br> [ ] Agreed to complete neutral evaluation by *(date)*: <br> [ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for *(date)*: <br> [ ] Agreed to complete judicial arbitration by *(date)*: <br> [ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [x] | [x] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for *(date)*: <br> [ ] Agreed to complete private arbitration by *(date)*: <br> [ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [x] | [x] ADR session not yet scheduled <br> [ ] ADR session scheduled for *(date)*: <br> [ ] Agreed to complete ADR session by *(date)*: <br> [ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a.  [X]  Insurance carrier, if any, for party filing this statement  *(name):* Nationwide Insurance Companies

b.  Reservation of rights:  [X] Yes      [ ] No

c.  [ ]  Coverage issues will significantly affect resolution of this case   *(explain):*


**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy      [ ] Other  *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a.  [ ]  There are companion, underlying, or related cases.

    (1)  Name of case:

    (2)  Name of court:

    (3)  Case number:

    (4)  Status:

    [ ]  Additional cases are described in Attachment 13a.

b.  [ ]  A motion to      [ ] consolidate      [ ] coordinate      will be filed by  *(name party):*

**14. Bifurcation**

[ ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action  *(specify moving party, type of motion, and reasons):*


**15. Other motions**

[ ]  The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*


**16. Discovery**

a.  [ ]  The party or parties have completed all discovery.

b.  [ ]  The following discovery will be completed by the date specified  *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| | | |

c.  [ ]  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

---

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Please see attachment 1

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 11/29/2022

John P. Swenson
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ /s/ John Swenson
_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021] **CASE MANAGEMENT STATEMENT** **Page 5 of 5**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Chase v. Kia America et al. | RG19010993 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Plaintiffs′ motion to vacate order staying this matter, which Plaintiffs′ filed based on Defendants′ alleged failure to timely pay arbitration fees, is without basis. On August 30, 2022, Plaintiffs′ lead counsel requested Defendants update the JAMS deposit. Within minutes, Defendant confirmed it would immediately do so. At Plaintiffs lead counsel′s direction, Kia America immediately initiated payment via FedEx on September 1, 2022. Due to the holiday weekend, payment was received by JAMS on September 6, 2022. In other words, JAMS was paid within 4 business days of Plaintiffs' lead counsel′s request. Even if there were any basis for Plaintiffs' argument, Plaintiffs voluntarily elected to proceed with their case in arbitration and Kia immediately completed payment at Plaintiffs′ direction. Yet despite all fees and payments being current, a week later, on September 12, Plaintiffs' associated counsel attempted to reverse course and their motion followed, even though the Parties have substantially completed their preparation for the arbitration hearing and anticipate it being scheduled for final hearing

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

00600

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 Wilshire Boulevard, Suite 400, Los Angeles, CA 90017.

On November 29, 2022, I served the within document(s) described as:

Case Management Statement

on the interested parties in this action as stated below:

Elliot Conn

FAX: 415.417.4780
E-MAIL: elliot@connlawpc.com

[X]   (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2022, at Los Angeles, California.

| | |
|---|---|
| Ruben Cervantes | /s/ Ruben Cervantes |
| (Type or print name) | (Signature) |

- 1 -

{00288929.1 }

00601

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**11/29/2022 at 04:42:57 PM**
By: Suzanne Pesko,
Deputy Clerk

1   Amir M. Nassihi, State Bar No. 235936
    anassihi@shb.com
2   Andrew L. Chang, State Bar No. 222309
    achang@shb.com
3   Samantha K.N. Burnett, State Bar No. 320262
    sburnett@shb.com
4   SHOOK, HARDY & BACON L.L.P.
    555 Mission Street, Suite 2300
5   San Francisco, California 94105
    Tel: 415-544-1900 | Fax: 415-391-0281
6
    Darlene M, Cho, State Bar No. 251167
7   dcho@shb.com
    SHOOK, HARDY & BACON L.L.P.
8   2049 Century Park East, Suite 3000
    Los Angeles, CA 90067
9   Tel: 424-285-8330 | Fax: 424-204-9093

10  Attorneys for Defendant
    KIA AMERICA, INC. (formerly known as
11  KIA MOTORS AMERICA, INC.)

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                    **FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| 14   JOHN CHASE and HILARY CHASE , | Case No. RG19010993 |
| 15             Plaintiffs, | **NOTICE OF APPEARANCE OF ANDREW L. CHANG** |
| 16        vs. | |
| 17   KIA MOTORS AMERICA, INC., et al. , | Judge:   Hon. Jeffrey S. Brand<br>Dept.:   22 |
| 18             Defendants. | Date:    December 1, 2022<br>Time:    2:30 p.m. |

19

20  TO THE COURT, ALL PARTIES AND ALL COUNSEL OF RECORD:

21          PLEASE TAKE NOTICE that Andrew L. Chang of the law firm of Shook, Hardy & Bacon

22  L.L.P., hereby enters his appearance as counsel on behalf of KIA AMERICA, INC. (formerly known

23  as KIA MOTORS AMERICA, INC.) in the above-referenced action and requests that copies of all

24  future correspondence, pleadings, motions and orders be directed to the attention of the following:

25                          Andrew L. Chang
                            achang@shb.com
26                  SHOOK, HARDY & BACON L.L.P.
                    555 Mission Street, Suite 2300
27                  San Francisco, CA 94105
                Tel: (415) 544-1900 | Fax: (415) 391-0281
28

1   Dated:  November 29, 2022                    SHOOK, HARDY & BACON L.L.P.

2

3                                                By: _____

4                                                     ANDREW L. CHANG

5                                                Attorneys for Defendant
                                                 KIA AMERICA, INC. (formerly known as
6                                                KIA MOTORS AMERICA, INC.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. I am employed in the County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2300, San Francisco, California 94105, my facsimile number is (415) 391-0281. On the date shown below, I served the following documents:

- **NOTICE OF APPEARANCE OF ANDREW L. CHANG**

on the interested parties in the attached service list in the manner indicated below:

  X   **FIRST CLASS U.S. MAIL:** I am readily familiar with this business' practice for collecting and processing correspondence for mailing. Under that practice, the document is deposited with the United States Postal Service on that same day in the ordinary course of business in a sealed envelope with postage fully prepaid.

  X   **ELECTRONIC MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document to be sent to the persons at the e-mail addresses on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2022, at San Francisco, California.



Mayra Montalvo

*John Chase, et al. v. Kia Motors America, Inc., et al.*
Alameda County Superior Court, Case No. RG19010993

1

## SERVICE LIST

| Party | Counsel of Record |
|-------|-------------------|
| Plaintiffs<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, Esq.<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780 \| Fax: (415) 358-4941<br>elliot@connlawpc.com<br><br>Ronald Wilcox, Esq.<br>**WILCOX LAW FIRM, P.C.**<br>2021 The Alameda, Suite 200<br>San Jose, CA 95126<br>Tel: (408) 296-0400<br>ronaldwilcox@gmail.com |
| Defendant<br>**HYUNDAI CAPITAL AMERICA DBA KIA MOTORS FINANCE** | Abraham Colman, Esq.<br>Zachary C. Frampton, Esq.<br>John Joseph, Esq.<br>**HOLLAND & KNIGHT LLP**<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 896-2412 \| Fax: (213) 896-2450<br>abe.colman@hklaw.com<br>Zac.Frampton@hklaw.com<br>John.Joseph@hklaw.com |
| Defendant<br>**MICHAEL C. STEAD, INC. DBA MICHAEL STEAD'S HILLTOP FORD KIA** | John P. Swenson, Esq.<br>**SCALI RASMUSSEN, PC**<br>800 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90017<br>Tel: (213) 239-5622<br>jswenson@scalilaw.com |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| John Chase  et al<br>　　　　Plaintiff/Petitioner(s)<br>　　　　vs.<br>Kia America, Inc. et al<br>　　　　Defendant/Respondent(s) | No.　　RG19010993<br><br>Date:　　12/01/2022<br>Time:　　3:00 PM<br>Dept:　　22<br>Judge:　　Jeffrey Brand<br><br>ORDER re: Hearing on Motion to Vacate<br>　　　　MOTION TO VACATE<br>　　　　ORDER STAYING MATTER<br>　　　　PENDING COMPLETION OF<br>　　　　ARBITRATION UNDER<br>　　　　CALIFORNIA CODE OF<br>　　　　CIVIL PROCEDURE<br>　　　　SECTION 1281.98 AND TO<br>　　　　LIFT STAY; Case<br>　　　　Management Conference |

The Court takes the Hearing on Motion to Vacate MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY under submission.

Case Management Conference is scheduled for 05/09/2023 at 02:00 PM in Department 22 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 12/01/2022

_Jeffrey S Brand_

Jeffrey Brand / Judge

---

ORDER re: Hearing on Motion to Vacate MOTION TO VACATE ORDER
　　　　STAYING MATTER PENDING COMPLETION OF
　　　　ARBITRATION UNDER CALIFORNIA CODE OF CIVIL
　　　　PROCEDURE SECTION 1281.98 AND TO LIFT STAY;
　　　　Case Management Conference

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse, Department 22

## JUDICIAL OFFICER: HONORABLE JEFFREY BRAND

Courtroom Clerk: Belinda Mercado                CSR: Ryan Wheeler 13717

---

**RG19010993**                                            December 1, 2022
                                                                3:00 PM

**Chase VS Kia Motors America, Inc.**

---

## MINUTES

**APPEARANCES:**

Plaintiff John Chase represented by Elliot Conn via virtual conference.
Plaintiff Hilary Chase represented by Elliot Conn via virtual conference.
Defendant Kia America, Inc. represented by Andrew Lu-Young Chang and Samantha Burnett via virtual conference, Amir Nassihi via virtual conference.
Defendant Michael C. Stead, Inc. represented by Amir Nassihi via virtual conference, John Swenson via virtual conference.
Defendant Hyundai Capital America represented by Amir Nassihi via virtual conference.

Other Appearance Notes: Zachary Frampton appearing for Kia Finance virtually.

**NATURE OF PROCEEDINGS: Hearing on Motion to Vacate MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY; Case Management Conference**

The Court takes the Hearing on Motion to Vacate MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY under submission.

Case Management Conference is scheduled for 05/09/2023 at 02:00 PM in Department 22 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:        B. Mercado, Deputy Clerk
           Minutes of: 12/01/2022

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Entered on: 12/01/2022

00608

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| John Chase  et al<br>       Plaintiff/Petitioner(s)<br>vs.<br>Kia America, Inc. et al<br>       Defendant/Respondent(s) | No.    RG19010993<br><br>Date:   12/06/2022<br>Time:  11:03 AM<br>Dept:  22<br>Judge:  Jeffrey Brand<br><br>ORDER re: Ruling on Submitted Matter |

The Court, having taken the matter under submission on 12/01/2022, now rules as follows:

The Motion to Vacate PLAINTIFFS JOHN CHASE AND HILARY CHASES NOTICE OF MOTION AND MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY filed by John Chase, Hilary Chase on 09/12/2022 is Granted.

ORDER AFTER HEARING

Plaintiffs' Motion to Vacate Order Staying Matter Pending Completion of Arbitration is GRANTED.

The stay in this court's August 20, 2019 Order is hereby VACATED. (8/20/2019 Order, ¶ 2.)

The court sets a Case Management Conference for O5/09/2023 at 2:00pm in D22.

The parties shall file a Case Management Statement (preferably joint) in compliance with CRC § 3.725, preferably on pleading paper rather than on Judicial Council Form CM-110, no later than five (5) court days prior to the CMC.

BACKGROUND

On March 14, 2019, Plaintiffs initiated this action against Defendants asserting violations of California's Song Beverly Act and Consumer Legal Remedies Act. On August 16, 2019, the parties filed a stipulation and proposed order agreeing to arbitrate Plaintiffs' claims, which the court signed on August 20, 2019. (Conn Decl., Ex. B.)

On August 21, 2019, Plaintiffs submitted a demand for arbitration and paid a $250.00 filing fee. (Conn Decl., ¶ 5.) The parties engaged in arbitration, including taking multiple depositions, engaging in written discovery, exchanging documents, and filing amended claims and counterclaims. (Frampton Decl., ¶ 8; Nassihi Decl., ¶ 5.) The arbitrator has also ruled on discovery and dispositive motions. (Ibid.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

On July 21, 2022, the JAMS Billing Administrator emailed the parties attaching a "Deposit Request" for $20,000. (Conn Decl., ¶ 7 & Ex. E.) The invoice provided the charge was a "[d]eposit for services: To be applied to professional time, session time, pre and post session reading, research, preparation, conference calls, travel, etc.) expenses and case management fees." (Conn Decl., Ex. E.) The invoice continued: "Failure to pay the deposit may result in a delay in service of cancellation of the session." (Ibid.) The invoice and cover email were addressed to counsel for Defendant Kia America, and both stated that payment was due upon receipt of the invoice. (Ibid.)

On August 30, 2022, Plaintiffs' counsel emailed the JAMS Case Manager to inquire about the status of payment. (Conn Decl., ¶ 8 & Ex. F.) The Case Manager responded stating that "JAMS has not yet received the 7/20/2022 deposit request." (Conn Decl., Ex. F.)

The same day, Plaintiffs' counsel forwarded the Case Manager's response to counsel for Kia America asking, "Can you pay this?" (Conn Decl., Ex. G.) Defense counsel responded the same day coordinating payment of the invoice. (Ibid.)

On September 13, 2022, Plaintiffs email JAMS stating that Defendants had defaulted in making the payment and that Plaintiffs would be proceeding in court. (Nassihi Decl., Ex. 5.)

Based upon the parties' email communications, it appears that Defendant sent payment via FedEx on September 1, and it was delivered on September 6 due to the Labor Day holiday. (Nassihi Decl., Ex. 5.)

There is some dispute regarding whether the invoice remains outstanding. (Compare Nassihi Decl., ¶ 9 ["Defendants' deposit-payment was accepted and cashed by JAMS."] with Krumhorn Decl., ¶ 4 [declaring that the invoice remained unpaid as of September 8, 2022].) At the hearing, it appeared that the payment had been made.

LEGAL FRAMEWORK

Code of Civil Procedure § 1281.98 provides, in relevant part, that if a consumer arbitration agreement requires "that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach." (Code Civ. Proc., § 1281.98, subd. (a)(1).)

If the drafting party fails to timely pay the fees, the consumer "may unilaterally elect to do any of the following," including withdraw the claim from arbitration and proceed in court. (Id., § 1281.98, subds. (b) (1)-(4).)

If the employee proceeds in court, "[t]he court shall impose sanctions on the drafting party in accordance with Section 1281.99." (Id., § 1281.98, subd. (c)(2).)

DISCUSSION

---

ORDER re: Ruling on Submitted Matter

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Defendants Kia Finance, Kia America, and Michael C. Stead oppose Plaintiffs' Motion.

Defendant Kia Finance argues that (1) Defendants paid the initial filing fees and all subsequent fees for the three years preceding the late payment; (2) Plaintiffs are attempting to forum shop; (3) Plaintiffs waived the right to withdraw from arbitration; and (4) the court should deny the Motion because it would result in a substantial wase of resources.

Defendant Kia America argues (1) the "deposit request" does not constitute a "fee" under the statute, (2) Plaintiffs cannot establish when payment was due; (3) Plaintiffs' request to pay constituted an extension in time to pay; (4) Plaintiffs' request to pay constituted an election to

continue arbitration; (5) Plaintiffs are estopped from arguing breach; and (6) Section 1281.98 is preempted by the FAA.

Defendant Stead joins the other two oppositions.

A. Whether the FAA Preempts Section 1281.98

The FAA does not preempt Section 1281.98. (Gallo v. Wood Ranch USA, Inc. (2022) 81 Cal.App.5th 621, 643 ["We are not alone in concluding that the FAA does not preempt section 1281.97 or section 1281.99. Although no California appellate court has yet addressed this issue, the federal district courts have uniformly rejected Wood Ranch's precise challenge. [Citations.]"]; Espinoza v. Superior Court (2022) 83 Cal.App.5th 761 ["Also compelling is Gallo's reasoning that the mere fact an arbitration specific rule alters the rights the parties would have in ordinary litigation does not necessarily mean the rule conflicts with the FAA's equal treatment principle."].)

Defendants invite this court to follow Belyea v. Greensky, Inc. (N.D. Cal., Oct. 26, 2022, No. 20-CV-01693-JSC) 2022 WL 14965532, which held that the FAA preempted Section 1281.97. Belyea however acknowledged that the Ninth Circuit has not yet decided the issue and "every court considering the issue to date has found that the FAA does not preempt CCP Section 1281.91." (Id., p. *6.) The court declines the invitation and follows Gallo and Espinoza.

B. Defendants' Payment of Fees

Defendants argue that they paid the initial filing fee and all subsequent deposits for the past three years. (Kia Finance Opposition, 5:23-24.) Defendants' argument here appears to be based on Gallo, supra, which required payment of the initial arbitration fee.

Here, the statutory language is unambiguous and requires payment of "the fees or costs required to continue the arbitration proceeding…within 30 days after the due date…" (Code Civ. Proc., § 1281.98, subd. (a)(1); see also De Leon v. Juanita's Food (Cal. Ct. App., Nov. 23, 2022, No. B315394) 2022 WL 17174498, at *6 ["We find nothing in this language that is ambiguous regarding the requisite circumstances to determine the existence of a statutorily defined material breach of an arbitration agreement."].) Separately, Section 1281.97 applies the same requirements to "the fees or costs to initiate an arbitration proceeding…" (Code Civ. Proc., §

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

1281.97, subd. (a)(1).) Neither includes an exception for substantial compliance or de minimis delays. (Espinoza v. Superior Court (2022) 83 Cal.App.5th 761 ["Under the plain language of the statute, then, the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party."].)

Notably, in Espinoza v. Superior Court (2022) 83 Cal.App.5th 761, the Court of Appeal reversed the trial court's denial of plaintiff's motion under Code of Civil Procedure § 1281.97. The court held that "the trial court erred in denying plaintiff's motion on the basis that defendant substantially complied with section 1281.97, subdivision (a)(1), its payment was inadvertent, and plaintiff suffered no prejudice." (Id., p. 760.) Reviewing the legislative history, the Espinoza

court determined that "the Legislature did not intend to implicitly grant…discretion on the issue[] of material breach…" to the trial court, and further noted that "the Legislature considered and rejected the argument that section 1281.97 would unfairly penalize drafting parties for minor errors." (Id., pp. 759, 760.)

While Espinoza limited its analysis to section 1281.97 (id., p. 758), this court sees no reason to depart from Espinoza's logic. (De Leon, supra, p. *6.) Sections 1281.97 and 1281.98 are part of the same statutory scheme, were passed together, and use the same language.

C. Forum Shopping & Waste of Resources

Defendants argue that Plaintiffs' Motion is an attempt to forum shop and would result in the waste of resources. (Kia Finance Opposition, §§ III.B and III.D.) Defendants argue that the parties have engaged in discovery and dispositive motion practice, and that Defendants have paid in excess of $60,000 in arbitration fees and deposits. (Frampton Decl., ¶¶ 8 & 9.)

As to forum shopping, Defendants offer no authority that this is a basis to deny Plaintiffs' Motion. The same is true of the argument regarding waste of resources. As discussed above, Espinoza concluded that the trial court lacks discretion regarding the finding of material breach and the Legislature rejected the argument that enforcement of Section 1291.98 "would unfairly penalize drafting parties for minor errors." (Espinoza, supra, 83 Cal.App.5th at pp. 759, 760.)

Further, the recently issued opinion in De Leon, supra, concluded that the statutory language does not "grant[] a trial court discretion to depart from the statute's straightforward material breach rule." (De Leon, supra, p. *7.)

In short, the court agrees that application of the statute results in harsh consequences; however, that appears to be by design. (Espinoza, supra, p. 760.)

D. Whether Plaintiffs' Waived the Right to Withdraw

"A party claiming that the right to arbitrate has been waived has a heavy burden of proof." (Sobremonte v. Superior Court (1998) 61 Cal.App.4th 980, 991.)

Defendants argue that Plaintiffs waived the right to withdraw from arbitration. (Kia Finance

---

ORDER re: Ruling on Submitted Matter                                    Page 4 of 7

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

Opposition, p. 6.) Defendants assert that Plaintiffs continued to file Motions to Compel Discovery against both Kia Finance and Kia America, and scheduled depositions for December 2022 and early 2023. (Frampton Decl., Exhs. E & F.)

Plaintiff argues that the arbitrator ordered Plaintiffs to continue participating in the arbitration pending the resolution of this Motion. (Conn Reply Decl., Ex. 7.)

Plaintiffs filed this motion on September 12, 2022.

Thereafter, on October 5, 2022, the arbitrator—Judge Warren—stated in an email to all parties that he intended to schedule a conference call "to schedule whatever outstanding discovery

matters presently require resolution. I specifically rule, however, that Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court." (Conn Reply Decl., Ex. 7.)

On October 26, 2022, Plaintiffs emailed a request to the arbitrator for orders compelling Defendants to produce documents and deponents and compelling compliance with case management order number 4. (Frampton Decl., Ex. E.) The email states that the requests are "without prejudice to Claimants' pending motion before the Superior Court." (Ibid.)

On November 4, 2022, Plaintiffs communicated with JAMS to schedule hearings, providing availability in April of 2023, and again disclaiming prejudice to this Motion. (Frampton Decl., Ex. F.)

Here, the court declines to find waiver. Most, if not all, of Plaintiffs' continued participation in the arbitration proceedings occurred after Plaintiffs filed this motion, which warrants against finding waiver. In any event, the court does not find Plaintiffs' participation waived of their statutory ability to withdraw from arbitration and proceed in court. (Code Civ. Proc., § 1281.98, subd. (b).)

E. Estoppel

Defendant Kia America argues that Plaintiffs are estopped from arguing material breach. (Kia America's Opposition, p. 7.) The court notes that Kia Finance's argument regarding waiver of the right to withdraw (see § D, supra) makes similar argument. The court distinguishes the two for sake of clarity.

"Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." (Driscoll v. City of Los Angeles (1967) 67 Cal.2d 297, 305.)

Assuming arguendo the doctrine of estoppel applies here, the court does not find that Plaintiffs are estopped from withdrawing from the arbitration. On August 30, 2022, Plaintiffs' counsel sent

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

a reminder to Defendants regarding the outstanding invoice. (Conn Decl., Ex. G.) Less than two weeks later, Plaintiffs filed this Motion. Estoppel is an equitable doctrine and the court does not find that the equities would be served by its application to these facts.

F. Whether the "Deposit" Is a "Fee"

The court is not persuaded by Defendants' argument that the "deposit" is not a "fee or cost" within the meaning of section 1281.98. The statute applies to "fees and costs during the pendency of an arbitration proceeding…required to continue the arbitration proceeding…" (Code Civ. Proc., § 1281.98, subd. (a)(1).) "The plain language therefore indicates the

Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline." (Espinoza, supra, 83 Cal.App.5th at p. 759.)

Here, Defendants argument is not persuasive. The subject invoice stated, "Failure to pay the deposit may result in a delay in service of cancellation of the session." (Conn Decl., Ex. E.) Thus the title of the charge does not change the fact that failure to pay could result in delay, which is what Section 1281.98 was designed to avoid. (Espinoza, supra, 83 Cal.App.5th at p. 759.)

This conclusion is supported by De Leon, supra, p. *7, fn. 11.

G. Whether Plaintiffs' Request for Payment Constituted an Extension or Election

The court does not find that Plaintiffs' request for payment constituted an extension or election under Code of Civil Procedure § 1281.98, subd. (b).

Plaintiffs' email simply stated "Can you pay this?" The email makes no reference to Section 1281.98 and does not appear to copy all parties. Regardless, the statement is not a clear election. For example, "Can you pay this?" could constitute an election under subdivision (b)(2) to continue the arbitration, as Defendants argue, but it could also be construed as an election to seek a court order compelling payment of the fees under subdivisions (b)(3) or a precursor to proceed under subdivision (b)(4), which allows plaintiff to pay the fees and seek to recover them as part of the award. Ultimately, the court declines to find Plaintiffs' email as an election to proceed in arbitration under subdivision (b)(2).

As dicta, the court notes that a plaintiff's election under subdivision (b)(2) is conditioned upon the arbitrator's approval. Indeed, the subdivision appears to be concerned with the arbitrator's willingness to proceed, since the second sentence provides that the arbitration provider may institute a collection action. Here, Plaintiffs filed this Motion before Judge Warren's October 5, 2022 email. Thus, even if Plaintiffs elected to proceed under subdivision (b)(2), it is not clear that would be binding before the arbitrator approved.

The court declines to find that the request constituted an extension since Plaintiffs' August 30, 2022 request for payment appears to be between Plaintiffs' counsel and counsel for Kia America only. (Conn Decl., Ex. G.) While the Conn Declaration states that the email was sent to "Defendants' counsel," it is not clear from the email chain that counsel for Defendants Kia Finance or Stead were copied, nor does it appear that JAMS was copied on the email or

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

otherwise approved any extension. (Conn Decl., ¶ 9.)

In any event, "[a]ny extension of time for the date due shall be agreed upon by all parties." (Code Civ. Proc., § 1281.98, subd. (a)(2).) Even assuming arguendo that all parties were copied, it is not clear that an after-the-fact email, without an affirmative statement from the other parties, is sufficient to constitute an agreement by all parties.

Thus, the court declines to find that Plaintiffs' email constitutes an election or an extension.

Based upon the foregoing, Plaintiffs' Motion is GRANTED.

The Court orders counsel to obtain a copy of this order from the eCourt portal.


Dated: 12/06/2022


Jeffrey Brand / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| John Chase  et al<br>    Plaintiff/Petitioner(s)<br>vs.<br>Kia America, Inc. et al<br>    Defendant/Respondent(s) | No.    RG19010993<br><br>Date:    12/06/2022<br>Time:    11:01 AM<br>Dept:    22<br>Judge:    Jeffrey Brand<br><br>ORDER re: Ruling on Submitted Matter |

The Court, having taken the matter under submission on 12/01/2022, now rules as follows:

The Motion to Vacate PLAINTIFFS JOHN CHASE AND HILARY CHASES NOTICE OF MOTION AND MOTION TO VACATE ORDER STAYING MATTER PENDING COMPLETION OF ARBITRATION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.98 AND TO LIFT STAY filed by John Chase, Hilary Chase on 09/12/2022 is Granted.

ORDER AFTER HEARING

Plaintiffs' Motion to Vacate Order Staying Matter Pending Completion of Arbitration is GRANTED.

The stay in this court's August 20, 2019 Order is hereby VACATED. (8/20/2019 Order, ¶ 2.)

The court sets a Case Management Conference for O5/09/2023 at 2:00pm in D22.

The parties shall file a Case Management Statement (preferably joint) in compliance with CRC § 3.725, preferably on pleading paper rather than on Judicial Council Form CM-110, no later than five (5) court days prior to the CMC.

BACKGROUND

On March 14, 2019, Plaintiffs initiated this action against Defendants asserting violations of California's Song Beverly Act and Consumer Legal Remedies Act. On August 16, 2019, the parties filed a stipulation and proposed order agreeing to arbitrate Plaintiffs' claims, which the court signed on August 20, 2019. (Conn Decl., Ex. B.)

On August 21, 2019, Plaintiffs submitted a demand for arbitration and paid a $250.00 filing fee. (Conn Decl., ¶ 5.) The parties engaged in arbitration, including taking multiple depositions, engaging in written discovery, exchanging documents, and filing amended claims and counterclaims. (Frampton Decl., ¶ 8; Nassihi Decl., ¶ 5.) The arbitrator has also ruled on discovery and dispositive motions. (Ibid.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

On July 21, 2022, the JAMS Billing Administrator emailed the parties attaching a "Deposit Request" for $20,000. (Conn Decl., ¶ 7 & Ex. E.) The invoice provided the charge was a "[d]eposit for services: To be applied to professional time, session time, pre and post session reading, research, preparation, conference calls, travel, etc.) expenses and case management fees." (Conn Decl., Ex. E.) The invoice continued: "Failure to pay the deposit may result in a delay in service of cancellation of the session." (Ibid.) The invoice and cover email were addressed to counsel for Defendant Kia America, and both stated that payment was due upon receipt of the invoice. (Ibid.)

On August 30, 2022, Plaintiffs' counsel emailed the JAMS Case Manager to inquire about the status of payment. (Conn Decl., ¶ 8 & Ex. F.) The Case Manager responded stating that "JAMS has not yet received the 7/20/2022 deposit request." (Conn Decl., Ex. F.)

The same day, Plaintiffs' counsel forwarded the Case Manager's response to counsel for Kia America asking, "Can you pay this?" (Conn Decl., Ex. G.) Defense counsel responded the same day coordinating payment of the invoice. (Ibid.)

On September 13, 2022, Plaintiffs email JAMS stating that Defendants had defaulted in making the payment and that Plaintiffs would be proceeding in court. (Nassihi Decl., Ex. 5.)

Based upon the parties' email communications, it appears that Defendant sent payment via FedEx on September 1, and it was delivered on September 6 due to the Labor Day holiday. (Nassihi Decl., Ex. 5.)

There is some dispute regarding whether the invoice remains outstanding. (Compare Nassihi Decl., ¶ 9 ["Defendants' deposit-payment was accepted and cashed by JAMS."] with Krumhorn Decl., ¶ 4 [declaring that the invoice remained unpaid as of September 8, 2022].) At the hearing, it appeared that the payment had been made.

LEGAL FRAMEWORK

Code of Civil Procedure § 1281.98 provides, in relevant part, that if a consumer arbitration agreement requires "that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach." (Code Civ. Proc., § 1281.98, subd. (a)(1).)

If the drafting party fails to timely pay the fees, the consumer "may unilaterally elect to do any of the following," including withdraw the claim from arbitration and proceed in court. (Id., § 1281.98, subds. (b) (1)-(4).)

If the employee proceeds in court, "[t]he court shall impose sanctions on the drafting party in accordance with Section 1281.99." (Id., § 1281.98, subd. (c)(2).)

DISCUSSION

---

00617

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

Defendants Kia Finance, Kia America, and Michael C. Stead oppose Plaintiffs' Motion.

Defendant Kia Finance argues that (1) Defendants paid the initial filing fees and all subsequent fees for the three years preceding the late payment; (2) Plaintiffs are attempting to forum shop; (3) Plaintiffs waived the right to withdraw from arbitration; and (4) the court should deny the Motion because it would result in a substantial wase of resources.

Defendant Kia America argues (1) the "deposit request" does not constitute a "fee" under the statute, (2) Plaintiffs cannot establish when payment was due; (3) Plaintiffs' request to pay constituted an extension in time to pay; (4) Plaintiffs' request to pay constituted an election to

continue arbitration; (5) Plaintiffs are estopped from arguing breach; and (6) Section 1281.98 is preempted by the FAA.

Defendant Stead joins the other two oppositions.

A. Whether the FAA Preempts Section 1281.98

The FAA does not preempt Section 1281.98. (Gallo v. Wood Ranch USA, Inc. (2022) 81 Cal.App.5th 621, 643 ["We are not alone in concluding that the FAA does not preempt section 1281.97 or section 1281.99. Although no California appellate court has yet addressed this issue, the federal district courts have uniformly rejected Wood Ranch's precise challenge. [Citations.]"]; Espinoza v. Superior Court (2022) 83 Cal.App.5th 761 ["Also compelling is Gallo's reasoning that the mere fact an arbitration specific rule alters the rights the parties would have in ordinary litigation does not necessarily mean the rule conflicts with the FAA's equal treatment principle."].)

Defendants invite this court to follow Belyea v. Greensky, Inc. (N.D. Cal., Oct. 26, 2022, No. 20-CV-01693-JSC) 2022 WL 14965532, which held that the FAA preempted Section 1281.97. Belyea however acknowledged that the Ninth Circuit has not yet decided the issue and "every court considering the issue to date has found that the FAA does not preempt CCP Section 1281.91." (Id., p. *6.) The court declines the invitation and follows Gallo and Espinoza.

B. Defendants' Payment of Fees

Defendants argue that they paid the initial filing fee and all subsequent deposits for the past three years. (Kia Finance Opposition, 5:23-24.) Defendants' argument here appears to be based on Gallo, supra, which required payment of the initial arbitration fee.

Here, the statutory language is unambiguous and requires payment of "the fees or costs required to continue the arbitration proceeding...within 30 days after the due date..." (Code Civ. Proc., § 1281.98, subd. (a)(1); see also De Leon v. Juanita's Food (Cal. Ct. App., Nov. 23, 2022, No. B315394) 2022 WL 17174498, at *6 ["We find nothing in this language that is ambiguous regarding the requisite circumstances to determine the existence of a statutorily defined material breach of an arbitration agreement."].) Separately, Section 1281.97 applies the same requirements to "the fees or costs to initiate an arbitration proceeding..." (Code Civ. Proc., §

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

1281.97, subd. (a)(1).) Neither includes an exception for substantial compliance or de minimis delays. (Espinoza v. Superior Court (2022) 83 Cal.App.5th 761 ["Under the plain language of the statute, then, the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party."].)

Notably, in Espinoza v. Superior Court (2022) 83 Cal.App.5th 761, the Court of Appeal reversed the trial court's denial of plaintiff's motion under Code of Civil Procedure § 1281.97. The court held that "the trial court erred in denying plaintiff's motion on the basis that defendant substantially complied with section 1281.97, subdivision (a)(1), its payment was inadvertent, and plaintiff suffered no prejudice." (Id., p. 760.) Reviewing the legislative history, the Espinoza

court determined that "the Legislature did not intend to implicitly grant…discretion on the issue[] of material breach…" to the trial court, and further noted that "the Legislature considered and rejected the argument that section 1281.97 would unfairly penalize drafting parties for minor errors." (Id., pp. 759, 760.)

While Espinoza limited its analysis to section 1281.97 (id., p. 758), this court sees no reason to depart from Espinoza's logic. (De Leon, supra, p. *6.) Sections 1281.97 and 1281.98 are part of the same statutory scheme, were passed together, and use the same language.

C. Forum Shopping & Waste of Resources

Defendants argue that Plaintiffs' Motion is an attempt to forum shop and would result in the waste of resources. (Kia Finance Opposition, §§ III.B and III.D.) Defendants argue that the parties have engaged in discovery and dispositive motion practice, and that Defendants have paid in excess of $60,000 in arbitration fees and deposits. (Frampton Decl., ¶¶ 8 & 9.)

As to forum shopping, Defendants offer no authority that this is a basis to deny Plaintiffs' Motion. The same is true of the argument regarding waste of resources. As discussed above, Espinoza concluded that the trial court lacks discretion regarding the finding of material breach and the Legislature rejected the argument that enforcement of Section 1291.98 "would unfairly penalize drafting parties for minor errors." (Espinoza, supra, 83 Cal.App.5th at pp. 759, 760.)

Further, the recently issued opinion in De Leon, supra, concluded that the statutory language does not "grant[] a trial court discretion to depart from the statute's straightforward material breach rule." (De Leon, supra, p. *7.)

In short, the court agrees that application of the statute results in harsh consequences; however, that appears to be by design. (Espinoza, supra, p. 760.)

D. Whether Plaintiffs' Waived the Right to Withdraw

"A party claiming that the right to arbitrate has been waived has a heavy burden of proof." (Sobremonte v. Superior Court (1998) 61 Cal.App.4th 980, 991.)

Defendants argue that Plaintiffs waived the right to withdraw from arbitration. (Kia Finance

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Opposition, p. 6.) Defendants assert that Plaintiffs continued to file Motions to Compel Discovery against both Kia Finance and Kia America, and scheduled depositions for December 2022 and early 2023. (Frampton Decl., Exhs. E & F.)

Plaintiff argues that the arbitrator ordered Plaintiffs to continue participating in the arbitration pending the resolution of this Motion. (Conn Reply Decl., Ex. 7.)

Plaintiffs filed this motion on September 12, 2022.

Thereafter, on October 5, 2022, the arbitrator—Judge Warren—stated in an email to all parties that he intended to schedule a conference call "to schedule whatever outstanding discovery

matters presently require resolution. I specifically rule, however, that Claimants' participation in this conference call will not (and may not) be used in any manner to prejudice Claimants' current motion before the court." (Conn Reply Decl., Ex. 7.)

On October 26, 2022, Plaintiffs emailed a request to the arbitrator for orders compelling Defendants to produce documents and deponents and compelling compliance with case management order number 4. (Frampton Decl., Ex. E.) The email states that the requests are "without prejudice to Claimants' pending motion before the Superior Court." (Ibid.)

On November 4, 2022, Plaintiffs communicated with JAMS to schedule hearings, providing availability in April of 2023, and again disclaiming prejudice to this Motion. (Frampton Decl., Ex. F.)

Here, the court declines to find waiver. Most, if not all, of Plaintiffs' continued participation in the arbitration proceedings occurred after Plaintiffs filed this motion, which warrants against finding waiver. In any event, the court does not find Plaintiffs' participation waived of their statutory ability to withdraw from arbitration and proceed in court. (Code Civ. Proc., § 1281.98, subd. (b).)

E. Estoppel

Defendant Kia America argues that Plaintiffs are estopped from arguing material breach. (Kia America's Opposition, p. 7.) The court notes that Kia Finance's argument regarding waiver of the right to withdraw (see § D, supra) makes similar argument. The court distinguishes the two for sake of clarity.

"Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." (Driscoll v. City of Los Angeles (1967) 67 Cal.2d 297, 305.)

Assuming arguendo the doctrine of estoppel applies here, the court does not find that Plaintiffs are estopped from withdrawing from the arbitration. On August 30, 2022, Plaintiffs' counsel sent

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

a reminder to Defendants regarding the outstanding invoice. (Conn Decl., Ex. G.) Less than two weeks later, Plaintiffs filed this Motion. Estoppel is an equitable doctrine and the court does not find that the equities would be served by its application to these facts.

## F. Whether the "Deposit" Is a "Fee"

The court is not persuaded by Defendants' argument that the "deposit" is not a "fee or cost" within the meaning of section 1281.98. The statute applies to "fees and costs during the pendency of an arbitration proceeding…required to continue the arbitration proceeding…" (Code Civ. Proc., § 1281.98, subd. (a)(1).) "The plain language therefore indicates the

Legislature intended the statute to be strictly applied whenever a drafting party failed to pay by the statutory deadline." (Espinoza, supra, 83 Cal.App.5th at p. 759.)

Here, Defendants argument is not persuasive. The subject invoice stated, "Failure to pay the deposit may result in a delay in service of cancellation of the session." (Conn Decl., Ex. E.) Thus the title of the charge does not change the fact that failure to pay could result in delay, which is what Section 1281.98 was designed to avoid. (Espinoza, supra, 83 Cal.App.5th at p. 759.)

This conclusion is supported by De Leon, supra, p. *7, fn. 11.

## G. Whether Plaintiffs' Request for Payment Constituted an Extension or Election

The court does not find that Plaintiffs' request for payment constituted an extension or election under Code of Civil Procedure § 1281.98, subd. (b).

Plaintiffs' email simply stated "Can you pay this?" The email makes no reference to Section 1281.98 and does not appear to copy all parties. Regardless, the statement is not a clear election. For example, "Can you pay this?" could constitute an election under subdivision (b)(2) to continue the arbitration, as Defendants argue, but it could also be construed as an election to seek a court order compelling payment of the fees under subdivisions (b)(3) or a precursor to proceed under subdivision (b)(4), which allows plaintiff to pay the fees and seek to recover them as part of the award. Ultimately, the court declines to find Plaintiffs' email as an election to proceed in arbitration under subdivision (b)(2).

As dicta, the court notes that a plaintiff's election under subdivision (b)(2) is conditioned upon the arbitrator's approval. Indeed, the subdivision appears to be concerned with the arbitrator's willingness to proceed, since the second sentence provides that the arbitration provider may institute a collection action. Here, Plaintiffs filed this Motion before Judge Warren's October 5, 2022 email. Thus, even if Plaintiffs elected to proceed under subdivision (b)(2), it is not clear that would be binding before the arbitrator approved.

The court declines to find that the request constituted an extension since Plaintiffs' August 30, 2022 request for payment appears to be between Plaintiffs' counsel and counsel for Kia America only. (Conn Decl., Ex. G.) While the Conn Declaration states that the email was sent to "Defendants' counsel," it is not clear from the email chain that counsel for Defendants Kia Finance or Stead were copied, nor does it appear that JAMS was copied on the email or

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

otherwise approved any extension. (Conn Decl., ¶ 9.)

In any event, "[a]ny extension of time for the date due shall be agreed upon by all parties." (Code Civ. Proc., § 1281.98, subd. (a)(2).) Even assuming arguendo that all parties were copied, it is not clear that an after-the-fact email, without an affirmative statement from the other parties, is sufficient to constitute an agreement by all parties.

Thus, the court declines to find that Plaintiffs' email constitutes an election or an extension.

Based upon the foregoing, Plaintiffs' Motion is GRANTED.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 12/06/2022

Jeffrey Brand / Judge