# Exhibit C

AMIR NASSIHI (SBN 235936)
anassihi@shb.com
SAMANTHA K.N. BURNETT (SBN 320262)
sburnett@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104-4505
Telephone:    415.544.1900
Facsimile:    415.391.0281

*Attorneys for Respondents*
KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE

## JAMS CONSUMER ARBITRATION

| | |
|---|---|
| JOHN CHASE and HILARY CHASE,<br><br>Claimants,<br><br>vs.<br><br>KIA MOTORS AMERICA, INC.; MICHAEL C. STEAD, INC. dba MICHAEL STEAD'S HILLTOP FORD KIA; HYUNDAI CAPITAL AMERICA dba KIA MOTORS FINANCE, and DOES 1 THROUGH 30, inclusive,<br><br>Respondents. | JAMS Reference #: 1100106806<br><br>Arbitrator: Unassigned _____<br><br>**RESPONDENTS' RESPONSE TO CLAIMANTS' DEMAND FOR ARBITRATION AND COUNTERCLAIM AGAINST CLAIMANTS**<br><br>Demand Served: August 21, 2019 |

Respondents, Kia Motors America, Inc. ("KMA"), Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia ("Hilltop Kia"), and Hyundai Capital America dba Kia Motors Finance ("Kia Finance") (collectively "Respondents"), hereby respond to and answer the Demand for Arbitration ("Demand") filed by Claimants John and Hilary Chase:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 430.10(e), Respondents deny, generally and specifically, each and every allegation, and each purported cause of action contained in Claimants' Demand. Respondents further deny, generally and specifically, that Claimants have been damaged in any amount, or at all, by reason of any alleged act or omission of any Respondent. Respondents further deny, generally and specifically, that Claimants have suffered any other harm entitling them to further legal or equitable relief within the jurisdiction of this Arbitration.

Respondents demand that Claimants strictly prove each and every allegation by a preponderance of the evidence.

Respondents further deny that by reason of any act, or omission, fault, conduct, error, breach of contract, breach of implied covenant, violation of statutory obligation or liability on the part of Respondents, whether negligent, careless, unlawful, wrongful, or whether as alleged or otherwise, that Claimants were damaged or injured in the manner or amounts alleged, or in any other manner or amounts whatsoever; and Respondents further deny that they are or were negligent, careless, reckless, wanton, acted unlawfully, breached any contract, acted wrongfully, or are liable, whether in the manner alleged, or otherwise.

## SEPARATE AFFIRMATIVE AND ADDITIONAL DEFENSES

In further response to Claimants' Demand, and as separate and distinct affirmative or additional defenses, Respondents allege the following defenses. In asserting these defenses, Respondents do not assume the burden of proof as to matters that, pursuant to law, are Claimants' burden to prove. Respondents reserve the right to amend this Response should they later discover facts demonstrating the existence of additional defenses.

## FIRST AFFIRMATIVE DEFENSE

1. Claimants' causes of action are barred by the applicable statutes of limitations, including but not limited to limitations contained within Commercial Code section 2725, Civil Code sections 338 and 340, and Civil Code section 1783.

## SECOND AFFIRMATIVE DEFENSE

2. Claimants' claims are barred or diminished by unforeseen, intervening, and/or superseding causes.

## THIRD AFFIRMATIVE DEFENSE

3. The negligence, fault, or carelessness of other persons or entities caused or contributed to the alleged damages of Claimants and, therefore, any recovery by Claimants is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

## FOURTH AFFIRMATIVE DEFENSE

4. Claimants' causes of action for equitable relief, if any, are barred due to the existence of an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

5. Claimants' claims are barred under the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

6. The subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Claimants are not entitled to relief for breach of the implied warranty of merchantability. *American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.

## SEVENTH AFFIRMATIVE DEFENSE

7. Claimants and/or others may have improperly cared for, serviced, and/or maintained the subject vehicle, such that Claimants' concerns may have been proximately caused by such lack of service or maintenance of the subject vehicle.

## EIGHTH AFFIRMATIVE DEFENSE

8. Claimants' concerns are barred by Claimants' unreasonable or unauthorized use of the subject vehicle. California Civil Code section 1794.3.

## NINTH AFFIRMATIVE DEFENSE

9. Claimants have no restitutionary remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the good.

## TENTH AFFIRMATIVE DEFENSE

10. The Complaint, and each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of California Civil Code section 1793.22(b).

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Prior to the commencement of this action, Respondents fully performed, satisfied and discharged all duties and obligations they may have owed to Claimants arising out of any and all agreements, representations or contracts made by them or on their behalf, and this action is therefore barred by the provisions of California Civil Code section 1473.

**TWELFTH AFFIRMATIVE DEFENSE**

12. KMA makes available a qualified third-party dispute resolution process, and therefore, is entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Claimants are barred from recovery, in whole or in part, on the ground that they are subject to the defense of accord and satisfaction.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. At all times, KMA's evaluation of Claimants' repurchase request has been in good faith. Consequently, Claimants have no claim for civil penalty for any alleged willful violation under the Song-Beverly Consumer Warranty Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Claimants failed to comply with the notice requirements to assert a cause of action for violation of the Consumer Legal Remedies Act. California Civil Code section 1782(a); *Outboard Marine Corporation v. Superior Court* (1975) 52 Cal.App.3d 30.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Claimants have generally failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects. As a result, Respondents have been damaged and prejudiced. Therefore the Demand, and each cause of action therein, is barred as a matter of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Claimants' claims for injunctive relief are barred by the doctrine of equitable abstention.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Claimants' damages, if any, were caused by the failure of third parties, unrelated to Respondents, to properly inspect the subject vehicle, thereby eliminating or reducing the alleged liability of Respondents.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. If Claimants have suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Claimants' conduct and/or potential failure to mitigate any such loss, damage or injury.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. By the terms of the limited warranty for the subject vehicle at issue, Respondents are not liable for incidental or consequential damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Claimants are barred from the recovery of a civil penalty by reason of Claimants' failure to serve proper written notice pursuant to Civil Code section 1794(e)(3).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Respondents are entitled to offset the damages, if any, which resulted from the wrongful acts of Claimants and/or others.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. To the extent that the subject vehicle or products identified in the Demand as having been designed, manufactured and distributed by KMA and/or Hilltop Kia, are missing, have been modified or altered and/or are no longer available for Respondents' possession, and to the extent this impacts Respondents' defense in this case, Respondents are entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Claimants have failed to comply with the breach-of-warranty notice requirements as required by law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Claimants' claims for breach of implied warranty are barred for lack of privity.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Claimants fail to allege reckless, oppressive, fraudulent, or malicious conduct on Respondents' behalf, and therefore fail to state a claim for elder abuse. *Intrieri v. Superior Court*, (2004) 117 Cal.App.4th 72, 83.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Claimants fail to plead facts suggesting that Respondents took, secreted, obtained, or retained an elder's property for wrongful use or with intent to defraud. Cal. Welf. & Inst. Code § 15610.30.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Respondents have not furnished incomplete or inaccurate information to any consumer credit reporting agency. Cal. Civ. Code § 1785.25.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Claimants fail to allege reckless, oppressive, fraudulent, or malicious conduct on Respondents' behalf and therefore fail to state a claim for financial abuse of a dependent adult. *Intrieri v. Superior Court*, (2004) 117 Cal.App.4th 72, 83.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Claimants fail to plead facts suggesting that Respondents took, secreted, obtained, or retained a dependent adult's property for wrongful use or with intent to defraud. Cal. Welf. & Inst. Code § 15610.30.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Claimants' untimely attempted revocation of acceptance was improper and ineffectual. Cal. Com. Code § 2608 (West).

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Respondents intend to rely upon, reserve their right to assert, and hereby plead such other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California.

## COUNTERCLAIM

Respondent Hyundai Capital America dba Kia Motors Finance ("Kia Finance"), by and through its undersigned counsel, hereby asserts the following Counterclaims against Claimants John and Hilary Chase ("Claimants") averring as follows:

## PRELIMINARY STATEMENT

1. Claimants purchased a new 2017 Kia Sportage (VIN KNDPRCA62H7148873) ("the Vehicle") on November 21, 2016 from Respondent Michael C. Stead, Inc. dba Michael Stead's Hilltop Ford Kia ("Hilltop Kia").

2. Claimants did not pay the full purchase price of $45,362.80 for the Vehicle at this time. Instead, they financed the purchase of the Vehicle through Kia Finance pursuant to a Retail Installment Sales Contract ("the Contract") executed on November 21, 2016 between Plaintiffs, Hilltop Kia and Kia Finance.

3. Pursuant to the terms of the Contract, Claimants were required to make payments in the amount of $739.38 per month, beginning on December 21, 2016.

4. Claimants ceased making payments pursuant to the Contract on or about May 23, 2019, without cause; thus, Kia Finance brings this action against Claimants for breach of contract (Count I), and account stated (Count II, pled in the alternative).

## COUNT I - BREACH OF CONTRACT

5. Kia Finance incorporates by reference the averments of Paragraphs 1 through 4 above as though the same were fully set forth herein.

6. On November 21, 2016, Claimants executed and entered into the Contract with Hilltop Kia and Kia Finance whereby Claimants agreed to make monthly payments in the amount of $739.38 for the Vehicle.

7. Hilltop Kia and Kia Finance fully performed, satisfied, and discharged their duties under the Contract.

8. Claimants, however, ceased making payments under the Contract on or about May 23, 2019.

9. Claimants have improperly and ineffectually rescinded the Contract. A party may rescind a contract only where there are proper grounds to so do. Cal. Civ. Code § 1689. A party that attempts to rescind a contract based on improper grounds, is in breach of contract.

10. Here, Claimants sought to rescind the Contract based on claims for which they are not entitled to relief.

11. Claimants have not been relieved of their obligations under the Contract but have failed to continue to make monthly payments as required by the Contract.

12. The unpaid balance on the Contract is currently $22,455.62.[1]

13. Claimants owe at least $3,844.78 in missed payments and late fees.

14. Claimants have willfully failed to pay the aforesaid balance and interest charges as required by the Contract.

WHEREFORE, Kia Finance demands judgment against Claimants for damages in the amount of $22,455.62, together with continued interests and costs, attorney's fees, and other such further relief as the Arbitrator deems just and proper.

## COUNT II – ACCOUNT STATED
*(In The Alternative)*

15. Kia Finance hereby incorporates Paragraphs 1 through 14 as though set forth herein.

16. Hilltop Kia sold and delivered the Vehicle to Claimants pursuant to the Contract.

17. Having executed the Contract, Claimants are liable to Kia Finance for the unpaid balance on the Contract.

18. As a direct, proximate, and foreseeable result of the Claimants' failure to pay the account stated, Kia Finance has been damaged in the amount equal to the unpaid balance of $22,455.62,[2] along with interest and costs, including attorney's fees.

19. Claimants have willfully failed to pay the aforesaid balance and interest charges.

---

[1] This amount is good through 10/3/2019.
[2] This amount is good through 10/3/2019.

WHEREFORE, Kia Finance demands judgment against Claimants for damages in the amount of $22,455.62, together with continued interests and costs, attorney's fees, and other such further relief as the Arbitrator deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Respondents pray for judgment against Claimants as follows:

1. That Claimants take nothing by way of their Demand;

2. That Respondents did not damage or harm Claimants, in any way;

3. That Claimants are not entitled to any compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of any Respondent;

4. That the Demand for Arbitration be dismissed in its entirety with prejudice;

5. That judgment be entered in favor of Respondents and against Claimants on their entire Demand and on all causes of action alleged therein;

6. That judgment be entered in favor of Kia Finance with respect to its claims against Claimants, as alleged herein; and

7. That Respondents be awarded such other and further relief as the Arbitrator may deem appropriate.

8. Respondents reserve the right to amend their Response to Claimants' Notice of Claims and Demand for Arbitration; to add additional or other affirmative defenses; to delete or withdraw affirmative defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, for the reasons stated herein, Respondents respectfully request that the Arbitrator enter judgement in favor of Respondents and against Claimants, award attorneys' fees and costs in favor of Respondents, and provide such other and further relief as the Arbitrator deems just and proper.

//
//
//

Dated: September 23, 2019

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
SAMANTHA K.N. BURNETT

Attorneys for Respondents
KIA MOTORS AMERICA, INC.;
MICHAEL C. STEAD, INC. dba
MICHAEL STEAD'S HILLTOP
FORD KIA; HYUNDAI CAPITAL
AMERICA dba KIA MOTORS
FINANCE

10
RESPONSE TO ARBITRATION DEMAND

## PROOF OF SERVICE

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is One Montgomery, Suite 2600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

- **RESPONSE TO ARBITRATION DEMAND AND COUNTERCLAIMS**

on the interested parties named herein and in the manner indicated below:

| Party | Counsel of Record |
|---|---|
| Claimants<br>**JOHN CHASE AND HILARY CHASE** | Elliot Conn, SBN 279920<br>**CONN LAW, PC**<br>354 Pine Street, 5th Floor<br>San Francisco, CA 94104<br>Tel: (415) 417-2780<br>Fax: (415) 358-4941<br>elliot@connlawpc.com |

__X__  **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

__X__  **ELECTRONIC** – by electronically transmitting the document(s) to the email addressee(s) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2019, at San Francisco, California.

_____
Mayra Montalvo