UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHASE, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>KIA MOTORS AMERICA, INC., et al.,<br><br>           Defendants. | Case No. 22-cv-09082-JCS<br><br>**ORDER REMANDING SUA SPONTE FOR LACK OF JURISDICTION** |

## I.  INTRODUCTION

Defendant Hyundai Capital America d/b/a Kia Finance ("Kia Finance") removed this case from the California Superior Court for the County of Alameda,[1] asserting that a federal claim that Plaintiffs added in arbitration while state court proceedings were stayed rendered the case removable once the stay was vacated. Plaintiffs John Chase and Hillary Chase move to remand on the basis that Kia Finance's removal was untimely, arguing that Kia Finance should have removed when Plaintiffs first raised their federal claim in arbitration. Defendants Kia Motors America, Inc. ("Kia Motors") and Michael C. Stead, Inc. d/b/a Michael Stead's Hilltop Ford Kia ("Hilltop") join Kia Finance in opposing remand.

The Court held a hearing on February 24, 2023. Contrary to all parties' positions, the federal claim never became part of the case before the Superior Court, and thus is not part of the case before this Court. This Court therefore lacks subject matter jurisdiction and REMANDS the case sua sponte on that basis. Lacking jurisdiction, the Court does not reach the procedural arguments asserted by the parties.[2]

---

[1] In state court, this case was assigned case number RG19010993.
[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Procedural History

This case began with automotive defect and warranty claims under California law that Plaintiffs filed in the Alameda County Superior Court. On August 16, 2019, the parties filed a stipulation in the state court action to stay proceedings pending arbitration. After acknowledging that Defendants had demanded that Plaintiffs submit their claims to arbitration, the relevant portion of the stipulation reads as follows:

> The Parties hereby stipulate and agree as follows:
>
> 1. The dispute between the Parties as described in the complaint shall be submitted to arbitration at JAMS so that each of Plaintiffs' causes of action against Defendants may be fully resolved via binding arbitration.
>
> 2. All proceedings in this matter, including current discovery deadlines, shall be stayed pending the completion of arbitration, save for Case Management Conferences or other status conferences set by the Court in its discretion to monitor the status of arbitration. The Parties respectfully suggest that such a status conference be set approximately one year from now to permit time to conduct the arbitration and a receive a final, binding award. . . . .

Notice of Removal (dkt. 1) Ex. A at 96.

On August 20, 2019, the Superior Court signed and entered the parties' proposed order, which states that the "Court accepts the above stipulation of the parties to submit this matter to binding arbitration," "[t]he matter is STAYED pending the completion of arbitration," and a status conference would occur the following year "to monitor the status of arbitration." *Id.* at 104. The parties then proceeded with arbitration.

In September of 2020, Plaintiffs requested and obtained leave from the arbitrator to add claims by John Chase under the Fair Credit Reporting Act ("FCRA")—a federal law—and its California analogue against Kia Finance, and filed an addendum to their arbitration demand asserting those additional claims. Conn Decl. (dkt. 10-1) ¶¶ 2–4 & Exs. A, B; Notice of Removal Ex. B at 58–60. Kia Finance filed a dispositive motion as to the new claims, but the arbitrator denied that motion and allowed those claims to proceed. Conn Decl. ¶¶ 8–9 & Exs. D, E.

The parties continued to submit case management statements to the Superior Court while

arbitration was pending. In three such statements filed in January through October of 2022, Kia Finance noted that "Plaintiffs allege . . . FCRA claims," and also that "[t]his case is currently in arbitration with the Evidentiary [sic] hearing anticipated to occur in 2022." Conn Decl. Ex. G at 2, Ex. H at 2, Ex. I at 2.

On September 12, 2022, Plaintiffs moved in the Superior Court to vacate the order staying the case pending arbitration and to lift the stay under section 1281.98 of the California Code of Civil Procedure, arguing that Kia Finance had failed to pay an arbitration fee when required. Notice of Removal Ex. A at 320–25. That statute provides in relevant part:

> (a)
>> (1) In an employment or consumer arbitration that requires . . . that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.
>
> [. . .]
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may unilaterally elect to do any of the following:
>
>> (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction. If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction, the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum.
>
> [. . .]

Cal. Civ. Proc. Code § 1281.98.

Plaintiffs' motion "request[ed] that the Court: (a) enter an order vacating the Court's August 20, 2019 Order staying this case pending the completion of arbitration; and (b) permit Plaintiffs to proceed in this action in the Alameda County Superior Court under Plaintiffs' original Complaint," and indicated in a footnote that "[u]pon the Court vacating the August 20, 2019 Order, Plaintiffs will seek leave to file a First Amended Complaint to allege additional causes of action, consistent with the claims that have been asserted in Arbitration." Notice of Removal Ex.

3

A at 321 & n.1.  That motion did not specifically reference Plaintiffs' claim under the FCRA.

Defendants argued that section 1281.98 did not apply to the facts at hand and that it was preempted by the Federal Arbitration Act ("FAA"), among other reasons to deny the motion, but in an order dated December 6, 2022, the Superior Court rejected those arguments and granted Plaintiffs' motion.  *See* Notice of Removal Ex. A at 609–15.[3]  Since the merits of that decision are not before this Court, this order does not recount the details of Defendants' arguments or the Superior Court's reasoning.  The Superior Court's order did not address Plaintiffs' FCRA claim or other claims added in arbitration, but merely stated that Plaintiffs' motion was granted and that the stay was vacated, and set a case management conference for May 9, 2023.  *Id.* at 609.  Plaintiffs never filed an amended complaint in the Superior Court.  Conn Decl. ¶ 7.

Kia Finance removed to this Court on December 22, 2022, asserting federal question jurisdiction based on Plaintiffs' FCRA claim, and contending that removal was timely because "[w]hen the State Court ordered the matter from arbitration back to State Court on December 6, 2022 and lifted the stay, this was the first time that the operative complaint in State Court included a federal cause of action."  *See* Notice of Removal ¶¶ 9, 16.

### B. The Parties' Arguments

Plaintiffs argue that the state court action became removable when they first added their FCRA claim in arbitration, and that Kia Finance missed the thirty-day deadline to remove after that development.  Mot. (dkt. 10) at 6–7.  They assert that state courts cannot stay the deadline for removal to federal court.  *Id.* at 7.  Plaintiffs contend that Kia Finance improperly waited until after it received an adverse ruling in state court—the decision to vacate the stay—before belatedly removing to what it considered a more favorable forum.  *Id.* at 8.  According to Plaintiffs, Kia Finance should at the very least have removed when Plaintiffs first filed their motion to vacate the stay, as opposed to waiting to see how the Superior Court ruled on it.  *Id.* at 8–9.  Plaintiffs indicate that they intend to bring a separate motion for attorneys' fees if their present motion to

---

[3] The Superior Court's initial tentative ruling would have denied the motion on the grounds that Plaintiffs had waived their right to withdraw from arbitration and were estopped from doing so, *see* Nassihi Decl. (dkt. 18-1) Ex. 8, but the court was apparently persuaded to alter its conclusion as to those issues in its final order.

4

remand is granted. *Id.* at 9–10.

Plaintiffs' motion does not clearly address the question of whether their FCRA claim ever became part of the case before the Superior Court. The closest it comes to acknowledging any uncertainty as to that issue is in one sentence of the introduction section that begins with a qualifying phrase: "To the extent that the FCRA claim asserted in arbitration can form the basis for federal question jurisdiction (the only basis that [Kia Finance] asserts), [Kia Finance] had 30 days from the date of receipt [of the addendum to Plaintiffs' arbitration demand] to remove the case." *Id.* at 2. Other portions of the motion simply assert that the case was removable at that earlier time. *Id.* at 7 ("At the time that Plaintiffs filed an Addendum to their Arbitration Demand on September 14, 2020, the lawsuit had been pending for over a year and the action was removable.").

Defendants argue that under Ninth Circuit law, the inclusion of a federal claim in arbitration does not in itself establish federal jurisdiction over an action to review the arbitration award. Opp'n (dkt. 18)[4] at 5 (citing *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004)). They contend that there is no authority supporting Plaintiffs' position that a defendant should remove a stayed state court action when a federal claim is raised in arbitration, noting that state courts retain merely "vestigial" jurisdiction during arbitration. *Id.* at 5–7. Since, in Defendants' view, the case was not removable at the time the claim was added in arbitration, they argue that their removal was timely after the Superior Court granted Plaintiffs' motion to vacate the stay. *Id.* at 7. Even if Plaintiffs are correct that Defendants could have removed the case earlier, Defendants argue that equitable and policy-based concerns favor excusing that procedural defect and allowing removal once the state court vacated its stay. *Id.* at 8–11. Defendants' brief does not specifically address whether the Superior Court's order was sufficient to bring new claims raised in arbitration into the state court action.

In their reply, Plaintiffs rely on a decades-old line of cases treating separately-filed actions to compel arbitration and confirm an award as part of the same proceeding for the purpose of

---

[4] Kia Finance and Kia Motors jointly filed an opposition brief, to which Hilltop later filed a separate notice of joinder (dkt. 19).

determining removal deadlines and which party should be treated as the defendant. Reply (dkt. 20) at 2–4. According to Plaintiffs, this Court should treat all proceedings in arbitration as part of the case before the Superior Court, including the FCRA claim when Plaintiffs added it to their demand. *Id.* Plaintiffs distinguish the Ninth Circuit's decision in *Carter* on the basis that arbitration there initially occurred independently of any judicial proceeding, and the only cases brought in state court were petitions to confirm or vacate the arbitration award after arbitration was complete. *Id.* at 4–5. Plaintiffs argue that a footnote of a district court decision stating that federal claims raised in arbitration do not give rise to removal jurisdiction is dicta and "easily misconstrued." *Id.* at 5–6 (addressing *Blaker v. Credit One Bank, N.A.*, No. 18-cv-2108-CAB-JMA, 2018 WL 5307470 (S.D. Cal. Oct. 26, 2018)). They contend that the state court's stay and state law authority regarding the nature of arbitration is largely irrelevant, because state law and state courts cannot alter the application of the removal statutes, and because the Superior Court retained jurisdiction to consider subsequent petitions related to the same arbitration agreement. *Id.* at 6–8. Plaintiffs also argue for the first time that Kia Finance lost its status as a "defendant" by filing a counterclaim in arbitration, *id.* at 8–9, and that equity and policy have no bearing on the question of statutory interpretation at issue, *id.* at 9–14.

### III. MOTION FOR LEAVE TO FILE SURREPLY

At 9:03 PM two days before the hearing, nearly two weeks after Plaintiffs filed their reply, Kia Finance filed a three-page administrative motion for leave to file a surreply (without attaching a proposed surreply) to address new arguments in Plaintiffs' reply, specifically identifying only the argument that Kia Finance lost its status as a defendant. *See* dkt. 21. Since surreplies are generally disfavored, since Kia Finance provided no explanation for its delay in bringing this perfunctory motion at the eleventh hour, and since the Court's reasoning does not turn on the sort of procedural distinction at issue in the only new argument Kia Finance identified, the Court previously denied that motion for leave to file. *See* dkt. 23 (text-only docket entry denying the administrative motion).

## IV. ANALYSIS OF JURISDICITON AND REMAND

### A. Legal Standard

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441.

The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. §1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

The only basis for subject matter jurisdiction asserted here, federal question jurisdiction, encompasses claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The general test for federal jurisdiction on removal "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But even where a plaintiff asserts only state law claims, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). That exception for state claims that raise federal issues applies only "[w]here all four of these requirements are met," *id.*, and no party here argues that Plaintiffs' original claims under state law meet that standard. A case may not be removed based on an actual or anticipated federal defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

With some exceptions not applicable here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This thirty-day "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.' " *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). A case that is removed too late is subject to remand, although a plaintiff's right to seek remand on that basis can be waived if not raised in a timely motion, and a district court may not remand for that procedural defect sua sponte. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045–46 (9th Cir. 2014); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 999 n.1 (C.D. Cal. 2021).

### B. The FCRA Claim Did Not Support Removal When Raised in Arbitration

Plaintiffs argue that the FCRA claim gave rise to federal question jurisdiction supporting removal of the state court action when Plaintiffs first added that claim in arbitration. The Court disagrees.

As a matter of California law, "[a]n arbitration has a life of its own outside the judicial system." *Titan/Value Equities Grp., Inc. v. Superior Court*, 29 Cal. App. 4th 482, 489 (1994) (citation and internal quotation marks omitted).

> Code of Civil Procedure section 1281.4 requires a court to stay an action submitted to arbitration pursuant to an agreement of the parties. Beyond that, the court's role is fairly limited. Once a petition is granted and the lawsuit is stayed, the action at law sits in the twilight zone of abatement with the trial court retaining merely vestigial jurisdiction over matters submitted to arbitration. During that time, under its "vestigial" jurisdiction, a court may; appoint arbitrators if the method selected by the parties fails (§ 1281.6); grant a provisional remedy "but only upon the ground that the award to which an applicant may be entitled may be rendered ineffectual without provisional relief" (§ 1281.8, subd. (b)); and confirm, correct or vacate the arbitration award (§ 1285).
>
> Absent an agreement to withdraw the controversy from arbitration, however, no other judicial act is authorized.

*Id.* at 487 (cleaned up). The state court also retains jurisdiction over subsequent petitions *filed in court* regarding the same arbitration agreement, Cal. Civ. Proc. Code § 1292.6, and to consider motions to lift a stay under section 1281.98 and proceed in court instead of through arbitration, *Williams v. W. Coast Hosps., Inc.*, 86 Cal. App. 5th 1054, 1068 (2022), *petition for review filed*,

8

No. S278484 (Cal. Feb. 7, 2023).

Although a state court may in some circumstances be called upon to provide relief affecting arbitration, the arbitration is a separate proceeding from the case filed (and stayed) before the court. The recent appellate decision in *Williams* makes clear that even when a state court grants a motion to vacate a stay under section 1281.98, it is not actually dismissing the arbitration, but instead recognizing the plaintiff's withdrawal from arbitration and resuming its own judicial proceedings on that basis:

> The trial court's limited jurisdiction over the contractual arbitration, to be sure, does not extend to the power to dismiss the arbitration proceedings, once commenced. But the trial court neither dismissed the arbitration proceedings nor relied on its limited jurisdiction over the arbitration itself. Having announced their election to withdraw from the arbitration, plaintiffs by their motion to vacate the stay of the litigation properly invoked the court's vestigial jurisdiction over the action at law. This "vestigial jurisdiction" extends to determining whether the arbitration proceedings resulted in an award on the merits, in which case the action at law should be dismissed because of the res judicata effects of the arbitration award; if it did not, then the action at law may resume to determine the rights of the parties. The trial court merely confirmed that arbitration had concluded without an award on the merits—as a result of plaintiffs' unilateral exercise of their statutory rights—then acted within its jurisdiction to vacate its own prior order and allow the action at law to emerge from the twilight zone of abatement.

*Williams*, 86 Cal. App. 5th at 1069.

The Court is aware of no case in California or in this circuit allowing removal based on the premise that new claims raised in arbitration are effectively part of the case pending before a state court where those claims were never presented by a complaint, either at the time those claims are raised in arbitration or when the state court lifts the stay on the claims actually presented to it. Plaintiffs cite no case allowing immediate removal when a federal claim is added during arbitration. Defendants cite no authority indicating that claims added in arbitration automatically "transfer" to a court case that had been stayed upon the stay being lifted.

One out-of-circuit district court decision cited for the first time in a footnote of Plaintiffs' reply held that discovery papers in arbitration gave rise to federal question jurisdiction because they made clear that the plaintiff was pursuing an ERISA claim, but held that although the defendants removed while arbitration was still pending, they waited too long to do so. *See*

9

*generally Moran v. Stevens Transp., Inc.*, No. 3:10-CV-0153-K, 2010 WL 1488034 (N.D. Tex. Apr. 12, 2010). It is not clear whether that court treated the discovery papers as indicating an intent to add a new claim, or as demonstrating that the negligence claim that the plaintiff asserted in both state court and arbitration actually arose under ERISA. If the latter, the case is of no use to Plaintiffs here, whose FCRA claim is distinct from anything they asserted in their original complaint. If the former, this Court finds it inconsistent with the majority view—discussed in more detail below in the context of Defendants' arguments—that merely foreshadowing a new claim is not sufficient to establish removal jurisdiction, and thus not persuasive. The *Moran* court does not appear to have considered the question of whether the mislabeled or nascent ERISA claim ever became part of the case before the state court, which is what the defendants removed.

Plaintiffs also cite the Eastern District of California's decision in *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167 (E.D. Cal. 2011), which held removal based on a proposed amended arbitration demand improper. Plaintiffs quote a section of that case where the court held that even assuming for the sake of argument that a mere *proposal* to amend the demand and add a purported federal claim were sufficient to establish removability—the court separately held that it was not—the defendants' removal more than thirty days after that proposal was untimely. Mot. at 6 (quoting *Lion Raisins*, 788 F. Supp. 2d at 1172).[5] The court went on to explain that the proposed amended arbitration demand, like a motion to amend a complaint in court, was not sufficient to support removal before it was allowed by the arbitrator, because the applicable arbitration rules required the arbitrator's consent to add new claims. *Lion Raisins*, 788 F. Supp. 2d at 1172–74. The court appears to have assumed without discussion that a federal claim first raised in arbitration, if allowed by the arbitrator, is sufficient to support immediate removal of a state court action related to that arbitration. This Court does not find *Lion Raisins* persuasive as to that underlying issue that it did not specifically address.

---

[5] Defendants also focus on this part of *Lion Raisins* in their opposition brief, inaccurately representing the filing at issue as an actual rather than proposed amended demand. Opp'n at 7–8. The Court notes for the sake of precision that all of the reasoning of *Lion Raisins* cited in this order and by the parties appears in a magistrate judge's report, which is included within the same reported case as the district judge's short order adopting in full those findings and recommendations.

10

Otherwise, the closest case the parties have cited to the facts at issue is *Blaker v. Credit One Bank, N.A.*, No. 18-cv-2108-CAB-JMA, 2018 WL 5307470 (S.D. Cal. Oct. 26, 2018). The plaintiffs in that case brought state law claims in state court, and although the parties were citizens of different states, the amount in controversy on the original claims did not meet the threshold for diversity jurisdiction. *Id.* at *1, *3. The state court granted a motion by the defendant to compel arbitration and stayed the case pending arbitration. *Id.* at *1. The plaintiffs filed an arbitration demand "that was virtually identical to the state court complaint," but later filed an amended demand that added a federal claim under the Telephone Consumer Protection Act ("TCPA"). *Id.* Still later, they filed a brief indicating that based on their new TCPA claim, they were pursuing damages well over the $75,000 threshold for diversity jurisdiction. *Id.* The arbitrator entered a substantial award in favor of the plaintiffs. *Id.* When the plaintiffs filed a petition in state court to confirm the award, the defendant removed to federal court, and the plaintiffs moved to remand on the basis that removal was untimely. *Id.*

Much like in this case, "both parties appear[ed] to agree that there [was] federal question jurisdiction . . . , [but] the Court [was] unconvinced." *Id.* at *2. The court reasoned that "[t]he operative complaint in this lawsuit plainly does not assert a claim under the TCPA or any other federal statute" and did not require resolution of any substantial federal issue. *Id.* The court also noted that petitions to confirm arbitration awards do not fall within federal question jurisdiction merely because an arbitration award resolved federal claims. *Id.* at *2–3 (citing *Carter*, 374 F.3d at 836). In a footnote, the court made clear that its reasoning applied not only to the particular posture of the case at the time arbitration concluded and the plaintiffs sought to confirm the award, but also to the question of whether the case was removable at the time the plaintiffs first raised their TCPA claim in arbitration. *Id.* at *3 n.4 ("Plaintiffs also contend that the case became removable when they included a TCPA claim in their amended claim in the arbitration. As discussed above, the inclusion of the TCPA claim in the arbitration did not create federal question subject matter jurisdiction, so it could not have made the case removable."). This Court finds *Blaker* persuasive as to the issue of federal question jurisdiction, which is the portion of that decision most applicable to the case at hand.

The *Blaker* court went on to reason that although the increased amount in controversy during arbitration brought the case within the scope of diversity jurisdiction, the defendant's removal on that basis was untimely, both because it fell outside § 1446(c)(1)'s deadline of one year from filing the case (which is specific to diversity jurisdiction and thus not applicable here), and because removal occurred more than thirty days after the plaintiffs' brief in arbitration made clear that they were seeking more than $75,000 in damages. *Id.* at *4. The question of how damages sought in arbitration affect the amount in controversy in a related civil action is complex. If the brief had concerned damaged only on claims presented to the court in the original complaint, it might more clearly implicate the amount in controversy on those stayed claims, and thus put the defendant on notice that the civil action was removable. It is less clear that the *Blaker* court was correct to treat damages on a new claim *not* presented to the Superior Court as a component of the amount in controversy before any effort was made in court to assert that claim or confirm those additional damages. In any event, that holding was not necessary to the outcome of the case (the removal was still untimely at least based on the one-year deadline), and this Court is not faced with questions of the amount in controversy for diversity jurisdiction. This Court need not decide whether *Blaker* was correct in its analysis of when the defendant had notice of the amount in controversy.

Plaintiffs argue that because "*Blaker* clearly finds that when a party discovers the basis for federal jurisdiction during the course of arbitration, it is required to immediately remove the stayed state court proceedings to federal court or forfeit the right to remove," the court could not have meant what it said in its footnote indicating that the case did not become removable when the plaintiffs added their TCPA claim in arbitration. Reply at 5–6. That argument ignores *Blaker*'s distinction in its treatment of grounds for federal question jurisdiction as compared to clues regarding the amount in controversy for diversity jurisdiction. Even if there were any inherent contradiction between the two portions of that decision, which is far from clear, this Court finds *Blaker*'s analysis of federal question jurisdiction persuasive.

Plaintiffs' other authority is inapposite. They argue that the case was removable when they added their FCRA claim in arbitration, because a lawsuit was pending at that time and the removal

12

deadline " 'commences to run from the date of the first court action relating to the arbitration.' " Mot. at 7 (quoting *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. Union Loc. 584*, 222 F. Supp. 125, 130 (E.D.N.Y. 1963)).  The sixty-year-old out-of-circuit district court decision on which they rely concerned prompt removal of a state court petition to compel arbitration, filed as a case-initiating document in court, and seeking to compel participation in arbitration proceedings that had been active for at least several months.  *Old Dutch Farms*, 222 F. Supp. at 127, 130.  It says nothing about removal of a stayed state court case based on claims asserted in arbitration running parallel to that case.

      Other cases cited by Plaintiffs, many of roughly the same vintage as *Old Dutch Farms* or even older, recognize a subsequent petition to confirm or vacate an award as being part of the same proceeding as an earlier petition to compel arbitration (or similar filing), for the purpose of determining removal deadlines and which party is the defendant.  *See, e.g.*, *Marchant v. Mead-Morrison Mfg. Co.*, 29 F.2d 40, 43 (2d Cir. 1928); *Lesser Towers, Inc. v. Roscoe-Ajax Const. Co.*, 258 F. Supp. 1005, 1012 (S.D. Cal. 1966); *Minkoff v. Budget Dress Corp.*, 180 F. Supp. 818, 825 (S.D.N.Y. 1960).[6]  Still other cases are further removed from the issue here, recognizing more generally that a court that compels arbitration retains jurisdiction to address future petitions regarding the same agreement to arbitrate, without addressing removal.  *E.g.*, *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985).  None of those cases indicate that a new claim raised in arbitration can render a case instantly removable.  Treating the initial petition to compel and the later petition to confirm as the same case, such that a party that could have removed (but did not) at the outset of a case when haled to court on a petition to compel—or a party that initiated proceedings in state court with such a petition—cannot later seek removal after an adverse decision, does not show that the arbitration itself is effectively a proceeding before the state court such that new claims raised in arbitration can support removal of a court case in which

---

[6] Some of the decisions from New York recite a then-existing New York law providing that arbitration itself is considered a "special proceeding" of the state court.  *E.g.*, *Minkoff v. Budget Dress Corp.*, 180 F. Supp. 818, 820 (S.D.N.Y. 1960).  To the extent that provision informed the outcome of those cases, it is not at issue here, and this Court expresses no opinion as to whether the outcome might differ in a case subject to that law.

13

those claims have never been asserted.

The Court is satisfied that a claim first asserted in arbitration while a state court case is stayed does not automatically become part of the controversy before the state court. This holding is consistent with Ninth Circuit and Supreme Court authority holding that federal claims raised in arbitration proceedings that are instituted without a court order do not necessarily give rise to federal question jurisdiction on a subsequent petition to confirm or vacate the award. *Badgerow v. Walters*, 142 S. Ct. 1310 (2022); *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004). Reinforcing that conclusion, Plaintiffs themselves made clear in their motion to vacate the stay that they did not believe the FCRA claim had automatically become part of the case before the Superior Court, because they anticipated filing a motion to amend their complaint to assert that claim. Notice of Removal Ex. A at 321 & n.1. Because the arbitration was a separate proceeding from the state court action, and it was not clear merely from Plaintiffs asserting a federal claim in that proceeding that the state court would ever be faced with resolving such a claim (or any other substantial federal issue), the addition of the FCRA claim in arbitration did not establish federal question jurisdiction sufficient to remove the state court action at the time that claim was added.

### C. The Order Vacating the Stay Does Not Support Removal

Defendants' view that the FCRA claim supported removal immediately upon the state court vacating its stay fares no better. Defendants assert in their notice of removal that the Superior Court "transfer[red] the matter to binding arbitration" on the parties' stipulation, and that it then "ordered the matter from arbitration back to State Court" when it found that Defendants defaulted under section 1281.98. Notice of Removal ¶¶ 3, 9; *see also* Opp'n at 2 ("[T]he parties stipulated to transfer the case to binding arbitration . . . ."). Neither of those assertions is accurate.

In the first instance, the Superior Court merely stayed proceedings on Plaintiffs' original complaint—which did not include any federal claim—and allowed the parties to pursue arbitration. The stay order did not in itself "transfer" any claims to arbitration, which was instead initiated when Plaintiffs filed a demand for arbitration with JAMS. *See* Notice of Removal Ex. A at 249–75; *id.* Ex. B. In the second instance, the Superior Court only lifted that stay, allowing judicial proceedings on the original complaint to proceed. Notice of Removal Ex. A at 609–15;

14

*see generally Williams*, 86 Cal. App. 5th at 1069 (addressing the nature of a motion to lift a stay based on a defendant's default in arbitration under section 1281.98). As noted above, that was the relief that Plaintiff requested in their motion, which specifically contemplated that new claims raised on arbitration would come before the Superior Court only upon Plaintiffs later filing a motion for leave to amend their complaint. Notice of Removal Ex. A at 321 & n.1. Nothing in the Superior Court's order granting that motion indicates that it intended to treat those new claims as part of the case before it. *See* Notice of Removal Ex. A at 609–15.[7]

Section 1281.98 allows a plaintiff, upon establishing a defendant's default through nonpayment, to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." Cal. Civ. Proc. Code § 1281.98(b)(1). But it does not require the plaintiff to do so, nor does it specify a particular manner in which the plaintiff must "proceed in . . . court." A plaintiff might move to lift a stay of claims previously filed (as occurred here, with respect to the original complaint that did not include a claim under the FCRA), might move for leave to assert claims that had not previously been filed in an existing action (as Plaintiffs indicated they intended to do with respect to claims they added in arbitration), might file a new action, or might choose not to pursue certain claims at all.

Defendants suggest that the arbitrator's treatment of other claims indicates that claims would be transferred to the Superior Court when arbitration concluded. Opp'n at 2–3, 9. Relying on the *Broughton-Cruz* doctrine,[8] the arbitrator determined that claims for public injunctive relief

---

[7] At the hearing on the present motion, Defendants asserted for the first time that Plaintiffs and the Superior Court judge indicated at the hearing on the motion to vacate the stay that work done in arbitration would carry over to the state court proceeding. Assuming for the sake of argument that the Court can accept those representations without record evidence, they do not change the outcome. Defense counsel conceded that the Superior Court judge did not explicitly deem Plaintiffs' complaint amended. Resolving all doubt in favor of remand, *see Matheson*, 319 F.3d at 1090, it is not clear that the FCRA claim ever formally became part of the case, or that the state court would have treated as such without Plaintiffs moving to amend their complaint.

[8] This Court and the Ninth Circuit have previously held that doctrine to be preempted by the FAA, but the arbitrator's different conclusion on that point is not relevant to the present motion to remand. *See Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 4961802, at *10 (N.D. Cal. Oct. 15, 2018) (citing *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 934–37 (9th Cir. 2013)).

were beyond the scope of arbitration, and ordered that those claims would "be stayed until the conclusion of these proceedings, and then returned to the Superior Court for further action." Nassihi Decl. Ex. 3 at 8–9. At least some of those claims were in the complaint presented to the Superior Court, and Defendants have not cited any procedural mechanism by which the arbitrator could unilaterally inject new claims into the state court action. The Court understands the arbitrator's ruling as using imprecise language to indicate that any new claims for public injunctive relief would remain available for Plaintiffs to pursue in state court—if they so chose, and if the state court permitted them to do so. To the extent the arbitrator may have purported to indicate that he would actively "return" any new claims to the state court upon the conclusion of arbitration, it is not clear that he the power to do so. Regardless, that order by the arbitrator pertained only to state law claims that have no effect on this Court's jurisdiction, and said nothing about Plaintiffs' FCRA claim.

The Superior Court's order only lifted the stay as to the claims Plaintiffs asserted in their original complaint. Since that original complaint did not include a claim under the FCRA or any other federal law, this case did not include any federal claim at the time it was removed

### D.  Plaintiffs' Stated Intent to Amend Does Not Alter the Outcome

Plaintiffs' motion to vacate the stay made clear that they intended to seek leave to amend their complaint to add the new claims asserted in arbitration, presumably including their FCRA claim. Notice of Removal Ex. A at 321 & n.1. The parties do not specifically address whether that stated intent gave rise to removal jurisdiction. The Court holds that it did not.

Most courts to consider the issue have held that a motion for leave to amend to assert a federal claim does not itself render a case removable before the state court grants such leave. *E.g.*, *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (noting, as one basis for this conclusion, that "removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed"); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Owings v. Deere & Co.*, 441 F. Supp. 2d 1011 (S.D. Iowa 2006). *McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011); *Torres v. Chevron U.S.A., Inc.*, No. C 04-2523 SBA, 2004 WL 2348274, at *2

16

(N.D. Cal. Oct. 18, 2004). Particularly where "no motion to amend has been filed, much less an amended complaint," a plaintiff's mere "intent to pursue a federal claim, expressed in a brief or motion, is [not] grounds for removal." *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000).

This Court is not persuaded by the small minority of cases that have taken the opposing view, at least with respect to the potential addition of a federal claim. *E.g.*, *Neal v. Trugreen Ltd. P'ship*, 886 F. Supp. 527 (D. Md. 1995) (holding that a plaintiff's motion to dismiss a counterclaim, which put the defense on notice of the plaintiff's intent "that a Title VII claim based upon the alleged facts would be added to the complaint as soon as a Right to Sue letter was received," rendered a case removable); *Webster v. Sunnyside Corp.*, 836 F. Supp. 629 (S.D. Iowa 1993) (holding that a motion for leave to add a federal claim triggered the deadline to remove).[9] The removal deadline runs from when "it may first be ascertained that the case is one which *is* or *has become* removable," 28 U.S.C. § 1446(b)(3) (emphasis added), not when a defendant first learns that a case *might* become removable if future contingencies are satisfied—here, if and only if: (1) the plaintiffs follow through on a statement of intent to add a claim; and (2) the state court grants leave for the plaintiffs to do so. *See Sullivan*, 157 F.3d at 1094.

Plaintiffs' suggestion in their motion to vacate the stay that they would later file a motion for leave to amend their complaint and add the FCRA claim did not render the case removable.

### E.  This Court Lacks Jurisdiction

Because Plaintiffs have never amended their complaint to assert a federal claim before the Superior Court, *see* Conn Decl. ¶ 7, this case never implicated federal question jurisdiction under 28 U.S.C. § 1331, and never became removable on that basis—not when Plaintiffs first asserted their FCRA demand before the arbitrator, not when Defendants acknowledged that arbitration demand in case management statements to the Superior Court, not when Plaintiffs moved to

---

[9] The Court expresses no opinion as to cases finding that a motion for leave to amend put a defendant on notice of an increased amount in controversy for the purpose of diversity jurisdiction, perhaps on the premise that the motions at issue merely elucidated the amount in controversy under the existing complaints. *E.g.*, *Morrison v. Nat'l Ben. Life Ins. Co.*, 889 F. Supp. 945, 948 (S.D. Miss. 1995); *Harriman v. Liberian Mar. Corp.*, 204 F. Supp. 205 (D. Mass. 1962).

vacate arbitration and proceed on their original complaint, and not when the Superior Court granted that motion. Perhaps the state court might allow Plaintiffs to add such a claim in the future; perhaps not. For now, there is no federal claim in the case, and this Court lacks subject matter jurisdiction.[10]

Despite all parties' failure to recognize that defect in their briefs, issues of subject matter jurisdiction cannot be waived and must be considered sua sponte by the Court. Because jurisdiction is lacking, the Court REMANDS the case sua sponte.

### F.   Attorneys' Fees

Plaintiffs indicate that they might bring a motion for attorneys' fees if their motion to remand is granted. Mot. at 9–10.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal. *Id.* at 1066–67.

Defendants failed to carry their burden for removal and identified no authority supporting

---

[10] Plaintiffs briefly argue in their reply that the case became removable when Defendants asserted preemption by the FAA in opposing Plaintiffs' motion to vacate the arbitrations stay under section 1281.98 of the California Code of Civil Procedure more than thirty days before Defendants removed the case. Reply at 5. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). No party has argued that an exception to that rule applies here such that Defendants' unsuccessful invocation of the FAA establishes subject matter jurisdiction.

removal in similar circumstances. That said, this order remands the case sua sponte for lack of jurisdiction, not for the procedural defects asserted in Plaintiffs' motion, which the Court has found no more persuasive than Defendants' arguments. This Court has previously found that fees expended raising complex and unnecessary issues, while overlooking more straightforward grounds for remand, were not reasonably incurred. *See Rubin v. Cannon*, No. 22-cv-02474-JCS, 2022 WL 2158973, at *2 (N.D. Cal. June 7, 2022), *recommendation adopted*, 2022 WL 17371168 (N.D. Cal. June 24, 2022). The parties should be prepared to address the salience of these issues if Plaintiffs elect to pursue attorneys' fees.

If Plaintiffs decide to proceed with a motion for attorneys' fees, the parties are ORDERED to meet and confer via videoconference to attempt to resolve that issue without court action before the parties incur additional fees to prepare, file, and oppose such a motion. If those discussions are unsuccessful, Plaintiffs may file a motion for attorneys' fees no later than March 17, 2023.

## V.     CONCLUSION

This case is REMANDED sua sponte for lack of subject matter jurisdiction. Except as discussed above in explaining the conclusion that jurisdiction is lacking, the Court does not reach the procedural questions raised by Plaintiffs' motion to remand and by Defendants in response to that motion. The Clerk shall remand the case to the Superior Court for the County of Alameda and close the file in this Court.

Plaintiffs may bring a motion for attorneys' fees no later than March 17, 2023, subject to the caveats addressed above.

**IT IS SO ORDERED.**

Dated: February 24, 2023

JOSEPH C. SPERO
Chief Magistrate Judge